IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) O. GENE BICKNELL,   )
                        Plaintiff   )
v.   )   Case No.: 4:25-CV-00383-SH
                           )
(1) RICHARD M. SILANSKAS JR.,   )
(2) LARRY K. WILHITE, and   )
(3) STEPHEN D. HEDRICK   )
                        Defendants.

## DEFENDANT STEPHEN D. HEDRICK'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Stephen D. Hedrick ("Hedrick") respectfully moves this Court to dismiss the single claim asserted against him in Plaintiff Gene Bicknell's sixty-seven (67) page Complaint (the "Complaint"): Count VIII for Unjust Enrichment. The Plaintiff's Complaint presents a narrative steeped in hyperbole and conclusory assertions, particularly with respect to Defendant Hedrick. While it attempts to allege a wide-ranging fraud orchestrated by Silanskas and Wilhite, the allegations against Hedrick are factually thin, legally insufficient, and fail to establish actionable wrongdoing under federal or state law. Plaintiff's sole claim against Hedrick for unjust enrichment fails because:

1. Plaintiff fails to allege a direct nexus between Hedrick's compensation and Plaintiff's alleged impoverishment.

2. The compensation had a justification—services rendered under a consulting and executive arrangement.

3. Plaintiff cannot recover in equity when he has an adequate remedy at law.

4. Plaintiff fails to allege circumstances creating inequitable retention of benefits.

**RELEVANT FACTUAL BACKGROUND**

Plaintiff O. Gene Bicknell, a 91-year-old businessman, filed this action alleging that he was defrauded into investing over $60 million in the proposed American Heartland Theme Park Project in Vinita, Oklahoma. *See* Complaint at p. 1. Plaintiff asserts that Defendants Richard M. Silanskas Jr. and Larry K. Wilhite engaged in an elaborate scheme of religious manipulation to induce Plaintiff's financial investment and grant them ownership control of the project. *Id.* at ¶¶ 2-7. The Complaint alleges that Defendant Hedrick was retained as Vice President of Project Development and Executive Producer for the American Heartland Theme Park Project. *Id.* at ¶ 55. Plaintiff asserts that Hedrick received approximately $900,000 in consulting fees, beginning at $1,200 per day and later increasing to $2,000 per day. *Id* at ¶ 181. The Plaintiff's Complaint identifies Hedrick's involvement in various aspects of project development and public promotion, including feasibility studies, land acquisition efforts, and contractor coordination. *See e.g., id.* at ¶¶ 68, 75, and 109. Plaintiff alleges that Hedrick misrepresented the viability of the theme park project and, along with his family, received compensation derived from Plaintiff's investments. *Id.* ¶¶ 75 and 181.

Plaintiff further alleges that Hedrick was reimbursed more than $250,000 in expenses, including housing and travel, related to his work on the Project. *Id.* at ¶ 181. Additionally, Plaintiff contends that Hedrick's two sons, Aaron and Nathaniel, received payments of approximately $260,000 and $141,000, respectively, for limited or undefined services. *Id.*

Significantly, the Complaint itself makes clear that the source of all payments was project entities funded by Plaintiff's investments, **not Plaintiff personally**. The Complaint repeatedly alleges that Gene Bicknell transferred money into entities owned or operated by Defendants Wilhite and/or Silanskas in reliance on their requests and inducements. *Id.* at ¶¶ 56-66.

Glaringly missing from the Complaint is any allegation that Hedrick ever induced Plaintiff to make these capital contributions or that Plaintiff directly transferred funds to Hedrick. Instead, the factual allegations consistently attribute the inducement and manipulation to Wilhite and Silanskas, while Hedrick is alleged only to have received compensation and reimbursements from entities that were already capitalized by Plaintiff's investments. Thus, the factual allegations underscore that any enrichment Hedrick received was indirect and mediated through separate project entities, not through any direct impoverishment of Plaintiff.

