**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| O. GENE BICKNELL,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD M. SILANSKAS JR., LARRY K. WILHITE, and STEPHEN D. HEDRICK,<br><br>Defendants. | ) | Case No. 25-cv-00383-SH |

## ORDER

Before the Court is Plaintiff's emergency motion for a protective order, seeking to move his deposition from his house in Pittsburg, Kansas, to his house in Englewood, Florida. Plaintiff argues the protective order is necessary to protect him from oppression, undue burden, or expense. (Dkt. No. 60 at 6 (citing Fed. R. Civ. P. 26(c). [1]) Plaintiff also asserts that the parties had an open-ended agreement that if he was in Florida on the date of the deposition, then the deposition would be in Florida. (*Id.* at 4–5.) The Court finds Plaintiff has failed to meet his burden under Rule 26, and the protective order will be denied.

### Background

Defendant Larry K. Wilhite ("Wilhite") originally noticed Plaintiff for a deposition in Tulsa, Oklahoma, on November 12, 2025. (Dkt. No. 60-1.) On October 17, 2025, however, Plaintiff's counsel stated that he had suffered a severe health event on October 7th and had entered home hospice on October 12th. (Dkt. No. 60-2 at 2.) As a result, Plaintiff asserted, there could be no deposition on November 12, 2025. (*Id.*) Wilhite

---

[1] Page numbers refer to those in the ECF header.

argued this only increased the urgency of conducting Plaintiff's deposition, and, on October 20th, he issued an amended notice for an expedited deposition of Plaintiff at his house in Florida on November 5, 2025.[2] (Dkt. Nos. 60-3, 60-4.) Two days later, Plaintiff's doctor in Pittsburg, Kansas, issued a letter stating that Plaintiff's stroke and episodic encephalopathy "will not allow the patient to participate in a deposition as it would be harmful to his health and wellbeing." (Dkt. No. 60-5 at 2.) The letter further stated that Plaintiff was homebound. (*Id.*) On October 27th, Wilhite withdrew the notice of deposition and stated an intent to depose Plaintiff before the end of November. (Dkt. No. 60-6 at 2.)

After further discussions, on November 7, 2025, Plaintiff issued a notice for his own deposition on Friday, November 14, 2025, in Pittsburg, Kansas. (Dkt. No. 60-8 at 6; Dkt. No. 60-7.) Defense counsel was not available on that date, but offered the dates of November 15th, 16th, 18th, or 20th. (Dkt. No. 60-8 at 5.) Plaintiff's counsel confirmed that November 20th would work and stated Plaintiff's belief that he would be in Florida on the 20th, noting, "If he is, the deposition will be at his house in Florida. If that doesn't end up happening, the deposition will be at his house in Kansas." (*Id.* at 2–3.) Wilhite's counsel responded, "We will plan accordingly." (*Id.* at 2.)

Regarding the deposition on the 20th, Wilhite's counsel represents Plaintiff's counsel indicated that, while traveling back to Florida was Plaintiff's goal, it "was a totally unrealistic possibility, and that any deposition would almost certainly occur in Pittsburg." (Dkt. No. 64 at 4.) Plaintiff's counsel also allegedly represented that Plaintiff was so weak

[2] Wilhite's counsel represents he noticed the deposition for Florida because he believed Plaintiff was at his house in Florida. (Dkt. No. 64 at 2.) Counsel states he learned in a meet-and-confer on October 22nd that Plaintiff was actually staying at his house in Kansas. (*Id.* at 2–3.)

that a special deposition format was required and the deposition would need to stop early if Plaintiff became too tired to proceed. (*Id.*) No party appears to have noticed or otherwise confirmed the location and arrangements for a deposition on the 20th prior to the at-issue notice.

Wilhite's counsel represents that, on November 13th, he became aware of pictures showing Plaintiff bowling in Pittsburg, Kansas, on November 11, 2025. (Dkt. Nos. 64 at 5, 64-1.) That same day, Wilhite noticed Plaintiff's deposition for November 20, 2025, in Pittsburg, Kansas. (Dkt. No. 60-9.) Plaintiff's counsel immediately responded that "As of today, I believe Mr. Bicknell will actually be in Florida – and it is to Florida that we've booked travel. (If that changes, I will let you know as soon as I do.)" (Dkt. No. 60-10 at 5.) Wilhite stood on his deposition notice, asserting that Plaintiff needed to "stay put" in Kansas. (*Id.* at 4.) Plaintiff's counsel then argued the parties agreed that the deposition would be in Florida if Plaintiff was in Florida on the 20th; Wilhite disagreed; and discussions broke down. (*Id.* at 2–4.) Plaintiff subsequently issued an amended notice of his deposition to occur in Florida on the 20th.[3] (Dkt. No. 60-11.)

The parties then met and conferred by video conference on the morning of November 14th. (Dkt. No. 60 at 2; Dkt. No. 64 at 6 (stating this conference began at 10:00 a.m.).) However, at 9:17 a.m. that morning, Plaintiff's private plane appears to have left Pittsburg, Kansas, heading for Venice, Florida. (Dkt. No. 64-2.) The plane arrived in Florida at 11:20 a.m. Central Standard Time. (*Id.*) At 11:43 a.m., Plaintiff filed his

[3] In his motion, Plaintiff argues that because the parties have agreed this will be a "trial deposition," only Plaintiff may notice the deposition. (Dkt. No. 60 at 7.) This argument is not supported by the authorities cited. Instead, the rules simply provide that any party who wants to depose another person must notice the deposition. *See* Fed. R. Civ. P. 30(b)(1).

emergency motion for a protective order, stating, "Plaintiff resides in Florida. Plaintiff *is* in Florida now. And counsel agreed in writing the deposition of Plaintiff would take place at Plaintiff's home in Florida." (Dkt. No. 60 at 1.) Plaintiff asks for a protective order preventing the deposition on November 20th from taking place in Pittsburg, Kansas.

## Analysis

As the party seeking the protective order, Plaintiff bears the burden of providing "a particular and specific demonstration of fact" supporting such an order. *See, e.g.*, 8A Wright & Miller's Federal Practice & Procedure § 2035 & nn.38–39 (3d ed. 2025) (collecting cases). Plaintiff's motion relies almost entirely on his understanding that the parties had an agreement that the deposition would take place at whichever house he chose to be in on the date of the deposition. He offers nothing in the way of particular or specific facts regarding any other burden or oppression he would suffer at this time if the deposition occurred at his Kansas house.

While the parties' communications were not entirely clear, the Court finds that Plaintiff has failed to show an agreement that the November 20th deposition would occur in Florida. Instead, it appears that the parties agreed to move the deposition from the 14th to a new date, eventually agreeing on the 20th, but that the parties never reached a final agreement as to the location of that deposition. The Court further finds that Wilhite properly issued the deposition notice for Pittsburg, Kansas, on November 13th.

As for Plaintiff's need for protection from oppression, undue burden, or expense, the Court finds none. While Plaintiff's age and recent health scares are mentioned in the briefing, Plaintiff has not asserted that his health affects his ability to travel or to conduct the deposition in Kansas. As for costs, Plaintiff was aware of the noticed Kansas

deposition when he chose to get in an airplane and fly to Florida. Any burden Plaintiff may incur returning to his Kansas home is of his own making.

**Conclusion**

IT IS THEREFORE ORDERED that *Plaintiff's Emergency Motion for Protective Order Regarding Deposition of Plaintiff* (Dkt. No. 60) is DENIED. Plaintiff's deposition may proceed as noticed at his house in Pittsburg, Kansas.

ORDERED this 17th day of November, 2025.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT