# **IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA**

O. GENE BICKNELL,
Plaintiff,

v.

RICHARD M. SILANSKAS JR.,
LARRY K. WILHITE,
STEPHEN D. HEDRICK,
Defendants.

Case No. **4:25-cv-00383-SEH-SH**

---

# **DEFENDANT RICHARD M. SILANSKAS JR.'S

## MOTION TO QUASH PLAINTIFF'S SUBPOENA TO GOOGLE, LLC**

**COMES NOW** Defendant **Richard M. Silanskas Jr.**, appearing **Pro Se**, and pursuant to **Federal Rule of Civil Procedure 45(d)(3)** respectfully moves this Court for an Order **Quashing** the third-party subpoena issued by Plaintiff to **Google, LLC 1600 Amphitheatre Parkway Mountain View, California 94043** on or about **November 5, 2025** seeking information associated with multiple email addresses allegedly linked to Defendant. The subpoena is unlawful, overbroad, unduly burdensome, procedurally defective, and seeks information that Google is prohibited from disclosing under the **Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701–2712**.

In support of this Motion, Defendant states as follows:

# I. INTRODUCTION

Plaintiff issued a subpoena to **Google, LLC** demanding expansive information regarding several email accounts, without limitation as to:

- time period,

- relevance,

- subject matter, or

- proper legal basis.

The subpoena's sweeping nature constitutes an impermissible fishing expedition and invades Defendant's privacy without justification. Further, federal law expressly **prohibits** Google from disclosing many categories of the information demanded.

Therefore, the subpoena must be quashed.

# II. LEGAL STANDARD

Under **Fed. R. Civ. P. 45(d)(3)(A)**, a court **must** quash or modify a subpoena that:

1. requires disclosure of privileged or protected matter, or

2. subjects a person to undue burden.

Rule **45(d)(3)(B)** also allows quashing where a subpoena seeks disclosure of confidential or private information.

The **Stored Communications Act**, 18 U.S.C. §§ 2701–2712, strictly limits what email service providers may disclose. Courts consistently hold that civil subpoenas **cannot compel** providers like Google to produce many types of electronic records.

# III. ARGUMENT

## A. The Subpoena Violates the Stored Communications Act and Is Unenforceable

The SCA bars Google from disclosing:

- email contents,
- stored communications,
- account activity logs,
- IP logs or login data,
- certain subscriber records.

Civil litigants **cannot circumvent the SCA** using subpoenas.
See:

- *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965 (C.D. Cal. 2010)
- *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606 (E.D. Va. 2008)

Because the subpoena demands categories of information expressly protected by federal law, it is unenforceable and must be quashed.

---

## B. The Subpoena Is Overly Broad and Not Proportional Under Rule 26(b)(1)

The subpoena demands:

- unlimited time-scope data

- unlimited categories of electronic information
- unbounded metadata and account history
- no explanation of relevance

Rule 26 requires discovery to be **proportional to the needs of the case**, which this subpoena plainly is not.

Courts consistently quash subpoenas that seek broad surveillance of a party's private email accounts without a specific evidentiary basis.

## C. The Subpoena Unduly Burdens Defendant and Invades Significant Privacy Interests

Email accounts contain private, sensitive, and constitutionally protected communications. Allowing such an unrestricted search would be disastrous for privacy, highly intrusive, and contrary to established federal protections.

Rule 45(d)(3)(A)(iv) requires the Court to quash subpoenas that create undue burden—and an invasion of years of private digital communications is the very definition of undue burden.

## D. The Subpoena Is Procedurally Defective Under Rule 45(a)(4)

Upon information and belief, Plaintiff did **not** provide Defendant with **prior notice** of the subpoena before serving Google, as required by **Fed. R. Civ. P. 45(a)(4)**.

The Tenth Circuit requires strict compliance.
See *Butler v. Biocore Medical Techs., Inc.*, 348 F.3d 1163 (10th Cir. 2003).

A subpoena issued without required notice must be quashed.

## IV. RELIEF REQUESTED

For the foregoing reasons, Defendant **Richard M. Silanskas Jr.** respectfully requests that this Court:

1. **Quash** Plaintiff's November 5, 2025 subpoena to Google, LLC;
2. Order that **Google produce no information** pursuant to that subpoena; and
3. Grant any additional relief the Court deems just and proper.

Respectfully submitted,

/s/ Richard M. Silanskas Jr.

_____  11-25-25

Richard M. Silanskas Jr., Pro Se
1338 Peace in Valley Road
Blue Eye, Missouri 65611
Phone: **(352) 205-5131**
Email: **ricksilanskas@gmail.com**

Date: **November 25, 2025**

# CERTIFICATE OF SERVICE

I hereby certify that on this **25th day of November, 2025**, a true and correct copy of the foregoing **Motion to Quash Plaintiff's Subpoena to Google, LLC** was served via **U.S. Mail** upon the following:

**Amelia A. Fogleman, OBA No. 16221**
Gable-Gotwals
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120

**J. Christopher Davis**
Crowe & Dunlevy PC
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120

**Lysbeth George**
Liz George and Associates
8101 South Walker, Suite F
Oklahoma City, Oklahoma 73139