# **IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA**

O. GENE BICKNELL,
Plaintiff,

v.

RICHARD M. SILANSKAS JR.,
LARRY K. WILHITE,
STEPHEN D. HEDRICK,
Defendants.

Case No. **4:25-cv-00383-SEH-SH**

---

# ✅ AMENDED MOTION TO QUASH PLAINTIFF'S SUBPOENA TO GOOGLE, LLC

**FILED BY DEFENDANT RICHARD M. SILANSKAS JR. (PRO SE)**

Defendant **Richard M. Silanskas Jr.**, appearing **Pro Se**, respectfully submits this **AMENDED MOTION** pursuant to **Fed. R. Civ. P. 45(d)(3)** seeking an Order **QUASHING IN FULL** the subpoena issued by Plaintiff to **Google, LLC 1600 Amphitheatre  Parkway Mountain View, California 94043** on or about **November 5, 2025**, purporting to demand information relating to multiple email addresses allegedly associated with Defendant.

This **Amended Motion supersedes and replaces** any prior motion on this issue.

The subpoena is legally defective, impermissibly expansive, and fundamentally incompatible with federal statutory privacy protections. It seeks broad, intrusive electronic information that Plaintiff has no legal or factual justification to obtain. The subpoena is nothing short of an unauthorized digital search and violates both the letter and spirit of federal discovery law.

It must be quashed.

---

# I. INTRODUCTION

Plaintiff's subpoena is unprecedented in scope, wholly untethered to any specific claim, and devoid of relevance, proportionality, or legal basis. It demands sweeping access to private electronic records spanning multiple email accounts, without any:

- factual predicate,

- temporal limitation,

- subject-matter limitation, or

- connection to a specific claim or defense.

Rather than seeking legitimate evidence, the subpoena is a transparent attempt to engage in unchecked surveillance and harassment under the guise of discovery.

Federal law does not permit this.

---

# II. LEGAL STANDARD

Under **Fed. R. Civ. P. 45(d)(3)(A)**, the Court **must** quash a subpoena that:

1. requires disclosure of privileged or protected material, or

2. subjects a person to undue burden.

Additionally, **Fed. R. Civ. P. 26(b)(1)** strictly limits discovery to relevant and proportional matters. The subpoena fails on every front.

Federal statutory law—the **Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701–2712**—imposes binding limits on what electronic service providers may disclose. A civil subpoena **cannot override** those statutory protections.

# III. ARGUMENT

## A. The Subpoena Demands Information Federal Law Forbids Google LLC to Disclose

The subpoena seeks categories of electronic records that Google LLC is **legally prohibited** from producing under the SCA, including:

- contents of communications,

- stored electronic data,

- access logs, IP records, and metadata, and

- subscriber information beyond narrow statutory exceptions.

Federal courts have consistently held that such subpoenas are **unenforceable as a matter of law**, including:

- *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965 (C.D. Cal. 2010)

- *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606 (E.D. Va. 2008)

A subpoena that seeks information Congress has deemed protected is void and must be quashed.

---

## B. The Subpoena Is Radically Overbroad and an Abuse of Discovery

The subpoena is not narrowly tailored to any claim or defense and instead demands unrestricted access to years of private correspondence and personal digital history.

Rule 26(b)(1) bars such expansive intrusion. Courts routinely reject subpoenas that attempt to convert civil discovery into a fishing expedition. This subpoena crosses far beyond the boundaries of lawful discovery and constitutes misuse of judicial process.

---

## C. The Subpoena Imposes Extreme Undue Burden and Invades Core Privacy Interests

Email accounts contain deeply personal communications, financial and medical information, family matters, and privileged or sensitive materials. Compelled exposure of such information without justification constitutes an extraordinary burden under **Rule 45(d)(3)(A)(iv)** and violates fundamental privacy rights firmly recognized by federal courts.

This subpoena does not merely burden Defendant—it attempts to strip him of digital privacy entirely.

# IV. RELIEF REQUESTED

For the foregoing reasons, Defendant **Richard M. Silanskas Jr.** respectfully requests that the Court:

1. **GRANT this AMENDED MOTION TO QUASH**;

2. **QUASH IN FULL** the November 5, 2025 subpoena to Google, LLC;

3. Order that Google disclose **nothing** in response; and

4. Grant any further relief the Court deems just and proper.

Respectfully submitted,

Richard M. Silanskas Jr.
Pro Se Defendant
1338 Peace in Valley Road
Blue Eye, Missouri 65611
Phone: **(352) 205-5131**
Email: **ricksilanskas@gmail.com**

Date: **November 26, 2025**

---

# CERTIFICATE OF SERVICE

I hereby certify that on this **26th day of November, 2025**, a true and correct copy of the foregoing **Amended Motion to Quash Plaintiff's Subpoena to Google, LLC** was served via **U.S. Mail** upon:

**Amelia A. Fogleman, OBA No. 16221**
Gable-Gotwals
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120

**J. Christopher Davis**
Crowe and Dunlevy PC
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120

**Lysbeth George**
Liz George and Associates
8101 South Walker, Suite F
Oklahoma City, Oklahoma 73139

**/s/ Richard M. Silanskas Jr.**
Richard M. Silanskas Jr.