# **IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA**

O. GENE BICKNELL,
Plaintiff,

v.

DEFENDANTS:

1. Richard M. Silanskas Jr.

2. Larry K. Wilhite

3. Stephen D. Hedrick

Case No.: 4:25-cv-00383-SEH-SH

---

# MOTION FOR PROTECTIVE ORDER

## BY DEFENDANT RICHARD M. SILANSKAS, PRO SE

Defendant, **Richard M. Silanskas, Jr.**, appearing Pro Se, respectfully moves this Court pursuant to **Federal Rule of Civil Procedure 26(c)** for a Protective Order restricting abusive, intimidating, coercive, and oppressive discovery conduct by Plaintiff's counsel, **Michael S. Nadel of McDermott, Will and Schulte, Washington, D.C.**

Good cause exists because Plaintiff's counsel has repeatedly engaged in conduct that has caused **emotional distress, intimidation, coercion, and confusion**, and has exploited Defendant's unrepresented status and financial inability to secure legal counsel. This pattern has materially impaired Defendant's ability to participate fairly in this litigation.

# I. PARTY INFORMATION

**Defendant (Pro Se for Richard M. Silanskas, Jr.):**

1. Richard M. Silanskas, Jr.
   1338 Peace In Valley Road
   Blue Eye, Missouri 65611
   (352) 205-5131
   ricksilanskas@gmail.com

*(Note: This Motion is filed by Defendant Richard M. Silanskas, Jr. on behalf of himself only.)*

---

# II. LEGAL STANDARD

Under **Fed. R. Civ. P. 26(c)**, the Court may issue a Protective Order to protect a party from:

- "Annoyance, embarrassment, oppression, or undue burden or expense."

Relevant authority includes:

- **Seattle Times Co. v. Rhinehart**, 467 U.S. 20, 34 (1984)
- **Crawford-El v. Britton**, 523 U.S. 574, 598 (1998)
- **Serrano v. Cintas Corp.**, 699 F.3d 884, 901 (6th Cir. 2012)
- **Chambers v. NASCO, Inc.**, 501 U.S. 32, 43 (1991)

Courts acknowledge that Pro Se litigants are uniquely vulnerable to coercion and are entitled to reasonable protection against oppressive conduct in discovery.

## III. FACTUAL BASIS DEMONSTRATING GOOD CAUSE

### A. Forced Pro Se Status Due to Financial Hardship

Since the filing of this lawsuit on **July 25, 2025**, Defendant has made diligent efforts to retain legal counsel but has been unable to due to financial hardship. Plaintiff's counsel has at all times been aware that Defendant is unrepresented and legally inexperienced.

### B. Good-Faith Production of Over 1,000 Digital Files

Despite having no legal training, Defendant collected, organized, and produced more than **1,000 responsive digital files**, representing years of work performed for Mansion. This was done in complete good faith.

### C. November 13, 2025 Conference — Intimidation Despite Defendant's Belief the Files Were Relevant

During a conference call on **November 13, 2025**, Attorney Nadel stated that Defendant's digital files were "not relevant."

However, Defendant genuinely believed the files were relevant and responsive. The tone, manner, and pressure applied by Attorney Nadel made Defendant feel **intimidated, overwhelmed, and afraid to assert himself**, leading him to agree to continue searching for additional responsive information—not because he believed the material was insufficient, but because he felt coerced and intimidated.

### D. Additional Production and Immediate Renewed Pressure

On **November 19, 2025**, Defendant produced an additional **200 files** and written responses. The very next day, Plaintiff's counsel demanded more discussions and additional action, escalating pressure and distress.

### E. Plaintiff's Counsel's Conduct Following Defendant's Family Tragedy

Defendant notified all counsel of a sudden and unexpected death in his family. **Following Defendant informing all counsel of the sudden death in the family, Mr. Nadel did not respond.**

---

### F. November 25, 2025 — Hostile Accusations, Attacks on Integrity, Threatening Language, Coercive Demands, and Pressure After a Good-Faith Correction

On **November 25, 2025**, after Defendant submitted **a Motion with an impending deadline**, Attorney Nadel responded with hostility and intimidation.

Attorney Nadel **expressed "surprise" that Defendant filed the motion, implying that Defendant was deceptive regarding the family death**. This implication was deeply distressing and intimidating for an unrepresented litigant. The suggestion attacked Defendant's integrity during a moment of grief and confusion, despite Defendant acting transparently and in good faith.

Counsel further stated that he regarded this conduct as a **"refusal to meet and confer"** and that he would **"proceed accordingly,"** a phrase that carried an intimidating and threatening tone for someone without legal training who could not interpret the consequences.

Attorney Nadel then demanded that Defendant **withdraw his motion by the following day**, giving less than 24 hours and providing no legal authority for this demand.

The original motion contained a factual mistake regarding notice of a subpoena based on Defendant misreading an email. As soon as Defendant realized the mistake, he **removed the statement entirely** and filed an **Amended Motion**, as instructed by the Clerk's Office. This was done promptly, transparently, and in complete good faith.

