# **IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA**

O. GENE BICKNELL,
Plaintiff,

v.

RICHARD M. SILANSKAS JR.,
LARRY K. WILHITE,
STEPHEN D. HEDRICK,
Defendants.

Case No. **4:25-cv-00383-SEH-SH**

---

##  MOTION TO QUASH PLAINTIFF'S SUBPOENA TO YAHOO INC.

**FILED BY DEFENDANT RICHARD M. SILANSKAS JR. (PRO SE)**

Defendant **Richard M. Silanskas Jr.**, appearing **Pro Se**, respectfully moves this Court pursuant to **Federal Rule of Civil Procedure 45(d)(3)** for an Order **QUASHING IN FULL** the subpoena issued by Plaintiff to **Yahoo Inc.** on or about **November 24, 2025**, seeking information relating to multiple email addresses allegedly associated with Defendant.

The subpoena was directed to:

**Yahoo Inc.**
701 First Avenue
Sunnyvale, California 94089

This Motion is filed as an **original motion** and does **not** amend or modify any other motion concerning any other service provider.

# I. INTRODUCTION

Plaintiff's subpoena is an extraordinarily intrusive attempt to obtain sweeping access to private electronic accounts and digital information, without factual basis, legal justification, or connection to any articulated claim or defense. It seeks broad categories of electronic data across multiple email accounts, without limits of scope, time period, or subject matter.

The subpoena is nothing more than an abusive fishing expedition into Defendant's private electronic life, and federal law does not permit such conduct.

# II. LEGAL STANDARD

Under **Federal Rule of Civil Procedure 45(d)(3)(A)**, the Court **must quash or modify** a subpoena that:

1. requires disclosure of privileged or protected material; or
2. subjects a person to undue burden.

Further, **Rule 26(b)(1)** limits discovery to matters that are relevant to a claim or defense and proportional to the needs of the case.

Additionally, the **Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701–2712**, strictly governs what an electronic service provider such as Yahoo may disclose. A civil subpoena **cannot compel** Yahoo to release protected electronic communications or related data.

# III. ARGUMENT

## A. The Subpoena Seeks Information Yahoo Is Legally Prohibited From Disclosing

The SCA prohibits providers like Yahoo from disclosing:

- contents of emails or stored communications,

- historical data, logs, or metadata,

- subscriber or account records, except in narrow circumstances, and

- any electronic communications content held in electronic storage.

Courts have consistently held that such subpoenas are unenforceable:

- *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965 (C.D. Cal. 2010)

- *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606 (E.D. Va. 2008)

When federal statute bars disclosure, the subpoena **must** be quashed.

---

## B. The Subpoena Is Radically Overbroad and Untethered to Any Claim

The subpoena demands unrestricted access to private electronic information, without:

- any temporal limitation;
- any subject-matter limitation;
- any connection to a specific allegation; or
- any showing of relevance.

Rule 26(b)(1) does not permit discovery to become an open-ended surveillance probe. Discovery must be targeted, justified, and proportional. This subpoena is none of those things.

## C. The Subpoena Imposes Severe Undue Burden and Invades Fundamental Privacy Rights

Email accounts contain deeply personal communications—including confidential family, medical, financial, and personal matters. Forcing the exposure of such information without necessity or relevance constitutes an extraordinary invasion of privacy and an undue burden under **Rule 45(d)(3)(A)(iv)**.

This subpoena threatens to strip Defendant of personal privacy without any factual basis whatsoever.

## IV. RELIEF REQUESTED

Defendant **Richard M. Silanskas Jr.** respectfully requests that this Court:

1. **GRANT this Motion to Quash**;
2. **QUASH IN FULL** the November 5, 2025 subpoena to Yahoo Inc.;
3. Order that Yahoo provide **no disclosure** of any kind in response; and
4. Award any further relief the Court deems appropriate.

Respectfully submitted,

_____ 11-26-25

**Richard M. Silanskas Jr.**
**Pro Se Defendant**
1338 Peace in Valley Road
Blue Eye, Missouri 65611
Phone: **(352) 205-5131**
Email: **ricksilanskas@gmail.com**

Date: **November 26, 2025**

## CERTIFICATE OF SERVICE

I certify that on this **26th day of November, 2025**, a true and correct copy of the foregoing **Motion to Quash Plaintiff's Subpoena to Yahoo Inc.** was served via **U.S. Mail** on:

**Amelia A. Fogleman, OBA No. 16221**
Gable-Gotwals
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120

**J. Christopher Davis**
Crowe and Dunlevy PC
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120

**Lysbeth George**
Liz George and Associates
8101 South Walker, Suite F
Oklahoma City, Oklahoma 73139

/s/ Richard M. Silanskas Jr.
Richard M. Silanskas Jr.