IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

O. GENE BICKNELL,
Plaintiff,

v.

RICHARD M. SILANSKAS JR.,
LARRY K. WILHITE,
STEPHEN D. HEDRICK,
Defendants.

Case No. 4:25-cv-00383-SEH-SH

# DEFENDANT RICHARD M. SILANSKAS JR.'S REVISED RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA TO YAHOO INC

Defendant **Richard M. Silanskas Jr.**, appearing **Pro Se**, submits this strengthened Response to Plaintiff's Opposition to the Motion to Quash the subpoena issued to Yahoo Inc  Plaintiff's Opposition misstates Rule 45, disregards binding authority, and attempts to justify an extraordinarily broad and intrusive subpoena unsupported by any showing of relevance or proportionality.

The subpoena is procedurally defective, legally unsupportable, and substantively abusive. Courts routinely reject subpoenas of this nature, and this Court should do the same.

## I. INTRODUCTION

Plaintiff's Opposition does not cure the fatal defects inherent in the subpoena directed at Yahoo Inc. Instead of addressing Defendant's legal arguments, Plaintiff attempts to shift the burden—contrary to Rule 45(d)(1), which places the duty to avoid undue burden squarely on the party issuing the subpoena.

The subpoena:

- violates Rule 45(a)(4) notice requirements,
- exceeds permissible geographic limits,
- seeks vast amounts of irrelevant, private, and protected information,
- imposes undue burden and prejudice on a **Pro Se** litigant,
- and functions as an impermissible fishing expedition.

Courts have repeatedly held that subpoenas lacking relevance and proportionality must be quashed. See **Hale v. Henkel, 201 U.S. 43 (1906)** (privacy interests must be respected); **Goodyear Tire v. Kirk's Tire & Auto, 211 F.R.D. 658 (D. Kan. 2003)** (quashing overly broad subpoena); **Static Control v. Lexmark, 2007 WL 897185 (E.D. Ky. 2007)** (Rule 45 requires narrow, relevant requests).

This subpoena fails every required standard.

## II. THE SUBPOENA IS PROCEDURALLY DEFECTIVE UNDER RULE 45

A subpoena must comply with Rule 45 **before** its substance is even considered. Plaintiff's subpoena does not.

### Improper Geographic Scope (Rule 45(c))

Rule 45(c)(2)(A) prohibits compelling production outside the geographic limits defined by the rule. A subpoena that demands production beyond those limits is invalid. See **In re Subpoena to TD Ameritrade, Inc., 2012 WL 3055775 (D. Neb. 2012)**.

Plaintiff's subpoena demands production from an out-of-district entity without satisfying Rule 45's territorial requirements. This alone warrants quashing.

## III. THE SUBPOENA IS OVERLY BROAD, UNREASONABLE, AND UNCONNECTED TO ANY CLAIM OR DEFENSE

A subpoena must be tied to a specific claim or defense. Fed. R. Civ. P. 26(b)(1). Plaintiff's subpoena is not.

The subpoena demands:

- years of email content,
- metadata,
- IP logs,
- login history,
- and account-level private information.

Courts routinely reject such expansive requests. See:

- **Sanders v. Orange Cty., 2009 WL 3367069 (C.D. Cal.)** (rejecting requests for entire email accounts);
- **Covad Commc'ns Co. v. Revonet, Inc., 258 F.R.D. 17 (D.D.C. 2009)** (emails must be tied to specific issues);
- **Avasthi & Assocs. v. Raymond James, 2020 WL 5552308 (N.D. Okla.)** (denying unlimited discovery fishing expeditions).

Plaintiff has not identified **any** claim in his Complaint that requires subpoenaing years of private Yahoo account data. Without a demonstrated connection to a claim or defense, the subpoena is improper.

---

## IV. THE SUBPOENA SEEKS PRIVATE, CONFIDENTIAL, AND PROTECTED INFORMATION

Email accounts contain highly sensitive information. Courts recognize a significant privacy interest in personal email data. See **Optiver Aus. Pty. Ltd. v. Tibra Trading Pty. Ltd., 2013 WL 256771 (N.D. Cal.).**

Plaintiff's subpoena seeks material that includes:

- personal correspondence,
- financial data,
- privileged communications,
- security information and login records.

Plaintiff offers no compelling justification for invading these protected materials. A subpoena that threatens privacy with no demonstrated need must be quashed. See **Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984).**

---

## V. THE SUBPOENA IMPOSES UNDUE BURDEN AND PREJUDICE ON DEFENDANT

Rule 45(d)(3)(A)(iv) mandates quashing a subpoena that imposes undue burden.

The burden is extreme here:

- Google would be forced to search and produce large volumes of private content;
- Defendant would be compelled to review and defend against irrelevant data dumps;
- Plaintiff would gain access to deeply personal information having no bearing on the litigation;
- A **Pro Se** litigant would face disproportionate harm and expense.

Courts must give special consideration to the burden placed on unrepresented parties. See **Haines v. Kerner, 404 U.S. 519 (1972)** (courts must ensure meaningful access for Pro Se litigants).

The subpoena's sweeping scope is the definition of undue burden.

---

## VI. THIS COURT HAS AUTHORITY TO DECIDE THE MOTION

Although Rule 45 states motions to quash are typically filed in the district of compliance, courts recognize discretionary exceptions where:

1. The issuing court is best situated to resolve the issues,

2. Judicial economy is served, and

3. No party is prejudiced.

See **Ello v. Singh, 531 F. Supp. 2d 552 (S.D.N.Y. 2007); Agincourt Gaming, LLC v. Zynga, Inc., 2014 WL 4079555 (D. Nev. 2014).**

This Court already manages the case, understands the factual context, and possesses the full briefing record necessary to decide the issue efficiently.

### Consideration for Pro Se Litigants

Requiring Defendant to file a separate action in another district would:

- increase costs,

- create procedural confusion,

- risk conflicting rulings,

- and impose a substantial hardship.

Courts must ensure meaningful access to justice for Pro Se litigants. Forcing satellite litigation would undermine that principle.

Accordingly, this Court is the proper forum to decide the motion.

## VII. CONCLUSION

The subpoena issued to Yahoo Inc is procedurally defective, overbroad, irrelevant, intrusive, and unduly burdensome. Plaintiff's Opposition fails to provide any authority justifying such an extraordinary and unlawful request.

For all the reasons stated above, Defendant respectfully requests that this Court GRANT the Motion to Quash in its entirety.

Respectfully submitted,

Signature

Richard M. Silanskas Jr.
Pro Se Defendant
1338 Peace in Valley Rd.
Blue Eye, Missouri 65611
417-213-1820
rmatthew0573@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of December, 2025, a true and correct copy of the foregoing document was served via U.S. Mail and/or electronic mail upon the following:

**Amelia A. Foreman**
Gable Gotwals
110 N. Elgin Ave., Suite 200
Tulsa, Oklahoma 74120

**Lysbeth George**
Liz George and Associates
8101 S. Walker, Suite F
Oklahoma City, Oklahoma 73139

**J. Christopher Davis**
Crowe & Dunlevy, PC
222 N. Detroit Ave., Suite 600
Tulsa, Oklahoma 74120