IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| O. GENE BICKNELL, ) | |
| ) | Case No. 25-cv-00383-SH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RICHARD M. SILANSKAS JR., ) | |
| LARRY K. WILHITE, and ) | |
| STEPHEN D. HEDRICK, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING
DEFENDANT SILANSKAS'S REPLIES IN SUPPORT OF HIS MOTION TO QUASH
PLAINTIFF'S SUBPOENA TO YAHOO**

The replies filed by Defendant Richard M. Silanskas, Jr. (Docs. 85, 86, 87) in support of his motion to quash Plaintiff's subpoena to Yahoo!, Inc. contain numerous fake case citations. The replies bear the hallmarks of generative artificial intelligence, suggesting that the citations are hallucinatory. But in any event, the citations appear to be invalid.

Defendant Silanskas submitted three replies. They all contain the following fake citations:

- **"Static Control v. Lexmark, 2007 WL 897185 (E.D. Ky. 2007),"** Doc. 85 at 2:

There is no case with the citation 2007 WL 897185. *Static Control Components, Inc. v. Lexmark Int'l, Inc.* was an lengthy dispute resulting in many decisions by many courts. However, we have not located any with a remotely similar citation.

- **"In re Subpoena to TD Ameritrade, Inc., 2012 WL 3055775 (D. Neb. 2012),"** Doc. 85 at 2:

There *is* a case with the citation 2012 WL 3055775, but it is *Ashlock v. Slone*, No. 10 Civ. 453(PAE), decided by the Southern District of New York on July 26, 2012. It is a summary

judgment decision unrelated to subpoenas. We have not located any case named "In re Subpoena to TD Ameritrade, Inc." under any citation.

- **"Sanders v. Orange Cty., 2009 WL 3367069 (C.D. Cal.),"** Doc. 85 at 3:

There *is* a case with the citation 2009 WL 3367069, but it is *Sarkis v. Lajcak*, No. C-08-01911 RMW, decided by the Northern District of California on October 15, 2009. It granted a motion to dismiss for lack of personal jurisdiction and did not involve discovery issues. We have located a 2024 a case captioned *Sanders v. Orange Cnty. Gov't*, No. 6:24-cv-02148-CEM-NWH, in the Middle District of Florida, but there are no decisions in that case related to discovery disputes, subpoena requests, or email discovery.

- **"Avasthi & Assocs. v. Raymond James, 2020 WL 5552308 (N.D. Okla.),"** Doc. 85 at 3:

There is no case with the citation 2020 WL 5552308. This Court's PACER system does not identify any cases involving "Avasthi & Associates" and Raymond James.

\*      \*      \*

Silanskas's replies also include misrepresentations of principles of law associated with real cases:

> - Covad Commc'ns Co. v. Revonet, Inc., 258 F.R.D. 17 (D.D.C. 2009) (emails must be tied to specific issues);

Doc. 85 at 3. There is such a decision, but it does not involve emails or electronic communications.

> Plaintiff offers no compelling justification for invading these protected materials. A subpoena that threatens privacy with no demonstrated need must be quashed. **See Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984).**

*Id.* at 4. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) is a real Supreme Court decision, but nowhere does it state that a subpoena that threatens privacy with no demonstrated need must be quashed. The case was not about that. Instead, the case involved "whether parties to civil litigation

have a First Amendment right to disseminate, in advance of trial, information gained through the pretrial discovery process." *Id.* at 22.

> **VI. THIS COURT HAS AUTHORITY TO DECIDE THE MOTION**
>
> Although Rule 45 states motions to quash are typically filed in the district of compliance, courts recognize discretionary exceptions where:
>
> 1. The issuing court is best situated to resolve the issues,
> 2. Judicial economy is served, and
> 3. No party is prejudiced.
>
> See **Ello v. Singh, 531 F. Supp. 2d 552 (S.D.N.Y. 2007)**; **Agincourt Gaming, LLC v. Zynga, Inc., 2014 WL 4079555 (D. Nev. 2014)**.

Doc. 85 at 5. *Ello v. Singh*, 531 F. Supp. 2d 552 (S.D.N.Y. 2007), is a decision on a motion to file a proposed second amended complaint. It is unrelated to Rule 45 or the authority to decide a motion to quash. And *Agincourt Gaming v. Zynga, Inc.* holds: "In short, the place where compliance is required for the Individual Respondents is the Northern District of California, and not in this District. Accordingly, the Court lacks jurisdiction to rule on the pending subpoena-related motions to the extent they relate to the Individual Respondents." No. 2:14-CV-0708-RFB-NJK, 2014 WL 4079555, at *4 (D. Nev. Aug. 15, 2014).

\*     \*     \*

Using a fake opinion to support an argument is a violation of Federal Rule of Civil Procedure 11(b)(2). *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025). Courts in the Tenth Circuit have sanctioned "misrepresentations of principles of law associated with cited cases, including discussions of legal principles that simply do not appear within such decisions; … misattributions of case law to this District; and most egregiously, citation of cases that do not

exist." *Coomer v. Lindell*, No. 22-CV-01129-NYW-SBP, 2025 WL 1201993, at *1 (D. Colo. Apr. 23, 2025).  Each of those defects is present in Silanskas's replies.

Respectfully submitted,

/s/ *Michael S. Nadel*

Amelia A. Fogleman
Joseph W. Lang
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800

Michael S. Nadel
Sagar K. Ravi
Jennifer B. Routh
Rachel M. Peltzer
Theresa M. Babendreier
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Plaintiff O. Gene Bicknell

CERTIFICATE OF SERVICE

  I certify that on December 10, 2025, I caused a copy of the foregoing to be filed using the CM/ECF system, thereby providing notice to all counsel of record and pro se parties, including:

Counsel for Defendant Larry K. Wilhite:

  J. Christopher Davis, Esq.
  Deric McClellan, Esq.
  Crowe & Dunlevy, P.C.
  222 N. Detroit Avenue, Suite 600
  Tulsa, Oklahoma 74120

  Evan G.E. Vincent, Esq.
  Crowe & Dunlevy, P.C.
  Braniff Building
  324 North Robinson Avenue, Suite 100
  Oklahoma City, Oklahoma 73102

Counsel for Defendant Stephen D. Hedrick:

  Lysbeth George, Esq.
  Liz George and Associates
  8101 S. Walker, Suite F
  Oklahoma City, Oklahoma 73139

Defendant Richard M. Silanskas, Jr.:

  Richard M. Silanskas, Jr.
  1338 Peace in the Valley Road
  Blue Eye, Missouri 65611

              /s/ *Michael S. Nadel*
              Michael S. Nadel