# **IN THE UNITED STATES DISTRICT COURT

FOR *THE* NORTHERN DISTRICT OF *OKLAHOMA***

O. GENE *BICKNELL*,
    Plaintiff,

v.

RICHARD M. SILANSKAS JR., et al.,
    Defendants.

Case No. **4:25-cv-00383-SEH-SH**

---

# **DEFENDANT RICHARD M. SILANSKAS JR.'S

REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Defendant Richard M. Silanskas Jr., *appearing* Pro Se, respectfully submits this Reply in Support of his Motion for Protective Order (Doc. 80) and responds to Plaintiff's Opposition (Doc. 82) as follows:

## I. *PLAINTIFF* FAILS TO *REBUT* THE FACTUAL BASIS ESTABLISHING GOOD CAUSE

Plaintiff's Opposition avoids addressing the core factual allegations supporting the Motion, including:

- **Intimidating and coercive conduct** during the *November* 13 and November 20 discovery calls;
- **Hostile and accusatory communications** toward an *unrepresented* litigant;
- **Failure to acknowledge a family tragedy**, followed by insinuations of dishonesty;
- **Coercive demands to withdraw a filing within 24 hours**, using threatening language;
- **A sustained pattern of escalating pressure**, emotional distress, and intimidation.

Notably, *Plaintiff* **does not deny** these events occurred. Instead, Plaintiff attempts to downplay or recast them as "routine."
 They are not.

These *undisputed* facts demonstrate a persistent pattern of conduct causing emotional distress, fear, and confusion—far *exceeding* normal litigation activity.

---

## II. *RULE* 26(c) CLEARLY *AUTHORIZES* THE RELIEF REQUESTED

Rule 26(c) empowers courts to issue protective *orders* to prevent:

- Annoyance
- *Embarrassment*
- Oppression
- Undue *burden* or expense

The conduct described in Defendant's motion constitutes **oppression** and **undue burden** within the meaning of the Rule.

The Supreme Court has repeatedly affirmed the Court's authority to curb abusive behavior:

- *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984)

- *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998)

- *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)


Plaintiff's Opposition cites pro se procedural *cases* (*Garrett* and *Nielsen*) that have **nothing** to do with abusive discovery practices.
 These *cases* do not authorize:

- coercion,
- threats,

- pressure to withdraw filings, or
- emotional intimidation of a pro se litigant.

Defendant fully complies with procedural rules.
He does **not** have to endure coercive or abusive tactics.

---

## III. DEFENDANT IS NOT SEEKING SPECIAL TREATMENT—ONLY BASIC PROFESSIONAL CONDUCT

The protective order seeks limited, reasonable safeguards:

- Written communications unless mutually agreed otherwise;
- Prohibition of hostile, coercive, or threatening conduct;
- Clear boundaries ensuring discovery proceeds respectfully;

This does not inhibit Plaintiff's ability to pursue discovery.
It merely restricts **abusive communication styles** that have already caused significant distress.

What Plaintiff risks losing is not any legitimate litigation tool—it is the ability to intimidate a pro se party.

That is not a legally protected right.

---

## IV. DEFENDANT HAS CLEARLY ESTABLISHED GOOD CAUSE

Defendant has shown:

- Documented intimidation;
- Hostile tone and accusatory statements;
- Coercive deadlines;
- Exploitation of pro se status;
- Emotional distress;
- Impairment of Defendant's ability to meaningfully participate.

Under *Serrano v. Cintas Corp.*, 699 F.3d 884, 901 (6th Cir. 2012), this is more than sufficient.

Plaintiff offers no factual rebuttal—only unsupported argument.

## V. THE REQUESTED PROTECTIVE ORDER IS NARROW, REASONABLE, AND NECESSARY

The relief sought:

- Maintains full discovery access;
- Ensures civility, safety, and professionalism;
- Protects a vulnerable pro se litigant;
- Prevents further emotional harm;
- Serves the interests of justice.

No legitimate prejudice to Plaintiff exists.
Without intervention, the prejudice to Defendant will continue—and deepen.

## VI. CONCLUSION

For the foregoing reasons and those stated in the Motion, Defendant respectfully requests that this Court:

1. **GRANT** the Protective Order;

2. Require written communications unless mutually agreed otherwise;

3. Prohibit coercive, hostile, threatening, or intimidating conduct;

4. Establish reasonable boundaries ensuring professional, non-oppressive discovery;

5. *Award* such further relief as the Court deems just.

Respectfully submitted,

_[signature]_  12-11-25

Richard M. Silanskas Jr.
Pro Se Defendant
1338 Peace In Valley Road
Blue Eye, Missouri 65611
417-213-1820

rmatthew0573@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER was served via US MAIL on _____12/11/25_____ to the following:

AMELIA A FOGLEMAN OBA NO 16221

GABLE GOTWALS

110 N Elgin Avenue Suite 200

Tulsa, Oklahoma 74120


J CHRISTOPHER DAVIS

CROWE AND DUNLEVY PC

222 N Detroit Ave. Suite 600

Tulsa, Oklahoma 74120


LYSBETH GEORGE

LIZ GEORGE AND ASSOCIATES

8101 South Walker. Suite F

Oklahoma City, Oklahoma 73139