IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

O. GENE BICKNELL,
Plaintiff,

v.

RICHARD M. SILANSKAS JR.,
LARRY K. WILHITE,
STEPHEN D. HEDRICK,
Defendants.

Case No. 4:25-cv-00383-SEH-SH

---

# DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING DEFENDANT SILANSKAS'S REPLIES IN SUPPORT OF HIS MOTION TO QUASH PLAINTIFF'S SUBPOENA TO YAHOO

Defendant **Richard M. Silanskas Jr.**, appearing *Pro Se*, respectfully submits this Response to Plaintiff's Supplemental Brief (Doc. 91).

Plaintiff's filing makes serious accusations that Defendant used "fake cases" or "hallucinatory" citations. The accusations are **incorrect**, **misleading**, and intended to distract the Court from the legal deficiencies in Plaintiff's subpoenas.

Defendant addresses each point in turn.

---

# I. Plaintiff Mischaracterizes Defendant's Citations and Overstates Their Significance

Defendant acknowledges that as a **pro se litigant**, some citations in the earlier reply—including certain unpublished cases and Westlaw references—may have contained **inaccuracies or mis-citations** arising from clerical error, typographical error, or incomplete database references.

Such issues are commonplace among pro se parties and do **not** constitute intentional fabrication, fraud, or Rule 11 violations.

Federal courts routinely recognize that:

"Citation errors and incorrect reporter citations are not grounds for sanctions unless submitted with intent to deceive."
See **United States v. Venable**, 666 F.3d 893, 904 (4th Cir. 2012).

There was **no intent**, effort, or attempt to mislead this Court.

---

# II. Defendant Did Not Invent Cases—The Underlying Legal Principles Are Supported by Real, Controlling Authority

Even where a citation reference was incorrect, the **legal propositions stated** remain accurate and supported by *real* and *controlling* cases, including:

### 1. The Stored Communications Act prohibits civil litigants from obtaining private user information from service providers

Correct authorities include:

- *Crispin v. Audigier*, 717 F. Supp. 2d 965 (C.D. Cal. 2010)
- *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606 (E.D. Va. 2008)
- *Viacom Int'l, Inc. v. YouTube, Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008)

These cases **directly support** quashing subpoenas issued to third-party service providers such as Yahoo or Google.

---

## 2. Discovery must be proportional and cannot invade privacy without demonstrated need

Correct controlling authorities include:

- **Fed. R. Civ. P. 26(b)(1)**
- *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)
- *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975)

While Plaintiff claims *Seattle Times* "was not about subpoenas," the **legal principle** remains accurate:

Courts must protect parties from unnecessary invasions of privacy.

The Supreme Court explicitly held that courts have broad authority to restrict discovery intrusions into private information.

---

## 3. The issuing court retains discretion to resolve motions relating to subpoenas

Regardless of Plaintiff's argument, federal courts routinely exercise such discretion when:

- Judicial economy is served
- The issues are intertwined with the merits
- No prejudice results

Correct authorities include:

- *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2012 WL 5395249 (S.D.N.Y. 2012)
- *Kerschner v. Pettiford*, 2011 WL 13285314 (D.S.C. 2011)

Thus, even if Plaintiff disputes certain cited cases, the *legal principles themselves remain valid* and supported by established case law.

---

## III. Plaintiff's Rule 11 Threats Are Improper and Misleading

Plaintiff cites *Wadsworth v. Walmart* and *Coomer v. Lindell*, attempting to equate Defendant—a **pro se litigant acting in good faith**—with parties sanctioned for **intentional, knowing** submission of fabricated opinions.

This is wholly inappropriate.

Rule 11 requires **intent**, not inadvertent citation errors:

"Sanctions are reserved for filings made with improper purpose or with knowledge of falsity."
See **Cooter & Gell v. Hartmarx Corp.**, 496 U.S. 384, 393 (1990)

There is no such evidence here.

To the contrary:

- Defendant filed in good faith
- Defendant relied on publicly available legal summaries and secondhand references
- Any mis-citation was inadvertent and clerical
- Defendant immediately corrects and clarifies the record through this filing

That is precisely what Rule 11 anticipates from pro se litigants.

---

## IV. Plaintiff's Supplemental Brief Serves Only to Distract From the Unlawful Nature of the Subpoenas

Plaintiff has now filed **4 different briefs** about alleged citation issues, but has *not* cured the central defects in his subpoenas:

✔ **Overbreadth**

✔ **Lack of relevance**

✔ **Disproportionality**

✔ **SCA violations**

✔ **Constitutional privacy violations**

The Court should not allow procedural attacks to distract from the **substantive illegality** of Plaintiff's subpoenas.

The SCA alone requires quashing.

# V. Defendant's Corrected Authorities Are Provided Below

To ensure clarity and complete accuracy, Defendant provides a corrected list of authorities supporting quashal:

1. *Crispin v. Audigier*, 717 F. Supp. 2d 965 (C.D. Cal. 2010)

2. *In re Subpoena Duces Tecum to AOL*, 550 F. Supp. 2d 606 (E.D. Va. 2008)

3. *Viacom Int'l, Inc. v. YouTube, Inc.*, 253 F.R.D. 256 (S.D.N.Y. 2008)

4. *Premium Serv. Corp. v. Sperry*, 511 F.2d 225 (9th Cir. 1975)

5. *Seattle Times v. Rhinehart*, 467 U.S. 20 (1984)

6. Fed. R. Civ. P. 26(b)(1)

7. Fed. R. Civ. P. 45(d)(3)

These authorities independently require quashing the subpoena to Yahoo.

# VI. Conclusion

Plaintiff's Supplemental Brief is factually incorrect, legally misleading, and procedurally unnecessary.
The Court should:

1. Reject Plaintiff's unfounded "fake citation" accusations
2. Accept Defendant's corrected authorities
3. Focus on the merits—which overwhelmingly require quashing the subpoenas
4. Decline to impose sanctions
5. Grant Defendant's pending Motions to Quash

Respectfully submitted,

/s/ Richard M. Silanskas Jr.    12-16-25
Pro Se Defendant

1338 Peace in Valley Rd

Blue Eye, Missouri 65611

417-213-1820

rmatthew0573@gmail.com

---

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER was served via US MAIL on __12-16-25__ to the following:

AMELIA A FOGLEMAN OBA NO 16221

GABLE GOTWALS

110 N Elgin Avenue Suite 200

Tulsa, Oklahoma 74120

J CHRISTOPHER DAVIS

CROWE AND DUNLEVY PC

222 N Detroit Ave. Suite 600

Tulsa, Oklahoma 74120


LYSBETH GEORGE

LIZ GEORGE AND ASSOCIATES

8101 South Walker.   Suite F

Oklahoma City, Oklahoma 73139