IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| O. GENE BICKNELL, ) <br> ) Case No. 25-cv-00383-SH <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD M. SILANSKAS JR., ) <br> LARRY K. WILHITE, and ) <br> STEPHEN D. HEDRICK, ) <br> ) <br> Defendants. ) | |

**RULE 502(d) ORDER**

Certain parties have jointly moved for entry of an Order pursuant to Federal Rule of Evidence 502(d) through Docket Number 96.[1] The Court finds good cause for such an Order. The motion is GRANTED. It is hereby ORDERED:

**(a)** **No Waiver by Disclosure.** This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Supplying Party") discloses information in connection with this litigation that the Supplying Party thereafter claims to be privileged or protected by the attorney-client privilege, work product doctrine or consulting expert privilege ("Protected Information"), the disclosure of that Protected Information will not constitute a waiver in this or any other action of any claim of privilege or work product protection that the Supplying Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

---

[1] Defendant Richard Silanskas Jr. has been given an opportunity to confer with the other parties and to respond to the motion for entry of this order, and he has not opposed this motion. The Court has independently reviewed the requested relief and finds it appropriate as to all parties.

**(b)** **Notification Requirements and Best Efforts of Receiving Party.** A Supplying Party must promptly notify the party receiving the Protected Information (the "Receiving Party"), in writing or electronically, that it has disclosed Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege, work product protection or consulting expert privilege in accordance with paragraph (c)—promptly (i) notify the Disclosing Party that it will make best efforts to return, or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Any notice under this paragraph must occur no later than the day before dispositive motions are due. Notice after dispositive motions are filed is ineffective and any Protected Information for which notice is provided after dispositive motions are filed shall not be eligible for claw back under 502(d).

**(c)** **Contesting Privilege or Work Product Protection.** If the Receiving Party contests the claim of attorney-client privilege, work product protection or consulting expert privilege, the Receiving Party may, subject to LCvR 37, file a motion with the Court for an Order compelling disclosure of the information claimed as unprotected ("Disclosure Motion"). Pending resolution of the Disclosure Motion, the Receiving Party must not use the challenged information for any purpose other than for the purpose of the Disclosure Motion or disclose it to any person other than those required by law to be served with a copy of the Disclosure Motion.

**(d)** **Used Documents.** Notwithstanding paragraphs (a) and (b) of this Order, any documents used by any party in a deposition, expert report, or Court hearing or filing in this action

(with the exception of a Disclosure Motion), which a Supplying Party does not provide written notice of a claw back within ten (10) days of its initial use, shall be ineligible for claw back under 502(d).

**(e)** **Attorney's Ethical Responsibilities.** Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Supplying Party that such materials have been produced.

**(f)** **Burden of Proving Privilege or Work-Product Protection.** The Supplying Party retains the burden of establishing the privileged or protected nature of the Protected Information.

**(g)** **In camera Review.** Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

**(h)** **Voluntary and Subject Matter Waiver.** This Order does not preclude a party from voluntarily waiving the attorney-client privilege, work product protection or consulting expert privilege. The provisions of Federal Rule of Evidence 502(a) apply when the Supplying Party uses or indicates that it may use information produced under this Order to support a claim or defense.

**(i)** **Rule 502(b)(2).** The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**(j)** **No Limitation on Assessing Relevance and/or Privilege.** Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of

4897-8639-9877, v. 1

documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

IT IS SO ORDERED this 7th day of January, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

4897-8639-9877, v. 1