#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| O. GENE BICKNELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 25-cv-00383-SH |
| RICHARD M. SILANSKAS JR., LARRY | ) |
| K. WILHITE, and STEPHEN D. | ) |
| HEDRICK, | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

Before the Court are Defendant Richard M. Silanskas Jr.'s motions to quash subpoenas to Google, LLC ("Google") and Yahoo! Inc. ("Yahoo"). Silanskas has filed these motions in the wrong court, and they will be denied.

Meanwhile, Plaintiff's supplemental briefing complains that Silanskas's filings are littered with fake citations in violation of Fed. R. Civ. P. 11(b). The Court declines to award sanctions at this time but warns Silanskas that future fake citations or Rule 11 violations could result in his filings being stricken or the imposition of sanctions.

### Background

Plaintiff O. Gene Bicknell filed this lawsuit on July 25, 2025, asserting claims against Silanskas and others for racketeering, conspiracy, fraud and deceit, intentional infliction of emotional distress, and unjust enrichment. (Dkt. No. 1.) Plaintiff claims Silanskas committed these various harms in part through emails sent impersonating other persons or deities, and while using both Google and Yahoo email addresses. (*E.g.*, *id.* ¶¶ 40–41, 79–81, 136.) Silanskas has appeared in this matter pro se.

On October 31, 2025, Plaintiff issued a document subpoena to Google, seeking production of documents at Google's headquarters in Mountain View, California. (Dkt. No. 77-1.) Then, on November 24, 2025, Plaintiff issued a subpoena to Yahoo in Sunnyvale, California, seeking production of documents approximately 12 miles away, in Menlo Park, California. (Dkt. No. 78-1.)

On November 25, 2025, Silanskas filed a motion to quash the Google subpoena (Dkt. No. 73), which he immediately amended (Dkt. No. 74).[1] The next day, Silanskas moved to quash the Yahoo subpoena. (Dkt. No. 76.) Plaintiff responded to both motions. (Dkt. Nos. 77–78.) Silanskas then filed a reply in support of the Yahoo motion (Dkt. No. 85), which triggered a request by Plaintiff to file a supplemental brief (Dkt. No. 88). Plaintiff asserted that supplemental briefing was necessary because Silanskas's reply contained "numerous case citations that appear to be artificial intelligence hallucinations or are otherwise fake . . . ." (*Id.* at 1.[2]) The Court allowed Plaintiff to file the supplemental brief and gave Silanskas an opportunity to respond. (Dkt. No. 89.)

On December 10, 2025, Plaintiff filed his supplemental brief. (Dkt. No. 91.) The brief correctly notes that Plaintiff's Yahoo reply contains the following fictitious or misrepresented citations:

- *Static Control v. Lexmark*, 2007 WL 897185 (E.D. Ky. 2007), cited for the proposition that "Rule 45 requires narrow, relevant requests." (Dkt. No. 85 at 2.)
    - o  The citation provided refers to a patent filing. While there are several cases involving litigation between Static Control and Lexmark, the cited case does not exist, and the undersigned could locate no cases

---

[1] Because it appears Silanskas intended the amended motion to replace his original motion, the Court will deny the original motion as moot.

[2] Page numbers refer to those in the ECF header.

- between the parties involving narrow and relevant requests in subpoenas.

- *In re Subpoena to TD Ameritrade*, 2012 WL 3055775 (D. Neb. 2012), cited for the proposition that a subpoena that demands production beyond the required geographic limits is invalid. (Dkt. No. 85 at 2.)

    o The citation provided refers to *Ashlock v. Slone*, No. 10 CIV. 453 PAE, 2012 WL 3055775 (S.D.N.Y. July 26, 2012), which does not involve TD Ameritrade or subpoenas. The undersigned could locate no case in the District of Nebraska with the given name.

- *Sanders v. Orange Cty.*, 2009 WL 3367069 (C.D. Cal.), a case purportedly "rejecting requests for entire email accounts." (Dkt. No. 85 at 3.)

    o The citation provided refers to *Sarkis v. Lajcak*, No. C-08-01911 RMW, 2009 WL 3367069 (N.D. Cal. Oct. 15, 2009), *aff'd*, 425 F. App'x 557 (9th Cir. 2011), a case that does not involve discovery of email accounts. The undersigned could locate no case in the Central District of California with the given name.

- *Covad Commc'ns Co. v. Revonet, Inc.*, 258 F.R.D. 17 (D.D.C. 2009), cited for the proposition that courts routinely reject expansive subpoena requests and that emails must be tied to specific issues. (Dkt. No. 85 at 3.)

    o This case exists, but it does not involve quashing discovery seeking email. Instead, it grants a motion to compel discovery.

