IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| O. GENE BICKNELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 25-cv-00383-SH |
| RICHARD M. SILANSKAS JR., LARRY K. WILHITE, AND STEPHEN D. HEDRICK, | ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is pro se Defendant Richard M. Silanskas Jr.'s motion for appointment of counsel or, alternatively, for various accommodations.

**Appointment of Counsel**

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Silanskas, however, points to a statute—28 U.S.C. § 1915(e)(1)—as the basis for the relief he seeks. That statute governs proceedings *in forma pauperis* and applies when "one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (citation modified); *see also Watson v. Hollingsworth*, 741 F. App'x 545, 553 (10th Cir. 2018) ("a court's discretion to appoint counsel stems from 28 U.S.C. § 1915(e)(1), which allows the district court to appoint counsel for indigent parties").[1]

---

[1] Unpublished decisions are not precedential, but they may be cited for their persuasive value. 10th Cir. R. 32.1(A).

Here, Silanskas has not submitted a motion to proceed *in forma pauperis* with a supporting affidavit demonstrating to the Court that he is indigent. Absent a showing that Silanskas would qualify to proceed *in forma pauperis*, § 1915(e)(1) does not apply.[2] *Cf. Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (noting plaintiff's "ineligibility for IFP status precludes him from receiving appointed counsel").

Were indigency shown, the appointment of counsel is an issue of discretion, where the factors considered include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Chance v. Roberts*, No. 22-7008, 2022 WL 17481382, at *10 (10th Cir. Dec. 7, 2022) (unpublished) (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). For civil defendants, courts generally look to the defendant's "ability to comprehend, investigate, and present his defense, as well as the nature and complexity of the factual and legal issues raised in the case." *See Ross v. Jenkins*, No. 17-CV-2547-DDC-TJJ, 2018 WL 10456184, at *1–2 (D. Kan. June 26, 2018) (collecting cases). The appointment of counsel for civil defendants is rare. *Id*. at *1. Here, Silanskas offers little detail regarding these issues, merely stating generally that he is at a disadvantage as compared to represented parties and that he is hampered by his lack of legal knowledge. (Dkt. No. 101 at 2.) While Silanskas certainly has run afoul of rules regarding conferences between parties and presenting legal citations that exist, he also has managed to make coherent filings seeking relief and has filed an answer in this case.

---

[2] Even if granted, the statute would not provide for a true "appointment" of counsel. Instead, the Court "can only request counsel to represent" an indigent party. *Bolling v. Engelbert*, No. 23-1068, 2024 WL 713800, at *3 (10th Cir. Feb. 21, 2024) (unpublished); *see also Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016) (noting the Court lacks authority to compel legal representation or to reimburse attorneys for their time).

That is, Silanskas does not appear incapable of following the rules and orders regarding things like conferences; he has simply, to date, not done so. As such, Silanskas has failed to meet his burden of showing that the Court should request counsel to represent him at this time.

## Other Accommodations

Alternatively, Silanskas requests (1) referral to any available pro bono panel or legal clinic affiliated with the court; (2) reasonable extensions of time to respond to motions and discovery; (3) leave to amend filings where necessary; and (4) liberal construction of his filings consistent with pro se standards. (Dkt. No. 101 at 2–3.) The undersigned, however, is unaware of any court-affiliated panels or clinics, and Silanskas's other requests are already adequately addressed by the federal rules or case law. Silanskas remains free—after properly conferring with opposing counsel—to seek reasonable extensions of time or leave to amend his filings. And the Court already construes his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is 'to be liberally construed' . . . ." (citation omitted)). There is no basis for additional relief.

IT IS THEREFORE ORDERED that the *Motion for Appointment of Counsel or, in the Alternative, for Assistance and Reasonable Accommodations* (Dkt. No. 101) is DENIED.

ORDERED this 13th day of January, 2026.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT