IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

O. GENE BICKNELL,
Plaintiff,  Case No. 25-cv-00383-SH

RICHARD M. SILANSKAS JR., et al.,
Defendants.

PRO SE DEFENDANT RICHARD M. SILANSKAS JR.'S OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER REQUIRING DEFENDANT TO APPEAR FOR A DEPOSITION REGARDING DISCOVERY RESPONSES AND DOCUMENT PRESERVATION, COLLECTION, AND PRODUCTION

Defendant Richard M. Silanskas Jr. ("Silanskas"), appearing pro se, respectfully submits this Opposition to Plaintiff's Motion for an Order Requiring Defendant Silanskas to Appear for a Deposition Regarding His Discovery Responses and Document Preservation, Collection, and Production (Dkt. 106).

This Opposition is submitted in light of Plaintiff's reliance on the January 14, 2026 meet-and-confer transcript attached as Exhibit 1 to the Declaration of Theresa M. Babendreier. That transcript, read in full and in context, demonstrates Defendant's good-faith participation, not obstruction.

I. INTRODUCTION

Plaintiff seeks an extraordinary and unsupported remedy: an order compelling a pro se defendant to submit to a deposition without service of a Rule 30 notice and without first pursuing the ordinary discovery mechanisms provided by the Federal Rules. Plaintiff bases this request almost entirely on Defendant's refusal to answer substantive discovery questions orally during a meet-and-confer conference.

The Federal Rules do not require a pro se litigant to provide sworn or unsworn testimony during a meet-and-confer. To the contrary, the Rules expressly provide structured procedures—written discovery, motions to compel, and properly noticed depositions—each of which includes safeguards that Plaintiff now seeks to bypass.

II. FACTUAL BACKGROUND (UNDISPUTED RECORD)

The transcript relied upon by Plaintiff establishes the following undisputed facts:

1. Defendant timely served written responses and objections to Plaintiff's discovery requests.

2. Defendant appeared for and participated in the January 14, 2026 meet-and-confer conference.
3. Defendant repeatedly stated he was not refusing to respond, but was requesting that any alleged deficiencies be identified in writing so he could respond appropriately.
4. Defendant explained—clearly and consistently—that he was proceeding pro se and was not comfortable providing oral explanations that could prejudice his defense.
5. Plaintiff's counsel acknowledged on the call that Yahoo had already produced documents and that Google was expected to do so shortly.

At no point did Defendant refuse to confer. Rather, Defendant requested that substantive discovery issues be addressed through written correspondence or formal motion practice.

III. ARGUMENT

A. A Meet-and-Confer Is Not a Deposition

Plaintiff's motion improperly attempts to transform a Rule 37 meet-and-confer obligation into compelled testimony. Nothing in Rule 26, Rule 37, or the Local Rules of the Northern District of Oklahoma requires a party—especially a pro se party—to answer detailed factual questions orally during a meet-and-confer.

The transcript shows that Plaintiff's counsel asked questions indistinguishable from deposition questions, including detailed inquiries into document searches, email accounts, servers, VPNs, and communications. Such questioning is governed by Rule 30, not Rule 37.

B. Plaintiff Has Not Exhausted Rule 37 Remedies

Plaintiff has not filed a proper motion to compel specific discovery responses. Instead, Plaintiff seeks to shortcut the Rules by compelling a deposition in lieu of identifying specific deficiencies and allowing Defendant an opportunity to respond or supplement in writing.

Courts routinely require parties to pursue written motions to compel before seeking coercive relief. Plaintiff's motion is premature.

C. Defendant's Conduct Demonstrates Good Faith, Not Recalcitrance

The transcript repeatedly reflects Defendant's willingness to cooperate:

- Defendant stated he was "not trying to be antagonistic."
- Defendant stated he would respond in writing.
- Defendant asked for a reasonable amount of time.

Plaintiff characterizes Defendant's insistence on written communication as refusal. The transcript shows otherwise. A preference for written responses—particularly by a pro se litigant—is reasonable and protective, not obstructive.

D. Plaintiff Seeks to Bypass Rule 30 Safeguards

If Plaintiff wishes to depose Defendant, the Federal Rules provide a clear path: service of a Rule 30 notice specifying scope, time, and location. Plaintiff has not done so. Instead, Plaintiff asks the Court to compel an ad hoc deposition without notice, limits, or protections.

This Court should not endorse such an end-run around the Rules.

E. Proportionality and Ongoing Third-Party Discovery

Plaintiff's counsel acknowledged that third-party discovery is ongoing and has already produced responsive materials. Compelling a deposition at this stage would be cumulative, premature, and disproportionate under Rule 26(b)(1).

IV. CONCLUSION

The transcript relied upon by Plaintiff confirms that Defendant complied with his discovery obligations, participated in good faith, and reasonably requested that substantive issues be addressed through proper written procedures. Plaintiff's dissatisfaction with that approach does not justify extraordinary relief.

For these reasons, Defendant respectfully requests that the Court DENY Plaintiff's Motion in its entirety. In the alternative, Defendant requests that the Court direct the parties to proceed through ordinary Rule 37 motion practice or through a properly noticed Rule 30 deposition, if Plaintiff elects to pursue one.

Respectfully submitted,

/s/ Richard M. Silanskas Jr.
Pro Se Defendant
1338 Peace in Valley Rd.
Blue Eye, Missouri 65611
Phone: 417-213-1820
Email: rmatthew0573@gmail.com

DATED: 2-4-26

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of February 2026 a true and correct copy of the foregoing Response to Plaintiffs Opposition was served via US Mail upon:

AMELIA A FOGLEMAN OBA NO. 16221

Gable-Gotwals
110 N Elgin Ave. Suite 200
Tulsa, Oklahoma 74120


J. CHRISTOPHER DAVIS
Crowe and Dunlevy PC
222 N Detroit Ave
Suite 600
Tulsa, Oklahoma 74120


LYSBETH GEORGE
Liz George and Associates
8101 South Walker
Suite F
Oklahoma City, Oklahoma 73139