IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| O. GENE BICKNELL, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )    Case No. 25-cv-00383-SH |
| RICHARD M. SILANSKAS JR., LARRY K. WILHITE, AND STEPHEN D. HEDRICK, | ) ) ) ) |
|     Defendants. | ) |

## ORDER

Before the Court Plaintiff's motion for leave to conduct more than one deposition of Defendant Richard M. Silanskas Jr.—one now to determine facts relating to Silanskas's efforts to comply with written discovery requests and the location of relevant information, and a second one later in the case.

Rule 26 allows parties to conduct discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). This includes "the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26, advisory ctte.'s note, 2015 am. ("Discovery of such matters is so deeply entrenched in practice that it is no longer necessary to clutter the long text of Rule 26 with these examples. The discovery identified in these examples should still be permitted under the revised rule when relevant and proportional to the needs of the case."). Moreover, absent stipulation

or court order, methods of discovery may be used in any sequence.[1] *See* Fed. R. Civ. P. 26(d)(3)(A). However, a party may depose a person only once in a case, absent leave of court. *See* Fed. R. Civ. P. 30(a)(1). A party must obtain leave of court—and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)—if the deponent has already been deposed in the case. *See* Fed. R. Civ. P. 30(a)(2)(A)(ii). Here, Plaintiff has shown good cause for his request to conduct an early deposition of Silanskas aimed at discovering the existence, description, nature, custody, condition, and location of relevant documents. Plaintiff has issued written discovery and made numerous attempts to informally meet and confer with Silanskas to obtain voluntary answers to its questions. Silanskas has failed to engage in that voluntary process. It would be unreasonable to expect Plaintiff to conduct its only deposition of Silanskas as to all issues in this case without having an opportunity to determine these preliminary issues regarding the documents. Silanskas's other rights under Rule 30 will be adequately protected by Plaintiff's compliance with the Rule's notice requirements. *See, e.g.,* Fed. R. Civ. P. 30(b)(1).

IT IS THEREFORE ORDERED that *Plaintiff's Motion for an Order Requiring Defendant Silanskas to Appear to a Deposition Regarding His Discovery Responses and Document Preservation, Collection, and Production* (Dkt. No. 106) is GRANTED. Defendant Richard M. Silanskas Jr. shall appear for a deposition upon notice by Plaintiff providing reasonable notice of at least seven days. The topics of inquiry at the deposition may include the 13 sets of questions previously provided to Plaintiff. (Dkt. No. 106-11.)

---

[1] The Court, therefore rejects Silanskas's argument that Plaintiff must pursue "ordinary discovery mechanisms" before noticing a deposition or that a deposition bypasses "structured procedures." (Dkt. No. 108 at 1.)

Plaintiff need not seek additional leave of Court before conducting a second deposition of Defendant Silanskas under Fed. R. Civ. P. 30(a)(2)(A)(ii).  This order does not relieve Defendant Silanskas of his responsibility to respond appropriately to written discovery or to meaningfully and substantively meet and confer orally on issues as they may arise going forward.  The obligation to meet and confer is not limited to procedural and scheduling issues.  Defendant Silanskas is warned that additional failures to meet and confer on discovery issues may result in sanctions.  Defendant Silanskas is further warned that failure to comply with court orders may result in additional sanctions, including entry of judgment against him.

ORDERED this 5th day of February, 2026.

_____
SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT