IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| O. GENE BICKNELL, ) | |
| ) | Case No. 25-cv-00383-SH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| RICHARD M. SILANSKAS JR., et al. ) | |
| ) | |
| Defendants. ) | |

**JOINT STATUS REPORT ON DISCOVERY**

Pursuant to the Amended Scheduling Order (Doc. 63 ¶ 6) and the Court's Procedures, Plaintiff O. Gene Bicknell and Defendants Richard M. Silanskas Jr., Larry K. Wilhite, and Stephen D. Hedrick provide the following Joint Status Report on Discovery:

**1.    The date each party issued written discovery.**

Plaintiff issued his first set of requests for production of documents to Defendants Silanskas, Wilhite, and Hedrick on September 30, 2025. Plaintiff issued his first set of interrogatories and request for production of tangible things to Defendant Silanskas on November 24, 2025.

Defendant Wilhite issued his first set of requests for admissions, interrogatories, and requests for production of documents to Plaintiff on October 6, 2025. Defendant Wilhite issued his second set of interrogatories and requests for production of documents to Plaintiff on October 16, 2025.

Defendants Silanskas and Hedrick have not issued any written discovery at this time.

**2.    The date each party responded to written discovery.**

Plaintiff served responses to Defendant Wilhite's first set of requests for admissions, interrogatories, and requests for production of documents on November 5, 2025. Plaintiff served responses to Defendant Wilhite's second set of interrogatories and requests for production of documents on November 17, 2025.

Defendant Silanskas served responses to Plaintiff's first set of requests for production of documents on November 19, 2025. Defendant Silanskas served responses to Plaintiff's first set of interrogatories and request for production of tangible things on December 24, 2025.

Defendant Wilhite served responses to Plaintiff's first set of requests for production of documents on October 30, 2025.

Defendant Hedrick served responses to Plaintiff's first set of requests for production of documents on October 30, 2025. Defendant Hedrick served supplemental responses to Plaintiff's first set of requests for production of documents on November 6, 2025.

**3.    The amount of document discovery each party provided.**

Plaintiff has produced 134,117 documents, consisting of 516,007 pages.

Defendant Silanskas has produced 1,294 native documents (largely media files).

Defendant Wilhite has produced 500 documents, consisting of 10,785 pages.

Defendant Hedrick has produced 1,911 documents, consisting of 3,258 pages.

**4.    The names and dates of witnesses who have been deposed.**

Plaintiff was deposed on December 8, 2025, and February 12, 2026, in Englewood, Florida, pursuant to notices by Plaintiff and Defendant Wilhite. All parties participated.

Defendant Silanskas was deposed on February 19, 2026, in Springfield, Missouri, in a deposition aimed at discovering the existence, description, nature, custody, condition, and location of relevant documents (*see* Dkt. No. 110).

**5.  The names of all witnesses that remain to be deposed prior to the discovery cutoff.**

Plaintiff anticipates that at least the following individuals will need to be deposed: (1) Peter Alexander, (2) Aaron Hedrick, (3) Nathan Hedrick, (4) Josh Lee, (5) Carol Logan, (6) Welsey Gene McComb, (7) Robert McDuffey, (8) Bryan Robinson, (9) Anthony Silanskas, (10) Vincent Silanskas, (11) Mark Snead, (12) Julia Wilhite, and (13) Cameron Dawson.  Plaintiff anticipates that the need to depose additional individuals may arise after further discovery.

Defendant Silanskas has not identified individuals that he anticipates will need to be deposed.

Defendant Wilhite anticipates that at least the following individuals will need to be deposed: (1) Gene McComb (2) Rep. Danny Sterling (3) Marty Bicknell (4) a Corporate Representative of Mansion Entertainment Group, LLC (5) A Corporate Representative of OGB Holdings, LLC (6) Representative of Barron International Group, LLC (7) Michael Nadel[1] (8) Kristy Adams (9) Kelly Holman (10) A Corporate Representative of 1248 Holdings (11) Emily Engle (12) Corporate Representative of Bicknell Family Holding Company, LLC (13) Bethanie Schmelig.

Defendant Hedrick anticipates that it will participate in the depositions of the parties identified by Plaintiff and co-defendants and does not currently anticipate a need to depose additional parties other than those identified herein.

