AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

| | |
|---|---|
| O. Gene Bicknell | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 25-cv-00383-SH |
| Richard M. Silanskas Jr. et al. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Google LLC, Compliance Team

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: See Exhibit A | Date and Time: See Exhibit A |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/19/2026

*CLERK OF COURT*

_____    OR    *Amelia Fogleman*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* O. Gene Bicknell
_____, who issues or requests this subpoena, are:

Amelia Fogleman, 110 N. Elgin Avenue, Suite 200, Tulsa, OK 74120, afogleman@gablelaw.com, (918) 595-4818

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 25-cv-00383-SH

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* 2/20/2026 .

☒ I served the subpoena by delivering a copy to the named person as follows:
Corporation Service Company, 10300 Greenbriar Place, Oklahoma City, OK    on *(date)* 2-20-2026 ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ 79.00 for travel and $ _____ for services, for a total of $ 29.00 / 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

See attached Affidavit
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## AFFIDAVIT OF SERVICE

| Case: 25-cv-00383-SH | Court: United States District Court for the Northern District of Oklahoma | County: | Job: 15259730 |
|---|---|---|---|
| **Plaintiff / Petitioner:** O. Gene Bicknell | | **Defendant / Respondent:** Richard M. Silanskas Jr. et al. | |
| **Received by:** Hidden Truth Investigations | | **For:** GableGotwals | |
| **To be served upon:** Google LLC, Compliance Team | | | |

I, Bobby Dobbs, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Gary Parrish - Intake Specialist , CORPORATE: 10300 GREENBRIAR PLACE, OKLAHOMA CITY, OK 73159
**Manner of Service:** Registered Agent, Feb 20, 2026, 11:17 am CST
**Documents:** SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

**Additional Comments:**
1) Successful Attempt: Feb 20, 2026, 11:17 am CST at CORPORATE: 10300 GREENBRIAR PLACE, OKLAHOMA CITY, OK 73159 received by Gary Parrish - Intake Specialist . Age: 55-65; Ethnicity: Caucasian ; Gender: Male; Weight: 240; Height: 5'8"; Hair: Gray;

_(signature)_                                02/20/2026
Bobby Dobbs                                  Date
PSS-2023-11

Hidden Truth Investigations
201 Nelson Park Place
Moore, OK 73160
405-473-5000

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A
## TO SUBPOENA OF GOOGLE, LLC

YOU ARE HEREBY COMMANDED, pursuant to Federal Rule of Civil Procedure 45, to produce at the time, date, and place set forth below the documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material set forth below.

Please contact Amelia Fogleman at (918) 595-4818 or afogleman@gablelaw.com with any questions, to coordinate production of documents, and/or to reach agreement on a different place and time.

### PLACE

1600 Amphitheatre Parkway

Mountain View, California 94043

(Unless otherwise agreed; production by secure electronic transmission accepted)

### TIME

March 6, 2026, 9 AM

(Unless otherwise agreed)

### DEFINITIONS

1. The terms "you," "your" and "Google" mean Google LLC, and your representatives, employees, or agents, acting or purporting to act on your behalf with respect to any matter inquired about in this Subpoena.

2. "Person" or "persons" means any individual, corporation, partnership, trust or other organization or entity.

3. "Electronically Stored Information" or "ESI" means any electronically stored information, including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained.

4. The terms "related to," "relating to," "related in any way to," or "relating in any way to" shall mean, in whole or in part, and directly or indirectly: analyzing; concerning; constituting; containing; describing; discussing; embodying; memorializing; mentioning; noting; pertaining to; recording; referring to; reflecting; regarding; respecting; stating; studying; or having any logical or factual connection with the matter identified, in whole or in part.

5. "Identify" or "identity", when referring to an individual, means the full name of the individual; the last known residential and business address (i.e., street address, city, state and zip code) of the individual; and the telephone number, if known, of the individual.

6. "Identify" or "identity", when referring to a document, means to state the type of document (i.e., letter, memorandum, handwritten notes, etc.); the subject matter discussed in the document; the date of its preparation; the identity of its author or authors; the identity of each recipient of the original or a copy of the document; and the present location and identity of the custodian of the original and each copy of the document.

