AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

| O. Gene Bicknell | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 25-cv-00383-SH |
| Richard M. Silanskas, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Marty Bicknell
5700 W. 112th St. Suite 500, Overland Park, KS 66211

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: See Exhibit A | Date and Time: See Exhibit A |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____          /s/ Lysbeth L. George
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Stephen D. Hedrick
_____, who issues or requests this subpoena, are:
Lysbeth L. George, 8101 S Walker, Ste F, Oklahoma City, OK 73010, liz@georgelawok.com, (405) 689-5502

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## **EXHIBIT "A"**

You are commanded to produce the documents, communications, and ESI described below at the date, time, and place stated, or by secure electronic transfer instructions provided by the issuing counsel.

**Production Date:**

    On or before March 23, 2026.

**Production Place/Method:**

    First Call Process Service, 6709 W. 119th St., #228, Overland Park, KS 66209 **OR** via secure Dropbox link (preferred).

Unless stated otherwise, the terms set forth below are defined as follows:

1. "You" and "Your" mean Marty Bicknell and any agents, representatives, or persons acting or purporting to act on your behalf.

2. "Bicknell Family Trust" means any trust bearing the Bicknell name, including any irrevocable trust(s), and any sub-trusts, predecessor trusts, successor trusts, and any trustees, co-trustees, trust protectors, trust advisors, or other fiduciaries associated therewith.

3. "Trust-Formed Entity" or "Companies formed from the Bicknell Family Trust" mean any entity funded by, owned by, capitalized in whole or in part with assets of, or established for the benefit of any Bicknell Family Trust or its beneficiaries, including but not limited to 1284, LLC.

4. "American Heartland Theme Park and Resort," "American Heartland Theme Park," "American Heartland Project," or "Project" mean the entertainment destination announced for the Vinita, Oklahoma area, including any associated RV park, campground, hotel, water park, infrastructure, and related developments.

5. "Communication(s)" mean any transmission of information by any means, including emails, text messages, messaging applications, social media messages, voicemails, letters, memoranda, and communications sent through collaboration or document-sharing platforms.

6. "Document(s)" are defined in the broadest sense permitted under Rules 34 and 45 of the Federal Rules of Civil Procedure and include electronically stored information ("ESI"), drafts, attachments, and associated metadata.

7. The relevant time period is January 1, 2018, to the present, unless otherwise specified.

8. ESI shall be produced in single-page TIFF format with load files and extracted text, and in native format for spreadsheets, presentations, audio files, video files, and messaging exports, together with associated metadata fields including To, From, CC, BCC, Subject, Date/Time Sent, Date/Time Received, File Name, File Path, Custodian, Hash value, and any conversation or thread identifiers. Text messages and app-based messages shall be produced in reasonably usable format (.csv, .html, or .pdf) with attachments and thread context. Paper documents shall be produced as searchable .pdf files. Documents shall be deduplicated on a global basis, with a metadata field identifying all custodians of any duplicate documents.

## INSTRUCTIONS

1. If any document called for by these requests is not produced on the ground that it is privileged or is otherwise claimed to be protected against production, you are requested to provide the following information with respect to each such document:

    a. the particular reques*t th*at seeks production of the document claimed to be privileged;

    b. the date of the document;

    c. the document's author(s), its signatory or signatories and the names of those who participated in its preparation;

    d. the type of document it is (*e.g.*, letter, e-mail, chart, memorandum, etc.);

    e. a description of its subject matter and length;

    f. a list of those persons to whom the document was disseminated, together with their last known addresses and business affiliations;

    g. the nature of the privilege or other rule relied upon in withholding production of each such document; and

    h. the basis for the assertion of the privilege or other rule relied upon in withholding production of each such document.

2. Notwithstanding the assertion of any objection to production, any document that contains non-objectionable matter that is relevant and material to a request must be produced, but that portion of the document for which the objection is asserted may be withheld or redacted provided that the above-requested identification is furnished.

3. Each document requested herein is to be produced in its entirety and without deletion or excision, regardless of whether you consider the entire document to be relevant or responsive to these requests. If you have redacted any portion of a document, stamp the word "redacted" on each portion of the document which you have redacted. Redactions should be included on the privilege log described in Instruction No. 1.

4. All documents produced shall be originals unless otherwise instructed. All electronically stored information shall be produced in the form in which you ordinarily maintain it. If such electronically stored information is not in a reasonably useable form, you shall translate it into a reasonably useable form.

5. If any document responsive to these requests was, but is no longer, in your possession, custody, or control, or is no longer in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred voluntarily or involuntarily to others; or (4) has been otherwise disposed of, and in each instance explain the circumstances surrounding the disposition, including its authorization, and state the date or approximate date of the disposition.

