# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| O. GENE BICKNELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 25-cv-00383-SH |
| RICHARD M. SILANSKAS JR., LARRY K. WILHITE, AND STEPHEN D. HEDRICK, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court Defendant Richard M. Silanskas Jr.'s motion for an additional 30 days to respond to *Plaintiff's Motion to Compel Forensic Collection and Production of Documents* (Dkt. No. 113). In his motion, Defendant Silanskas asserts he experienced a serious medical emergency, resulting in his hospitalization from February 24 to February 27, 2026.[1] (Dkt. No. 117 at 1.) Silanskas further asserts he has upcoming appointments and "continues to experience residual physical and cognitive effects and is currently prescribed significant medication." (*Id*. at 2.) In support, Silanskas attaches a "discharge plan" that is so heavily redacted as to contain no substantive information. (*Id*. at 5–6.)

This is not the first extension motion filed by Silanskas, and efforts to resolve written discovery have been ongoing for months. Those events are reflected elsewhere in the record, and the Court will not recount them all here. Instead, the Court simply notes

---

[1] The Court has previously reminded Silanskas of his obligation to confer with opposing counsel and state whether they oppose the extension requested. (*See, e.g.,* Dkt. No. 58 at 1.) Silanskas has again failed to comply with that requirement in the current motion. However, Silanskas appears to have been relying on this same illness to avoid conferring as to the underlying discovery motion, and he asked opposing counsel to "defer motion practice" indefinitely due to that illness. (*See* Dkt. No. 113-18 at 2.) The Court will, therefore, address the merits of Silanskas's motion to extend.

that the underlying discovery motion relates to requests issued over four months ago (Dkt. No. 113-5), and the Court has previously issued an order allowing Plaintiff to depose Silanskas regarding the location, etc., of responsive documents due to his failure to engage in the meet-and-confer process (Dkt. No. 110). In these circumstances, the Court requires more than vague statements that an additional delay is necessary.

Here, Silanskas's response to Plaintiff's motion is due nine days from today, on March 17, 2026. Silanskas provides no detail as to the nature of his prior illness or medical appointments, the nature of the medications he is taking, or any actual impairment of his ability to respond in a timely fashion before that date.[2] Silanskas offers no basis for the relief he seeks. The Court will, therefore, deny the motion without prejudice to Silanskas seeking concrete relief, after conferring with opposing counsel, and with a motion providing a specific basis for the relief he seeks.

IT IS THEREFORE ORDERED that *Defendant Silanskas's Emergency Notice of Medical Incapacity and Request for Extension of Time* (Dkt. No. 117) is DENIED. Silanskas's response to *Plaintiff's Motion to Compel Forensic Collection and Production of Documents* (Dkt. No. 113) remains due on March 17, 2026.

ORDERED this 6th day of March, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2] To the extent Silanskas is concerned about the sensitive nature of such information, he is free to seek to file unredacted documents under seal. *See* LCvR 5.2-2(b).