IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

O. GENE BICKNELL,
Plaintiff,

v. Case No. 25-cv-00383-SH

RICHARD M. SILANSKAS JR.,
LARRY K. WILHITE, and
STEPHEN D. HEDRICK,
Defendants.

DEFENDANT SILANSKAS'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL FORENSIC
COLLECTION AND PRODUCTION OF DOCUMENTS

Defendant Richard M. Silanskas Jr., appearing pro se, respectfully submits this response to
Plaintiff's Motion to Compel Forensic Collection and Production of Documents (Dkt. No. 113).

Defendant recently experienced a serious medical event in late February 2026 requiring
ambulance transport and hospitalization. Since discharge, Defendant has remained under
active medical care and is currently undergoing ongoing diagnostic testing and evaluation with
multiple specialists. Certain procedures and tests are presently scheduled, including
hospital-based testing occurring during this period. Defendant therefore submits this response
while under significant medical limitations.

Defendant denies Plaintiff's allegations suggesting deletion, concealment, or failure to search for
responsive materials. Defendant has made reasonable efforts to review and identify responsive
information available to him.

Defendant further objects to Plaintiff's request for forensic collection or inspection of personal
devices or accounts. Courts generally recognize that forensic examination of a party's devices is
an extraordinary and highly intrusive remedy. Plaintiff has not presented concrete evidence of
spoliation or intentional deletion that would justify the extraordinary step of forensic imaging of
Defendant's personal devices.

In addition, forensic examination of personal devices risks exposing large amounts of irrelevant
and highly personal information unrelated to the issues in this case. Courts typically require that
less intrusive discovery methods be pursued before authorizing such invasive measures.

Defendant further notes that courts frequently recognize that forensic imaging of a litigant's
personal devices should be used only as a last resort where specific evidence demonstrates
that relevant information cannot be obtained through ordinary discovery methods. Defendant

respectfully submits that Plaintiff has not shown such circumstances here, and that the requested forensic collection would be disproportionate to the needs of the case.

Defendant respectfully requests that the Court deny or substantially limit Plaintiff's request for forensic collection. To the extent the Court determines that additional discovery is appropriate, Defendant respectfully requests that the Court consider Defendant's current medical circumstances and allow reasonable opportunity for Defendant to comply while continuing necessary medical evaluation and treatment.

Respectfully submitted,

3-17-26

Richard M. Silanskas Jr.
1338 Peace in Valley Rd

Blue Eye, Missouri 65611

417-213-1820

rmatthew0573@gmail.com
Pro Se Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March 2026 a true and correct copy of the foregoing Response to Plaintiffs Opposition was served via US Mail upon:

AMELIA A FOGLEMAN OBA NO. 16221
Gable-Gotwals
110 N Elgin Ave. Suite 200
Tulsa, Oklahoma 74120

J. CHRISTOPHER DAVIS
Crowe and Dunlevy PC
222 N Detroit Ave
Suite 600
Tulsa, Oklahoma 74120

LYSBETH GEORGE
Liz George and Associates
8101 South Walker
Suite F
Oklahoma City, Oklahoma 73139