IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | Case No. 25-cv-00383-SH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD M. SILANSKAS JR. et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL FORENSIC COLLECTION AND PRODUCTION OF DOCUMENTS

Plaintiff O. Gene Bicknell respectfully replies in support of his motion for an order compelling Defendant Richard M. Silanskas Jr. to make his electronic accounts available for a forensic collection and compelling production of any information obtained in the collection, as well as additional documents.  (Dkt. No. 113.)

Silanskas's opposition brief (Dkt. No. 125) fails to address, let alone refute, the facts and arguments set forth in Plaintiff's motion.

1.      Silanskas contends that "[c]ertain [medical] procedures and tests are presently scheduled" such that he submits his opposition "while under significant medical limitations." (Dkt. No. 125 at 1.)  But the Court reviewed the medical records that Silanskas submitted *ex parte* and concluded that there is no support for "any assertion by Silanskas that he currently is suffering from any cognitive impairment or that his medical issues are taking up any substantial amount of time." (Dkt. No. 124.)  And in any event, Silanskas was not under "medical limitations" when he admitted, at his deposition, to the preservation, collection, and production failures that are the predicate for Plaintiff's motion.

2.      Silanskas "denies" Plaintiff's "allegations" and states he has made "reasonable efforts to review and identify responsive information available to him." (Dkt. No. 125 at 1.) But Plaintiff has not leveled "allegations." Plaintiff cited and quoted and attached Silanskas's sworn testimony and, where appropriate, the documents refuting his testimony. (Dkt. No. 113.) Silanskas's denial is without any substance.

3.      Silanskas writes, without citation, that "[c]ourts generally recognize that forensic examination of a party's devices is an extraordinary and highly intrusive remedy." (Dkt. No. 125 at 1.) Silanskas claims he *has* no devices that fall within the proposed order, so if he were telling the truth, there would be no intrusion.[1] In any event, Silanskas does not propose any less intrusive remedy than that set forth in the proposed order—mostly addressing collection from online accounts, not devices. And Plaintiff crafted the most narrowly tailored order that could efficiently accomplish the desired objective. It is true that a forensic collection might expose to Plaintiff personal information irrelevant to the issues in the case. But Silanskas had ample opportunity— and more than five months—to sort the relevant information from the irrelevant information. He chose not to do so. And he refused to meet and confer with Plaintiff's counsel about his search, including even after being ordered to do so by the Court. Any intrusion that results from forensic collection has been necessitated by Silanskas's own conduct. If he hadn't (supposedly) destroyed his computer while he was or should have been anticipating litigation, failed to search his accounts, and refused to meet and confer, the requested relief might be unnecessary. But Silanskas has thwarted orderly discovery at every turn. It is abundantly clear that ordinary discovery methods

---

[1] Silanskas claims the only electronic devices he used during the 2022-2024 period are a Mac laptop and an iPhone. Dkt. No. 113-19 at 2. He claims that he destroyed the Mac, and the iPhone was seized by law enforcement. *Id.* (As set forth in the motion, his claim regarding the Mac laptop is dubious. Dkt. No. 113 at 3.).

will not result in production of the information to which Plaintiff is entitled.  Silanskas has made the relief sought here necessary through his persistent and willful refusal to follow the rules, against which this Court has warned him repeatedly.

4.    Silanskas requests that the Court "consider Defendant's current medical circumstances and allow reasonable opportunity for Defendant to comply while continuing necessary medical evaluation and treatment." (Dkt. No. 125 at 2.)  Nothing in the proposed order, as written, imposes any burden on Silanskas that should interfere with any medical evaluation and treatment.  Silanskas would be required to provide his passwords and otherwise cooperate (for example, by participating in or disabling two-factor authentication).  Plaintiff has been appropriately respectful toward Silanskas throughout this litigation and will continue to do so.  But Silanskas must cease his obstruction of the discovery process.

*        *        *

Silanskas has offered no facts or evidence to contradict Plaintiff's motion.  Silanskas has not provided any authority for the denial of Plaintiff's motion, in whole or in part.  Silanskas has not argued for the applicability of any exception in Federal Rule of Civil Procedure 37(a)(5)(A).  Plaintiff respectfully requests that the Court grant Plaintiff's motion and enter Plaintiff's proposed order.

Respectfully submitted,

/s/ *Michael S. Nadel*

Amelia A. Fogleman
Joseph W. Lang
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800

Michael S. Nadel
Sagar K. Ravi
Jennifer B. Routh
Rachel M. Peltzer
Theresa M. Babendreier
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Plaintiff O. Gene Bicknell

**CERTIFICATE OF SERVICE**

I certify that on March 19, 2026, I caused a copy of the foregoing to be filed using the CM/ECF system, thereby providing notice to all counsel of record and pro se parties, including:

Defendant Richard M. Silanskas Jr.:

> Richard M. Silanskas Jr.
> 1338 Peace in the Valley Road
> Blue Eye, Missouri 65611

Counsel for Defendant Larry K. Wilhite:

> J. Christopher Davis, Esq.
> Deric McClellan, Esq.
> Crowe & Dunlevy, P.C.
> 222 N. Detroit Avenue, Suite 600
> Tulsa, Oklahoma 74120
>
> Evan G.E. Vincent, Esq.
> Crowe & Dunlevy, P.C.
> Braniff Building
> 324 North Robinson Avenue, Suite 100
> Oklahoma City, Oklahoma 73102

Counsel for Defendant Stephen D. Hedrick:

> Lysbeth George, Esq.
> Liz George and Associates
> 8101 S. Walker, Suite F
> Oklahoma City, Oklahoma 73139

/s/ *Michael S. Nadel*
Michael S. Nadel