**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-00383-SH |
| | ) | |
| RICHARD M. SILANSKAS, JR., LARRY | ) | |
| K. WILHITE, AND STEPHEN D. | ) | |
| HEDRICK, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's motion to compel forensic collection and production of documents held by Defendant Richard M. Silanskas Jr. The Court finds that Silanskas's prior search, collection, and production efforts were not reasonable and were insufficient to satisfy Silanskas's discovery obligations, including because (1) Silanskas relied on ad hoc keyword entry in the Mail application on a mobile device rather than a defensible collection of his personal Gmail account itself and because (2) Silanskas did not search, or inadequately searched, numerous other electronic accounts within his control. The Court further finds that Silanskas again failed to comply with his obligations to meet and confer, despite numerous prior orders of this Court.[1]

IT IS THEREFORE ORDERED that *Plaintiff's Motion To Compel Forensic Collection and Production of Documents* (Dkt. No. 113) is GRANTED. The Court ORDERS as follows:

---

[1] The Court does not order any production from Silanskas's ChatGPT account. Plaintiff has failed to demonstrate that there will be any information in that account that is relevant to any claims or defense in this case.

1.      The accounts subject to this Order (the "Subject Accounts") are:

> ricksilanskas@gmail.com
> mountainfreshmusic@gmail.com
> susanloveshorses@gmail.com
> ronlogan909@gmail.com
> tblakemore999@yahoo.com
> statnewsmidwest@gmail.com
> natnewsus@yahoo.com
> Silanskas's iCloud account(s)

2.      Silanskas shall preserve, and shall not delete, modify, or alter any data in the Subject Accounts pending further order of the Court.

3.      Collection shall be performed by a reputable e-discovery vendor selected and engaged by Plaintiff (the "Vendor").

4.      The Vendor is authorized to access the Subject Accounts solely for purposes of preservation and collection under this Order.

5.      Upon request from the Vendor, Silanskas shall fully cooperate with any login verification steps reasonably required to complete collection from the Subject Accounts, including but not limited to:

- provision of passwords and security codes

- resetting passwords, if necessary to access the Subject Accounts;

- two-factor authentication (2FA) codes;

- device prompts;

- account recovery confirmations; and

- the temporary disabling or suspension of 2FA, if reasonably necessary and approved by the Vendor and for the shortest time necessary.

If passwords to the Subject Accounts are located within Silanskas's iCloud account, the vendor may use those passwords to access the Subject Accounts. Full cooperation by Silanskas includes same-day response to communications from the Vendor and/or

Plaintiff's counsel regarding the collection and also includes making himself available for working sessions of the length required to permit the Vendor to access the Subject Accounts and collect from them on a schedule set by the Vendor. Silanskas shall not change the password, recovery settings, or security settings for the Subject Account until the Vendor confirms that collection is complete, except at the Vendor's direction.

6. The Vendor shall collect a forensically sound export of the full contents of the Subject Accounts sufficient to preserve all emails (including attachments) and associated metadata and other documents or electronically stored information to the extent reasonably accessible. The Vendor may use any commercially reasonable and forensically defensible method to collect the Subject Accounts, including direct account login and export tools.

7. The Vendor shall provide copies of the electronically stored information collected from the Subject Accounts to Plaintiff (the "Collected ESI"). Plaintiff will be responsible for maintaining the integrity of the Collected ESI during the pendency of this litigation. Once Plaintiff is in receipt of the Collected ESI, he shall attempt to confer with Silanskas regarding a search protocol that is reasonably tailored to locate information responsive to *Plaintiff's First Set of Requests for Production of Documents to Defendant Richard M. Silanskas Jr. (Nos. 1–74)*. If other parties have issued requests for production to Silanskas, Plaintiff shall confer with those parties, as well, regarding a reasonably tailored search protocol. Once the parties have conferred, Plaintiff shall submit a motion to the Court containing a proposed protocol for the Court's approval. Only once a protocol has been approved by the Court may any search of the Collected ESI commence.

8. Silanskas shall make available to the Vendor for forensic imaging any electronic device within his possession, custody, or control that he used in 2021–2024.

This includes the Mac laptop about which Silanskas testified at his deposition, to the extent it is within his possession, custody, or control. For purposes of this Order, an item or document is within Silanskas's possession, custody, or control if he either possesses it or can take steps to possess it. Any imaged device will be considered Collected ESI and subject to the provisions of the preceding paragraph.

8. The Vendor's activities pursuant to this Order shall be at Plaintiff's expense.

9. Additionally, by March 27, 2026, Silanskas shall produce to Plaintiff all documents within his possession, custody, or control concerning payments received by Silanskas concerning the American Heartland Project (including Mansion Entertain Group and the Mansion Theatre), including compensation, reimbursement, draws, contributions, loans, and disbursements of any kind.

10. Having granted this motion, the Court must, after giving an opportunity to be heard, require Silanskas to pay Plaintiff's reasonable expenses incurred in making the motion, unless (i) Plaintiff filed the motion before attempting in good faith to obtain the discovery without court action; (ii) Silanskas's non-disclosure or response was substantially justified; or (iii) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). The Court finds that Plaintiff attempted in good faith to obtain the discovery without court action. The Court further finds that Silanskas's failure to provide adequate discovery responses was not substantially justified, particularly given his repeated failures to meet and confer; the necessity of ordering a deposition as to the existence, description, nature, custody, condition, and location of the responsive documents; and Silanskas's deposition testimony as to the (lack) of efforts he took to collect responsive documents. Plaintiff may file a motion seeking the reasonable expenses incurred in making the *Motion to Compel* (Dkt. No. 113). Should Plaintiff file such a

motion, Silanskas will have an opportunity to respond as to the reasonableness of the expenses requested and as to any circumstances that make an award of such expenses unjust.

ORDERED this 19th day of March, 2026.


SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT