IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | Case No. 25-cv-00383-SH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD M. SILANSKAS JR. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR AN AWARD OF
EXPENSES PURSUANT TO THE COURT'S MARCH 19, 2026 ORDER**

Plaintiff respectfully replies in support of his motion (Dkt. No. 128), pursuant to the Court's

March 19, 2016 Order (Dkt. No. 127), for an order requiring Defendant Richard M. Silanskas Jr.

to pay the reasonable expenses incurred in making Plaintiff's Motion To Compel (Dkt. No. 113).

Silanskas argues that the requested award of expenses would be unjust due to

circumstances involving medical issues that began in "late February 2026" (according to the

opposition) or "early March 2026" (according to Silanskas's declaration). (Dkt. No. 133). But

those issues all emerged *after* the relevant events. Plaintiff's Motion To Compel, which was filed

on March 3, 2026, was necessitated by Silanskas's alleged destruction of his computer in late 2024,

his failures to properly collect and produce documents for months beginning in October 2025, and

his refusal to meaningfully meet and confer in November and December 2025 and January 2026.

(*See* Dkt. No. 113). Even accepting Silanskas's assertions at face value, later-occurring medical

issues do not render an award predicated on prior misconduct unjust. Nor do they make Silanskas's

prior misconduct "substantially justified," as Silanskas summarily contends in his response. (Dkt.

No. 133). Indeed, the Court already determined that his misconduct "was not substantially

justified, particularly given his repeated failures to meet and confer; the necessity of ordering a deposition as to the existence, description, nature, custody, condition, and location of the responsive documents; and Silanskas's deposition testimony as to the (lack) of efforts he took to collect responsive documents." (Dkt. No. 127 at 4).

Silanskas does not challenge Plaintiff's lodestar analysis. (Dkt. No. 133 at 1). He objects neither to the amount of attorney time for which an award has been sought nor to the rate Plaintiff has applied. *Id.* Plaintiff's submission, therefore, is unchallenged. Silanskas only requests that any award be substantially reduced in light of his alleged "medical condition" and "financial circumstances." *Id.* But Plaintiff has already accounted for such circumstances in the conservative approach he took to his request. Plaintiff is seeking *less than one fifth* of the actual attorneys' fees necessitated by Silanskas's discovery misconduct. Plaintiff sought reimbursement for only one attorney on tasks completed by a team of attorneys. Plaintiff reduced the hard costs for which he sought reimbursement. Plaintiff reduced his request to account for instances of block billing. Plaintiff sought reimbursement at a rate far lower than the rate his counsel is actually charging.

Finally, to the extent Silanskas argues that he "lacks the financial ability to pay the substantial fees requested," that is an affirmative defense that Silanskas has failed to provide any support for. *See Palzer v. CoxCom*, LLC, No. 15-CV-564-GKF-JFJ, 2019 WL 11585417, at *2 (N.D. Okla. Apr. 19, 2019). In any event, Plaintiff's substantially reduced request for reimbursement already mitigates any purported financial hardship asserted by Silanskas.

Plaintiff respectfully requests that the Court award expenses of $22,200.46, as substantiated by his motion and accompanying declarations and evidence.

Respectfully submitted,

/s/ *Michael S. Nadel*

Amelia A. Fogleman
Joseph W. Lang
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800

Michael S. Nadel
Sagar K. Ravi
Jennifer B. Routh
Rachel M. Peltzer
Theresa M. Babendreier
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Plaintiff O. Gene Bicknell

## CERTIFICATE OF SERVICE

I certify that on April 10, 2026, I caused a copy of the foregoing to be filed using the CM/ECF system, thereby providing notice to all counsel of record and pro se parties, including:

Defendant Richard M. Silanskas, Jr.:

Richard M. Silanskas, Jr.
1338 Peace in the Valley Road
Blue Eye, Missouri 65611

Counsel for Defendant Larry K. Wilhite:

J. Christopher Davis, Esq.
Deric McClellan, Esq.
Crowe & Dunlevy, P.C.
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120

Evan G.E. Vincent, Esq.
Crowe & Dunlevy, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102

Counsel for Defendant Stephen D. Hedrick:

Lysbeth George, Esq.
Liz George and Associates
8101 S. Walker, Suite F
Oklahoma City, Oklahoma 73139

/s/ *Michael S. Nadel*
Michael S. Nadel