IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | Case No. 25-cv-00383-SH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD M. SILANSKAS JR., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT ON DISCOVERY

Pursuant to the Amended Scheduling Order (Doc. 63 ¶ 6) and the Court's Procedures, Plaintiff O. Gene Bicknell and Defendants Richard M. Silanskas Jr., Larry K. Wilhite, and Stephen D. Hedrick provide the following Joint Status Report on Discovery:

**1.      The date each party issued written discovery.**

Plaintiff issued his first set of requests for production of documents to Defendants Silanskas, Wilhite, and Hedrick on September 30, 2025.  Plaintiff issued his first set of interrogatories and request for production of tangible things to Defendant Silanskas on November 24, 2025.  Plaintiff issued his first set of interrogatories to Defendant Wilhite on March 10, 2026. Plaintiff issued his first set of requests for admissions to Defendant Wilhite on March 16, 2026. Plaintiff issued his first set of interrogatories to Defendant Hedrick on March 19, 2026.  Plaintiff issued his second set of interrogatories to Defendant Wilhite on March 25, 2026.  Plaintiff issued his third set of interrogatories to Defendant Wilhite on March 28, 2026.

Defendant Hedrick issued his first set of interrogatories, requests for admissions, and requests for production of documents to Plaintiff on March 17, 2026.

Defendant Silanskas has not issued any written discovery at this time.

Defendant Wilhite issued his first set of requests for admissions, interrogatories, and requests for production of documents to Plaintiff on October 6, 2025. Defendant Wilhite issued his second set of interrogatories and requests for production of documents to Plaintiff on October 16, 2025. Defendant Wilhite issued his second set of requests for admissions and third set of interrogatories and requests for production of documents on February 27, 2026.

**2.      The date each party responded to written discovery.**

Plaintiff served responses to Defendant Wilhite's first set of requests for admissions, interrogatories, and requests for production of documents on November 5, 2025 and amended responses on April 7, 2026. Plaintiff served responses to Defendant Wilhite's second set of interrogatories and requests for production of documents on November 17, 2025 and amended responses on April 7, 2026. Plaintiff served responses to Defendant Wilhite's second set of requests for admissions and third set of interrogatories and requests for production of documents on March 30, 2026. Plaintiff served responses to Defendant Hedrick's first set of interrogatories, requests for admissions, and requests for production of documents on April 16, 2026.

Defendant Hedrick served responses to Plaintiff's first set of requests for production of documents on October 30, 2025. Defendant Hedrick served supplemental responses to Plaintiff's first set of requests for production of documents on November 6, 2025. Defendant Hedrick served their production on March 30, 2026. Defendant Hedrick served responses to Plaintiff's first set of interrogatories on April 17, 2026.

Defendant Silanskas served responses to Plaintiff's first set of requests for production of documents on November 19, 2025. Defendant Silanskas served responses to Plaintiff's first set of interrogatories and request for production of tangible things on December 24, 2025.

Defendant Wilhite served responses to Plaintiff's first set of requests for production of documents on October 30, 2025. Defendant Wilhite served responses to Plaintiff's first set of interrogatories and Plaintiff's first set of requests for admissions on April 15, 2026. Defendant Wilhite's responses to Plaintiff's second set of interrogatories are due April 24, 2026. Defendant Wilhite's responses to Plaintiff's third set of interrogatories are due April 27, 2026.

**3.      The amount of document discovery each party provided.**

Plaintiff has produced 134,117 documents, consisting of 516,007 pages.

Defendant Hedrick has produced 20,362 documents, consisting of 68,014 pages.

Defendant Silanskas has produced 1,294 native documents (largely media files).

Defendant Wilhite has produced 25,099 documents, consisting of 120,630 pages. This involves 20,819 documents, consisting of 71,213 pages produced in his own name, and an additional 4,280 documents, consisting of 49,417 pages produced in the name of Julia Wilhite or Back Stage Ministries.

**4.      The names and dates of witnesses who have been deposed.**

Plaintiff was deposed on December 8, 2025, and February 12, 2026, in Englewood, Florida, pursuant to notices by Plaintiff and Defendant Wilhite. All parties participated.

Defendant Silanskas was deposed on February 19, 2026, in Springfield, Missouri, in a deposition aimed at discovering the existence, description, nature, custody, condition, and location of relevant documents (*see* Dkt. No. 110). All parties participated.

