IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

O. GENE BICKNELL,
Plaintiff,

v. Case No. 25-cv-00383-SH

RICHARD M. SILANSKAS JR.,
LARRY K. WILHITE, and
STEPHEN D. HEDRICK,

Defendants.

DEFENDANT RICHARD M. SILANSKAS JR.'S RESPONSE TO PLAINTIFF'S MOTION FOR CIVIL CONTEMPT

Defendant Richard M. Silanskas Jr., appearing pro se, respectfully submits this Response to Plaintiff's Motion for Civil Contempt and states as follows:

INTRODUCTION

Plaintiff's motion portrays Defendant as acting in bad faith and deliberately defying this Court's March 19, 2026 Order. That characterization is inaccurate and incomplete.

At all relevant times, Defendant has attempted in good faith to comply with the Court's directives and cooperate with the forensic collection process despite substantial and ongoing medical issues, including serious neurological findings and ongoing oncology evaluation involving rare bone marrow mutations currently under review by the University of Kansas Cancer and Stem Cell Center.

Defendant attended the requested Zoom conferences, responded to communications from the Vendor and Plaintiff's counsel, provided available credentials and two-factor authentication codes, approved the proposed search protocol without objection, participated in repeated calls with the Vendor, and cooperated throughout the collection process.

The issues raised in Plaintiff's motion involve:
(1) a password change that occurred after Defendant received a security alert notification suggesting unauthorized activity involving his account; and
(2) Defendant's concern regarding porting a telephone number associated with a device previously seized pursuant to a warrant in a separate matter, after Defendant had been instructed not to interfere with matters related to that device.

Neither circumstance constituted willful defiance of this Court's Order. Defendant respectfully submits that civil contempt is not warranted.

## FACTUAL BACKGROUND

1. On or about April 6, 2026, Defendant began actively cooperating with the forensic discovery process involving the Vendor selected pursuant to the Court's Order.
2. Defendant participated in repeated communications with the Vendor, including direct telephone conferences with Vendor representative Alex of Nardello & Co., including communications occurring on or about:

- April 6, 2026 at approximately 1:18 p.m. and 1:26 p.m.;
- April 8, 2026 at approximately 10:02 a.m. and 3:28 p.m.;
- April 9, 2026 at approximately 11:02 a.m., 12:52 p.m., 1:18 p.m., and 2:53 p.m.;
- April 15, 2026 at approximately 1:32 p.m.; and
- April 20, 2026 at approximately 12:55 p.m. and 4:21 p.m.

3. Defendant believes there may have been additional communications with the Vendor beyond those specifically listed above.
4. Defendant actively participated in the forensic collection process during these communications and attempted to cooperate fully with the Vendor's requests.
5. Defendant attended the April 10, 2026 Zoom conference regarding the forensic collection process as requested.
6. Defendant also confirmed his attendance for that conference in advance through email communications with Plaintiff's counsel.
7. On April 12, 2026, Plaintiff's counsel transmitted the proposed search protocol to Defendant for review.
8. On April 14, 2026, Defendant advised Plaintiff's counsel that he had no objection to the proposed search protocol.
9. Throughout the collection process, Defendant provided available passwords, authentication information, and two-factor authentication codes available to him.
10. Defendant remained responsive to Vendor communications and attempted to respond promptly even during periods in which Defendant was attending hospital appointments and dealing with ongoing medical treatment and testing.
11. Defendant did not ignore the Vendor or refuse participation in the collection process.
12. The only issue raised by Defendant concerned Plaintiff's request that Defendant facilitate porting a telephone number associated with a previously seized device to another device controlled by the Vendor.
13. Defendant's concern was genuine and based upon prior instructions he understood to prohibit interference with matters associated with the seized device.
14. Defendant repeatedly stated that he was not refusing to comply, but instead sought clarification to avoid violating other legal obligations.
15. On April 23, 2026, Plaintiff's counsel objected to Defendant's concerns regarding the requested porting of the phone number.
16. Plaintiff's counsel then scheduled a Zoom meet-and-confer conference for April 27, 2026.
17. On April 27, 2026, Defendant attended the requested Zoom meet-and-confer conference with Plaintiff's counsel concerning the phone-number issue.

18. During that conference, Defendant again explained that his concern was limited to avoiding potential conflict with prior instructions relating to the seized device and that he was attempting to proceed carefully and in good faith.

