IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | Case No. 25-cv-00383-SH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD M. SILANSKAS JR. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR
CIVIL CONTEMPT ORDER AGAINST SILANSKAS**

Plaintiff respectfully replies in support of his motion for an order holding Defendant Richard M. Silanskas Jr. in civil contempt (Dkt. No. 145).

Violation #1. Plaintiff documented how, within ten minutes of Plaintiff forwarding the Court's order compelling forensic collection and requesting Silanskas's passwords, Silanskas changed the password on his primary Google account, ricksilanskas@gmail.com, in direct contravention of the Court's order not to change his passwords. In response, Silanskas claims that he only changed the password when he "received a security alert notification on his phone indicating that activity involving the account password was occurring or being attempted." (Dkt. No. 150 ¶ 24). That is unlikely. First, to believe Silanskas—and one would need to believe him, because he provides no evidence—one would have to accept that the supposed "security alert" just happened to come at the very same time Plaintiff forwarded the Court's order and requested Silanskas's passwords. Second, when Google notices unusual sign-in activity, it sends the user an email. Google explains:

> ### 'Suspicious sign in prevented' email
>
> If you've received a 'suspicious sign in prevented' email from Google, it means we recently blocked an attempt to access your account because we weren't sure it was really you. To help protect your account, we send you an email when we notice unusual sign-in activity, like an attempt to sign in from a different location or device than normal.

*See* https://support.google.com/accounts/answer/6063333?hl=en.  Silanskas does not submit such an email.  And in the Responsive ESI that Plaintiff received from the vendor, which includes any email containing the term "Google Account," no such email exists.

Further, if Silanskas believed it was necessary to change his password, he should have informed Plaintiff and the Court before he did so, or at a minimum, if speed was necessary, after the fact.  Silanskas did neither.  Instead, he directly violated a Court order and then hoped no one would find out.

Silanskas argues:  "Importantly, the Vendor ultimately obtained access to and collected the account data notwithstanding the password change."  (Dkt. No. 150 ¶ 28).  That is correct, as far as it goes; Silanskas, it turns out, had already deleted all pertinent emails, leaving only spam and communications with counsel regarding this lawsuit—which will be an issue for another day.  But this is *not* a "no harm, no foul" situation.  By changing his password, Silanskas successfully prevented the Vendor from learning the password to ricksilanskas@gmail.com and thereby likely blocked the Vendor from using that password, or variations of it, to unlock many of the other Subject Accounts with passwords Silanskas now claims he cannot remember but which may have had the same or similar passwords.

Silanskas contends that this "isolated event" does not warrant sanctions.  *Id.* ¶ 29.  Silanskas's violation is *not* isolated.  It is part of a pattern of violating orders, rules, and practices going back to his first appearance in the case.  *See* Dkt. Nos. 36, 58, 90, 98, 102, 105, 110, 127.  And Plaintiff has not *requested* sanctions for *either* violation addressed in his motion, because

sanctions are not Plaintiff's objective. Plaintiff's objective is *compliance* with the Court's order (in the context of Violation #2 below) and *deterrence* from violation of orders going forward. Silanskas should, at a minimum, appear before the Court and answer for it.

Violation #2. Plaintiff established that Silanskas is refusing to facilitate connecting a separate phone under the Vendor's control to his old telephone number so that the Vendor can access certain Subject Accounts. In response, Silanskas claims he "understood that he previously had been instructed not to interfere with matters associated with the seized phone." *Id.* ¶ 32. There is no evidence that he received any such instruction. *See Baker Hughes, Inc. v. Summit ESP, LLC*, No. 15-CV-484-JFJ, 2018 WL 468285, at *3 (N.D. Okla. Jan. 18, 2018) ("Any justifications for non-compliance must be supported by detailed proof, and "conclusory allegations" are insufficient."). And, even if he did, porting a phone number would not interfere with the seized phone.

Silanskas writes that he "should not be held in contempt for seeking clarification before proceeding." *Id.* ¶ 36. But he *didn't* seek clarification. If his concern was legitimate—it isn't— Silanskas could have sought guidance from law enforcement, or an attorney—and most importantly, he could have sought clarification or dispensation from this Court. He didn't. He still hasn't. He simply has once again decided not to comply. In so doing, he continues to delay and obstruct Plaintiff's discovery. The Court should use its contempt powers to require Silanskas's compliance.

*        *        *

The medical conditions of which Silanskas writes remain unsubstantiated—and regardless, they did not cause him to change his password in violation of the Court's order. And they are not

preventing him from porting his mobile phone number so the Vendor can access certain of the other Subject Accounts. He doesn't claim they are.

As predicted, Silanskas assures the Court as to his good faith and good intent. But he fails the high bar of demonstrating good-faith compliance. *See Baker Hughes*, 2018 WL 468285, at *3. And his intent is not the issue. *Bad Ass Coffee Co. of Hawaii, Inc. v. Bad Ass Coffee Ltd. P'ship*, 95 F. Supp. 2d 1252, 1256 (D. Utah 2000); *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). His non-compliance is. The Court ordered forensic collection from Silanskas's accounts two months ago. Silanskas continues the defy the order, frustrating its purpose and preventing a complete collection with the close of discovery a month away. The Court should not allow that to continue.

Respectfully submitted,

/s/ *Michael S. Nadel*

Amelia A. Fogleman
Joseph W. Lang
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800

Michael S. Nadel
Sagar K. Ravi
Jennifer B. Routh
Rachel M. Peltzer
Theresa M. Babendreier
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Plaintiff O. Gene Bicknell

4

## CERTIFICATE OF SERVICE

I certify that on May 19, 2026, I caused a copy of the foregoing to be filed using the CM/ECF system, thereby providing notice to all counsel of record and pro se parties, including:

Defendant Richard M. Silanskas, Jr.:

Richard M. Silanskas, Jr.
1338 Peace in the Valley Road
Blue Eye, Missouri 65611

Counsel for Defendant Larry K. Wilhite:

J. Christopher Davis, Esq.
Deric McClellan, Esq.
Crowe & Dunlevy, P.C.
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120

Evan G.E. Vincent, Esq.
Galen Thorp, Esq.
Crowe & Dunlevy, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102

Counsel for Defendant Stephen D. Hedrick:

Lysbeth George, Esq.
Liz George and Associates
8101 S. Walker, Suite F
Oklahoma City, Oklahoma 73139

/s/ *Michael S. Nadel*
Michael S. Nadel