## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | |
|     Plaintiff and Counterclaim | ) | |
|     Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD M. SILANSKAS JR. and | ) | |
| LARRY K. WILHITE, | ) | Case No. 25-cv-00383-SH |
| | ) | |
|     Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STEPHEN D. HEDRICK, | ) | |
| | ) | |
|     Defendant and Counterclaimant. | ) | |

## ORDER

Before the Court is Plaintiff's motion, seeking to have Defendant Richard M. Silanskas Jr. held in civil contempt for disobedience of the Court's prior order for forensic collection. Plaintiff's motion relates to two issues: (1) Silanskas's changing of the password to an e-mail account; and (2) Silanskas's failure to facilitate an association between his prior telephone number and the Vendor's telephone.

The Court's prior order explicitly ordered Silanskas not to change the passwords to certain listed e-mail accounts (Dkt. No. 127 at 2–3), and Silanskas has admitted violating that order as to one account (Dkt. No. 150 at 3). However, Plaintiff's vendor was ultimately able to access the account, and Plaintiff has not currently substantiated any harm resulting from Silanskas's disobedience in this instance. Moreover, beyond requiring that Silanskas "account for his actions" in changing the password, the proposed order sought by Plaintiff relates only to the issue with the telephone number, which is

discussed below. There is no additional compliance the Court would be seeking to compel through civil contempt, and the Court finds that deterrence may be served by Plaintiff pursuing any sanctions that may be appropriate as a result of Silanskas's disobedience of the Court's prior order.

As for Silanskas's failure to cooperate in associating his telephone number with the Vendor's phone, the record is less clear. The Court ordered Silanskas to cooperate fully with the Vendor on any login verification steps reasonably required to complete collection from the listed accounts. (Dkt. No. 127 at 2.) From the briefing, it appears that some of the subject accounts are protected by two-factor authentication associated with a phone number used by Silanskas until Fall 2025. (Dkt. No. 145 at 4.) The Vendor and Plaintiff asked Silanskas to facilitate connecting the Vendor's phone to the old telephone number, but Silanskas refused. (*Id*.; Dkt. No. 150 at 3.) Silanskas claims that his prior physical phone was seized by law enforcement, that he was instructed not to "interfere with matters associated with the seized phone," and that, therefore, he is concerned about providing authorization to connect a new phone to that telephone number. (Dkt. No. 150 at 3.) Silanskas provides no evidence to support his claim of any seizure or instruction not to interfere, much less his additional proposed inference that cooperation with the Vendor will violate that instruction. In these circumstances, the Court finds it appropriate—before finding contempt or ordering sanctions—to first explicitly order Silanskas to provide the discovery requested. Silanskas is warned that, in addition to contempt, the failure to obey a court's discovery order can result in sanctions that include directing certain facts be taken as established for purposes of the action; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters into evidence; rendering a default judgment against the

2

disobedient party; and ordering the payment of the opposing party's expenses.  *See* Fed. R. Civ. P. 37(b)(2)(A), (C).

IT IS THEREFORE ORDERED that *Plaintiff's Motion for Civil Contempt Order Against Silanskas* (Dkt. No. 145) is GRANTED IN PART and DENIED IN PART.  By June 5, 2026, Silanskas shall facilitate the association between his prior telephone number— (352) 205-5131—and the telephone the Vendor will use to receive two-factor authentication codes.

ORDERED this 2nd day of June, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT