IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

O. GENE BICKNELL,

Plaintiff,

v. Case No. 25-cv-00383-SEH-SH

RICHARD M. SILANSKAS JR., et al.,

Defendants.

DEFENDANT RICHARD M. SILANSKAS JR.'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS

Defendant Richard M. Silanskas Jr., appearing pro se, respectfully submits this Response to Plaintiff's Motion for Sanctions.

# INTRODUCTION

Defendant respectfully recognizes the authority of this Court and the importance of complying with its Orders. Defendant has never intended to disregard the Court's directives. Rather, Defendant continuously attempted to comply with the Court's discovery Orders while addressing unforeseen technical issues associated with activation of a replacement cellular telephone necessary for the Court-ordered forensic collection.

Defendant respectfully regrets that the compliance process required more time than anticipated. Defendant has endeavored in good faith to comply with the Court's Orders throughout these proceedings and respectfully requests that the Court consider the complete procedural history now reflected in the record when evaluating Plaintiff's request for sanctions.

Defendant respectfully submits this Response in an effort to provide the Court with the complete procedural chronology reflected in the docket, including developments that occurred after Plaintiff filed its Motion.

Plaintiff's Motion for Sanctions presents the circumstances as they existed on June 11, 2026, when the motion was filed. Since that time, significant events have occurred that are now part of the Court's record and are directly relevant to the issue of sanctions. Defendant respectfully requests that the Court consider the complete chronology before determining whether sanctions are appropriate.

# PROCEDURAL BACKGROUND

On June 2, 2026, the Court ordered Defendant to facilitate association of his prior telephone number with the telephone the third-party forensic Vendor would use to receive two-factor authentication codes.

Defendant immediately undertook efforts to comply with that Order. The process required activation of a replacement telephone and coordination with AT&T and the Vendor before the required authentication process could be completed.

Although technical difficulties delayed completion of that process, Defendant continued working toward compliance.

## DEFENDANT'S CONTINUED GOOD-FAITH EFFORTS

On June 12, 2026, after continued efforts with AT&T, the replacement cellular telephone was successfully activated.

Immediately thereafter, Defendant contacted the third-party forensic Vendor and advised that the replacement telephone was operational and ready to proceed. The Vendor confirmed that work on the forensic collection could resume immediately and further advised Defendant that Plaintiff's counsel had been kept informed throughout the activation process and would again be advised that activation had been completed.

That same day, Defendant filed a Notice of Status Update (Dkt. No. 167) advising the Court of these significant developments.

Following that filing, Defendant remained available to the Vendor and promptly responded whenever additional two-factor authentication codes were requested. Defendant continued providing those authentication codes until the Vendor advised that the collection process had been completed.

## SUBSEQUENT EVENTS BEFORE THE COURT

Following Plaintiff's filing of the present Motion, significant developments occurred that are now part of the Court's official record.

On June 12, 2026, Defendant filed his Notice of Status Update (Dkt. No. 167), advising the Court that the replacement cellular telephone had been successfully activated after continued efforts with AT&T, that Defendant had immediately contacted the third-party forensic Vendor, and that the Vendor had resumed the forensic collection process. Defendant further advised the Court that he continued to cooperate in good faith and remained committed to completing the forensic extraction as promptly as possible.

After filing that Notice of Status Update, Defendant remained available to the Vendor and promptly responded whenever additional two-factor authentication codes were requested.

Defendant continued providing those authentication codes until the Vendor advised that the forensic collections had been completed.

On June 17, 2026, Plaintiff filed a Status Report (Dkt. No. 172), informing the Court:

"As of the evening of June 16, 2026, the Vendor has accessed and completed collections from all the Subject Accounts that the Vendor will be able to access under the circumstances. A further order to coerce Silanskas's compliance is unnecessary."

Plaintiff's subsequent Status Report confirmed the progress Defendant had previously reported to the Court in Defendant's June 12, 2026 Notice of Status Update (Dkt. No. 167).

Thereafter, the Court entered its Minute Order (Dkt. No. 173), finding Plaintiff's Renewed Motion for Civil Contempt Order moot while leaving only Plaintiff's request for sanctions pending.

Defendant respectfully submits that these subsequent events are highly relevant because they demonstrate that Defendant continued working toward compliance, ultimately completed the actions necessary for the forensic collection, and cooperated with the Vendor until the process concluded.

