IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | Case No. 25-cv-00383-SH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD M. SILANSKAS JR., | ) | |
| LARRY K. WILHITE, and | ) | |
| STEPHEN D. HEDRICK, | ) | |
| | ) | |
| Defendants. | ) | |

## **PLAINTIFF'S REPLY IN SUPPORT OF HIS**
## **MOTION TO DISMISS DEFENDANT HEDRICK'S COUNTERCLAIM**

Plaintiff O. Gene Bicknell respectfully replies in support of his motion to dismiss the Counterclaim for fraudulent inducement brought by Defendant Stephen K. Hedrick.

Hedrick writes that Federal Rule of Civil Procedure 9(b) exists to provide notice of a fraud claim. That is one purpose of the rule, but not the only one. Rule 9(b) also has the "purpose[] of bringing an early end to frivolous claims which bring reputational damage." *Plastic Packaging Corp. v. Sun Chem. Corp.*, 136 F. Supp. 2d 1201, 1204 (D. Kan. 2001). Plaintiff's motion to dismiss implicates both purposes. There was no fraudulent inducement, which is why Hedrick has not properly pled any. Hedrick's opposition only emphasizes the Counterclaim's fatal deficiencies. As Plaintiff's motion makes clear, the problem is not just that Hedrick has failed to plead fraud with particularity as required by Rule 9(b)—though he has so failed. Hedrick has failed to plead fraud altogether. Thus, Hedrick's Counterclaim must be dismissed under Rule 12(b)(6).

**Element 1 - Material Misrepresentation.** Plaintiff's motion argued that Hedrick's Counterclaim fails to plead any material misrepresentation—any false statement. In response, Hedrick fails to point to any false statement alleged in the Counterclaim. Hedrick writes only that "Bicknell repeatedly promised payment, provided assurances that payment would be made, encouraged continued work on the Project, and represented that funding and financing were forthcoming." (Dkt. No. 169 at 3). That does not suffice.[1] Hedrick does not identify any particular representation that was false when made, let alone any *material* misrepresentation. *See Northmarq Cap., LLC v. Kabani*, No. 24-CV-00073-SH, 2024 WL 4467522, at *6 (N.D. Okla. Oct. 10, 2024) ("The counterclaim alleges Erxleben represented that Kabani would receive the servicing fees, but nowhere does it allege Erxleben made this statement with the intention of not performing it."). The Counterclaim's allegation that Plaintiff "refused to pay amounts owed," *see* Dkt. No. 169 at 3, also does not suffice to plead a material misrepresentation—or any misrepresentation at all. Thus, even setting aside Rule 9(b), Hedrick fails to plead the element of material misrepresentation.

And Rule 9(b) cannot be set aside. <u>First</u>, it is not enough to generally characterize the alleged misrepresentations. Hedrick must plead *what* Plaintiff said. *T.D. Williamson, Inc. v. Lincoln Elec. Automation, Inc.*, No. 21-CV-153-GKF-JFJ, 2022 WL 16842907, at *7 (N.D. Okla. Jan. 21, 2022) ("Nor do [claimant's allegations] specify the content of the alleged misrepresentations with the necessary specificity."). Hedrick must identify a specific false statement. The Counterclaim fails to identify even one such statement with the required specificity and should be dismissed on that basis alone. *See TKO Energy Servs., LLC v. M-I LLC*, 539 F.

---

[1] Moreover, the Counterclaim does *not* allege that Plaintiff represented that funding and financing were forthcoming. That is stated in Hedrick's opposition brief but not in the Counterclaim.

App'x 866, 873 (10th Cir. 2013) (affirming dismissal of fraud claim where the allegations "do not identify specific false statements meant to lure [claimant] into detrimental reliance").

