IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | Case No. 25-cv-00383-SH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD M. SILANSKAS JR., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR SANCTIONS AGAINST DEFENDANT SILANSKAS

Only after Plaintiff O. Gene Bicknell renewed his motion for an order holding Defendant Richard M. Silanskas Jr. in civil contempt did Silanskas eventually facilitate access to several of his electronic accounts. That mooted the need for a coercive remedy. Plaintiff's request for sanctions against Silanskas pursuant to Federal Rule of Civil Procedure 37 for his violations of the Court's March 19, 2026 and June 2, 2026 Orders, however, remains before the Court. (Dkt. No. 164.) Silanskas has responded. (Dkt. No. 174.) Plaintiff respectfully replies.

1.     The first basis for sanctions is Silanskas's violation of the Court's March 19, 2026 Order to refrain from changing his password. Silanskas's response does not address this violation at all.

2.     The second basis for sanction is Silanskas's non-compliance with the Court's June 2, 2026 Order to port his phone number to the Vendor by June 5, 2026—an Order itself occasioned by Silanskas's failure to comply with the March 19, 2026 Order. (Dkt. No. 158 at 2.) Silanskas writes that upon receipt of the Order, he "immediately undertook efforts to comply with that Order" but that "technical difficulties" delayed completion of the process. (Dkt. No. 174 at 2.) There is

no evidence that that is true.  The only evidence is to the contrary.  On June 5, the date by which Silanskas was required to comply, Silanskas told the Vendor that AT&T would not port Silanskas's prior telephone number unless Silanskas paid the remaining balance on the device associated with the phone number, as well as an early termination fee.  (Dkt. No. 162-2 at ¶ 5.)  Silanskas said it would be a financial burden for him to pay what he owed.  *Id.*  At the same time, Silanskas contended that he did not know how much he owed and he declined the Vendor's suggestions for how to find out, citing concerns about "personal information."  *Id.*

In short, Silanskas did *not* "immediately" undertake efforts to comply.  Silanskas did not act with alacrity.  And there were no "technical difficulties"—Silanskas merely owed AT&T money.  He chose not to pay it, so he chose not to comply with the Order.  He could have sought relief from the Order.  He could have asked Plaintiff to consent to such relief.  He chose to do neither.  Eventually, Silanskas found a solution,[1] but only after he ignored the Court's deadline and only after Plaintiff was forced to file *another* motion.

Silanskas's latest misconduct did not occur in a vacuum.  The June 2, 2026 Order arose from Silanskas's non-compliance with the March 19, 2026 Order.  The March 19, 2026 Order arose from Silanskas's failures to comply with his discovery obligations.  Those failures were uncovered through a deposition that Plaintiff had to seek leave to take because Silanskas had violated numerous prior orders requiring Silanskas to participate in the meet and confer process. At every stage, Plaintiff has had to chase Silanskas to obtain some modicum of compliance with the rules and this Court's order.

---

[1] While Silanskas's "solution" allowed the Vendor to access to several of his electronic accounts, he still did not comply with the Court's June 2, 2026 Order.  Instead of facilitating the connection of the *Vendor's* phone to Silanskas's old telephone number, (Dkt. No. 158), Silanskas acquired a "replacement cellular telephone" himself and provided the Vendor with the two-factor authentication codes for his electronic accounts, (*see* Dkt. Nos. 167, 174).

Silanskas's response does not challenge the facts or arguments presented in Plaintiff's motion. His response is limited to his conduct *following* Plaintiff's motion, which he contends represent "good-faith efforts toward compliance." (Dkt. No. 174 at 4.) In fact, his actions demonstrate that he thinks he can violate orders and ignore deadlines with impunity. The Court should make clear to Silanskas, and other litigants, that he cannot.

3.      Silanskas's response again dwells on his alleged "ongoing medical issues." *Id.* Plaintiff is sympathetic to chronic medical conditions—but there remains no evidence that Silanskas's repeated claims regarding his medical condition are true.

*          *          *

District courts have broad discretion over discovery disputes. *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1320 (10th Cir. 2011). The Tenth Circuit holds that a "the district court's considerable discretion in this arena easily embraces the right to dismiss or enter default judgment in a case under Rule 37(b) when a litigant has disobeyed two orders compelling production of the same discovery materials in its possession, custody, or control." *Id.* at 1320–21. Here, Plaintiff requests a less severe sanction: a jury instruction that is warranted and, most importantly, accurate. (Dkt. No. 162 at 11.) Silanskas *has* engaged in discovery misconduct that hinders the ability of the Plaintiff to fully cross-examine him. Silanskas *has* hindered the ability of the Plaintiff to discover additional evidence of Silanskas's liability. The jury should know it. Indeed, it would be unfair to Plaintiff if the jury does not know it. The jury may have certain expectations that Plaintiff does not meet at trial, and the jury should know that it is not because of Silanskas's innocence or Plaintiff's lack of diligence but rather because of Silanskas's misconduct.

Although Plaintiff does not request default at this time, the factors that courts weigh in considering the more extreme sanction may still be informative. *See Giang v. Steiner*, No. 22-cv-

3

112-D, 2026 WL 324604, at *5–8 (W.D. Okla. Feb. 6, 2026) (listing non-exhaustive factors as "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions" and considering each factor).

