IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | Case No. 25-cv-00383-SH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD M. SILANSKAS JR., et al. | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT ON DISCOVERY

Pursuant to the Second Amended Scheduling Order (Doc. No. 143 ¶ 6) and the Court's Procedures, Plaintiff O. Gene Bicknell and Defendants Richard M. Silanskas Jr., Larry K. Wilhite, and Stephen D. Hedrick provide the following Joint Status Report on Discovery:

**1.     The date each party issued written discovery.**

Plaintiff issued his first set of requests for production of documents to Defendants Silanskas, Wilhite, and Hedrick on September 30, 2025.  Plaintiff issued his first set of interrogatories and request for production of tangible things to Defendant Silanskas on November 24, 2025.  Plaintiff issued his first set of interrogatories to Defendant Wilhite on March 10, 2026.  Plaintiff issued his first set of requests for admissions to Defendant Wilhite on March 16, 2026.  Plaintiff issued his first set of interrogatories to Defendant Hedrick on March 19, 2026.  Plaintiff issued his second set of interrogatories to Defendant Wilhite on March 25, 2026.  Plaintiff issued his third set of interrogatories to Defendant Wilhite on March 28, 2026.  Plaintiff issued his first set of requests for production of tangible things to Defendant Wilhite on May 2, 2026.  Plaintiff issued his second set of requests for admission, fourth set of interrogatories, and second set of requests for production of documents to Defendant Wilhite, first set of requests for admission,

second set of interrogatories, and first set of requests for production of tangible things to Defendant Hedrick, and first set of requests for admission and second set of interrogatories to Defendant Silanskas on May 19, 2026.

Defendant Hedrick issued his first set of interrogatories, requests for admissions, and requests for production of documents to Plaintiff on March 17, 2026. Defendant Hedrick issued his second set of requests for production of documents to Plaintiff on June 18, 2026.

Defendant Silanskas has not issued any written discovery at this time.

Defendant Wilhite issued his first set of requests for admissions, interrogatories, and requests for production of documents to Plaintiff on October 6, 2025. Defendant Wilhite issued his second set of interrogatories and requests for production of documents to Plaintiff on October 16, 2025. Defendant Wilhite issued his second set of requests for admissions and third set of interrogatories and requests for production of documents on February 27, 2026. Defendant Wilhite issued his fourth set of interrogatories and requests for production to Plaintiff on May 4, 2026. Defendant Wilhite issued his fifth set of interrogatories and requests for production to Plaintiff on May 18, 2026.

**2.      The date each party responded to written discovery.**

Plaintiff served responses to Defendant Wilhite's first set of requests for admissions, interrogatories, and requests for production of documents on November 5, 2025 and amended responses on April 7, 2026. Plaintiff served responses to Defendant Wilhite's second set of interrogatories and requests for production of documents on November 17, 2025 and amended responses on April 7, 2026. Plaintiff served responses to Defendant Wilhite's second set of requests for admissions and third set of interrogatories and requests for production of documents on March 30, 2026 and amended responses on June 2 and June 29, 2026. Plaintiff served responses

to Defendant Hedrick's first set of interrogatories, requests for admissions, and requests for production of documents on April 16, 2026.  Plaintiff served responses to Defendant Wilhite's fourth set of interrogatories and requests for production on June 5, 2026.  Plaintiff served responses to Defendant Wilhite's fifth set of interrogatories and requests for production on June 24, 2026.  No responses to Defendant Hedrick's second set of requests for production of documents are due because Defendant Hedrick's requests were untimely (*see* Doc. No. 143 ¶ 3a), and even if Plaintiff were required to serve responses, Plaintiff's responses to Defendant Hedrick's second set of requests for production of documents would be due July 20, 2026.

Defendant Hedrick served responses to Plaintiff's first set of requests for production of documents on October 30, 2025.  Defendant Hedrick served supplemental responses to Plaintiff's first set of requests for production of documents on November 6, 2025.  Defendant Hedrick served responses to Plaintiff's first set of interrogatories on April 17, 2026. Defendant Hedrick served supplemental responses to Plaintiff's first set of interrogatories on May 18, 2026.  Defendant Hedrick served responses to Plaintiff's first set of requests for admission, second set of interrogatories, and first set of requests for production of tangible things on June 23, 2026.

