# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

**O. GENE BICKNELL,**
Plaintiff,

v. Case No. 25-cv-00383-SH

**RICHARD M. SILANSKAS, JR.,**
**LARRY K. WILHITE, and**
**STEPHEN D. HEDRICK,**
Defendants.

# DEFENDANT RICHARD M. SILANSKAS, JR.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS VIA FORENSIC COLLECTION

Defendant Richard M. Silanskas, Jr., appearing **pro se**, respectfully submits this Response in Opposition to Plaintiff's Motion to Compel Production of Documents from Defendant Silanskas Via Forensic Collection (Dkt. 186).

Plaintiff's motion seeks extraordinarily broad relief: forensic access to Defendant's current cellular telephone, a Google account associated with **rmatthew0573@gmail.com**, an updated collection of **ricksilanskas@gmail.com**, and a further deposition concerning material obtained through that collection.

Defendant does not dispute Plaintiff's entitlement to relevant, nonprivileged discovery. Defendant respectfully disputes, however, that Plaintiff has established a sufficient basis for the

**unrestricted forensic examination of Defendant's current personal telephone and electronic accounts** that Plaintiff seeks.

The current telephone is not simply another source of business documents. It is Defendant's **only electronic device** and contains his personal information as well as the electronic materials upon which he has relied in attempting to defend himself as a pro se litigant. The telephone was acquired in December 2025, after Defendant's original telephone was confiscated during a law-enforcement search. Defendant has no separate litigation computer or other electronic device containing his defense materials.

Plaintiff's proposed forensic collection therefore presents an extraordinary intrusion into the only electronic repository Defendant has for his defense and personal information. The discovery rules require relevance and proportionality; they do not automatically entitle a party to unrestricted access to an opposing party's entire personal device merely because responsive information may exist somewhere on it.

For the reasons set forth below, the Court should deny Plaintiff's request for unrestricted forensic collection. At minimum, if the Court determines that additional electronic discovery is warranted, it should require a narrowly tailored collection and search procedure designed to obtain responsive information while protecting Defendant's unrelated personal information and defense materials.

---

## I. THE CURRENT CELL PHONE IS DISTINGUISHABLE FROM THE DEVICES AND ACCOUNTS ADDRESSED BY THE COURT'S PRIOR FORENSIC-COLLECTION ORDER.

The Court previously addressed forensic collection in its March 19, 2026 Order. Dkt. 127.

That Order identified specific "Subject Accounts" and separately ordered Defendant to make available for forensic imaging **electronic devices within his possession, custody, or control that he used in 2021–2024**. Dkt. 127 at 3.

The telephone Plaintiff now seeks to examine is materially different.

Defendant acquired his current telephone in **December 2025**, after his original telephone had been confiscated during a law-enforcement search. This current telephone therefore was not the telephone Defendant used during the 2021–2024 period addressed by Paragraph 8 of the March 19 Order.

After acquiring the current telephone, Defendant had to use it as his only electronic device. It became the location where Defendant maintained his personal information, communications, and materials relating to his defense in this litigation.

Plaintiff now seeks to expand the prior forensic collection order into a forensic examination of that entirely different device.

The existence of a document on the current telephone does not by itself establish that the entire device should be subjected to forensic collection. A targeted means of obtaining the particular responsive document is materially different from giving Plaintiff access to the contents of Defendant's entire personal device.

---

## II. DEFENDANT DOES NOT DISPUTE HIS OBLIGATION TO PRODUCE RESPONSIVE, NONPRIVILEGED DOCUMENTS, BUT PLAINTIFF HAS NOT SHOWN THAT UNRESTRICTED FORENSIC ACCESS IS NECESSARY.

Defendant acknowledges that relevant, nonprivileged documents within his possession, custody, or control must be produced pursuant to the Federal Rules of Civil Procedure and the Court's orders.

The dispute is not whether discovery obligations exist.

The dispute is **how those obligations should be satisfied**.

Plaintiff asks the Court to permit a forensic vendor to collect the entire contents of Defendant's current telephone and specified Google accounts and then search for additional responsive information.

