IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | Case No. 25-cv-00383-SH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD M. SILANSKAS JR. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANT SILANSKAS VIA FORENSIC COLLECTION**

Plaintiff respectfully replies in support of his motion for an order (i) compelling Defendant Silanskas to produce, via a forensic collection by Plaintiff from his cell phone and Google accounts, any electronic versions of the so-called "notes" that he supposedly maintained regarding this dispute but did not produce in discovery, as well as other relevant documents that he has not produced; and (ii) granting leave to depose Silanskas on the newly produced material when production is complete.

1. In his opposition, Silanskas objects to "the unrestricted forensic examination of Defendant's current personal telephone and electronic accounts." (Dkt. No. 187 at 1-2.) That is not the relief Plaintiff seeks. As set forth in Plaintiff's proposed order, Plaintiff requests a forensic collection subject to the same restrictions as the prior court-ordered collection. (Dkt. Nos. 186-3, 139.) As before, a reputable eDiscovery vendor would collect Silanskas's electronically stored information. (Dkt. No. 186-3 at 2-3.) The technical eDiscovery team at one of Plaintiff's law firms would search the electronically stored information using a protocol already approved by the Court and by Silanskas. (*Id.* at 3.) Plaintiff's attorneys would not have access to non-responsive

information. (*Id.*) Silanskas would have the opportunity to avail himself of the Stipulated Protective Order. (*Id.*) This process provided Silanskas sufficient protection in the past. Silanskas appears to *agree*, writing:

> The Court's April 20, 2026 Order approving the prior search protocol is significant.
>
> Dkt. 139 did not simply authorize unrestricted disclosure of everything collected. Instead, it established a procedure under which collected ESI would be loaded into an Early Case Assessment workspace, specified search criteria would be run against the collected ESI, and responsive ESI would then be identified and made available to Plaintiff's counsel.
>
> Dkt. 139 at 1–2.
>
> That structure reflects an important principle: **collection and disclosure are not necessarily the same thing.**
>
> If the Court determines that additional collection is appropriate, Defendant respectfully requests that the same principle be applied here.

(Dkt. No. 187 at 6.) That is exactly what Plaintiff has requested. The Court should order forensic collection from Silanskas's phone and Google accounts using the same protocol as before.

2. Silanskas protests that his current telephone is his "only electronic device and contains his personal information as well as the electronic materials upon which he has relied in attempting to defend himself as a pro se litigant." (*Id*. at 2.)

First, it does not matter that Silanskas's current phone is his only electronic device. Plaintiff is not seeking to deprive Silanskas of his phone—Plaintiff's motion simply seeks to collect the responsive electronically stored information stored on it. Critically, Silanskas's original phone, which he used in 2024, was subject to the Court's original forensic collection order. (Dkt. No. 127 at 3-4.) Nothing was collected from it because it was seized by law enforcement. Silanskas has a new phone because his original phone was seized. And Silanskas testified that he transferred data that was stored on his original phone to his new phone. (Dkt. No. 186-2 at 120:22-122:11 ("[W]hatever I had, I downloaded to this phone.").) The Court should not permit him to block discovery that otherwise would have occurred but for the seizure.

Second, the protocol Silanskas previously agreed to and the Court previously approved would protect any "personal information," just as it did before.

Third, the existence of "electronic materials upon which [Silanskas] has relied" is precisely why the relief Plaintiff seeks is necessary. Silanskas is withholding the materials on which he has relied for his defense—the very documents Plaintiff must discover. Silanskas withheld his "notes" because he viewed them as part of his defense. (Dkt. No. 187 at 4.) But they were not subject to work product protection. Silanskas "maintained the personal notes for the purpose of keeping a record of events so that he would not forget them." (*Id.*) Silanskas has not lodged any claim of work product or identified any documents that might be subject to any protection. And now he indicates in his opposition that his phone contains other "defense materials" besides the "notes." The Court-approved protocol—not Silanskas—should determine which of those materials should be produced. (*Id.* at 6.) The requested collection is the only reliable way for that to occur.

3. Silanskas protests that the discovery rules "do not automatically entitle a party to unrestricted access to an opposing party's entire personal device merely because responsive information may exist somewhere on it." (*Id.* at 2.) This is a straw man twice over. Plaintiff is not seeking unrestricted access to Silanskas's personal device. Nor is this a situation where responsive information *may* exist somewhere on it. Silanskas admits that information beyond the "notes"—including what he calls his "defense materials"—is on his phone. And the requested forensic collection here is occasioned not just by the existence of responsive information but by Silanskas's repeated discovery failures and unreliability—demonstrated most recently by his admissions to lying under oath at a deposition authorized to address his discovery failures.

4. Silanskas complains that the requested relief is "broader than simply requiring [him] to produce the electronic version of the 25-page document that was discussed at the June 16 deposition." (*Id*. at 3.) Plaintiff's motion explained why broader relief is necessary.

First, "self collection by a layperson of information on an electronic device is highly problematic and raises a real risk that data could be destroyed or corrupted." *In re Abilify (Aripiprazole) Prods. Liab. Litig.*, No. 3:16-MD-2734, 2017 WL 9249652, at *3 (N.D. Fla. Dec. 7, 2017). Silanskas's repeated discovery failures demonstrate that self-collection is not a reliable option here. That is why this matter is before the Court. Silanskas offers no response on this point.

