**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| O. GENE BICKNELL,<br><br>Plaintiff and Counterclaim Defendant,<br>v.<br><br>RICHARD M. SILANSKAS, JR. and LARRY K. WILHITE,<br><br>Defendants,<br><br>and<br><br>STEPHEN D. HEDRICK,<br><br>Defendant and Counterclaimant. | ) | Case No. 25-cv-00383-SH |

**ORDER**

Before the Court is Plaintiff's motion to compel forensic collection and production of documents from Defendant Richard M. Silanskas, Jr. The Court finds that Silanskas has again failed to comply with his discovery obligations.

IT IS THEREFORE ORDERED that *Plaintiff's Motion to Compel Production of Documents from Defendant Silanskas Via Forensic Collection* (Dkt. No. 186) is GRANTED. The Court ORDERS as follows:

1. Effectively immediately, Silanskas shall preserve, and shall not delete, modify, or alter any data or documents and must disable any auto-delete setting on any cell phone or in the rmatthew0573@gmail.com or the ricksilanskas@gmail.com accounts (both together the "Subject Accounts") pending further order of the Court. For purposes of this Order and the forensic collection being conducted by Plaintiff, the term "Subject Accounts" include any Google services associated with the rmatthew0573@gmail.com or

ricksilanskas@gmail.com accounts, including but not limited to Google Drive, Google Docs, Google Sheets, Google Calendar, and Google Tasks.

2. Plaintiff may arrange a forensic collection of Silanskas's cell phone(s) and the Subject Accounts. The collection shall be performed by a reputable e-discovery vendor selected and engaged by Plaintiff (the "Vendor"). The Vendor is authorized to access Silanskas's cell phone(s) and the Subject Accounts solely for purposes of preservation and collection under this Order.

3. Upon request from the Vendor, Silanskas shall fully cooperate with any login verification steps reasonably required to complete collection from his cell phone(s) and the Subject Accounts, including but not limited to:

- identifying and providing the Vendor with physical access to all cell phone(s) in Silanskas's possession, custody and control;
- provision of passwords, security codes and biometrics;
- resetting passwords, if necessary, to access the Subject Accounts;
- two-factor authentication (2FA) codes;
- device prompts;
- account recovery confirmations; and
- temporary disabling or suspension of 2FA, if reasonably necessary and approved by the Vendor for the shortest time necessary.

Full cooperation by Silanskas includes same-day response to communications from the Vendor and/or Plaintiff's counsel regarding the collection and also includes making himself available for working sessions of the length required to permit the Vendor to access Silanskas's cell phone(s) and the Subject Accounts and collect from them on a

schedule proscribed by the Vendor. Silanskas shall not change the password, recovery settings, or security settings for his cell phone(s) or the Subject Account until the Vendor confirms that collection is complete, except at the Vendor's direction.

4. The Vendor shall collect a forensically sound export of the full contents of Silanskas's cell phone(s) and the Subject Accounts sufficient to preserve all emails (including attachments) and associated metadata and other documents or electronically stored information to the extent reasonably accessible. The Vendor may use any commercially reasonable and forensically defensible method to collect Silanskas's cell phone(s) and the Subject Accounts, including direct account login and export tools.

5. The Vendor shall provide copies of the electronically stored information collected from Silanskas's cell phone(s) and the Subject Accounts to Plaintiff (the "Collected ESI"). Upon completion of the collection of Silanskas's cell phone(s) and the Subject Accounts, the Collected ESI shall be searched and produced in accordance with the Court's April 20, 2026 Order (Dkt. No. 139). This collection and production does not waive Silanskas's right to assert attorney-client privilege or that documents are protected as trial preparation materials under Fed. R. Civ. P. 26(b)(3). Within 7 days of Silanskas's receipt of the Responsive ESI (*see* Dkt. No. 139 at 2), he shall notify Plaintiff of any documents within the Responsive ESI that he asserts are privileged or protected trial preparation materials. No party may use such designated materials unless and until they obtain a court order that such materials are not privileged or protected.

6. The Vendor's activities pursuant to this Order shall be at Plaintiff's expense.

7. Leave is granted for Plaintiff to depose Silanskas on the "notes" and any documents provided to Plaintiff pursuant to this Order. Silanskas shall appear for deposition upon notice by Plaintiff providing reasonable notice of at least seven days.

Plaintiff may opt to take the deposition in Tulsa. The Court finds that this deposition is necessitated by Silanskas's failure to produce the documents responsive to Plaintiffs' requests in a timely fashion. Silanskas shall be required to reimburse Plaintiff for reasonable court reporter costs associated with conducting and transcribing the deposition. Plaintiff may also file a motion for expenses under Fed. R. Civ. P. 37(a)(A).

ORDERED this 28th day of August, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT