# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF OKLAHOMA

**O. GENE BICKNELL,**
Plaintiff and Counterclaim Defendant,

v.

**RICHARD M. SILANSKAS, JR. and LARRY K. WILHITE,**
Defendants,

and

**STEPHEN D. HEDRICK,**
Defendant and Counterclaimant.

Case No. **25-cv-00383-SH**

## DEFENDANT RICHARD M. SILANSKAS, JR.'S OBJECTION TO MAGISTRATE JUDGE'S AUGUST 28, 2026 ORDER (DKT. NO. 189) AND MOTION TO STAY PENDING REVIEW

Defendant Richard M. Silanskas, Jr., appearing pro se, respectfully objects pursuant to Federal Rule of Civil Procedure 72(a) to the Magistrate Judge's August 28, 2026 Order (Dkt. No. 189) and respectfully moves for a stay of that Order pending review by the District Judge.

Defendant does not seek to avoid his discovery obligations. He has preserved the electronically stored information at issue and intends to continue complying with the Court's preservation requirements. His objection concerns the **breadth and method of the forensic collection authorized by Dkt. No. 189**, particularly the collection of the full contents of his current cell

phone and the absence of the temporal limitation that was expressly applied to electronic devices in the Court's prior Order, Dkt. No. 127.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) provides that, when a party timely objects to a magistrate judge's order on a nondispositive matter, the district judge must consider the objection and modify or set aside any portion of the order that is clearly erroneous or contrary to law.

The issue presented here is whether the scope and method of forensic collection authorized by Dkt. No. 189 is appropriately limited and proportional to the discovery needs of this case under Federal Rule of Civil Procedure 26.

## II. DEFENDANT IS NOT REFUSING DISCOVERY; THE OBJECTION CONCERNS THE BREADTH AND METHOD OF COLLECTION

Defendant has preserved the electronically stored information identified by the Court and has not deleted, altered, or destroyed responsive information.

Defendant has also cooperated with prior forensic collection efforts, including providing access and assisting with account access and security requirements.

Defendant therefore does not ask the Court to eliminate appropriate forensic discovery. Instead, he respectfully requests that the Court require a procedure reasonably tailored to the claims, defenses, discovery requests, and relevant time period.

The distinction is important because compliance with discovery obligations and the scope of a particular forensic collection method are separate issues. Defendant seeks to comply with discovery while avoiding an unnecessarily broad acquisition of information that is not relevant to the historical period or discovery requests at issue.

## III. DKT. NO. 127 EXPRESSLY LIMITED FORENSIC IMAGING OF ELECTRONIC DEVICES TO DEVICES USED DURING 2021–2024

The Court's prior Order, Dkt. No. 127, expressly addressed forensic imaging of electronic devices.

Paragraph 8 of that Order provided:

"Silanskas shall make available to the Vendor for forensic imaging any electronic device within his possession, custody, or control that he used in 2021–2024."

That language imposed a specific temporal limitation on the devices subject to forensic imaging.

Dkt. No. 189 materially changes that limitation. Paragraph 2 authorizes forensic collection of Defendant's "cell phone(s)," and paragraph 4 directs the vendor to collect a forensically sound export of the **full contents** of those phones.

Defendant's current cell phone was acquired after the 2021–2024 period addressed in Dkt. No. 127. It therefore is not an electronic device that Defendant used during the period expressly identified in paragraph 8 of that Order.

The difference is significant. Dkt. No. 127 specifically tied device imaging to devices used during 2021–2024, while Dkt. No. 189 authorizes collection of the full contents of Defendant's current cell phone without that temporal limitation.

Defendant respectfully submits that this substantial expansion in the scope of device collection warrants review under Rule 72(a).

## IV. THE CURRENT CELL PHONE CONTAINS INFORMATION THAT DID NOT EXIST DURING THE HISTORICAL PERIOD AT ISSUE

The current cell phone necessarily contains information generated after the 2021–2024 period, including communications, documents, account information, applications, and other personal information that did not exist during the historical period addressed by Dkt. No. 127.

