**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| O. GENE BICKNELL,<br><br>Plaintiff and Counterclaim Defendant,<br><br>v.<br><br>RICHARD M. SILANSKAS JR. and LARRY K. WILHITE,<br><br>Defendants,<br><br>and<br><br>STEPHEN D. HEDRICK,<br><br>Defendant and Counterclaimant. | ) | Case No. 25-cv-00383-SH |

## ORDER

Before the Court is the objection and motion to stay filed by Defendant Richard M. Silanskas Jr. ("Silanskas"). Silanskas objects to the Court's August 28, 2026, order (Dkt. No. 189), which directed that he preserve certain information and submit to an additional forensic collection from his current cell phone and certain Google accounts. Silanskas asks to have a district judge review his objection and for the Court's order to be stayed pending that review. (Dkt. No. 194 at 1.)

Silanskas is not entitled to any additional review by another judge at the district court level. The process Silanskas cites—Fed. R. Civ. P. 72(a)—applies in a situation where the district judge is the presiding judge and that district judge refers a nondispositive motion to a magistrate judge. Here, however, all parties consented to have a magistrate judge conduct all proceedings in this case, including trial, the entry of final judgment, and

all post-trial proceedings. (Dkt. No. 50.) As such, the Court is operating pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73—and not Rule 72.

To the extent Silanskas's objection can be seen as a motion to reconsider, it is denied. Silanskas's previous actions have made it clear that he cannot be expected to perform a reasonable search for information responsive to discovery requests. Silanskas, himself, put his current cellphone at issue when he testified that he had evidence not previously produced on his current cellphone and in a Google account. The Court cannot limit the time period for the collection, because Silanskas claims to have not only maintained that evidence over time, but to have recently made minor revisions to it. Moreover, Plaintiff is questioning the veracity of Silanskas's assertions as to the notes, including the timing of their creation. Finally, Silanskas's fears about the breadth of the collection should be allayed by the multi-step process contained in the Court's order. The Vendor is simply conducting a forensic collection of the data on the cell phone and accounts. The collected electronically stored information will then be subject to the same protocol previously agreed to by Silanskas (Dkt. No. 136 at 2) and ordered by the Court (Dkt. No. 139). The Court further has specifically preserved Silanskas's right to assert that any of the responsive documents are protected by attorney-client privilege or as trial preparation materials. (Dkt. No. 189 at 3.)

IT IS THEREFORE ORDERED that *Defendant Richard M. Silanskas, Jr.'s Objection to Magistrate Judge's August 28, 2026 Order and Motion to Stay Pending Review* (Dkt. No. 194) is DENIED.

ORDERED this 14th day of September, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT