**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) O. GENE BICKNELL,<br><br>Plaintiff<br>v.<br><br>(1) RICHARD M. SILANSKAS JR.,<br>(2) LARRY K. WILHITE, and<br>(3) STEPHEN D. HEDRICK<br><br>Defendants. | ) | Case No.: 4:25-CV-00383-SH |

**DEFENDANT STEPHEN D. HEDRICK'S**
**MOTION TO BIFURCATE UNDER FEDERAL RULE 42(b)**

Pursuant to Federal Rule of Civil Procedure 42(b), Defendant Stephen D. Hedrick ("Hedrick") respectfully moves this Court for a separate trial of the only claim asserted against him. Although Hedrick's name appears throughout the factual narrative of Plaintiff Gene Bicknell's sixty-seven (67) page Complaint (the "Complaint"), there is only one count pled against Hedrick- Count VIII for Unjust Enrichment. Every other count-RICO, RICO conspiracy, civil conspiracy, fraud, deceit, constructive fraud, and intentional infliction of emotional distress- are expressly asserted only "Against Silanskas and Wilhite." Being named in the recitation of facts is not the same as being named as a defendant to a claim; the sole claim against Mr. Hedrick is the equitable unjust-enrichment count.

That distinction has two consequences that together make a separate trial appropriate. First, unjust enrichment is an equitable claim carrying no right to a jury trial; it is for the Court, not the jury, to decide. Plaintiff has demanded a jury, and the jury will properly hear the legal fraud-based claims against Silanskas and Wilhite. Trying the equitable claim against Mr. Hedrick to that same jury, in the same proceeding, would submit to the jury a claim that belongs to the Court.

Second, and relatedly, requiring Mr. Hedrick to sit through a lengthy jury trial devoted overwhelmingly to fraud, impersonation, and religious-manipulation allegations leveled at his co-

defendants-allegations that form no part of the single equitable claim against him-creates a serious risk of jury confusion and unfair prejudice by transference of guilt. Rule 42(b) exists to prevent exactly this. A separate trial of the unjust-enrichment claim against Mr. Hedrick, tried to the Court, would eliminate that confusion, avoid prejudice, promote judicial economy, and preserve the parties' jury-trial rights on the legal claims. The Court should grant the motion.

**BACKGROUND**

Plaintiff O. Gene Bicknell ("Bicknell") filed this action asserting eight counts arising from the American Heartland Theme Park project. Seven of those counts are pleaded solely against co-defendants Silanskas and Wilhite: Count I (RICO) (Dkt. 1 at ¶ 58) , Count II (RICO conspiracy)( Dkt. 1 at ¶ 62) , Count III (civil conspiracy)( Dkt. 1 at ¶ 62) , Count IV (fraud)( Dkt. 1 at ¶ 63) , Count V (deceit)( Dkt. 1 at ¶ 64) , Count VI (constructive fraud)( Dkt. 1 at ¶ 64) , and Count VII (intentional infliction of emotional distress)( Dkt. 1 at ¶ 65) . Each of those counts are captioned "Against Silanskas and Wilhite".

The only count naming Mr. Hedrick is Count VIII, for unjust enrichment, captioned "Against All Defendants" (Dkt. 1 at ¶ 66). Count VIII alleges that Defendants received benefits "in return for no corresponding benefit" and were "unjustly enriched."( Dkt. 1 at ¶ 66). Plaintiff has demanded a jury trial. (Dkt. 1 at ¶ 1).

The Court's May 5, 2026, Opinion and Order dismissed Plaintiff's RICO claims and otherwise denied the motions to dismiss, leaving the count structure as pled: the legal claims proceed against Silanskas and Wilhite, and the sole claim against Mr. Hedrick remains the equitable unjust-enrichment count. (Dkt. 146).[1]

[1] Mr. Hedrick had previously asserted a counter claim for Fraudulent Inducement at Dkt. No. 154. Mr. Hedrick has voluntarily dismissed that claim. *See* Stipulation for Dismissal at Dkt. No. 196.

The proof relevant to the claim against Mr. Hedrick is narrow and distinct from the fraud case against his co-defendants. Mr. Hedrick served as the Project's Vice President of Project Development and was paid consulting fees, at a rate beginning at $1,200 per day and later increasing to $2,000 per day, for services rendered to the Project. Whether he was unjustly enriched turns on the compensation he received and the value of his services-not on the religious-manipulation, impersonation, and fraud allegations that dominate the claims against Silanskas and Wilhite.

