IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

______________________________

O. GENE BICKNELL,
Plaintiff,
v. Case No.:
RICHARD M. SILANSKAS JR., LARRY 4:25-cv-00383-SEH-
K. WILHITE, and STEPHEN D. SH
HEDRICK,
Defendants.

______________________________

VIDEOTAPED DEPOSITION OF
J. DONALD FANCHER

DATE: Wednesday, August 26, 2026
TIME: 9:05 a.m.
LOCATION: McDermott Will & Schulte LLP
500 North Capitol Street, Northwest
Washington, D.C. 20001
REPORTED BY: Islam Mohamed Abouelfadl
JOB NO.: 8396449

A P P E A R A N C E S

ON BEHALF OF ON BEHALF OF PLAINTIFF O. GENE BICKNELL:

THERESA M. BABENDREIER, ESQUIRE
RACHEL M. PELTZER, ESQUIRE
MICHAEL S. NADEL, ESQUIRE
McDermott Will & Schulte LLP
500 North Capitol Street, Northwest
Washington, D.C. 20001
tbabendreir@mcdermottlaw.com
rpeltzer@mcdermottlaw.com
mnadel@mcdermottlaw.com
(202) 756-8509

A P P E A R A N C E S (Cont'd)

ON BEHALF OF DEFENDANT LARRY K. WILHITE:

GALEN THORP, ESQUIRE
DERIC J. MCCLELLAN, ESQUIRE
Crowe & Dunlevy, P.C.
222 North Detroit Avenue, Suite 600
Tulsa, OK 74120
galen.thorp@crowedunlevy.com
deric.mcclellan@crowedunlevy.com
(405) 234-3241
(918) 592-9833

ON BEHALF OF DEFENDANT STEPHEN D. HEDRICK:

JENNIFER JACKSON, ESQUIRE (by videoconference)
Liz George & Associates
8101 South Walker, Suite F
Oklahoma City, OK 73139
jennifer@georgelawok.com
(405) 689-5502

A Yes, $260,686 to Aaron Hedrick.
Q And you had no indication that that money that went to Aaron Hedrick was received by Steve Hedrick; correct?
MS. BABENDREIER: Objection.
THE WITNESS: I know from the QuickBooks data that it was paid to Aaron Hedrick, and he's a relative to Stephen Hedrick. I don't have an indication that it was actually received by Stephen Hedrick, no.
BY MS. JACKSON:
Q And then $141,318 was received by Nathaniel Hedrick; correct?
MS. BABENDREIER: Objection.
THE WITNESS: That's correct.
BY MS. JACKSON:
Q Do you have any indication that the money that was paid to Nathaniel Hedrick also went to Stephen Hedrick?
MS. BABENDREIER: Objection.
THE WITNESS: I do not have an awareness one way or the other, whether that was the

case.

BY MS. JACKSON:

Q And of the $1,197,846 you've attributed to Stephen Hedrick, did that account for any out-of-pocket expenses he incurred?

MS. BABENDREIER: Objection.

THE WITNESS: There were out-of-pocket expenses that Mr. Hedrick included in his invoices. So yes, there would be some portion of that, that were out-of-pocket expenses.

BY MS. JACKSON:

Q And so that would be repayment of expenses and not money that he kept; correct?

MS. BABENDREIER: Objection.

THE WITNESS: Assuming the expenses were legitimate, then yes, that would be correct.

BY MS. JACKSON:

Q And then opinion 2 quantifies Defendant non-party project payments and the funds received by Defendants that did not relate to the project; correct?

MS. BABENDREIER: Objection.