IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | CASE NO. 25-CV-00383-SHE-SH |
| | ) | |
| RICHARD M. SILANSKAS, JR., | ) | |
| LARRY K. WILHITE, and | ) | |
| STEPHEN D. HEDRICK, | ) | |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

VIDEO-RECORDED DEPOSITION OF REAGAN GILL

Taken on Behalf of the Defendant Larry K. Wilhite

On August 20, 2026

In Oklahoma City, Oklahoma

* * * * * * * * * * * * * * * * * * * * * * * * * * *

EXHIBIT
R

REPORTED BY:

Lacie Bradshaw, CSR

A P P E A R A N C E S

Appearing on behalf of the PLAINTIFF:

Rachel M. Peltzer
Sagar K. Ravi (via Zoom)
McDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
Telephone: (205) 756-8000
E-mail: rpeltzer@mwe.com
E-mail: sravi@mwe.com

Appearing on behalf of DEFENDANT LARRY K. WILHITE:

Deric J. McClellan
CROWE DUNLEVY, P.C.
222 North Detroit Avenue, Suite #600
Tulsa, Oklahoma 74120
Telephone: (918) 592-9800
Facsimile: (918) 592-9801
E-mail: deric.mcclellan@crowedunlevy.com

-and-

Galen Thorp
CROWE DUNLEVY, P.C.
Braniff Building
324 North Robinson Avenue, Suite #100
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-7700
Facsimile: (405) 239-6651
E-mail: galen.thorp@crowedunlevy.com

Appearing on behalf of DEFENDANT STEPHEN HEDRICK:

Jennifer Jackson
LIZ GEORGE AND ASSOCIATES
8101 South Walker, Suite F
Oklahoma City, Oklahoma 73139
Telephone: (405) 689-5502
E-mail: jennifer@georgelawok.com

A P P E A R A N C E S

Appearing on behalf of DEFENDANT RICHARD M. SILANSKAS, JR:

Richard M. Silanskas, Jr. (via Zoom)
PRO SE DEFENDANT
1338 Peace in the Valley Road
Blue Eye, Missouri 65611
E-mail: rmatthew0573@gmail.com

**Q. And what do you mean by "the religious messaging"?**

A. That is in reference to the "Today's Word" messages as well as the Sister Catherine messages.

**Q. And when you reference the theme park investment and the religious messaging, do you have any opinion about who was involved in the theme park investment or the religious messaging?**

MS. PELTZER: Objection.

A. That was not what I was asked to opine upon.

**Q. (BY MR. McCLELLAN) Okay. So you don't have any opinion about that?**

A. I do not have a formal opinion about who created those messages.

**Q. Okay. And you won't be providing any testimony at trial on that topic. Is that correct?**

MS. PELTZER: Objection.

A. That's correct.

**Q. (BY MR. McCLELLAN) Okay. Are you going to offer an opinion to the jury that Larry Wilhite was involved in the theme park investment or the religious messaging?**

MS. PELTZER: Objection. I'm going to instruct you not to answer that question.

**Q. (BY MR. McCLELLAN) Do you have an opinion on whether Larry Wilhite was involved in the theme park investment or the religious messaging?**

A. That was beyond the scope of my opinion.

**Q. Okay. And so you don't have anything to say on that topic?**

MS. PELTZER: Objection.

A. I can't say specifically who created the messages.

**Q. (BY MR. McCLELLAN) Do you have any opinion on whether Mr. Wilhite believed these messages were genuine religious communications as opposed to something he knew to be fabricated?**

MS. PELTZER: Objection.

A. I do not have that information.

**Q. (BY MR. McCLELLAN) And you're not going to express an opinion on that?**

MS. PELTZER: Objection, and I'm going to instruct you not to answer as to what you're going to be testifying to at trial.

**Q. (BY MR. McCLELLAN) Are you planning on providing any opinions at trial that are not in your report?**

A. No.

MR. McCLELLAN: Can you scroll back up?

THE COURT REPORTER: This is that guy. (Indicating.)

MR. McCLELLAN: Okay.