**ARGUMENT AND AUTHORITY**

**I.     STANDARD OF REVIEW**

To survive a motion to dismiss, Plaintiff must allege sufficient facts in his Complaint to bring a plausible case of unjust enrichment. *Zagorski v. McAdam*, No. CIV-13-1209-D, 2014 WL 2982669, at *5 (W.D. Okla. July 1, 2014) ("When evaluating whether a complaint plausibly states a claim, the court must 'disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable.'") (quoting *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)). Under Rule 12(b)(6), the

Court assesses whether the plaintiff's complaint is legally sufficient to state a claim for which relief may be granted. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014). A complaint is legally sufficient only when it contains enough "facts to state a claim to relief that is plausible on its face," and the factual allegations are "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint is not required to include "detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and *a formulaic recitation of the elements of a cause of action will not do*." *Brokers' Choice of Am.*, 757 F.3d at 1136 (citation and quotations omitted) (emphasis added). In assessing a claim's plausibility, the Court must accept all well-pled facts as true and view them in the light most favorable to the plaintiff. *Id.* at 1138. However, the Court is not bound to accept an allegation as true when it amounts to no more than a conclusory statement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's unjust enrichment claim falls far short of the required showing— there is no direct impoverishment, no absence of justification, and no inequitable retention of benefits—and therefore the claim against Hedrick cannot stand and must be dismissed.

**II.   PLAINTIFF CANNOT ESTABLISH THE REQUIRED ELEMENTS OF UNJUST ENRICHMENT.**

To state a claim for unjust enrichment in Oklahoma, Plaintiff must show: (1) enrichment to the defendant; (2) impoverishment to the plaintiff; (3) a direct connection between the enrichment and the impoverishment; (4) an absence of justification for the enrichment; and (5) an absence of an adequate remedy at law. *Quarles v. Little River Energy Co.*, 2008 WL 185715, at *1-2 (N.D. Okla. 2008); *see also* 66 Am.Jur.2d

4

*Restitution and Implied Contracts § 12* (2001). Plaintiff's allegations against Mr. Hedrick fail to establish several of these elements.

### A. There Is No Direct Connection Between Hedrick's Compensation and Plaintiff's Alleged Loss.

The Complaint alleges that Hedrick was compensated for work performed under consulting and executive titles and reimbursed for expenses. Complaint at ¶¶ 55 and 181. But Plaintiff does not allege that he personally transferred funds to Hedrick. Instead, the source of all payments was entities owned or operated by Defendants Wilhite and Silanskas funded by Plaintiff's investments, **not made by Plaintiff personally**. *Id.* at ¶¶ 56-66. The Complaint repeatedly alleges that Gene Bicknell transferred money into entities owned or operated by Defendants Wilhite or Silanskas in reliance on their requests and inducements. *Id.* Plaintiff fails to allege (nor can he) that Hedrick ever induced Plaintiff to make these contributions to the entities owned Wilhite or Salinkas or that Plaintiff directly transferred funds to Hedrick. Hedrick is alleged only to have received compensation and reimbursements from entities that were already capitalized by Plaintiff's investments. Accordingly, the allegations demonstrate that any benefit Hedrick received was derivative of payments made by project entities owner and controlled by Wilhite or Silanskas and does not amount to a direct impoverishment by Plaintiff.

This disconnect is critical. The Tenth Circuit in *Tillman v. Camelot Music Inc.* held that unjust enrichment requires retention of a benefit directly at the expense of another, not merely at the expense of a third-party entity. 408 F.3d 1300, 1309 (10th Cir. 2005). The unjust enrichment claim in *Tillman* failed where the aggrieved party had an adequate remedy at law — section 3604 of Oklahoma's insurance code. *Id.* As a result, the court

5

refused to invoke its equitable jurisdiction. *Id.* Here, alleged the wrong doing (if any) was the manipulation and fraudulent inducement allegedly engaged in by Wilhite or Silanskas that caused Plaintiff to transfer funds to the entities owned and/ or controlled by Wilhite or Silanskas. The absence of this connection defeats Plaintiff's claim.

### B. Compensation Was Justified by Services Rendered.

Even if Plaintiff contends Hedrick's services were inadequate, the Complaint concedes that Hedrick was engaged to serve in executive and consulting roles. Complaint at ¶¶ 55 and 181. Payments under such an arrangement constitute a contractual or quasi-contractual justification for compensation. Courts in this District have held that unjust enrichment does not lie where compensation was provided for services under a business arrangement. *Dollar Rent A Car Sys., Inc. v. PRP Enterprises, Inc.,* 2006 WL 1266515, at *27 (N.D. Okla. 2006). Here, the Complaint alleges only dissatisfaction with the value of Hedrick's contributions, not that his compensation was unlawful or inequitable in nature.