This interaction left Defendant feeling **attacked, cornered, emotionally unsafe, and terrified that his ability to defend himself was being compromised.**

## G. Pattern of Conduct Creating Fear, Distress, and the Impression of Personal Hostility

When viewed cumulatively, Plaintiff's counsel's repeated actions—including accusatory emails, threats of consequences, dismissive treatment during a family tragedy, repeated demands, and hostile communications—have created a **relentlessly distressing pattern**. Each individual interaction might appear routine in isolation, but together they constitute a **sustained and targeted pattern of intimidation** that has placed Defendant in a state of persistent fear and anxiety.

Defendant reasonably perceives that Attorney Nadel is acting with **personal animus or a vendetta**, rather than merely pursuing discovery in good faith. The constant pressure, threats, and disparaging implications have caused Defendant to feel **personally attacked, singled out, and unfairly targeted**, creating a profound emotional and psychological burden.

This pattern has directly **hindered Defendant's ability to participate meaningfully in the litigation**, forcing him to divert attention and energy to managing emotional distress rather than focusing solely on legal matters. The coercive nature of these interactions has caused Defendant to **second-guess his actions, hesitate to respond freely, and fear inadvertent missteps**.

Moreover, Defendant's status as a **Pro Se litigant** exacerbates the impact of these actions. Without the guidance and protection of counsel, Defendant is uniquely vulnerable to intimidation, threats, and coercive tactics, which further undermines his ability to defend himself effectively. The conduct of Plaintiff's counsel has created an **environment that is oppressive, destabilizing, and fundamentally inconsistent with the principles of fairness and due process**, leaving Defendant with a heightened sense of vulnerability and ongoing fear that he may suffer adverse consequences for attempting to comply with court procedures in good faith.

In sum, the repeated and hostile behavior of Plaintiff's counsel has inflicted **significant emotional distress, fear, and a sense of personal danger**, creating a situation in which Defendant cannot reasonably be expected to continue litigation without the protections of a court-imposed **Protective Order**. The conduct is not merely procedural pressure—it is personal, targeted, and oppressive.

## H. Relief Requested

Defendant respectfully requests that the Court enter a **Protective Order** immediately to prevent further abusive, coercive, and intimidating conduct by Plaintiff's counsel. Plaintiff's counsel's repeated hostile, threatening, and accusatory communications have created an environment that is **oppressive, emotionally harmful, and materially impairs Defendant's ability to participate in this litigation**.

Defendant requests that the Protective Order include the following specific protections:

1. **All communications between Plaintiff's counsel and Defendant shall be in writing only**, to allow Defendant sufficient time to review, respond, and maintain a documented record of all interactions;

2. **Strict limitations on the tone and manner of all communications**, requiring that all correspondence remain professional, neutral, and respectful, and **prohibiting any threatening, intimidating, accusatory, or coercive language**;

3. **Acknowledgment of Defendant's Pro Se status**, requiring Plaintiff's counsel to exercise patience, provide clear explanations, and avoid assuming bad faith or exploiting Defendant's lack of legal representation;

4. **Clear, reasonable deadlines and procedures for discovery responses**, including timelines for written submissions, objections, and follow-ups, to prevent undue pressure or harassment;

5. **Restrictions on excessive or repetitive communications**, including limiting phone calls, unnecessary emails, or repeated demands that are designed to intimidate or coerce Defendant;

6. **Prohibition against personal attacks or implications regarding Defendant's integrity, family matters, or personal circumstances**, including threats or statements implying dishonesty or misconduct;

7. **Permission for Defendant to submit requests or questions regarding discovery without fear of retaliation or intimidation**, and ensuring that any response from Plaintiff's counsel complies with the Protective Order;

8. **Requirement that all disputes regarding discovery or procedural issues be addressed through the Court rather than direct threats or coercion**, to maintain fairness and protect Defendant from further emotional distress; and
**Any other relief the Court deems necessary and just** to prevent harassment, protect Defendant's emotional and mental well-being, ensure meaningful participation in the litigation, and uphold the integrity of the judicial process.

Without this Protective Order, Defendant will continue to face **ongoing emotional distress, fear, and coercion**, which materially impair his ability to defend himself. Court intervention is **urgently required** to ensure that Defendant can participate meaningfully in this litigation **without intimidation or harassment** and that discovery is conducted in a professional, respectful, and lawful manner.

This Protective Order is essential to **safeguard Defendant's rights, emotional well-being, and the fairness of the litigation process**, and to ensure that Plaintiff's counsel cannot use aggressive or threatening tactics to coerce or intimidate an unrepresented party.

## CONCLUSION

Given the cumulative emotional impact of Plaintiff's counsel's conduct, Defendant sincerely feels targeted, intimidated, and personally singled out. The distress and fear caused by this pattern underscore the need for Court intervention to ensure fairness, dignity, and a safe environment for Defendant to participate in the litigation.

Respectfully submitted,

_____    11-26-25

**Richard M. Silanskas Jr.**
Pro Se Defendant
1338 Peace In Valley Road
Blue Eye, Missouri 65611
ricksilanskas@gmail.com
(352) 205-5131

November 26, 2025

SERVICE PROVIDED VIA USMAIL TO:

Amelia A. Fogleman, OBA No. 16221
Joseph W. Lang, OBA No. 33019
GABLE
GOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120

J. Christopher Davis
Crowe and Dunlevy PC
222 N Detroit Ave
Suite 600
Tulsa, Oklahoma 74120

Lysbeth George
Liz George and Associates
8101 South Walker
Suite F
Oklahoma City, Oklahoma 73139