- *Avasthi & Assocs. v. Raymond James*, 2020 WL 5552308 (N.D. Okla.), cited for the proposition that courts deny "unlimited discovery fishing expeditions." (Dkt. No. 85 at 3.)

    o The citation provided refers to various Washington State health regulations. The undersigned could locate no case in the Northern District of Oklahoma with the given name.

- *Ello v. Singh*, 531 F. Supp. 2d 552 (S.D.N.Y. 2007), cited for the proposition that this Court has the discretion to hear a motion to quash a subpoena, even though it is not in the district of compliance. (Dkt. No. 85 at 5.)

    o This case exists, but it does not involve consideration of venue for a motion to quash a subpoena. Instead, it addresses a motion to amend a complaint.

Despite Plaintiff's filing, which noted the many false citations and Silanskas's obligations under Rule 11, on December 12, 2025, Silanskas filed a late reply in support of his motion to quash the Google subpoena that contained some of the same, above-noted citations. (*See* Dkt. No. 93 at 2, 6.)

On December 16, 2025, Silanskas also responded to the supplemental brief. (Dkt. No. 94.) In his filing, he "acknowledge[d] that as a pro se litigant, some citations in the earlier reply—including certain unpublished cases and Westlaw references—may have contained inaccuracies or mis-citations arising from clerical error, typographical error, or incomplete database references." (*Id.* at 2 (emphasis removed).) Silanskas further claimed that he "relied on publicly available legal summaries and secondhand references." (*Id.* at 4.) However, Silanskas's response contained additional falsities:

- *United States v. Venable*, 666 F.3d 893, 904 (4th Cir. 20012), quoted as purportedly stating, "Citation errors and incorrect reporter citations are not grounds for sanctions unless submitted with intent to deceive." (Dkt. No. 94 at 2.)
    - This case exists, but it does not contain the quotation provided by Silanskas. It further does not discuss the standards for Rule 11 sanctions as represented by Silanskas.

- *U.S. Bank Nat'l Ass'n v. PHL Variable Ins. Co.*, 2012 WL 5395249 (S.D.N.Y. 2012), cited as one of the "[c]orrect authorities" for the proposition that this Court has the discretion to hear a motion to quash a subpoena, even though it is not in the district of compliance. (Dkt. No. 94 at 3.)
    - The case does exist, and actually talks about subpoenas. But, it does not discuss the Court's purported discretion to resolve a subpoena objection outside the district of compliance.

- *Kerschner v. Pettiford*, 2011 WL 13285314 (D.S.C. 2011), cited as the second of the "[c]orrect authorities" referenced in the prior bullet. (Dkt. No. 94 at 3.)

4

- o The citation provided refers to a safety report issued by the U.S. Food and Drug Administration. The undersigned could locate no case in the District of South Carolina with the given name.

- *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), quoted as purportedly stating, "Sanctions are reserved for filings made with improper purpose or with knowledge of falsity." (Dkt. No. 94 at 4.)

    - o This case exists, but it does not contain the quotation provided by Silanskas.

## Analysis

### I. Venue for the Motions to Quash

The substance of Silanskas's motions to quash is easily addressed.[3] Rule 45 clearly provides that it is "the court for the district where compliance is required" that addresses a motion to quash. *See* Fed. R. Civ. P. 45(d)(3)(A), (B); *see also* Fed. R. Civ. P. 45, advisory ctte.'s note, 2013 am., subdiv. (f) ("subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c)"). Here, the subpoenas demand compliance in Mountain View and Menlo Park, California.[4] (Dkt. No. 77-1 at 8; Dkt No. 78-1 at 5.) Those cities are in Santa Clara County and San Mateo County, respectively, both of which fall within the Northern District of California. 28 U.S.C. § 84(a). Rule 45, thus, unambiguously requires Silanskas's motion to quash be first heard in the Northern District of California.

---

[3] Plaintiff also moves for the denial of Silanskas's motions due to his continued failure to meet and confer. (Dkt. No. 78 at 2–3; Dkt. No. 77 at 3.) The Court has recently warned Silanskas about this requirement (Dkt. No. 98 at 4) and will not go into detail on the issue again. Future motions by Silanskas may be summarily rejected if he continues not to confer as required.

[4] Both locations are within 100 miles of the place where the subpoenaed entity regularly transacts business. *See* Fed. R. Civ. P. 45(c)(2)(A). The Court, therefore, need not address thornier questions regarding the "place of compliance" that arise where a subpoena violates this rule on its face—the question confronted in *Copeland v. C.A.A.I.R., Inc.*, No. 17-CV-564-SEH-JFJ, 2024 WL 841215, at *2–4 (N.D. Okla. Feb. 28, 2024).