---

[1] There may be a scope testimony about events and communications occurring between Plaintiff Gene Bicknell and attorney Michael Nadel which pre-date the time frame of their now attorney-client relationship which Wilhite may want to discovery.

**6.      A list of any subpoenas issued by each party and the number of documents obtained as a result of that subpoena.**

Plaintiff submits the chart attached as Exhibit A listing subpoenas for documents. Plaintiff has issued subpoenas for deposition to (1) Carol Logan, (2) Peter Alexander, and (3) Cameron Dawson.

Defendant Wilhite has issued subpoenas for documents to (1) OGB Holdings, LLC, (2) Mansion Entertainment Group, LLC, (3) Wesley Gene McComb, (4) South Grand Lakes Chamber of Commerce, (5) Karl Jones, and (6) Martin Bicknell. Defendant Wilhite not obtained documents as a result of those subpoenas.

Defendants Silanskas and Hedrick have not issued any subpoenas at this time.

7.      **Any discovery issues that should be brought to the Court's attention at this time.**

Plaintiff states:

1.      As the Court is aware, Defendant Silanskas has persistently refused to substantively meet and confer with Plaintiff regarding his responses to Plaintiff's discovery requests and his document production. Defendant Silanskas has produced few, if any, documents pertinent to the American Heartland Theme Park, which is the subject of this case. Defendant Silanskas has produced no emails and no text messages. Defendant Silanskas has asserted that no such documents exist. Plaintiff is skeptical that Defendant Silanskas's statements are accurate and suspects failures by Defendant Silanskas with regard to his preservation, collection, and production obligations. Plaintiff expects that it will be necessary to seek relief from the Court following Defendant Silanskas's deposition.

2.      Defendant Wilhite has not substantially completed his production and has not provided a date by which production will be complete. Plaintiff has also encountered problems

with the documents Defendant Wilhite has produced to date.  Plaintiff wrote to Defendant Wilhite about these issues on January 30, 2026 and has followed up subsequently.  Plaintiff remains optimistic that these issues can be resolved without intervention by the Court.

      4.      Defendant Wilhite has identified Oklahoma Governor Kevin Stitt as a potential witness in his initial disclosures.  Plaintiff is doubtful that Governor Stitt would be a witness in this case and therefore asked Defendant Wilhite to withdraw his name so that a deposition of Governor Stitt would be unnecessary.  Defendant Wilhite declined.  If Defendant Wilhite does not reconsider, Plaintiff would need to subpoena Governor Still for deposition, which we expect may result in motions practice.

      5.      There has been motion practice in other judicial districts.

           a.      In the Northern District of Texas, Defendant Silanskas moved to quash Plaintiff's subpoena directed to AT&T.  Defendant Silanskas's motion was denied.  *See Silanskas v. AT&T*, No. 3:26-mc-3-L-BN, Dkt. No. 9 (N.D. Tex. Feb. 13, 2026).  Notably, in his reply brief in that proceeding, Defendant Silanskas again misrepresented the holding of cases, seemingly as a result of his use of generative artificial intelligence, notwithstanding this Court's admonitions and the local rules in the Northern District of Texas that require disclosure of the use of generative artificial intelligence in preparing a brief.

           b.      In the Northern District of Alabama, Plaintiff moved to compel production of documents by non-party Bryan Robinson, who had previously been convicted and incarcerated for his role in a theme park fraud involving Defendant Silanskas.  Plaintiff's motion was granted.  *Bicknell v. Robinson*, No. 3:25-mc-02219-MHH, Dkt. No. 13 (N.D. Ala. Jan. 30, 2026).

      Defendants identified no issues to raise.

Respectfully submitted,

Attorneys for Plaintiff O. Gene Bicknell:

/s/ *Michael S. Nadel*

Amelia A. Fogleman
Joseph W. Lang
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800

Michael S. Nadel
Sagar K. Ravi
Rachel M. Peltzer
Theresa M. Babendreier
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Defendant Larry K. Wilhite:

/s/ *J. Christopher Davis* (by permission)

J. Christopher Davis
Deric McClellan
CROWE & DUNLEVY, P.C.
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120
(918) 592-9800

Evan G.E. Vincent
CROWE & DUNLEVY, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
(918) 592-9800

Attorneys for Defendant Stephen D. Hedrick:

/s/ *Lysbeth George* (by permission)

Lysbeth George
Jennifer E. Jackson
L<small>IZ</small> G<small>EORGE AND</small> A<small>SSOCIATES</small>
8101 S. Walker, Suite F
Oklahoma City, Oklahoma 73139
(405) 689-5502


Defendant Richard M. Silanskas, Jr., pro se:

/s/ *Richard M. Silanskas Jr.* (by permission)

Richard M. Silanskas, Jr.
1338 Peace in the Valley Road
Blue Eye, Missouri 65611

**CERTIFICATE OF SERVICE**

I certify that on February 19, 2026, I caused a copy of the foregoing to be filed using the CM/ECF system, thereby providing notice to all counsel of record and pro se parties, including:

Counsel for Defendant Larry K. Wilhite:

>J. Christopher Davis, Esq.
>Deric McClellan, Esq.
>Crowe & Dunlevy, P.C.
>222 N. Detroit Avenue, Suite 600
>Tulsa, Oklahoma 74120
>
>Evan G.E. Vincent, Esq.
>Crowe & Dunlevy, P.C.
>Braniff Building
>324 North Robinson Avenue, Suite 100
>Oklahoma City, Oklahoma 73102

Counsel for Defendant Stephen D. Hedrick:

>Lysbeth George, Esq.
>Jennifer E. Jackson, Esq.
>Liz George and Associates
>8101 S. Walker, Suite F
>Oklahoma City, Oklahoma 73139

Defendant Richard M. Silanskas, Jr.:

>Richard M. Silanskas, Jr.
>1338 Peace in the Valley Road
>Blue Eye, Missouri 65611

>/s/ *Michael S. Nadel*
>Michael S. Nadel

## Exhibit A

Subpoenas for Documents Issued by Plaintiff

| Subpoena Recipient | Number of Documents |
|---|---|
| Wesley Gene McComb | Not Complete |
| Google, LLC | 89 |
| Yahoo! | 1 |
| Julia Wilhite | 669 |
| Rick Allen | 566 |
| Theodore Carlsson | Not Complete |
| Annette Crump | Not Complete |
| Don Hilsen | 657 |
| Craig Hodges | Not Complete |
| Reginald Jarrett | 400 |
| Tim Kirk | Not Complete |
| John Polk | Not Complete |
| Ronald Rodriguez | 119 |
| Scott Sinclair | 0 |
| John Sorenson | Not Complete |
| Tom Turley | 6,471 |
| David Vermeulen | Not Complete |
| Bryan Robinson | Not Complete |
| Peter N. Alexander | 799 |
| Themed Future Concepts, Inc. | Produced with Alexander |
| The Totally Fun Company | Produced with Alexander |
| Mark C. Snead | Produced with RegionTrack |
| RegionTrack, Inc. | 732 |
| Anthony Silanskas | 791 |
| Fourth West Productions LLC (dba Hungry Cliff) | Produced with Anthony Silanskas |
| Vincent Silanskas | Not Complete |
| Aaron Hedrick | 966 |
| Nathan Hedrick | 192 |
| Diane Hedrick | 0 |
| Stephanie Silanskas | 0 |
| Backstage Ministries | 65 |
| Christopher J. Belcher | Not Complete |
| Barron International Group, LLC | Not Complete |
| Misty McComb | Not Complete |
| Robert McDuffey | Not Complete |
| Carol Logan | 0 |
| Onvoy Spectrum, LLC | 1 |
| University of Central Florida | 2,552 |
| AT&T | Not complete |
| Verizon | Not complete |
| Josh D. Lee | 53 |
| Danny Sterling | 242 |

| Subpoena Recipient | Number of Documents |
|---|---|
| Rusty Cornwell | 343 |
| Joseph Hiseley | Not complete |
| Cameron Kim Dawson | 909 |
| Skydog Productions, Inc | Not complete |
| James Huckaby | 326 |
| Huckaby Productions, Inc. | Produced with Huckaby |
| Matthew Biggers | 215 |
| Matthew Biggers, LLC | Produced with Biggers |
| Entrust CPAs and Advisors LLC | 10 |
| Pinger, Inc. | 639 |
| CenturyLink Communications LLC | Not Complete |