7. "Document(s)" means writings and records of every kind in the possession, custody or control of you or of your officers, directors, employees, consultants, or agents, including but not limited to memoranda, prepared statements, correspondence, emails, text messages, contracts, reports, surveys, tabulations, charts, books, pamphlets, brochures, photographs, maps, bulletins, minutes, notes, calendars, diaries, log sheets, ledgers, transcripts, microfilm, computer printouts, vouchers, accounting statements, invoices, bills, telegrams and telegraphic communications, advertisements, flyers, engineering diagrams, manufacturing diagrams, blueprints, renderings,

drawings, applications, requests, mechanical and electrical records, records of telephone communications, speeches, statements, and prepared testimony, and all other records, whether written, stored in a computer, or otherwise, containing any writing, lettering, graphics, or pictorial representation thereon. "Documents" also means copies of documents even though the originals are not in your possession, custody or control, and means every copy of a document that does not exactly duplicate the original, including without limitation copies that contain notations that do not appear on the original or on other copies. If any documents or categories of documents responsive to the following requests were formerly within your possession, custody or control but have been lost, misplaced or destroyed, or for any other reason are no longer available for inspection, separately state with respect to each such document the identity of each person who signed it or in whose name it was issued; the identity of each person to whom it was addressed or distributed; the nature and substance of the document with sufficient particularity to enable it to be located or selected from similar documents; the date of the document, or if it bears no date, the date on which it appeared; its total number of pages; the number of copies thereof which were prepared; the reason why such document is no longer available for production; and if such document was destroyed or disposed of, the date of such destruction or disposition, the identity of each person who participated in or authorized the destruction or disposal of the document, and the nature of each such person's participation or authorization.

### **INSTRUCTIONS**

A.  Unless otherwise stated, the use of a verb in any tense shall be construed as the use of the verb in all other tenses as necessary to bring within the scope of the request all information and documents that might otherwise be construed to be outside its scope.

B.  You are required to produce the original of each document requested herein or, if the original is not in your custody, then a copy thereof, and in any event, all non-identical copies

3

that differ from the original or from the other copies produced for any reason, including but not limited to the making of notes thereon.

  C. The document requests relate to all documents in your possession, custody, or control, including but not limited to documents in your possession or the possession of your employees, attorneys, representatives, agents or other persons acting or purporting to act on your behalf.

  D. All documents are to be produced as they are kept in the usual course of business so that individuals can ascertain the files in which they were located, their relative order in the files and how the files were maintained.

  E. If any document described in the following request has been modified or altered in any way, in whole or in part, identify each such document, state how the document was modified or altered, the person who modified or altered the document, when the document was modified or altered and why the document was modified or altered.

  F. For each document as to which you assert a claim of privilege, separately state the date of the document; the author(s) of the document; the recipient(s) or addressee(s) of the document; the business or legal title or position of its author(s) and recipient(s) or addressee(s); the subject matter of the document; the number of pages and the identity of all attachments to the document; and the nature of the privilege asserted and the basis upon which it is claimed.

  G. If an objection is made to any numbered request, or any subpart thereof, state with specificity all grounds for the objection.

  H. Please contact Amelia Fogleman at (918) 595-4818 or afogleman@gablelaw.com for any questions or inquiries related to this Subpoena.

## DOCUMENTS REQUESTED

Please produce the following documents for the time period from January 1, 2020 through the present:

1. All documents sufficient to identify any Google accounts (including Gmail, YouTube, Google Drive, and other Google services) that are or have been associated with the following identifiers, including but not limited to when the identifier is a recovery or alternate email or phone number associated with an account (the "**Subject Identifiers**"):

    a. mountainfreshmusic@gmail.com

    b. susanloveshorses@gmail.com

    c. rmatthew0573@gmail.com

    d. "Mountain Fresh - Topic" channel, available at https://www.youtube.com/channel/UC_zaFOJScmHHjko1-SH7hWw

2. For each identified account in response to Request #1 and each of the Subject Identifiers, all associated identifying information, including but not limited to documents and ESI that provide all associated names, mailing addresses, phone numbers, recovery or alternate email addresses, billing information, date of account creation, account deletion (if any), registration information, aliases and all other identifying and subscriber information.

3. For each identified account in response to Request #1 and each of the Subject Identifiers, all documents, including ESI, related to the usage of the account or Subject Identifier, including but not limited to documents that provide Internet protocol ("IP") logs, IP address information at time of registration and subsequent usage, computer usage logs, or other means of recording information concerning the email or Internet usage of the account or Subject Identifier.