6. Time Period: January 1, 2021, to present, unless otherwise specified.

7. Format: Produce ESI in single-page TIFF with load files and extracted text and native files for spreadsheets, presentations, audio, video, and messaging exports, with associated metadata fields (To, From, CC, BCC, Subject, Date/Time Sent/Received, File Name, File Path, Custodian, Hash, and any conversation/thread IDs). Produce text messages and app-based messages in reasonably usable format (e.g., .csv, .html, or .pdf with attachments and thread context). Paper documents as searchable .pdf. Deduplicate globally and provide a metadata field identifying all custodians of duplicates.

## DOCUMENTS REQUESTED:

1. All documents and communications concerning the creation, amendment, funding, administration, governance, or distributions of the Bicknell Family Trust (including any irrevocable trust(s)) from January 1, 2018 to present, including trust instruments, amendments, restatements, trustee resolutions, meeting minutes, consents, and communications with any trustee, co-trustee, trust protector, advisor, attorney, accountant, or beneficiary.

2. All documents sufficient to identify each distribution, disbursement, loan, advance, pledge, guarantee, transfer, or removal of money or other assets from any irrevocable Bicknell trust from January 1, 2018, to present, including date, amount, asset description, source account, receiving account/entity, purpose, approval/authorization, and supporting communications.

3. Monthly, quarterly, and annual trust account statements (bank, brokerage, custodial, money market, and any other financial accounts) for any Bicknell Family Trust from January 1, 2018, to present.

4. General ledgers, cash disbursements journals, cash receipts journals, trial balances, and tax returns (including K-1s) for any Bicknell Family Trust from tax year 2018 to present.

5. All documents and communications concerning companies formed from or funded by the Bicknell Family Trust, including but not limited to 1284, LLC, from January 1, 2018, to present, including formation documents, capitalization tables, ownership registers, member/manager consents, financial statements, bank statements, general ledgers, and intercompany agreements.

6. All documents sufficient to show any transfer of funds or other assets from any Bicknell Family Trust to 1284, LLC or any other trust-formed entity from January 1, 2018, to present, including dates, amounts, purposes, authorizations, and supporting communications.

7. All documents and communications concerning contemplated or actual use of Bicknell Family Trust funds or trust-formed entities to finance, guarantee, collateralize, or otherwise support the American Heartland Project.

8. All documents and communications concerning any loans to, loans from, guarantees for, or security interests involving any Bicknell Family Trust or trust-formed entity and any person or entity associated with the American Heartland Project, from January 1, 2018 to present.

9. All documents and communications concerning due diligence, feasibility, budgets, cash flow, vendor invoices, or projected performance of the American Heartland Project that were provided to or considered by any trustee, co-trustee, or advisor of any Bicknell Family Trust. The Project is identified in the referenced complaint as the "American Heartland Theme Park and Resort" in Vinita, Oklahoma

10. All documents and communications concerning any restrictions, controls, approvals, or conditions imposed by any trustee, co-trustee, protector, advisor, or beneficiary on the use or disbursement of Bicknell Family Trust funds from January 1, 2018, to present.

11. All documents and communications with any bank, brokerage, custodian, or financial institution concerning transfers to or from any Bicknell Family Trust accounts from January 1, 2018, to present.

12. All documents and communications concerning Gene's statements or understanding regarding irrevocable trust funds, including any references to trust assets being unavailable or "removed" from his control in 2023–2024. The complaint references Gene's statements that the bulk of his wealth was in irrevocable trusts intended for family and issues accessing those funds

13. All organizational documents, ownership records, capitalization records, financial statements, account statements, and intercompany agreements for any entity that received transfers from any Bicknell Family Trust from January 1, 2018, to present.

14. All documents and communications concerning any alleged removal, diversion, misappropriation, or disputed transfer of money or assets from any Bicknell Family Trust from January 1, 2018, to present, including internal analyses, notices, or remedial actions.

15. All documents and communications with trustees, co-trustees, protectors, trust advisors, beneficiaries, accountants, or attorneys concerning potential claims, audits, or investigations regarding transfers or distributions from any Bicknell Family Trust since January 1, 2018.

16. All communications with Richard M. Silanskas Jr., Larry K. Wilhite, or Stephen D. Hedrick concerning trust assets, trust distributions, trust-formed entities (including 1284, LLC), or funding related to the American Heartland Project. The complaint alleges interactions among Gene, Silanskas, Wilhite, and Hedrick in connection with Project funding and entities

17. All documents sufficient to identify devices, accounts, or storage locations used for potentially responsive materials (e.g., mobile phones, messaging apps, email, cloud storage) and communications concerning preservation, search, or collection of such ESI.

18. All litigation hold notices, preservation instructions, or related communications you received or issued concerning this action, any trust-related disputes, or the American Heartland Project, and documents sufficient to describe your compliance.