Peter Alexander was deposed on March 2, 2026, in Daytona Beach, Florida pursuant to notice by Plaintiff. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

Carol Logan was deposed on March 3, 2026, in Orlando, Florida pursuant to notice by Plaintiff. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

Cameron Dawson was deposed on March 3, 2026 in Orlando, Florida pursuant to notice by Plaintiff. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

Josh Lee was deposed on April 17, 2026 in Vinita, Oklahoma pursuant to notice by Plaintiff. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

**5.     The names of all witnesses that remain to be deposed prior to the discovery cutoff.**

Plaintiff has noticed the deposition of Bryan Robinson for April 22, 2026 in Huntsville, Alabama.

Defendant Wilhite has subpoenaed Plaintiff's counsel, Michael Nadel, for deposition noticed for April 15, 2026 in Washington, D.C. The parties agreed that the subpoena would be held in abeyance until the Court rules on Plaintiff's Motion for Protective Order Preventing Defendant Wilhite's Deposition of Opposing Counsel (Dkt. No. 129).

Defendant Wilhite has subpoenaed Kristy Adams for deposition noticed for May 6, 2026 at 10 AM in Kansas City, Missouri.

Defendant Wilhite has subpoenaed Emily Engle for deposition noticed for May 6, 2026 at 1 PM in Kansas City, Missouri.

Defendant Wilhite has subpoenaed Martin Bicknell for deposition noticed for May 20, 2026 in Overland Park, Kansas.

Plaintiff anticipates that at least the following individuals will also need to be deposed: (1) Aaron Hedrick, (2) Nathan Hedrick, (3) Welsey Gene McComb, (4) Robert McDuffey, (5) Anthony Silanskas, (6) Vincent Silanskas, (7) Julia Wilhite, (8) Rusty Cornwell, (9) Danny Sterling, (10) Pinger, Inc., (11) Defendant Silanskas, (12) Defendant Wilhite, and (13) Defendant Hedrick. Plaintiff anticipates that the need to depose additional individuals may arise after further discovery.

Defendant Hedrick anticipates he may want to depose (1) Mark Snead, (2) Cale Heit, (3) Eric O'Rourke, (4) Todd Stevens, (5) Tony Blatt, (6) Debbie Lindquist, (7) Erik Neergaard, (8) Mike Ostendorf, (9) Tyler Davis, (10) Paul Fiery, (11) Representative of Crossland Construction, (12) Evan Hall, (13) Brad Meriman, (14) Brad McKown, (15) Council of the Nine Tribes of Oklahoma, (16) Representative of Cumming Group, (17) PCL Construction, (18) Representative of Cuningham. Hedrick anticipates the need to depose additional individuals may arise as discovery is continuing.

Defendant Silanskas has not identified individuals that he anticipates will need to be deposed.

Defendant Wilhite anticipates that at least the following individuals or entities will also need to be deposed: (1) Wesley Gene McComb, (2) Bethanie Schmelig, (3) Rep. Danny Sterling, (4) Anthony Blatt, (5) Debbie Lindquist, (6) Cale Heit, (7) a corporate representative of Mansion Entertainment Group LLC, (8) a corporate representative of OGB Holdings LLC, (9) a corporate representative of 1248 Holdings LLC, (10) corporate representative of Barron International Group LLC. Defendant Wilhite anticipates that the need to depose additional individuals may arise after further discovery.

**6.    A list of any subpoenas issued by each party and the number of documents obtained as a result of that subpoena.**

Plaintiff submits the chart attached as Exhibit A listing subpoenas for documents.  Plaintiff has issued subpoenas for deposition to: (1) Carol Logan, (2) Peter Alexander, (3) Cameron Dawson, (4) Josh Lee, (5) Bryan Robinson, (6) Rusty Cornwell, and (7) Danny Sterling.

Defendant Hedrick has issued subpoenas for documents to Marty Bicknell.

Defendant Silanskas has not issued any subpoenas at this time.

Defendant Wilhite has issued subpoenas for documents to (1) OGB Holdings, LLC (withdrawn and replaced by discovery requests on Plaintiff), (2) Mansion Entertainment Group, LLC (withdrawn and replaced by discovery requests on Plaintiff), (3) Wesley Gene McComb (no documents obtained), (4) South Grand Lakes Chamber of Commerce (no documents obtained), (5) Karl Jones (no documents obtained), (6) Martin Bicknell (no documents obtained), (7) Onvoy Spectrum (2 documents obtained), (8) Pinger, Inc. (48 documents obtained), (9) 1248 Holdings LLC (no documents obtained).  Defendant Wilhite has issued subpoenas for deposition to:  (1) Kristy Adamas, (2) Emily Engle, and (3) Martin Bicknell.

7.    **Any discovery issues that should be brought to the Court's attention at this time.**

All parties have agreed to forego the exchange of preliminary witness and exhibits lists set for April 23, 2026.  Additionally:

<u>Plaintiff states:</u>

1.    Plaintiff has moved for approval of a search protocol to search the information collected from Defendant Silanskas.  (Dkt. No. 136.). Silanskas has agreed to the search protocol and does not oppose its approval.

2.      Plaintiff has encountered problems with the documents Defendant Wilhite has produced to date and Defendant Wilhite's privilege log.  Plaintiff wrote to Defendant Wilhite about these issues on March 27, 2026, and April 7, 2026, and has followed up subsequently.

3.      Plaintiff has also encountered problems with the documents Defendant Hedrick has produced to date and the email accounts Defendant Hedrick has not produced documents from to date.  Plaintiff wrote to Defendant Hedrick about these issues on April 7, 2026 and has followed up subsequently.

4.      There has been motion practice in other judicial districts.

a.      In the Northern District of Texas, Defendant Silanskas moved to quash Plaintiff's subpoena directed to AT&T.  Defendant Silanskas's motion was denied.  *See Silanskas v. AT&T*, No. 3:26-mc-3-L-BN, Dkt. No. 9 (N.D. Tex. Feb. 13, 2026).

b.      In the Northern District of Alabama, Plaintiff moved to compel production of documents by non-party Bryan Robinson, who had previously been convicted and incarcerated for his role in a theme park fraud involving Defendant Silanskas.  Plaintiff's motion was granted. *Bicknell v. Robinson*, No. 3:25-mc-02219-MHH, Dkt. No. 13 (N.D. Ala. Jan. 30, 2026).

c.      In the District of Delaware, Defendant Silanskas moved to quash Plaintiff's subpoena directed to AOL Media LLC.  *See Silanskas v. AOL Media LLC*, No. 1:26-mc-179 (D. Del.).  Defendant Silanskas's motion was filed on April 14, 2026 and remains pending.

Defendant Hedrick states:

1.      Defendant Hedrick will be following up with Plaintiff regarding insufficiencies in responses to discovery.

2.      Defendant Hedrick respectfully notes that his Motion to Dismiss (Dkt. No. 43), directed to the sole claim asserted against him, remains pending and fully briefed. Defendant

Hedrick continues to participate in discovery in accordance with the Court's Scheduling Order, but notes that resolution of the Motion to Dismiss may materially affect the scope of claims and discovery as to him.

Defendant Wilhite states:

1.    Defendant Wilhite expects to file a motion to compel responses from Plaintiff to discovery requests concerning the Asset Purchase Agreement effective June 29, 2023 by which the assets of Big Time Production LLC were transferred to Mansion Entertainment Group LLC. Defendant Wilhite wrote to Plaintiff about these issues on March 23, 2026 and met and conferred on March 26 and April 20, 2026.

2.    Defendant Wilhite has encountered problems with Plaintiff's privilege log and wrote to Plaintiff about this issue on April 17, 2026.

3.    The Parties have begun discussing whether they can agree to a joint proposal to extend the discovery schedule or otherwise modify the Scheduling Order.  The Parties may jointly move to extend the Scheduling Order or may file opposed motions in this regard.

Respectfully submitted,


Attorneys for Plaintiff O. Gene Bicknell:

/s/ *Rachel M. Peltzer*

Amelia A. Fogleman
Joseph W. Lang
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800

Michael S. Nadel
Sagar K. Ravi
Rachel M. Peltzer
Theresa M. Babendreier
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000


Attorneys for Defendant Larry K. Wilhite:

/s/ *J. Christopher Davis* (by permission)

J. Christopher Davis
Deric McClellan
CROWE & DUNLEVY, P.C.
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120
(918) 592-9800

Evan G.E. Vincent
CROWE & DUNLEVY, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
(918) 592-9800

9

Attorneys for Defendant Stephen D. Hedrick:

/s/ *Lysbeth George* (by permission)

Lysbeth George
Jennifer E. Jackson
LIZ GEORGE AND ASSOCIATES
8101 S. Walker, Suite F
Oklahoma City, Oklahoma 73139
(405) 689-5502


Defendant Richard M. Silanskas, Jr., pro se:

/s/ *Richard M. Silanskas Jr.* (by permission)

Richard M. Silanskas, Jr.
1338 Peace in the Valley Road
Blue Eye, Missouri 65611

## CERTIFICATE OF SERVICE

I certify that on April 20, 2026, I caused a copy of the foregoing to be filed using the CM/ECF system, thereby providing notice to all counsel of record and pro se parties, including:

Counsel for Defendant Larry K. Wilhite:

> J. Christopher Davis, Esq.
> Deric McClellan, Esq.
> Crowe & Dunlevy, P.C.
> 222 N. Detroit Avenue, Suite 600
> Tulsa, Oklahoma 74120
>
> Evan G.E. Vincent, Esq.
> Crowe & Dunlevy, P.C.
> Braniff Building
> 324 North Robinson Avenue, Suite 100
> Oklahoma City, Oklahoma 73102

Counsel for Defendant Stephen D. Hedrick:

> Lysbeth George, Esq.
> Jennifer E. Jackson, Esq.
> Liz George and Associates
> 8101 S. Walker, Suite F
> Oklahoma City, Oklahoma 73139

Defendant Richard M. Silanskas, Jr.:

> Richard M. Silanskas, Jr.
> 1338 Peace in the Valley Road
> Blue Eye, Missouri 65611

/s/ *Rachel M. Peltzer*
Rachel M. Peltzer

11

**Exhibit A**

Subpoenas for Documents Issued by Plaintiff

| Subpoena Recipient | Number of Documents |
| --- | --- |
| Wesley Gene McComb | Not Complete |
| Google, LLC | 99 |
| Yahoo! | 1 |
| Julia Wilhite | 4,211 |
| Rick Allen | 566 |
| Theodore Carlsson | Not Complete |
| Annette Crump | Not Complete |
| Don Hilsen | 657 |
| Craig Hodges | Not Complete |
| Reginald Jarrett | 400 |
| Tim Kirk | Not Complete |
| John Polk | Not Complete |
| Ronald Rodriguez | 119 |
| Scott Sinclair | 0 |
| John Sorenson | Not Complete |
| Tom Turley | 6,471 |
| David Vermeulen | Not Complete |
| Bryan Robinson | 256 |
| Peter N. Alexander | 799 |
| Themed Future Concepts, Inc. | Produced with Alexander |
| The Totally Fun Company | Produced with Alexander |
| Mark C. Snead | Produced with RegionTrack |
| RegionTrack, Inc. | 732 |
| Anthony Silanskas | 791 |
| Fourth West Productions LLC (dba Hungry Cliff) | Produced with Anthony Silanskas |
| Vincent Silanskas | 136 |
| Aaron Hedrick | 966 |
| Nathan Hedrick | 192 |
| Diane Hedrick | 0 |
| Stephanie Silanskas | 0 |
| Backstage Ministries | 65 |
| Christopher J. Belcher | Not Complete |
| Barron International Group, LLC | 1 |
| Misty McComb | Not Complete |
| Robert McDuffey | 0 |
| Carol Logan | 0 |
| Onvoy Spectrum, LLC | 1 |
| University of Central Florida | 2,552 |
| AT&T | 13 |

| Subpoena Recipient | Number of Documents |
|---|---|
| Verizon | 24 |
| Josh D. Lee | 51 |
| Danny Sterling | 242 |
| Rusty Cornwell | 343 |
| Joseph Hiseley | 0 |
| Cameron Kim Dawson | 909 |
| Skydog Productions, Inc | Produced with Dawson |
| James Huckaby | 326 |
| Huckaby Productions, Inc. | Produced with Huckaby |
| Matthew Biggers | 215 |
| Matthew Biggers, LLC | Produced with Biggers |
| Entrust CPAs and Advisors LLC | 10 |
| Pinger, Inc. | 1,318 |
| CenturyLink Communications LLC | 0 |
| Alabama Securities Commission | 13 |
| AOL Media LLC | Not Complete |
| Apple Inc. | Not Complete |