19. Defendant expressed willingness to proceed upon clarification from appropriate authority or guidance from the Court.

20. On May 5, 2026, Defendant received the production data generated pursuant to the Court-approved search protocol and has continued cooperating with the process.

## RESPONSE TO ALLEGED PASSWORD VIOLATION

21. Plaintiff alleges Defendant changed the password to the ricksilanskas@gmail.com account in deliberate violation of the Court's Order.

22. That allegation omits important context.

23. Defendant did not change the password in an effort to obstruct the forensic collection process or defy the Court.

24. Instead, Defendant received a security alert notification on his phone indicating that activity involving the account password was occurring or being attempted.

25. The notification caused Defendant concern that unauthorized access or changes may have been occurring involving his account.

26. Defendant reacted quickly in an effort to protect the security of the account and his personal information.

27. Defendant did not act with intent to obstruct discovery or interfere with the Vendor's work.

28. Importantly, the Vendor ultimately obtained access to and collected the account data notwithstanding the password change.

29. Defendant respectfully submits that this isolated event, occurring in the context of a perceived security alert, does not constitute contemptuous conduct warranting sanctions.

## RESPONSE TO PORTING ISSUE

30. Defendant has never refused to cooperate generally with the forensic collection process.

31. Defendant's concern was limited to the specific request involving porting a phone number associated with a seized device.

32. Defendant understood that he previously had been instructed not to interfere with matters associated with the seized phone and therefore became concerned about taking action that might conflict with those instructions.

33. Defendant repeatedly explained this concern to Plaintiff's counsel and during the April 27, 2026 meet-and-confer conference.

34. Defendant expressly stated that he was not refusing to proceed but wished to avoid violating any legal obligations connected to the seized device.

35. Defendant's concern may ultimately prove legally unnecessary or mistaken; however, it was raised sincerely and in good faith, not as an act of obstruction.

36. Defendant respectfully submits that a pro se litigant acting cautiously under these unusual circumstances should not be held in contempt for seeking clarification before proceeding.

MEDICAL CIRCUMSTANCES

37. During the relevant time period, Defendant has also been dealing with substantial medical issues.

38. Defendant recently underwent neurological evaluation involving findings of bilateral brain slowing and abnormal wave activity.

39. Defendant additionally underwent bone marrow testing revealing rare mutations requiring further evaluation by oncology specialists and the University of Kansas Cancer and Stem Cell Center.

40. Defendant has been attending ongoing medical appointments, testing, and procedures during the same period these discovery disputes arose.

41. Defendant respectfully submits these circumstances provide important context regarding his stress, confusion, caution, and ability to navigate complex electronic discovery issues while proceeding without counsel.

ARGUMENT

Civil contempt is a severe remedy and should not be imposed where a party has substantially attempted to comply in good faith.

Here, Defendant participated extensively in the forensic collection process, remained in communication with the Vendor, attended conferences, provided available information, approved the protocol, and cooperated with collection efforts.

The password issue arose from a perceived security alert and not from deliberate defiance.

The phone-porting issue arose from Defendant's genuine concern regarding a seized device and potential conflicting obligations.

At no point did Defendant intend disrespect toward this Court or seek to obstruct the discovery process.

Plaintiff's motion repeatedly characterizes Defendant as acting in bad faith; however, the documented communications and timeline reflect ongoing participation and substantial cooperation throughout the process.

Defendant respectfully requests that the Court consider the totality of the circumstances, including Defendant's pro se status, ongoing serious medical issues, repeated cooperation with the Vendor, and the absence of any intent to violate the Court's authority.

CONCLUSION

WHEREFORE, Defendant Richard M. Silanskas Jr. respectfully requests that the Court deny Plaintiff's Motion for Civil Contempt and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____  5-18-26

/s/ Richard M. Silanskas Jr.
Richard M. Silanskas Jr.
1338 Peace in the Valley Road
Blue Eye, Missouri 65611
417-213-1820
rmatthew0573@gmail.com
Pro Se Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May 2026 a true and correct copy of the foregoing Response to Plaintiffs Opposition was served via US Mail upon:

AMELIA A FOGLEMAN OBA NO. 16221
Gable-Gotwals
110 N Elgin Ave. Suite 200
Tulsa, Oklahoma 74120

J. CHRISTOPHER DAVIS
Crowe and Dunlevy PC
222 N Detroit Ave
Suite 600
Tulsa, Oklahoma 74120

LYSBETH GEORGE
Liz George and Associates
8101 South Walker
Suite F
Oklahoma City, Oklahoma 73139