## RESPONSE TO PLAINTIFF'S REQUEST FOR SANCTIONS

Defendant respectfully disagrees with Plaintiff's characterization that he refused to comply with the Court's Orders. The subsequent procedural record demonstrates continued efforts toward compliance culminating in completion of the Court-ordered forensic collection.

The delays were the result of technical issues associated with activation of the replacement telephone and the practical steps necessary to restore access to the telephone number required for the Vendor's work.

Throughout that period, Defendant remained in communication with the Vendor, continued working toward completion, promptly responded to requests for authentication codes once the telephone became operational, and ultimately participated in completion of the Court-ordered forensic collection.

Defendant respectfully acknowledges that the process took longer than anticipated. However, the subsequent record demonstrates continued efforts toward compliance rather than an intent to disregard the Court's authority.

Defendant respectfully submits that the subsequent record demonstrates delayed compliance rather than continued noncompliance. Although completion of the forensic collection does not itself resolve Plaintiff's request for sanctions, Defendant respectfully requests that the Court evaluate that request in light of the complete chronology now before it, including Defendant's continued cooperation, Plaintiff's acknowledgment that no further coercive relief was necessary, and the Court's subsequent finding that the contempt request was moot.

## DEFENDANT'S MEDICAL CIRCUMSTANCES

During this same period, Defendant was also addressing significant ongoing medical issues. In addition to chronic medical conditions for which Defendant continues to receive specialized treatment, Defendant developed an acute upper respiratory infection immediately following his deposition, requiring urgent medical evaluation, physician follow-up, breathing treatments, antibiotics, steroids, and other prescribed medications.

At the same time, Defendant has been under the care of his oncology team for significant gastrointestinal symptoms. Under the direction of his oncologist, Defendant is scheduled to undergo an upper gastrointestinal endoscopic procedure under general anesthesia at Mercy Hospital Springfield on July 2, 2026, to evaluate these ongoing medical concerns. Defendant also continues to receive specialized neurological and kidney care through his treating physicians.

Defendant does not offer these medical circumstances as an excuse for delay or noncompliance. Rather, Defendant respectfully provides them to give the Court a complete understanding of the circumstances under which Defendant nevertheless continued communicating with the third-party forensic Vendor, participating in discovery, appearing for his deposition, filing his Notice of Status Update with the Court, responding to requests for two-factor authentication codes, and working toward completion of the Court-ordered forensic collection.

## CONCLUSION

Defendant respectfully submits that the complete procedural history reflected in the Court's docket demonstrates good-faith efforts toward compliance rather than willful disregard of the Court's Orders.

Specifically:

1. Defendant continued working toward compliance after Plaintiff filed its Motion.
2. Defendant successfully activated the replacement telephone.
3. Defendant promptly cooperated with the third-party forensic Vendor by providing each requested two-factor authentication code.
4. Defendant advised the Court of these developments through his Notice of Status Update (Dkt. No. 167).
5. Plaintiff subsequently advised the Court that the Vendor had completed the collections it was able to perform and that further coercive relief was unnecessary (Dkt. No. 172).
6. The Court thereafter entered its Minute Order finding Plaintiff's Renewed Motion for Civil Contempt Order moot (Dkt. No. 173).

Defendant respectfully appears before this Court without the benefit of counsel and has made every effort to comply with the Court's Orders to the best of his ability. Defendant regrets that the

compliance process required more time than anticipated but respectfully submits that the complete procedural record demonstrates continued good-faith efforts, ultimate completion of the Court-ordered forensic collection, Plaintiff's acknowledgment that no further coercive relief was necessary (Dkt. No. 172), and the Court's subsequent Order finding Plaintiff's Renewed Motion for Civil Contempt Order moot (Dkt. No. 173).

For these reasons, Defendant respectfully requests that the Court consider the complete procedural history reflected in the record, deny Plaintiff's Motion for Sanctions, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

6/25/26

Richard M. Silanskas Jr.
Defendant, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of June. 2026 a true and correct copy of the foregoing Response to Plaintiffs Opposition was served via US Mail upon:

AMELIA A FOGLEMAN OBA NO. 16221
Gable-Gotwals
110 N Elgin Ave. Suite 200
Tulsa, Oklahoma 74120


J. CHRISTOPHER DAVIS
Crowe and Dunlevy PC
222 N Detroit Ave
Suite 600
Tulsa, Oklahoma 74120


LYSBETH GEORGE
Liz George and Associates
8101 South Walker
Suite F
Oklahoma City, Oklahoma 73139