Second, Plaintiff must plead *when* Plaintiff made the misrepresentation. Vaguely alleging that the misrepresentations were "occurring throughout the development and performance of the Project" (Dkt. No. 169 at 3) does not satisfy the requirement. In *Northmarq*, this Court held that "generic reference to statements made during a two month-period" failed to state a claim. 2024 WL 4467522, at *8. Here, the development of the Project went on for *three years*. (Dkt. No. 154 at 52 ¶ 5). Hedrick's vague allegations do not provide the required particularity. *See also Koch v. Koch Indus.*, 203 F.3d 1202, 1237 (10th Cir. 2000) ("The statement that the alleged misrepresentations were made 'during 1982 and continuing to the present time' does not alert the Defendants to a sufficiently precise time frame to satisfy Rule 9(b)."); *Plastic Packaging*, 136 F. Supp. 2d at 1204 ("Plaintiff fails, however, to identify a date within this year and a half period on which an agent of defendant made a misrepresentation."); *Hill Equip. Mfg., Inc. v. Marshall*, No. 08-CV-299-TCK, 2010 WL 2640085, at *5 (N.D. Okla. June 29, 2010) ("Although a time frame is identified in paragraph 14—namely, some time during 2002—this time frame is not sufficiently specific."); *Jamieson v. Vatterott Educ. Ctr., Inc.*, 473 F. Supp. 2d 1153, 1157 (D. Kan. 2007) (finding 12-18 months is "too broad ranging a time period to satisfy Rule 9(b)'s requirements").

**Elements 2 and 3 – Knowledge of Falsity and Intent.** In his motion, Plaintiff argued that Hedrick does not sufficiently plead either knowledge of falsity or intent that Hedrick would rely on a misrepresentation—and, in fact, that Hedrick pleads *no* facts supporting knowledge of falsity and does not mention intent at all. Plaintiff relied on *Northmarq*, in which this Court wrote: "[Claimant] is mistaken in asserting that Rule 9(b) allows him to offer labels and conclusions, or a formulaic recitation of the element of intent. The Supreme Court has made clear that this will

3

not do under Rule 8." 2024 WL 4467522, at *7 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 687 (2009)) (cleaned up). This Court continued: "Nor is it permissible when alleging intent 'generally' under Rule 9(b). 'Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label general allegation, and expect his complaint to survive a motion to dismiss.'" *Id.* (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 686-87 (2009)).

Hedrick's opposition brief does not identify any factual allegations of intent or knowledge of falsity. Instead, Hedrick concedes such allegations are missing but argues they are "classic fact questions." (Dkt. No. 169 at 5). Hedrick writes: "Whether those representations were knowingly false, whether Hedrick reasonably relied upon them, and the extent of resulting damages are matters for discovery and fact-finding, not dismissal under Rule 12(b)(6)." *Id.* But whether a matter is subject to discovery and fact-finding depends on the pleading itself. If those elements were well-pled with supporting allegations of fact, they would be subject to discovery to prove the allegations. But where, as here, the factual elements of a claim have not been properly pled, the result is *not* discovery. It is dismissal.

**Element 4 – Reasonable Reliance and Damages.** Plaintiff's motion argued that Hedrick failed to plead any facts from which reasonable reliance could be inferred. Hedrick's opposition brief does not point to any allegations in the Counterclaim supporting an inference of *reasonable* reliance. Standing alone, that failure compels dismissal. *See Northmarq*, 2024 WL 4467522, at *7 ("[Claimant] further has not pled facts making it plausible that he reasonably relied on a representation that the terms of his compensation would change when signing a document stating that the terms of his compensation would not change."); *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1164–65 (10th Cir. 2004) ("Oklahoma law requires as an element of fraud 'reasonable reliance' on misrepresentations, and ... 'an action for fraud may not be predicated on false

statements when the allegedly defrauded party could have ascertained the truth with reasonable diligence.'" (quoting *Silver v. Slusher*, 770 P.2d 878, 882 n.8 (Okla. 1988))).

With no factual allegations to point to, Hedrick only repeats that this is a "classic fact question[]" that is a matter "for discovery and fact-finding, not dismissal under Rule 12(b)(6)." (Dkt. No. 169 at 5.)  To the contrary, when no facts supporting a claim element are alleged, that compels dismissal under Rule 12(b)(6).

As for damages, Hedrick merely cites the Counterclaim's allegation that "Bicknell refused to pay amounts owed, resulting in damages of more than $75,000." *Id.* at 4.  But Hedrick identifies no unpaid invoices.  He does not identify the time period such invoices cover, among the three years of the Project.  He does not allege facts that *Bicknell* (as opposed to Big Time Productions, LLC and/or Mansion Entertainment Group, LLC) owed Hedrick payment.  Simply stating that Plaintiff refused to pay "amounts owed" and citing the jurisdictional threshold is insufficient. *See T.D. Williamson*, 2022 WL 16842907, at *7 ("Further, [claimant] does not allege any damages it incurred specifically as a result of the fraud, as is necessary to state a separate cause of action.").

\*          \*          \*

Hedrick opens his response by emphasizing the extent of discovery that has been taken. (Dkt. No. 169 at 1.). That only underscores the failure of Hedrick's pleading.   Despite all that discovery, Hedrick has not pled with particularity *what* misrepresentations occurred or *when* they occurred, nor has he pled facts supporting knowledge of falsity or intent or reasonable reliance at all, nor has he pled damages with specificity.

Hedrick writes: "Even if the Court were to look beyond the pleadings, the extensive discovery record confirms that Plaintiff has long known the factual basis of Hedrick's claim." (Dkt. No. 169 at 4).  But Plaintiff has not asked to Court to look beyond the pleadings.  Plaintiff's

motion to dismiss is confined to the pleadings, as is the Court's analysis. If discovery revealed facts that supported Hedrick's counterclaim, Hedrick should have included them in his pleading. He did not. The issue presented is not whether or how long Plaintiff has long known the factual basis of Hedrick's claim but whether Hedrick has stated a claim upon which relief can be granted under Rules 12(b)(6) and 9(b).[2] He has not.

For the reasons above and in Plaintiff's motion, the Court should dismiss Hedrick's Counterclaim.

---

[2] Hedrick attaches documents that he contends "demonstrate repeated discussions concerning funding, payment, outstanding invoices, financing delays, and assurances that payment was forthcoming." (Dkt. No. 169 at 4). That doesn't show fraud, and the documents Hedrick attaches, viewed in the light most favorable to Hedrick, do not support his Counterclaim, or any counterclaim. The quoted documents demonstrate neither material misrepresentations, nor knowledge of falsity, nor intent, nor reasonableness of reliance. Hedrick further asserts that the "discovery record further reflects Plaintiff's awareness of significant outstanding obligations while continuing to communicate assurances regarding financing and payment." *Id.* at 5. That also would not establish fraud. And, in any event, none of this is part of the pleadings.

Respectfully submitted,

/s/ *Michael S. Nadel*

Amelia A. Fogleman
Joseph W. Lang
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800

Michael S. Nadel
Sagar K. Ravi
Jennifer B. Routh
Rachel M. Peltzer
Theresa M. Babendreier
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Plaintiff O. Gene Bicknell

**Certificate of Service**

I certify that on June 26, 2026, I caused a copy of the foregoing to be filed using the CM/ECF system, thereby providing notice to all counsel of record and pro se parties, including:

Defendant Richard M. Silanskas, Jr.:

Richard M. Silanskas, Jr.
1338 Peace in the Valley Road
Blue Eye, Missouri 65611

Counsel for Defendant Larry K. Wilhite:

J. Christopher Davis, Esq.
Deric McClellan, Esq.
Crowe & Dunlevy, P.C.
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120

Evan G.E. Vincent, Esq.
Galen Thorp, Esq.
Crowe & Dunlevy, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102

Counsel for Defendant Stephen D. Hedrick:

Lysbeth George, Esq.
Jennifer Jackson, Esq.
Liz George and Associates
8101 S. Walker, Suite F
Oklahoma City, Oklahoma 73139

/s/ *Michael S. Nadel*
Michael S. Nadel