First, Plaintiff has suffered actual prejudice. While Plaintiff likely will never be able to learn the full extent of *why* Silanskas defied the Court's Orders and what spoilation ensued, Silanskas's changing of his password may have prevented access to other accounts containing evidence that would support Plaintiff's claims. Silanskas clearly did not want Plaintiff's vendor to have his password—so much so that he violated the Court's Order to change it—but we may never know why. Similarly, Silanskas's intentional delay in porting his mobile phone number, which was required by two orders of this Court, could have provided him the opportunity to alter the accounts that the Vendor was seeking access to—accounts to which Silanskas had claimed he could not recall the passwords. In addition, Silanskas's delay in porting his number forced Plaintiff to take Silanskas's deposition before the discovery close while still not having access to accounts that would have been accessible had Silanskas timely complied. Plaintiff, of course, could seek leave to conduct yet *a third* deposition of Silanskas in light of his discovery failures and misconduct (which may yet prove necessary). But the substantial time and expense Plaintiff has already spent in policing Silanskas, enforcing the Court's orders, conducting additional necessary discovery (*e.g.*, forensic extractions, hiring a vendor, additional deposition(s)), and filing motions in connection with the same, rather than on other tasks related to this case, has also led to substantial actual prejudice. *Id.* at *5–6 (considering the moving party's time and resources spent on addressing discovery failures); *Friederich v. Wachter, Inc.*, No. 24—cv-2462-TC-ADM, 2025

WL 1765435, at *2 (D. Kan. June 26, 2025), report and recommendation adopted, No. 24-cv-02462-TC-ADM, 2025 WL 1918582 (D. Kan. July 11, 2025) (finding actual prejudice where moving party "spent considerable time and resources" to address discovery failures).

Second, Silanskas has interfered with the judicial process by refusing to follow this Court's orders, time and again—complying only when all other alternatives have been exhausted. He has caused the Court to spend significant judicial resources culling through his excuses and addressing his non-compliance. *Steiner*, 2026 WL 324604, at *6.

Third, Silanskas is culpable. Silanskas was ordered by the Court, expressly, not to change his password. He did so, immediately. He offers no credible excuse. Likewise, Silanskas was ordered to port his mobile number by June 5. He had no excuse for not doing so in the first instance, and the excuse he now gives the Court—unspecified "technical difficulties"—is not consistent with what he told the Vendor, (*see* Dkt. No. 162-2 at ¶ 5). And all of this was necessitated by Silanskas's defiance of prior rules and orders. Silanskas has manifested a belief that he can avoid the Court's order without consequence if he declares his good faith, emphasizes his pro se status, and offers unsubstantiated health claims. The conclusion that he has willfully failed to participate in discovery as required by the rules and this Court's orders is unavoidable.

Fourth, Silanskas has had prior warnings. The Court has repeatedly informed Silanskas that, as a pro se litigant, he must follow the rules. (Dkt. Nos. 36, 58 at 1, 98 at 4, 102 at 6.) He was ordered not to change his password and then did so. The Court ordered Silanskas to cooperate fully with the Vendor on any login verification steps reasonably required to complete collection from the listed accounts. (Dkt. No. 127 at 2.) The Court then *explicitly* ordered Silanskas to port his phone number to the Vendor by June 5, 2026. (Dkt. No. 145 at 2–3.) Yet, despite these prior warnings and the Court's explicit order that Silanskas timely port his phone number, he did not do

so.  The Court has repeatedly warned Silanskas that, notwithstanding his choice not to hire a lawyer, he must follow the rules.  Silanskas remains recalcitrant.[2]

Fifth, lesser sanctions will not be effective.  The Court has already ruled that Silanskas will bear some of Plaintiff's attorneys' fees as a result of his discovery misconduct, absent a showing that such an award would be unjust.  (Dkt. No. 127 at 4-5.)[3]  Silanskas's misconduct continued.  He has proven himself to be "incorrigible."  And a lesser sanction will not inform the jury as to what has happened here.  The absence of the requested instruction could leave lingering doubts as to why certain evidence has not been presented.  The requested relief would remedy that, whereas a lesser sanction would not.  *See Digital-Vending Servs. Int'l v. Univ. of Phoenix, Inc.*, No. 2:09-cv-555-AWA-TEM, 2013 WL 5533233, at *11 (E.D. Va. Oct. 3, 2013) (recommending jury instruction like the one requested by Plaintiff here).

\*          \*          \*

For the reasons stated above and in Plaintiff's motion, Plaintiff respectfully asks the Court to grant the requested sanctions against Silanskas.

---

[2] A motion to address additional ongoing misconduct by Silanskas is likely forthcoming.

[3] The Court authorized Plaintiff to file a motion for attorney's fees, which is pending.  (Dkt. No. 128.)

Respectfully submitted,

/s/ *Michael S. Nadel*

Amelia A. Fogleman
Joseph W. Lang
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800

Michael S. Nadel
Sagar K. Ravi
Jennifer B. Routh
Rachel M. Peltzer
Theresa M. Babendreier
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Plaintiff O. Gene Bicknell

**Certificate of Service**

I certify that on June 30, 2026, I caused a copy of the foregoing to be filed using the CM/ECF system, thereby providing notice to all counsel of record and pro se parties, including:

Defendant Richard M. Silanskas, Jr.:

Richard M. Silanskas, Jr.
1338 Peace in the Valley Road
Blue Eye, Missouri 65611

Counsel for Defendant Larry K. Wilhite:

J. Christopher Davis, Esq.
Deric McClellan, Esq.
Crowe & Dunlevy, P.C.
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120

Evan G.E. Vincent, Esq.
Galen Thorp, Esq.
Crowe & Dunlevy, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102

Counsel for Defendant Stephen D. Hedrick:

Lysbeth George, Esq.
Liz George and Associates
8101 S. Walker, Suite F
Oklahoma City, Oklahoma 73139

/s/ *Michael S. Nadel*
Michael S. Nadel