Defendant Silanskas served responses to Plaintiff's first set of requests for production of documents on November 19, 2025.  Defendant Silanskas served responses to Plaintiff's first set of interrogatories and request for production of tangible things on December 24, 2025.  Defendant Silanskas has not served responses to Plaintiff's first set of requests for admission and second set of interrogatories, which were due June 18, 2026.

Defendant Wilhite served responses to Plaintiff's first set of requests for production of documents on October 30, 2025.  Defendant Wilhite served responses to Plaintiff's first set of interrogatories and Plaintiff's first set of requests for admissions on April 15, 2026.  Defendant

Wilhite served responses to Plaintiff's second and third sets of interrogatories on April 27, 2026. Defendant Wilhite served supplemental responses to Plaintiff's first set of interrogatories on May 29, 2026. Defendant Wilhite served supplemental responses to Plaintiff's second and third sets of interrogatories on May 29, 2026. Defendant Wilhite served responses to Plaintiff's first set of requests for production of tangible things on May 8, 2026. Defendant Wilhite served responses to Plaintiff's second set of requests for admission, fourth set of interrogatories, and second set of requests for production of documents on June 25, 2026.

**3.      The amount of document discovery each party provided.**

Plaintiff has produced 172,617 documents, consisting of 637,134 pages.

Defendant Hedrick has produced approximately 73,110 documents, and will be producing more upon the completion of the forensic device download.

Defendant Silanskas has produced 1,294 native documents (largely media files). Pursuant to the Court's Order on Plaintiff's Motion for Approval of a Search Protocol pursuant to the Court's March 19, 2026 Order compelling the forensic collection and production of documents held by Defendant Silanskas (Doc. No. 139), Defendant Silanskas has produced 24,259 documents, consisting of 162,733 pages.

Defendant Wilhite has produced 25,449 documents totaling 132,075 pages, including documents and electronically stored information obtained from Larry Wilhite and Julia Wilhite, as well as records obtained through third-party subpoenas issued to Onvoy, LLC, Pinger, Inc., ADG Blatt, and THG Creative. Records from ADG Blatt were produced within Defendant Wilhite's document production as LW_078192-78197. The documents produced from Larry Wilhite include records from Backstage Ministries (BM_000001-004869).

| Source | Documents | Pages |
|---|---|---|
| Larry Wilhite | 21,119 | 82,856 |
| Julia Wilhite | 4,211 | 44,230 |
| Backstage Ministries | 67 | 4,869 |
| Onvoy | 2 | 20 |
| Pinger | 48 | 98 |
| THG Creative | 2 | 2 |
| **Total** | **25,449** | **132,075** |

**4.     The names and dates of witnesses who have been deposed.**

Plaintiff was deposed on December 8, 2025, and February 12, 2026, in Englewood, Florida, pursuant to notices by Plaintiff and Defendant Wilhite.  All parties participated.

Defendant Silanskas was deposed on February 19, 2026, in Springfield, Missouri, in a deposition aimed at discovering the existence, description, nature, custody, condition, and location of relevant documents (*see* Doc. No. 110).  All parties participated.

Peter Alexander was deposed on March 2, 2026, in Daytona Beach, Florida pursuant to notice by Plaintiff.  Plaintiff, Defendant Wilhite, and Defendant Hedrick participated.  Defendant Silanskas chose not to.

Carol Logan was deposed on March 3, 2026, in Orlando, Florida pursuant to notice by Plaintiff.  Plaintiff, Defendant Wilhite, and Defendant Hedrick participated.  Defendant Silanskas chose not to.

Cameron Dawson was deposed on March 3, 2026 in Orlando, Florida pursuant to notice by Plaintiff.  Plaintiff, Defendant Wilhite, and Defendant Hedrick participated.  Defendant Silanskas chose not to.

Josh Lee was deposed on April 17, 2026 in Vinita, Oklahoma pursuant to notice by Plaintiff.  Plaintiff, Defendant Wilhite, and Defendant Hedrick participated.  Defendant Silanskas chose not to.

Bryan Robinson was deposed on April 22, 2026 in Huntsville, Alabama pursuant to notice by Plaintiff.  Plaintiff, Defendant Wilhite, and Defendant Hedrick participated.  Defendant Silanskas chose not to.

Kristy Adams and Emily Engle were deposed on May 6, 2026 in Kansas City, Missouri pursuant to notice by Defendant Wilhite.  Plaintiff, Defendant Wilhite, and Defendant Hedrick participated.  Defendant Silanskas chose not to.

Anthony Blatt was deposed on May 7, 2026 in Oklahoma City, Oklahoma pursuant to notice by Defendant Wilhite.  Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

Martin Bicknell, 1248 Holdings, LLC, and 1248 Management, LLC were deposed on May 20, 2026 in Overland Park, Kansas pursuant to notice by Defendant Wilhite.  Plaintiff, Defendant Wilhite, and Defendant Hedrick participated.  Defendant Silanskas attended a portion of Martin Bicknell's deposition (Martin Bicknell, Dep. 145:5-12).

Cindy Morris was deposed on May 21, 2026 in Overland Park, Kansas pursuant to notice by Defendant Wilhite.  Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

Danny Sterling and Rusty Cornwell were deposed on May 28, 2026 in Tulsa, Oklahoma pursuant to notice by Plaintiff. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

Debbie Lindquist was deposed on June 1, 2026 in Pasadena, California pursuant to notice by Defendant Wilhite. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

Vincent Silanskas and Anthony Silanskas were deposed on June 2, 2026 in Orlando, Florida and Aaron Hedrick was deposed on June 2, 2026 in Los Angeles, California pursuant to notice by Plaintiff. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

Defendant Hedrick was deposed on June 3, 2026 in Los Angeles, California pursuant to notice by Plaintiff. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

Pinger, Inc. was deposed on June 4, 2026 in San Francisco, California pursuant to notice by Plaintiff. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

OGB Holdings, LLC, Mansion Entertainment Group, LLC, and Bethanie Schmelig were deposed on June 9, 2026 in Tulsa, Oklahoma pursuant to notice by Defendant Wilhite. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

Defendant Wilhite was deposed on June 10, 2026 in Tulsa, Oklahoma pursuant to notice by Plaintiff. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

Julia Wilhite was deposed on June 11, 2026 in Tulsa, Oklahoma pursuant to notice by Plaintiff. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

Defendant Silanskas was deposed on June 16, 2026 in Springfield, Missouri pursuant to notice by Plaintiff. All parties participated.

FORREC U.S., Inc. was deposed on June 18, 2026 in Toronto, Canada pursuant to notice by Defendant Wilhite. Plaintiff, Defendant Wilhite, and Defendant Hedrick participated. Defendant Silanskas chose not to.

**5.      The names of all witnesses that remain to be deposed.**

The parties have agreed that the parties may issue subpoenas for the deposition of Wesley Gene McComb, and take the deposition of Wesley Gene McComb, after the close of fact discovery. (*See* Doc. No. 166).

Plaintiff anticipates that all experts identified by Defendants Silanskas, Wilhite, and Hedrick will also need to be deposed.

Defendant Hedrick anticipates the expert(s) identified by Plaintiff will need to be deposed.

Defendant Silanskas does not presently anticipate noticing any additional fact witness depositions. Defendant Silanskas anticipates that any expert depositions, if necessary, will proceed in accordance with the Court's Scheduling Order and the parties' expert disclosures.

Defendant Silanskas has not identified individuals that he anticipates will need to be deposed.

Defendant Wilhite anticipates the deposition of Wesley Gene McComb and further anticipates that all experts identified by Plaintiff and Defendants Silanskas, Wilhite, and Hedrick will need to be deposed after the close of discovery.

**6.      A list of any subpoenas issued by each party and the number of documents obtained as a result of that subpoena.**

Plaintiff submits the chart attached as Exhibit A listing subpoenas for documents.  Plaintiff has issued subpoenas for deposition to: (1) Carol Logan, (2) Peter Alexander, (3) Cameron Dawson, (4) Josh Lee, (5) Bryan Robinson, (6) Rusty Cornwell, (7) Danny Sterling, (8) Aaron Hedrick, (9) Nathan Hedrick, (10) Anthony Silanskas, (11) Vincent Silanskas, (12) Julia Wilhite, and (13) Pinger, Inc.

Defendant Hedrick has issued subpoenas for documents to Marty Bicknell.  Marty only responded with MB00000047 - MB00000323 and provided objections.

Defendant Silanskas has not issued any subpoenas at this time.

Defendant Wilhite has issued subpoenas for documents to (1) OGB Holdings, LLC (withdrawn and replaced by discovery requests on Plaintiff), (2) Mansion Entertainment Group, LLC (withdrawn and replaced by discovery requests on Plaintiff), (3) Wesley Gene McComb (no documents obtained), (4) South Grand Lakes Chamber of Commerce (no documents obtained), (5) Karl Jones (no documents obtained), (6) Martin Bicknell (no documents obtained), (7) Onvoy Spectrum (2 documents obtained), (8) Pinger, Inc. (48 documents obtained), (9) 1248 Holdings LLC (no documents obtained), (10) 1248 Management LLC (agreed to produce documents, not yet produced), (11) FORREC, Inc. (response pending), and (12) THG Creative (2 documents obtained).  Defendant Wilhite has issued subpoenas for deposition to: (1) Plaintiff O. Gene Bicknell; (2) Michael Nadel, Esq.; (3) Kristy Adams, (4) Emily Engle, (5) Martin Bicknell; (6)

Tony Blatt; (7) 1248 Holdings, LLC's Corporate Representative; (8) 1248 Management, LLC's Corporate Representative; (9) OGB Holdings, LLC's Corporate Representative; (10) Debbie Lindquist; (11) Cindy Morris; (12) Bethanie Schmelig; (13) Mansion Entertainment Group, LLC's Corporate Representative; and (14) FORREC, Inc.'s Corporate Representative.

7. **Any discovery issues that should be brought to the Court's attention at this time.**

Plaintiff states:

1. Defendant Hedrick did not complete a forensic collection of his cell phone until June 15, 2026 and has not produced any documents from that collection. Plaintiff has written to Defendant Hedrick regarding his cell phone production, but Defendant Hedrick has not provided any updates on when he expects to make the production. Plaintiff believes it may be necessary to reopen the deposition of Defendant Hedrick.

2. Plaintiff has encountered problems with Defendant Hedrick's responses to Plaintiff's first set of requests for admission. Plaintiff wrote to Defendant Hedrick about these issues on July 2, 2026.

3. Defendant Silanskas failed to respond to Plaintiff's first set of requests for admission and second set of interrogatories, which were due June 18, 2026. The requests for admission have been thus admitted. Plaintiff will be working with Defendant Silanskas to respond to the second set of interrogatories.

4. At the June 16, 2026 deposition of Defendant Silanskas, Plaintiff learned of additional deficiencies in Defendant Silanskas' productions of documents. Plaintiff wrote to Defendant Silanskas about these issues on June 17, 2026 and followed up subsequently. The parties have not been able to resolve the issues. Plaintiff anticipates filing a motion to compel.

5.      At the June 2, 2026 deposition of Aaron Hedrick, Plaintiff learned that Aaron Hedrick failed to comply with the subpoena dated December 16, 2025 issued to him. Aaron Hedrick testified at his deposition that he never conducted a search of his phone for any documents responsive to the subpoena, despite admitting that he sent text messages related to the Project. Aaron Hedrick also testified that he did not conduct a search of any of his personal email accounts for documents responsive to the subpoena. Plaintiff wrote to Lysbeth George and Jennifer Jackson (who are representing Aaron Hedrick in connection with the subpoena) on this issue on June 23, 2026 and has followed up subsequently.

6.      There has been motion practice in other judicial districts.

a.      In the Northern District of Texas, Defendant Silanskas moved to quash Plaintiff's subpoenas directed to AT&T. Defendant Silanskas' motions were denied. *See Silanskas v. AT&T*, No. 3:26-mc-3-L-BN, Dkt. No. 9 (N.D. Tex. Feb. 13, 2026); *Bicknell v. Silanskas*, No. 3:26-mc-29-S-BN, Dkt. No. 3 (N.D. Tex. Apr. 20, 2026).

b.      In the Northern District of Alabama, Plaintiff moved to compel production of documents by non-party Bryan Robinson, who had previously been convicted and incarcerated for his role in a theme park fraud involving Defendant Silanskas. Plaintiff's motion was granted. *Bicknell v. Robinson*, No. 3:25-mc-02219-MHH, Dkt. No. 13 (N.D. Ala. Jan. 30, 2026).

c.      In the District of Delaware, Defendant Silanskas moved to quash Plaintiff's subpoena directed to AOL Media LLC. *See Silanskas v. AOL Media LLC*, No. 1:26-mc-179 (D. Del.). Defendant Silanskas' motion was filed on April 14, 2026, and AOL Media LLC completed its production on April 28, 2026.

d.      In the Southern District of New York, Plaintiff moved to compel production of telephone records from non-party Verizon Communications Inc. for Defendant Stephen Hedrick

after Verizon declined to produce the records absent either Hedrick's consent or a court order, and Hedrick refused to consent. Verizon did not oppose the motion and agreed to produce the records upon entry of a court order. *Bicknell v. Verizon Communications Inc.*, No. 1:26-mc-00258 (S.D.N.Y.). Plaintiff's motion was filed June 6, 2026.

Defendant Hedrick states:

1.       Hedrick has fully complied with discovery and will object to any attempts to reopen his deposition. Plaintiff has failed to fully respond to discovery, and Marty Bicknell has failed to fully respond to his subpoena. Hedrick is following up with both parties related to these deficiencies. Hedrick was not made aware of the case in the Southern District of New York related to his phone records and will be objecting to the unnecessary and overbroad production of same outside of Verizon's authority.

Defendant Wilhite states:

1.       Defendant Wilhite previously filed a motion to compel discovery regarding Plaintiff's responses to discovery requests concerning, among other things, the Asset Purchase Agreement and related documents effective June 30, 2023, Plaintiff's communications regarding Big Time Production LLC, and certain interrogatories and requests for production. Defendant Wilhite conferred with Plaintiff regarding these issues on March 26 and April 20, 2026. Following a hearing on June 15, 2026, the Court granted Defendant Wilhite's motion in part (ECF No. 168), including as to Interrogatory Nos. 17 and 18, RFP No. 13, RFP No. 15, and RFP Nos. 87–92 and 95–96.  Defendant Wilhite awaits the compelled production.  In light of the Court's ruling, Plaintiff's counsel (as representative for 1248 Management LLC) also agreed to produce certain documents in response to Defendant Wilhite's subpoena to 1248 Management LLC, and Defendant Wilhite awaits that production.

2.     Defendant Wilhite has encountered problems with Plaintiff's privilege log and wrote to Plaintiff about this issue on April 17, 2026, and conferred on May 19, 2026.  Plaintiff stated that he would consider several of Defendant Wilhite's concerns, but has not yet provided a further response.  If Plaintiff does not provide an adequate privilege log voluntarily, Defendant Wilhite may move to compel one.

Defendant Silanskas states:

1.     Defendant Silanskas continues to participate in discovery and has made document productions, participated in the Court-ordered forensic collection, and appeared for deposition as required by the Court's Orders.

2.     During review of the draft Joint Status Report, Defendant Silanskas was unable to locate Plaintiff's Second Set of Interrogatories in his records and promptly advised Plaintiff's counsel. Plaintiff's counsel has since provided another copy, and Defendant Silanskas is reviewing the interrogatories and intends to continue working with Plaintiff's counsel regarding any remaining responses.

3.     Defendant reserves all rights with respect to any disputed discovery matters and any positions asserted by other parties in this Joint Status Report.

Respectfully submitted,

Attorneys for Plaintiff O. Gene Bicknell:

/s/ *Theresa M. Babendreier*

Amelia A. Fogleman
Joseph W. Lang
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800

Michael S. Nadel
Sagar K. Ravi
Rachel M. Peltzer
Theresa M. Babendreier
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Defendant Larry K. Wilhite:

/s/ *J. Christopher Davis* (by permission)

J. Christopher Davis, OBA #16639
Deric J. McClellan, OBA #32827
Crowe & Dunlevy, P.C.
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120
(918) 592-9800
Evan G.E. Vincent, OBA #22325
Galen N. Thorp, OBA #36847
Crowe & Dunlevy, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102
(405) 235-7700

14

Attorneys for Defendant Stephen D. Hedrick:

/s/ *Lysbeth George* (by permission)

Lysbeth George
Jennifer E. Jackson
LIZ GEORGE AND ASSOCIATES
8101 S. Walker, Suite F
Oklahoma City, Oklahoma 73139
(405) 689-5502


Defendant Richard M. Silanskas, Jr., pro se:

/s/ *Richard M. Silanskas Jr.* (by permission)

Richard M. Silanskas, Jr.
1338 Peace in the Valley Road
Blue Eye, Missouri 65611

## CERTIFICATE OF SERVICE

I certify that on July 7, 2026, I caused a copy of the foregoing to be filed using the CM/ECF system, thereby providing notice to all counsel of record and pro se parties, including:

Counsel for Defendant Larry K. Wilhite:

> J. Christopher Davis, Esq.
> Deric McClellan, Esq.
> Crowe & Dunlevy, P.C.
> 222 N. Detroit Avenue, Suite 600
> Tulsa, Oklahoma 74120
>
> Evan G.E. Vincent, Esq.
> Galen N. Thorp, Esq.
> Crowe & Dunlevy, P.C.
> Braniff Building
> 324 North Robinson Avenue, Suite 100
> Oklahoma City, Oklahoma 73102

Counsel for Defendant Stephen D. Hedrick:

> Lysbeth George, Esq.
> Jennifer E. Jackson, Esq.
> Liz George and Associates
> 8101 S. Walker, Suite F
> Oklahoma City, Oklahoma 73139

Defendant Richard M. Silanskas, Jr.:

> Richard M. Silanskas, Jr.
> 1338 Peace in the Valley Road
> Blue Eye, Missouri 65611

/s/ *Theresa M. Babendreier*
Theresa M. Babendreier

16

**Exhibit A**

Subpoenas for Documents Issued by Plaintiff

| Subpoena Recipient | Number of Documents |
| --- | --- |
| Wesley Gene McComb | 7,349 |
| Google, LLC | 99 |
| Yahoo! | 12 |
| Julia Wilhite | 4,211 |
| Rick Allen | 566 |
| Theodore Carlsson | Not Complete |
| Annette Crump | Not Complete |
| Don Hilsen | 657 |
| Craig Hodges | Not Complete |
| Reginald Jarrett | 400 |
| Tim Kirk | Not Complete |
| John Polk | Not Complete |
| Ronald Rodriguez | 119 |
| Scott Sinclair | 0 |
| John Sorenson | Not Complete |
| Tom Turley | 6,471 |
| David Vermeulen | Not Complete |
| Bryan Robinson | 256 |
| Peter N. Alexander | 799 |
| Themed Future Concepts, Inc. | Produced with Alexander |
| The Totally Fun Company | Produced with Alexander |
| Mark C. Snead | Produced with RegionTrack |
| RegionTrack, Inc. | 732 |
| Anthony Silanskas | 791 |
| Fourth West Productions LLC (dba Hungry Cliff) | Produced with Anthony Silanskas |
| Vincent Silanskas | 136 |
| Aaron Hedrick | 966 |
| Nathan Hedrick | 192 |
| Diane Hedrick | 0 |
| Stephanie Silanskas | 0 |
| Backstage Ministries | 67 |
| Christopher J. Belcher | Not Complete |
| Barron International Group, LLC | 1 |
| Misty McComb | Not Complete |
| Robert McDuffey | 0 |
| Carol Logan | 0 |
| Onvoy Spectrum, LLC | 1 |
| University of Central Florida | 2,553 |
| AT&T | 49 |

| Subpoena Recipient | Number of Documents |
|---|---|
| Verizon | 24 |
| Josh D. Lee | 51 |
| Danny Sterling | 242 |
| Rusty Cornwell | 343 |
| Joseph Hiseley | 0 |
| Cameron Kim Dawson | 909 |
| Skydog Productions, Inc | Produced with Dawson |
| James Huckaby | 326 |
| Huckaby Productions, Inc. | Produced with Huckaby |
| Matthew Biggers | 215 |
| Matthew Biggers, LLC | Produced with Biggers |
| Entrust CPAs and Advisors LLC | 11 |
| Pinger, Inc. | 1,318 |
| CenturyLink Communications LLC | 0 |
| Alabama Securities Commission | 14 |
| AOL Media LLC | Produced with Yahoo! |
| Apple Inc. | 0 |
| Walt Disney Imagineering Research & Development, Inc. | 2 |