That relief is substantially broader than simply requiring Defendant to produce the electronic version of the 25-page document that was discussed at the June 16 deposition.

Plaintiff has already obtained the hard-copy version of that document. Plaintiff knows what document it is seeking. Plaintiff also knows where Defendant testified that an electronic copy exists.

The existence of one potentially responsive document does not establish that every file, photograph, communication, application, account, password, personal document, or other item on Defendant's current telephone is discoverable.

A targeted collection directed specifically to the electronic version of the document, together with appropriate metadata reasonably necessary to address Plaintiff's stated concerns about its creation and modification, would be substantially less intrusive than forensic access to the entire telephone.

---

## III. THE CIRCUMSTANCES SURROUNDING DEFENDANT'S PERSONAL NOTES SHOULD BE CONSIDERED IN EVALUATING PLAINTIFF'S REQUEST.

Defendant testified that he maintained the personal notes for the purpose of keeping a record of events so that he would not forget them.

Defendant did not understand that his private personal notes would be considered discoverable documents requiring production. He regarded them as his own personal record and as material he maintained in case he eventually needed to defend himself.

That understanding does not mean Defendant is asserting that the Court should excuse every discovery obligation. Rather, it explains why the document was not initially produced.

Importantly, Defendant did ultimately bring the notes to the June 16 deposition.

He did not voluntarily decide, before the deposition, to produce his entire electronic device or all information stored on it. Instead, during the deposition, Plaintiff's counsel insisted that Defendant provide the notes. Defendant initially did not want to turn them over because he regarded them as his personal notes. After a brief period of reflection, Defendant reluctantly provided the hard copy.

Defendant respectfully submits that his eventual production of the hard copy should not be transformed into consent to a forensic examination of the entirety of the device on which an electronic version happens to exist.

The fact that the electronic document exists is one issue. The much broader question of whether Plaintiff should be given forensic access to Defendant's entire current telephone is another.

---

## IV. PLAINTIFF'S CHARACTERIZATION OF DEFENDANT'S FEBRUARY AND JUNE DEPOSITIONS OMITS IMPORTANT CONTEXT.

Plaintiff's Motion places substantial emphasis upon differences between Defendant's February 19, 2026 deposition testimony and his June 16, 2026 testimony.

Defendant does not dispute that his testimony concerning certain matters changed between the two depositions. He respectfully asks the Court, however, to consider the circumstances underlying that change rather than viewing the February testimony in isolation.

At the time of the February deposition, Defendant was experiencing intense fear concerning Plaintiff, the history of his relationship with Plaintiff, and what Defendant believed Plaintiff was capable of doing in response to disclosures Defendant might make.

Defendant was afraid not only for himself but also for his family. Defendant's fear was based upon what he describes as repeated threats and conduct during his relationship with Plaintiff.

That fear affected Defendant's ability and willingness to disclose the full truth during the February deposition.

Defendant recognizes that he should have answered differently. He does not offer his fear as an excuse for inaccurate testimony. He offers it as an explanation for why his February testimony was incomplete and why he subsequently made a different decision.

When the June 16 deposition approached, Defendant made the difficult decision that he needed to tell the complete truth notwithstanding the fear that continued to affect him.

He therefore provided substantially fuller testimony during the June deposition, including information that he had previously withheld.

Plaintiff now characterizes that testimony almost exclusively as evidence of dishonesty and uses it as a basis for arguing that Defendant cannot be trusted to conduct discovery himself.

Defendant respectfully disagrees with that characterization.

The fact that Defendant ultimately chose to disclose information that he had previously withheld does not establish that unrestricted forensic access to his entire current telephone is necessary or proportional.

Indeed, the June deposition demonstrates that when Defendant was directly questioned, he ultimately provided the information Plaintiff sought.

The Court should therefore distinguish between Plaintiff's legitimate entitlement to relevant discovery and Plaintiff's proposed remedy of obtaining unrestricted forensic access to Defendant's sole electronic device.

---

## V. PLAINTIFF'S REQUEST GOES FAR BEYOND THE ELECTRONIC VERSION OF THE NOTES.

Plaintiff's Motion begins with a request for the electronic version of Defendant's notes.

That request is understandable and can be addressed directly.

But Plaintiff then asks for substantially broader relief: forensic collection of the entire current cell phone, forensic collection of the Google account associated with rmatthew0573@gmail.com, an updated collection of ricksilanskas@gmail.com, and a further search for "any other responsive information."

That requested relief is not limited to the notes.

It would potentially expose the entirety of Defendant's current electronic life, including information having nothing to do with the American Heartland Project, Plaintiff, or the claims and defenses in this action.

The current telephone contains Defendant's personal information and his defense materials. It is the only electronic device available to Defendant.

As a pro se litigant, Defendant has no attorney-maintained litigation system or separate litigation computer. His ability to prepare and present his defense depends upon the materials maintained on this device.

Allowing unrestricted forensic access would therefore create a burden substantially different from ordinary document discovery.

It could expose unrelated personal information and materials prepared by Defendant in attempting to understand, organize, and defend this litigation.

Plaintiff has not demonstrated why a narrower procedure would be inadequate.

---

## VI. THE COURT'S PRIOR SEARCH-PROTOCOL ORDER SUPPORTS A NARROWER APPROACH.

The Court's April 20, 2026 Order approving the prior search protocol is significant.

Dkt. 139 did not simply authorize unrestricted disclosure of everything collected. Instead, it established a procedure under which collected ESI would be loaded into an Early Case Assessment workspace, specified search criteria would be run against the collected ESI, and responsive ESI would then be identified and made available to Plaintiff's counsel.

Dkt. 139 at 1–2.

That structure reflects an important principle: **collection and disclosure are not necessarily the same thing.**

If the Court determines that additional collection is appropriate, Defendant respectfully requests that the same principle be applied here.

At minimum:

1. The collection should be limited to the specific account, application, document, or data source reasonably necessary to locate the electronic version of the notes and other specifically identified responsive ESI.
2. The collection should not provide Plaintiff or Plaintiff's counsel unrestricted access to Defendant's entire current telephone.
3. Any search should utilize a Court-approved protocol reasonably tailored to the actual discovery requests.
4. Nonresponsive personal information should not be disclosed to Plaintiff.
5. Any responsive materials should remain subject to the Court's existing Protective Order.
6. Defendant should be afforded an opportunity to raise appropriate objections concerning personal, confidential, privileged, or otherwise protected information before such information is disclosed.

A targeted procedure would protect both parties' legitimate interests: Plaintiff's interest in obtaining responsive discovery and Defendant's interest in preventing an unnecessary invasion into the only electronic device containing his personal and defense information.

---

## VII. PLAINTIFF HAS NOT ESTABLISHED THAT A FORENSIC EXAMINATION OF THE ENTIRE CURRENT PHONE IS PROPORTIONAL TO THE NEEDS OF THIS CASE.

Rule 26(b)(1) requires discovery to be relevant and proportional to the needs of the case.

The proportionality analysis is particularly important here because Plaintiff does not merely seek production of an identified document. Plaintiff seeks access to the entire contents of Defendant's current telephone and additional electronic accounts.

Several circumstances weigh against such broad relief.

First, the current telephone was acquired only after Defendant's original telephone was confiscated in December 2025.

Second, the current telephone is Defendant's only electronic device.

Third, it contains both litigation-related material and extensive unrelated personal information.

Fourth, Plaintiff already possesses the 25-page hard-copy document that forms the principal basis for the present motion.

Fifth, Plaintiff has not established that a targeted production of the electronic document and reasonably necessary metadata would be inadequate.

Sixth, the Court's prior forensic orders involved specific accounts and, as to devices, expressly addressed devices used during the 2021–2024 period. Plaintiff now seeks a materially broader collection from a device acquired after that period.

Seventh, Plaintiff's concern about the creation and modification dates of the notes can potentially be addressed through narrowly tailored metadata production without giving Plaintiff unrestricted forensic access to the entire device.

For these reasons, the requested forensic collection is disproportionate to the specific discovery dispute presented.

---

## VIII. PLAINTIFF'S REQUEST FOR ANOTHER DEPOSITION SHOULD BE DENIED OR DEFERRED.

Plaintiff also requests leave to depose Defendant again concerning material that may be obtained through the proposed forensic collection.

That request is premature.

No forensic collection has yet occurred, and no newly collected material has yet been identified.

The Court therefore cannot presently know what, if anything, additional discovery would be necessary.

If the Court orders some limited additional production, Defendant respectfully requests that any decision concerning another deposition be deferred until after the production is completed and Plaintiff identifies a specific, nonduplicative need for further testimony.

Defendant has already appeared for multiple depositions, including the February 19 and June 16 depositions. The June deposition was extensive and addressed the very subjects Plaintiff now identifies.

A further deposition should not be authorized merely as an automatic consequence of Plaintiff obtaining additional discovery.

If Plaintiff later identifies genuinely new, nonduplicative information that could not reasonably have been addressed during the June deposition, Defendant respectfully requests that the Court address that issue at that time.

---

## IX. DEFENDANT'S PRO SE STATUS AND THE EXTRAORDINARY BURDEN OF THE REQUEST SHOULD BE CONSIDERED.

Defendant is proceeding without counsel.

He has attempted to comply with the Court's discovery orders while simultaneously managing this litigation without an attorney and under circumstances that have been extraordinarily difficult for him.

Defendant acknowledges the Court's prior concerns regarding his discovery efforts and does not seek to relitigate those prior rulings.

He respectfully asks only that the remedy imposed now be proportional to the actual discovery issue presented.

A forensic examination of Defendant's sole electronic device is an extraordinary measure.

For Defendant, the consequences are particularly significant because the device is not merely a repository of potentially discoverable information. It is also the only electronic repository of the materials Defendant uses to prepare and maintain his defense.

Ordering unrestricted access could effectively deprive a pro se litigant of control over the only electronic source containing his defense work and personal information.

The Court can protect Plaintiff's legitimate discovery rights without imposing that extraordinary burden.

---

# X. REQUESTED RELIEF

For the foregoing reasons, Defendant respectfully requests that the Court **DENY Plaintiff's Motion to Compel Production of Documents from Defendant Silanskas Via Forensic Collection (Dkt. 186)** to the extent Plaintiff seeks unrestricted forensic collection of Defendant's current cellular telephone and Google accounts.

Alternatively, if the Court determines that additional electronic discovery is warranted, Defendant respectfully requests that the Court:

1. Limit any collection to the specific electronic version of the notes and other reasonably identified responsive ESI;
2. Prohibit unrestricted access to the entirety of Defendant's current cellular telephone;

3. Require a narrowly tailored search protocol before any responsive information is disclosed;
4. Protect nonresponsive personal information from disclosure;
5. Maintain all responsive ESI under the existing Protective Order;
6. Require that any forensic collection be conducted at Plaintiff's expense;
7. Defer any determination concerning another deposition until after any additional production has occurred and Plaintiff demonstrates a specific, nonduplicative need for further testimony; and
8. Grant such other and further relief as the Court deems just and appropriate.

Defendant respectfully submits that he is not asking to avoid discovery. He is asking that discovery be conducted in a manner that obtains relevant information without giving Plaintiff unrestricted access to the only electronic device upon which Defendant presently maintains his defense and personal information.

Respectfully submitted,

8-21-26

**/s/ Richard M. Silanskas, Jr.**
Richard M. Silanskas, Jr.
Defendant, pro se
1338 Peace In Valley Rd

Blue Eye, Missouri 65611

417-213-1820

rmatthew0573@gmail.com

---

---

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August 2026 a true and correct copy of the foregoing Response to Plaintiffs Opposition was served via US Mail upon:

AMELIA A FOGLEMAN OBA NO. 16221
Gable-Gotwals
110 N Elgin Ave. Suite 200
Tulsa, Oklahoma 74120

J. CHRISTOPHER DAVIS
Crowe and Dunlevy PC
222 N Detroit Ave
Suite 600
Tulsa, Oklahoma 74120

LYSBETH GEORGE
Liz George and Associates
8101 South Walker
Suite F