Second, Silanskas cannot be trusted to accurately represent what responsive documents exist or what steps he has taken to collect them. Silanskas already falsely represented in his discovery responses that he had produced *all* responsive material. And he has given false sworn testimony, as he now admits. Even as he does so, he compounds the problem. Silanskas's February testimony was not "incomplete." (*See* Dkt. No. 187 at 5.) It was false. Silanskas testified that he did not create the catherinesister909@yahoo.com and heavendirectword@gmail.com accounts that sent Sister Catherine and Todays Word messages and that he didn't know who did. (Dkt. No. 186-1 at 97:20-98:1, 138:12-139:6.) But he created and operated those accounts, as well as other "Sister Catherine" email accounts. (Dkt. No. 186-2 at 157:8-158:5, 204:2-6, 205:18-21, 231:16-19, 293:8-16.) He testified untruthfully, as he expressly admitted in June. (*Id.* at 294:9-296:15, 298:20-301:7.) Now, Silanskas *boasts* that in June he "chose to disclose information that he had previously withheld." (Dkt. No. 187 at 5.) He made the "difficult decision" to "tell the complete truth." *Id.* By his own depiction, Silanskas decides for himself what information to withhold, when he feels comfortable revealing it, when he'll lie, and when he'll tell the truth. The point here is not that Silanskas is dishonest but that neither Plaintiff nor the Court can rely on him

to comply with a collection order and accurately account for what he has done. Discovery cannot be left to Silanskas's discretion. Silanskas offers no response on this point either.

And now Silanskas's opposition brief provides a third reason why broader relief is necessary: He admits that there is more than just the electronic version of the 25-page "notes" document on his phone—including what he calls his "defense materials." (Dkt. No. 187 at 6.) That is precisely why limiting a collection "specifically to the electronic version of the document, together with appropriate metadata reasonably necessary to address Plaintiff's stated concerns about its creation and modification" (*Id.* at 3) would be insufficient. It would leave potentially responsive material uncollected and unsearched.

5. Silanskas objects to Plaintiff's request to depose him concerning newly produced information on the grounds that the request is premature. Silanskas contends that "no newly collected material has yet been identified." (*Id.* at 8.) But the electronic version of the 25-page "notes" document and its associated metadata as well as Silanskas's other "defense materials" have been identified. At a minimum, Plaintiff should be able to depose Silanskas on that material. And if additional responsive material is collected and produced, Plaintiff should be able to depose Silanskas on that material without further motion practice. No additional motion practice is necessary, and Plaintiff should not have to incur additional expense to remedy Silanskas's discovery misconduct.

Silanskas writes that he "has already appeared for multiple depositions." (*Id.*) The first deposition was necessitated by Silanskas's discovery failures. The Court found:

> Plaintiff has issued written discovery and made numerous attempts to informally meet and confer with Silanskas to obtain voluntary answers to its questions. Silanskas has failed to engage in that voluntary process. It would be unreasonable to expect Plaintiff to conduct its only deposition of Silanskas as to all issues in this case

> without having an opportunity to determine these preliminary issues regarding the documents.

(Dkt. No. 110 at 2.) The requested additional deposition would likewise be necessitated only by Silanskas's misconduct: he did not produce the electronic 25-page document when he represented that he had produced all responsive documents, or at any time thereafter.

Ultimately, the inquiry under Federal Rule of Civil Procedure 30(a)(2) is whether leave for an additional deposition is consistent with Rule 26(b)(2). The Court need not predict in advance what questions will be asked. Once new material is produced after the witness's deposition because of his own discovery failure (as opposed to a litigant choosing to take a deposition early in discovery), permitting examination to cover the new material is ordinary.

* * *

Silanskas's excuses for his discovery failures and for his prior false testimony are not germane to the issue now before the Court. Plaintiff's motion does not seek sanctions against Silanskas, and Plaintiff's proposed order is not punitive. Plaintiff is simply trying to extract from Silanskas the basic and fundamental discovery he has sought since the beginning of this case. The requested relief—the protocol to which Silanskas previously agreed and the Court approved, expanded to the devices and accounts where the "notes" and other potentially discoverable material reside—would facilitate Plaintiff receiving the discovery to which he is entitled. Silanskas's proposed limitations would further thwart full discovery. The Court should grant Plaintiff's motion.

August 24, 2026

Respectfully submitted,

/s/ *Michael S. Nadel*

Amelia A. Fogleman
Joseph W. Lang
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800

Michael S. Nadel
Sagar K. Ravi
Jennifer B. Routh
Rachel M. Peltzer
Theresa M. Babendreier
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Plaintiff O. Gene Bicknell

CERTIFICATE OF SERVICE

I certify that on August 24, 2026, I caused a copy of the foregoing to be filed using the CM/ECF system, thereby providing notice to all counsel of record and pro se parties, including:

Defendant Richard M. Silanskas Jr.:

Richard M. Silanskas Jr.
1338 Peace in the Valley Road
Blue Eye, Missouri 65611

Counsel for Defendant Larry K. Wilhite:

J. Christopher Davis, Esq.
Deric McClellan, Esq.
Crowe & Dunlevy, P.C.
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120

Evan G.E. Vincent, Esq.
Galen N. Thorp, Esq.
Crowe & Dunlevy, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102

Counsel for Defendant Stephen D. Hedrick:

Lysbeth George, Esq.
Jennifer Jackson, Esq.
Liz George and Associates
8101 S. Walker, Suite F
Oklahoma City, Oklahoma 73139

/s/ *Michael S. Nadel*
Michael S. Nadel