The current device is also used for Defendant's present-day personal, communications, and necessary medical functions.

Defendant does not contend that information on a current device is categorically beyond discovery. Rather, the fact that the device contains substantial information unrelated to the historical period demonstrates why collection of its **entire contents** should be approached through a narrowly tailored process.

A targeted collection or search can preserve relevant information without unnecessarily subjecting the entirety of a current personal device to forensic acquisition.

## V. DKT. NO. 189 AUTHORIZES COLLECTION OF THE FULL CONTENTS BEFORE RESPONSIVE INFORMATION IS IDENTIFIED

Paragraph 4 of Dkt. No. 189 directs the vendor to collect a forensically sound export of the **full contents** of the cell phones and Subject Accounts.

Paragraph 5 then provides that the collected ESI will be searched and produced under Dkt. No. 139 and recognizes that the collection and production process does not waive attorney-client privilege or trial-preparation protection.

Defendant appreciates those protections. Nevertheless, the breadth of the initial acquisition remains relevant.

A full forensic acquisition necessarily brings a much broader universe of personal information into the collection process before responsive information has been identified and separated from nonresponsive information.

The existence of a later search and privilege-review process does not eliminate the proportionality question presented by the initial collection itself.

Defendant therefore respectfully requests that the Court consider whether the same discovery objectives can be accomplished through a more targeted collection and search procedure.

## VI. THE COURT'S PRIOR ORDER DEMONSTRATES THE VALUE OF A TAILORED SEARCH PROTOCOL

The Court previously required a reasonably tailored search process.

Paragraph 7 of Dkt. No. 127 provided that, after collection, the parties were to confer concerning a **"reasonably tailored search protocol"** responsive to the outstanding requests for production, after which the proposed protocol was to be submitted to the Court and approved before searching commenced.

That approach recognizes an important distinction between collecting information and determining what information is appropriately searched and produced.

Defendant respectfully requests that a similar principle be applied to the current-device collection. Rather than authorizing unrestricted collection of the full contents of a current personal device without a temporal limitation, the Court could require a protocol addressing the relevant time period, categories of information, search terms or other appropriate filtering criteria, and procedures for privileged or trial-preparation materials.

## VII. THE SCOPE OF DKT. NO. 189 SHOULD BE CONSIDERED UNDER RULE 26'S PROPORTIONALITY REQUIREMENT

Federal Rule of Civil Procedure 26(b)(1) limits discovery to nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case.

Rule 26(b)(2)(C) further requires the Court to limit discovery when the proposed discovery is unreasonably cumulative or duplicative, can be obtained from another source that is more convenient or less burdensome, or when the burden or expense of the proposed discovery outweighs its likely benefit.

Several circumstances support a narrower approach here:

1. Dkt. No. 127 expressly limited forensic imaging of electronic devices to devices used during 2021–2024.
2. Defendant's current cell phone was acquired after that historical period.

3. The current device contains substantial information generated after the relevant historical period.
4. The current device contains personal information unrelated to the claims and defenses.
5. The Order authorizes collection of the device's full contents rather than limiting the initial acquisition to identified responsive information.
6. The device is presently used for necessary personal and communications functions.
7. The discovery objectives can potentially be accomplished through a targeted collection and search procedure.

Taken together, these circumstances warrant review of whether the breadth of Dkt. No. 189 is proportional to the needs of the case.

## VIII. A NARROWER ALTERNATIVE WOULD NOT PREVENT DISCOVERY

Defendant is not asking the Court to prohibit all forensic collection.

Instead, Defendant respectfully requests that the Court modify the procedure to provide reasonable limitations, including, as appropriate:

- a relevant temporal limitation;
- identification of the categories of information subject to collection;
- reasonably tailored search terms or other defensible filtering procedures;
- procedures for separating nonresponsive personal information;
- procedures for identifying and protecting attorney-client privileged material and, where applicable, work-product or trial-preparation material;
- collection conducted in Defendant's presence;
- preservation of the device while permitting Defendant continued access to necessary personal and communications functions; and
- any other safeguards the Court determines appropriate.

Such a procedure would permit Plaintiff to obtain relevant discovery while reducing the unnecessary collection of unrelated current information.

## IX. THE PRIVILEGE AND TRIAL-PREPARATION PROTECTIONS IN DKT. NO. 189 SHOULD BE PRESERVED

Defendant recognizes that Dkt. No. 189 expressly provides that collection and production do not waive attorney-client privilege or trial-preparation protection under Federal Rule of Civil Procedure 26(b)(3).

Defendant does not assert that every document or communication on his device is privileged.

He respectfully requests, however, that any modified collection procedure preserve his right to assert attorney-client privilege and, where applicable, work-product or trial-preparation protection over materials that independently qualify for those protections.

A narrower collection procedure would make that review more manageable while still allowing relevant nonprivileged information to be produced.

## X. A STAY IS NECESSARY WHILE THE OBJECTION IS UNDER REVIEW

Defendant respectfully requests an **immediate stay** of Dkt. No. 189 pending review by the District Judge.

Under Local Civil Rule 37-2(f), the filing of an objection does not itself stay compliance with a discovery order. A stay therefore must be specifically entered by the Court.

A stay is particularly appropriate here because the forensic collection authorized by Dkt. No. 189 is currently scheduled for **September 16, 2026**. The collection would occur only five days after the filing of this objection and before the District Judge may have an opportunity to resolve the objection. Once the full contents of a current personal device have been forensically acquired and transferred to a vendor or opposing party, the practical consequences of that acquisition cannot readily be undone.

A temporary stay would preserve the status quo while the District Judge determines whether the scope of Dkt. No. 189 should be modified.

Defendant will continue to preserve the relevant electronically stored information during the pendency of the objection and does not seek permission to delete, alter, or destroy any information.

## XI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the District Judge sustain his objection to Dkt. No. 189, or modify the Order to impose reasonable limitations on the forensic collection.

In particular, Defendant respectfully requests that the Court recognize the material distinction between the prior forensic-device provision in Dkt. No. 127 and the current provision in Dkt. No. 189:

**Dkt. No. 127 expressly addressed electronic devices used during 2021–2024, whereas Dkt. No. 189 authorizes forensic collection of Defendant's current cell phone(s) without that temporal limitation and directs collection of their full contents.**

Defendant therefore respectfully requests that the Court:

1. **Sustain Defendant's objection** to the scope of Dkt. No. 189;
2. **Immediately stay Dkt. No. 189 pending review** by the District Judge;
3. **Modify or set aside the authorization for unrestricted collection of the full contents of Defendant's current cell phone(s);**

4. Require, if forensic collection is permitted, a **reasonably tailored collection and search protocol** addressing the relevant time period, categories of information, responsiveness, and privilege/trial-preparation protections;
5. Permit Defendant continued access to his current device for necessary personal, communications, and other ordinary functions while preserving the information subject to discovery; and
6. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

9-11-26

**RICHARD M. SILANSKAS, JR., pro se**
1338 Peace in Valley Rd
Blue Eye, Missouri 65611
417-213-1820
rmatthew0573@gmail.com

---

# CERTIFICATE OF SERVICE

I hereby certify that on this **11th day of September 2026**, a true and correct copy of the foregoing **Defendant Richard M. Silanskas, Jr.'s Objection to Magistrate Judge's August 28, 2026 Order (Dkt. No. 189) and Motion to Stay Pending Review** was served by **U.S. Mail** upon:

**AMELIA A. FOGLEMAN, OBA No. 16221**
GableGotwals
110 N. Elgin Ave., Suite 200
Tulsa, Oklahoma 74120

**J. CHRISTOPHER DAVIS**
Crowe & Dunlevy, P.C.
222 N. Detroit Ave., Suite 600
Tulsa, Oklahoma 74120

**LYSBETH GEORGE**
Liz George & Associates
8101 South Walker, Suite F
Oklahoma City, Oklahoma 73139

---