## ARGUMENT

### I. THE ONLY CLAIM AGAINST MR. HEDRICK IS THE EQUITABLE UNJUST-ENRICHMENT CLAIM, WHICH MUST BE TRIED TO THE COURT, NOT THE JURY.

The threshold fact driving this motion is that unjust enrichment is the sole claim asserted against Mr. Hedrick. Unjust enrichment is an equitable claim. Under Oklahoma law it is "essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." *N.C. Corff P'ship, Ltd. v. OXY USA, Inc.*, 1996 OK CIV APP 92, ¶24, 929 P.2d 288, 295. The Oklahoma Supreme Court likewise describes it as a "condition which results from the failure of a party to make restitution in circumstances where it is inequitable." *Harvell v. Goodyear Tire & Rubber Co.*, 2006 OK 24, ¶18, 164 P.3d 1028, 1035.

Because the claim is equitable, there is no right to a jury trial on unjust enrichment. The Seventh Amendment jury-trial right "depends on the now-historical distinction between legal and equitable claims," and only legal claims carry the right. *In re Hassan*, 376 B.R. 1, 12 (Bankr. D. Kan. 2007). Courts have squarely held that restitution to remedy unjust enrichment is equitable and carries no jury-trial right: "Restitution for the disgorgement of unjust enrichment is an equitable remedy with no right to a trial by jury." *Roberts v. Sears, Roebuck & Co.,* 617 F.2d 460,

465 (7th Cir. 1980). So too, a court awarding restitution or disgorgement "is not awarding damages to which plaintiff is legally entitled but is exercising . . . discretion to prevent unjust enrichment," and therefore "disgorgement is equitable and is not tried by a jury." *United States v. Rapower-3, LLC*, 294 F. Supp. 3d 1238, 1240 (D. Utah 2018). The unjust enrichment claim against Mr. Hedrick is thus for the Court to decide.

Plaintiff may contend that, because he seeks the return of his own funds, the claim is more nearly legal. The equitable character of unjust enrichment under the controlling Oklahoma formulation, however, does not depend on the direction in which the money flows; the claim sounds in restitution and "equity and good conscience," not in legal damages. *N.C. Corff P'ship, Ltd.*, 1996 OK CIV APP at ¶24, 929 P.2d at 295; *Harvell*, 2006 OK at ¶18, 164 P.3d at 1035. At a minimum, the equitable nature of the claim, and the fact that it is the only claim against Mr. Hedrick, warrant trying it separately so that the Court- not the jury impaneled to hear the fraud claims against the other defendants-decides it.

## II. RULE 42(b) AUTHORIZES A SEPARATE TRIAL OF MR. HEDRICK'S CLAIM, AND ANY ONE OF ITS GROUNDS IS SATISFIED HERE.

Rule 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims," and that "[w]hen ordering a separate trial, the court must preserve any federal right to a jury trial." *See* Fed. R. Civ. P. 42 "District courts have broad discretion in deciding whether to sever issues for trial." *U.S. ex rel. Bahrani v. ConAgra, Inc.*, 624 F.3d 1275, 1283 (10th Cir. 2010) The decision "must be made with regard to judicial efficiency, judicial resources and the likelihood that a single proceeding will unduly prejudice either party or confuse the jury. However [o]nly one of the[ ] criteria in [Rule 42(b)] need be met to justify bifurcation." *U.S. C.F.T.C. v. Bradley*, No. 05 CV 62 JHP FHM, 2007 WL 666588, at *2 (N.D.

Okla. Feb. 27, 2007 (internal citations omitted). In diversity, Rule 42 is governed by federal law, and the party seeking a separate trial bears the burden of showing it is warranted. *Guinn v. CRST Van Expedited, Inc.,* No. CIV-09-1198-D, 2011 WL 2181963, at *2 (W.D. Okla. June 2, 2011). Courts in this District apply these standards to motions to separate the trial of one defendant whose exposure differs from that of co-defendants, weighing "[w]hether separate trials will further the convenience of the parties," "promote judicial economy," and "avoid substantial prejudice to the parties." *Tri-R Sys., Ltd. v. Friedman & Son, Inc.*, 94 F.R.D. 726, 727 (D. Colo. 1982).

Each ground supports a separate trial here.

1. ***Convenience and judicial economy****:* the proof on the unjust-enrichment claim against Mr. Hedrick is narrow — his role, his compensation, and the value of his services. Whereas the jury trial of the claims against Silanskas and Wilhite will center on an extensive fraud, impersonation, and religious-manipulation case that has nothing to do with the elements of the claim against Mr. Hedrick. Requiring Mr. Hedrick to participate in that lengthy trial would subject him to substantial expense and burden with no corresponding benefit to the resolution of the single equitable claim against him.

2. ***Preserving the jury-trial framework****:* Rule 42(b) commands that a separate trial "preserve any federal right to a jury trial." *See* Fed. R. Civ. P. 42. Where legal and equitable claims share common fact issues, the legal claims are tried to the jury and the equitable claims are decided by the court, with common issues resolved by the jury first. *In re Hassan*, 376 B.R. at 12-13. A separate trial of the equitable claim against Mr. Hedrick honors that division: the jury decides the legal claims against the co-defendants, and the Court decides the equitable claim against Mr. Hedrick, without one improperly displacing the other.

## III. A SEPARATE TRIAL WILL AVOID SUBSTANTIAL PREJUDICE AND JURY CONFUSION.

The most compelling ground is the avoidance of prejudice and jury confusion. Courts in this District recognize the danger that, in a joint trial, a jury will "become confused about [one defendant's] role" and improperly attribute a co-defendant's conduct to a defendant whose alleged involvement is far narrower. *U.S. C.F.T.C.,*2007 WL 666588, at *4. Here, the jury will hear days of evidence attempting to prove that Silanskas and/or Wilhite impersonated a retired executive and a fictitious nun, sent messages purporting to come from God, and manipulated an elderly man's religious faith to extract tens of millions of dollars. None of that conduct is an element of the unjust-enrichment claim against Mr. Hedrick, yet a jury steeped in it may be unable to separate Mr. Hedrick-whose only alleged wrong is retaining compensation paid for his work-from the fraud it has been asked to condemn. That is precisely the "transference of guilt" prejudice Rule 42(b) is designed to prevent.

Mr. Hedrick candidly acknowledges that a court may deny separation where the potential prejudice "is not substantial and there are strong countervailing considerations of economy," and where cautionary instructions can adequately mitigate any confusion. *Tri-R Sys., Ltd.*, 94 F.R.D. at 728. *U.S. C.F.T.C.,* 2007 WL 666588 at *4-5. But this case differs in kind from the ordinary joint-trial scenario in which instructions suffice. The claim against Mr. Hedrick is not merely a narrower jury claim to be sorted from broader ones by instruction — it is an equitable claim that does not belong before the jury at all. *Roberts,* 617 F.2d at 465. Trying that claim to the same jury that is hearing the fraud case does not simply risk confusion; it asks the jury to pass on a claim the law commits to the Court. Separation resolves both problems at once: the Court decides the equitable claim against Mr. Hedrick, and the jury is not asked to absorb, or act upon, allegations that have no bearing on it. Because any single Rule 42(b) ground suffices, and because

convenience, economy, prejudice, and the preservation of the jury-trial structure all point the same way, the Court should order a separate trial. *See generally, U.S. C.F.T.C.,* 2007 WL 666588; *Guinn,* 2011 WL 2181963.

**CONCLUSION**

For the foregoing reasons, Defendant Stephen D. Hedrick respectfully requests that the Court grant his Motion for a Separate Trial under Federal Rule of Civil Procedure 42(b) and order that the equitable unjust-enrichment claim against Mr. Hedrick (Count VIII) be tried separately to the Court, apart from the jury trial of the legal claims against Defendants Silanskas and Wilhite, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ *Lysbeth George*

Lysbeth George, OBA #30562
Jennifer E. Jackson, OBA #19492
**LIZ GEORGE & ASSOCIATES**
8101 S. Walker, Suite F
Oklahoma City, OK 730139
Telephone: (405) 689-5502
Facsimile: (405) 689-5502
liz@georgelawok.com
jennifer@georgelawok.com
**ATTORNEYS FOR DEFENDANT STEPHEN D. HEDRICK**

**CERTIFICATE OF SERVICE**

I certify that on September 17, 2026, a true and correct copy of the above and foregoing was served upon the individuals registered on the ECF system and via U.S. Mail, postage pre-paid, upon the following individual:

Richard M. Silanskas Jr.
1338 Peace in Valley Rd.
Blye Eye, MO 65611

Lysbeth George
______________________________