**Q. (BY MR. McCLELLAN) Okay. Did you read Larry Wilhite's deposition?**

A. No.
**Q. Did you read Stephen Hedrick's deposition?**
A. No.
**Q. And did you read Richard Silanskas's deposition?**
A. No.
**Q. Are you aware that Larry Wilhite has testified that he believed the religious messages were sincere just like Mr. Bicknell claims to?**
MS. PELTZER: Objection.
A. That was beyond what I was asked to review and opine on.
**Q. (BY MR. McCLELLAN) Okay. Are you aware that he testified to that?**
MS. PELTZER: Objection.
A. I have not seen any documents related to that.
**Q. (BY MR. McCLELLAN) Okay. Are you aware that Rick Silanskas has testified to creating and sending some of the messages and has testified that Larry Wilhite was not aware that Rick was sending them?**
MS. PELTZER: Objection.
A. Again, I'm not drawing any conclusion as to who created the messages, and I have not reviewed documents describing what you're asking me about.
**Q. (BY MR. McCLELLAN) Okay. If you were to take, as true, that Larry Wilhite did not have anything to do with**

**distress. Is that a fair assessment?**
MS. PELTZER: Objection.
A. I would say those who did not defraud or weren't involved in or supportive of the fraud.
**Q. (BY MR. McCLELLAN) What do you mean by involved in or supportive of the fraud?**
A. I would say that it's possible that someone, one individual, could have been performing actions, doing defrauding when someone else could potentially know about it, support it, something of that nature. So I'm not saying that if only one person was doing the actions that no one else was contributing to the emotional harm that Mr. Bicknell experienced.
**Q. But even then it would require the person who was quote, unquote, in the supporting role, like you said, to know about the fraud, correct?**
MS. PELTZER: Objection.
A. Again, I would have to look at the extent of their knowledge and participation.
**Q. (BY MR. McCLELLAN) Okay. You say in your report that Mr. Bicknell forwarded these messages to lots of friends and family, correct?**
MS. PELTZER: Objection.
A. Mr. Bicknell told me that when he first began receiving these messages, he forwarded them to friends and

Dr. Reagan Gill 8/20/2026 116

Mr. Bicknell's depositions, the text messages, the Plaintiff's Exhibit 1, Plaintiff's Exhibit 2.

**Q. Okay. And anything else?**

A. No.

**Q. Okay. I want to -- back on the opinion number 4, the undue influence opinion. I'm going to ask you again about Larry Wilhite. So if you were to take as true that Larry Wilhite did not have anything to do with the creation of the religious messages and that he also believed them to be real, is there anything in your report that would support an opinion that Larry Wilhite exerted undue influence over Mr. Bicknell?**

MS. PELTZER: Objection.

A. My opinion of the undue influence is directly related to the religious messaging.

**Q. (BY MR. McCLELLAN) Okay.**

A. I'm not pointing at who was behind that.

**Q. Okay. So if somebody either did not write them or was not substantively involved in their creation, it's your opinion then that that person did not exert undue influence over Mr. Bicknell?**

MS. PELTZER: Objection.

A. It would depend if there was any other participation from that individual in a way that supported, assisted, or knew about the deception.

**Q. (BY MR. McCLELLAN) When you say "supported," what do you mean supported?**

A. That could be many different things.

**Q. Okay. It would require a level of knowledge about the messages being fake, though. Is that correct?**

MS. PELTZER: Objection.

A. That's correct.

**Q. (BY MR. McCLELLAN) Okay. Did you analyze whether anyone exerted undue influence over Larry Wilhite?**

MS. PELTZER: Objection.

A. I did not.

**Q. (BY MR. McCLELLAN) Did you analyze whether anybody was intentionally manipulating Larry Wilhite?**

MS. PELTZER: Objection.

A. No.

**Q. (BY MR. McCLELLAN) Okay. I want to turn to your opinion number 5, so it looks like that's on -- all on page 3. Oh, and I'm sorry. And would you take a look through that and let me know when you've refamiliarized yourself with it?**

A. I read it.

**Q. And before I ask you about this -- I have one more -- one more question about the undue influence opinion. So is it -- is it possible that the religious messages exerted undue influence on Larry Wilhite?**

C E R T I F I C A T E

STATE OF OKLAHOMA )
) SS.
COUNTY OF PAYNE )

I, Lacie L. Bradshaw, Certified Shorthand Reporter within and for the State of Oklahoma, CSR No. 1907, do hereby certify that Dr. Reagan Gill was, by me, sworn to testify to the truth, that the video-recorded deposition was taken by me in stenotype and thereafter transcribed by computer and is a true and correct transcription of my shorthand notes of the deposition that was taken by me on the 20th day of August, 2026.

I further certify that I am neither related to, nor attorney for any interested party, nor otherwise interested in the event of said action.

WITNESS MY HAND AND SEAL this 28th day of August, 2026.

Lacie L. Bradshaw, CSR
CSR No. 1907