### C. Plaintiff Cannot Recover in Equity When He Has an Adequate Remedy at Law.

Plaintiff's own allegations establish that Hedrick was engaged pursuant to consulting and executive arrangements and was compensated under those arrangements. Complaint ¶¶ ¶¶ 55 and 181. If Plaintiff believed that Hedrick failed to perform his contractual obligations or that his work was inadequate, the remedy would be a breach of contract claim.

The Northern District of Oklahoma has made clear that unjust enrichment is unavailable where a contractual remedy could apply, even if the plaintiff does not plead it. In *Horton v. Bank of America, N.A.,* the court dismissed an unjust enrichment claim

because the plaintiffs had an adequate legal remedy under contract law. 189 F. Supp. 3d 1286, 1290 (N.D. Okla. 2016). Likewise, in *Dollar Rent A Car*, the court emphasized that equity will not intervene when compensation arises from an express agreement. 2006 WL 1266515, at *27. Here, Plaintiff does not allege that Hedrick breached any contract with Plaintiff. Nor could he, because the Complaint itself acknowledges that Hedrick was retained to perform services and paid pursuant to that retention with the "Project" which was allegedly funded by entities owned or controlled by Wilhite and/or Silanskas. Complaint at ¶¶ 55-66. Accordingly, that claim, if any belongs to the Project entities. Without a viable breach of contract claim, Plaintiff attempts to recast his dissatisfaction with Hedrick's performance as unjust enrichment. As discussed above, Plaintiff's claim, if any, arises out of the allegations of Wilhite and Silanskas purported manipulation and fraudulent inducement to fund the project entities and not as against Hedrick.

### D. Plaintiff Fails to Allege the Injustice Necessary for Equitable Relief.

Oklahoma law makes clear that unjust enrichment requires circumstances in which it is inequitable or unjust for a defendant to retain a benefit. *City of Tulsa v. Bank of Oklahoma, N.A.*, 2011 OK 83, ¶ 19, 280 P.3d 314, 319. In *Horton*, this Court dismissed an unjust enrichment claim where the plaintiffs had legal remedies for any alleged overpayment. 189 F. Supp. 3d at 1290. Here, the Complaint alleges at most that Hedrick was overpaid for services rendered. That is a question of contractual adequacy, not equitable injustice. Unlike in *Cherokee Nation*, where retention of profits while externalizing massive public costs could be unjust, the facts alleged here reflect nothing more than a dispute over the sufficiency of work performed. *Cherokee Nation v. McKesson*

7

*Corporation,* 529 F.Supp.3d 1225, 1240-41. That is not the type of inequitable circumstance that warrants restitution.

## CONCLUSION

Plaintiff's unjust enrichment claim against Hedrick should be dismissed because:

1. Plaintiff fails to allege a direct nexus between Hedrick's compensation and Plaintiff's alleged impoverishment.

2. The compensation had a justification—services rendered under a consulting and executive arrangement.

3. Plaintiff cannot recover in equity when he has an adequate remedy at law.

4. Plaintiff fails to allege circumstances creating inequitable retention of benefits.

Taken together, these deficiencies demonstrate that Plaintiff has not pled a plausible unjust enrichment claim against Hedrick under Oklahoma law. For the foregoing reasons, Defendant Stephen D. Hedrick respectfully requests that the Court dismiss Count VIII (Unjust Enrichment) of the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff has failed to state a claim upon which relief may be granted.

Respectfully submitted,

*Lysbeth George*

Lysbeth George, OBA #30562
Jennifer E. Jackson, OBA #19492
**LIZ GEORGE & ASSOCIATES**
8101 S. Walker, Suite F
Oklahoma City, OK 730139

>Telephone: (405) 689-5502
>Facsimile: (405) 689-5502
>liz@georgelawok.com
>jennifer@georgelawok.com
>**ATTORNEYS FOR DEFENDANT STEPHEN D. HEDRICK**

## CERTIFICATE OF SERVICE

I certify that on September 12, 2025, a true and correct copy of the above and foregoing was served upon the individuals registered on the ECF system and via U.S. Mail, postage pre-paid, upon the following individual:

Richard M. Silanskas Jr.
1338 Peace in Valley Rd.
Blye Eye, MO 65611

*/s/ Lysbeth George*