The Court has liberally construed Silanskas's "exceptions" argument (*e.g.,* Dkt. No. 85 at 5) as asserting that the motion to quash should be heard in this district pursuant to Rule 45(f). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is 'to be liberally construed' . . . ." (citation omitted)). Even so, Silanskas's motion fails. As a pro se party, Silanskas remains subject to the same rules of procedure that govern other litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). For Rule 45(f) to apply, Silanskas would have to file his motion to quash in the Northern District of California, and then either Google/Yahoo would have to consent to transferring the motion here, or the California court would have to find exceptional reasons justifying the transfer. *See* Fed. R. Civ. P. 45(f). This Court is not the proper venue for a Rule 45(f) motion in this instance.

Finally, while the Court construes Silanskas's filings liberally, it will not assume the role of advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nor will it "construct arguments or theories for [him] in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). Silanskas has made no argument asserting that a protective order is necessary to limit the scope of discovery sought in this case, a motion this Court potentially <u>could</u> hear. *See* Fed. R. Civ. P. 26(c). In any event, the substance of Silanskas's complaints do not appear to rise to a level supporting such a protective order, considering that (1) the burden he complains of falls on non-objecting third parties and (2) his arguments regarding the invasive nature of Plaintiff's requests misstate the information requested.[5]

---

[5] Silanskas's arguments regarding the scope of the subpoenas rest primarily on the assertion that the email accounts "contain private, sensitive, and constitutionally protected communications" and would be "an invasion of years of private digital

## II. Silanskas's Fictitious or Misrepresented Citations

The Court now addresses the multiple falsities contained in Silanskas's briefing. By presenting papers to the Court, Silanskas is making multiple certifications "to the best of [his] knowledge, information, and belief," where such belief has been "formed after an inquiry reasonable under the circumstances," that:

> (1) [the paper] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). This Court, and others, have found that citing fake cases (or claiming that cases say something they do not say) is a violation of Rule 11(b)(2). *See, e.g.*, *Jackson v. BOK Fin. Corp.*, No. 25-CV-00297-SEH-SH, 2025 WL 2755868, at *6 (N.D. Okla. Sept. 29, 2025); *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 495 (D. Wyo. 2025). Repeated presentation of papers containing false citations, after notice thereof, could also be construed as trying to cause unnecessary delay or needlessly increase the cost of litigation. *See* Fed. R. Civ. P. 11(b)(1).

Awarding Rule 11 sanctions is within the broad discretion of the Court. *Collins v. Daniels*, 916 F.3d 1302, 1319 (10th Cir. 2019); *see also Cooter & Gell v. Hartmarx Corp.*,

---

communications." (*E.g.*, Dkt. No. 73 at 4.) The subpoenas, however, do not seek the contents of any communications. (*See* Dkt. No. 77-1 at 12–15; Dkt. No. 78-1 at 9–12.)

496 U.S. 384, 407 (1990). The sanctions available under Rule 11 may include nonmonetary directives or monetary payments. *See* Fed. R. Civ. P. 11(c)(4). The Court further has the inherent ability to impose sanctions for bad-faith conduct of a party or to otherwise deal with abuse of the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46, 48–49 (1991).

Here, it appears that Silanskas did not conduct a reasonable inquiry before representing to the Court that the legal contentions he presented were supported by existing law. *See* Fed. R. Civ. P. 11(b)(2). The Court is further concerned that Silanskas continued to state that the Google subpoena violated Rule 45(a)(4)'s notice requirements (Dkt. No. 93 at 2) even after admitting that his previous assertion of no notice was "a factual mistake" (Dkt. No. 75 at 4). *See* Fed. R. Civ. P. 11(b)(3). However, this is the first order in this case directly addressing Silanskas's Rule 11 obligations. The Court, therefore, declines to order sanctions at this point.

To be clear, to meet his obligations under Rule 11, Silanskas is expected to have read the actual cases or other legal authorities he cites in his filings. Those authorities need to exist and to contain the statements he claims. To the extent Silanskas blames these mistakes on "publicly available legal summaries and secondhand references" (Dkt. No. 94 at 4), he is now on notice that those summaries or references are not reliable. Continued reliance on the summaries or references will not be considered a reasonable inquiry in any future proceedings under Rule 11. Silanskas is also expected to have read the entirety of his papers before filing them, to ensure that all statements contained within are factually accurate.

Any future filings that contain fake citations may be stricken without consideration of the substance of the arguments therein. Future violations of Rule 11 may also result in nonmonetary or monetary sanctions.

IT IS THEREFORE ORDERED that the *Amended Motion to Quash Plaintiff's Subpoena to Google, LLC* (Dkt. No. 74) is DENIED; the *Motion to Quash Plaintiff's Subpoena to Yahoo Inc.* (Dkt. No. 76) is DENIED; and the *Motion to Quash Plaintiff's Subpoena to Google, LLC* (Dkt. No. 73) is DENIED as MOOT.

ORDERED this 12th day of January, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT