IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

O. GENE BICKNELL,
Plaintiff,
v.
RICHARD M. SILANSKAS, JR.; LARRY K. WILHITE; and STEPHEN D. HEDRICK,
Defendants.

Case No. 4:25-cv-00383-SEH-SH

VIDEOTAPED DEPOSITION OF JOSEPH POCHRON

DATE: Tuesday, August 25, 2026
TIME: 9:06 a.m.
LOCATION: McDermott Will & Schulte LLP
500 North Capitol Street Northwest
The McDermott Building
Washington, DC 20001
REPORTED BY: Islam Mohamed Abouelfadl

Job No. CS8396428

EXHIBIT
T

A P P E A R A N C E S

ON BEHALF OF PLAINTIFF O. GENE BICKNELL:

RACHEL M. PELTZER, ESQUIRE
MICHAEL S. NADEL, ESQUIRE
THERESA MARIA BABENDREIER, ESQUIRE
McDermott Will & Schulte LLP
500 North Capitol Street Northwest
Washington, DC 20001
rpeltzer@mcdermottlaw.com
mnadel@mcdermottlaw.com
tbabendreier@mcdermottlaw.com
(202) 756-8471
(202) 756-8113
(202) 756-8509

A P P E A R A N C E S (Cont'd)

ON BEHALF OF DEFENDANT LARRY K. WILHITE:

DERIC J. MCCLELLAN, ESQUIRE
GALEN THORP, ESQUIRE (by videoconference)
Crowe & Dunlevy PC
222 North Detroit Avenue, Suite 600
Tulsa, OK 74120
deric.mcclellan@crowedunlevy.com
galen.thorp@crowedunlevy.com
(918) 592-9833
(405) 689-5502

ON BEHALF OF DEFENDANT STEPHEN D. HEDRICK:

JENNIFER JACKSON, ESQUIRE (by videoconference)
Liz George and Associates
8101 South Walker, Suite F
Oklahoma City, OK 73139
jennifer@georgelawok.com
(405) 689-5502

ALSO PRESENT:

Gordon Thomas, III, Videographer

BY MR. MCCLELLAN:
Q You're not testifying that Larry Wilhite engaged in any spoliation, are you?
MS. PELTZER: Objection.
THE WITNESS: I don't use that word in -- in my report.
BY MR. MCCLELLAN:
Q Okay. You're not testifying that his deletion suggests something sinister, are you?
MS. PELTZER: Objection.
THE WITNESS: I -- I did not provide any opinion like that.
BY MR. MCCLELLAN:
Q And you are aware that Larry Wilhite testified to routinely deleting messages when his inbox was full or at various times; correct?
MS. PELTZER: Objection. Misstates the testimony.
THE WITNESS: I'm aware he testified to deletion, you know, of data.
BY MR. MCCLELLAN:
Q Does anything in your report call into

BY MR. MCCLELLAN:
Q Do you have an opinion on the likelihood between those two options?
A I mean, as I sit here today, I -- I -- I don't have an opinion on the likelihood one way or the other.
Q Okay. So you didn't express that in your report; correct?
A Didn't express what?
Q The likelihood of either option, either editing off the XML or deleting off the device?
A Well, I didn't express a likelihood of which one occurred. I -- I did express patterns of deletion, what was, you know, more likely, like in a certain time frame, but I didn't -- I didn't express that as it relates to the XML or the device.
Q Okay. And you're not offering any opinions that aren't in your report; correct?
A That is -- at this time -- at this time I -- I'm not.
Q Turn to page 11, and we're going to look at paragraph 23.

Q Okay. And what were the parameters of the SMS Backup when you did the tests?

MS. PELTZER: Objection.

THE WITNESS: I mean, I'd -- I'd have to go back and review. I mean, we ran a variety of exports, so we certainly exported all. We -- I don't recall, like, the date range that we would have applied, but we would have run it through, you know, a variety of those tests.

BY MR. MCCLELLAN:

Q Okay. And as you sit here today, you're not providing any opinion about the likelihood that Larry Wilhite altered the XML file, are you?

MS. PELTZER: Objection. Asked and answered.

THE WITNESS: I don't think I identified any individual. I simply provided an opinion that the parent message is not present. So it either was deleted from this XML or it was deleted on the device. But I have not provided an opinion on who would do that, or did that.

//

BY MR. MCCLELLAN:

Q And you're not providing an opinion on the likelihood that it was done; is that correct?

MS. PELTZER: Objection. Asked and answered.

THE WITNESS: I -- I mean, I can only testify to what I have available for analysis. So I'm reviewing the produced data, I provide an analysis on what the empty messages and MDRs are, but I have not provided an opinion on a likelihood of -- I don't -- I don't believe I have an opinion on a likelihood, aside from, if they were deleted on -- on a device, I do provide, like, more likely than not it occurred within a specific time frame.

BY MR. MCCLELLAN:

Q Okay. Did you consider any other explanations for the -- your orphaned MDR theory?

MS. PELTZER: Objection.

THE WITNESS: I mean, consider all explanations, but I could only work with the data I have. If I had access to additional data or raw data from the device, you know, that -- that -- that may

yield additional findings. But, you know, based off what I have to work with, you know, I provided what seemed, you know, more likely than not to have occurred.

BY MR. MCCLELLAN:

Q And what are you saying is more likely than not to have occurred?

A Well, I -- I mention in here that we don't have the parent message, it was either removed from the file that was produced or it had been deleted on the device.

Q So that's what you mean when you say more likely than not that either it was altered out of the XML or that it was deleted from the device?

A Well, I'm saying I offered those two -- that those -- I mean, those I offered as options. So --

Q So those two together, you're saying it's more likely than not?

A I didn't -- I didn't use the word "more likely" there, but I said -- when you had said, did you consider all options, I was, like, I -- with the data I have, which is an XML file, and production data

from a Cellebrite export, based off -- based off that it's not -- the parent message is not in the XML.

So without the ability to analyze the phone, I indicate, in terms of -- your question related to options. That it was deleted from the device or -- or it would have been removed from this particular file that was produced in this case.

Q Okay. So were there any other alternative explanations that you ruled out?

MS. PELTZER: Objection.

THE WITNESS: You had asked if I would consider -- I had said I would consider all options based off the information I have. I don't know what those alternatives would be.

BY MR. MCCLELLAN:

Q In paragraph 30, you mentioned 635 MDRs; is that correct?

A That is correct.

Q So why are there so few MDRs when there are over 4,000 messages?

MS. PELTZER: Objection. Calls for speculation.

assumption that all the data has been produced.

BY MR. MCCLELLAN:

Q Do you believe that this is in any way inconsistent with the testimony of Mr. Wilhite that we discussed earlier, that he would routinely delete his messages?

MS. PELTZER: Objection.

THE WITNESS: Well, it -- it's consistent that he -- he, you know, he confirmed he deletes messages. I can't speak to what routine deletion actually means. I've not done any sort of analysis of him, like in terms of what his user activity is.

BY MR. MCCLELLAN:

Q And you don't have any opinion on that topic in this case?

MS. PELTZER: Objection.

THE WITNESS: I don't think I have the data to -- to render an -- that opinion.

BY MR. MCCLELLAN:

Q Okay. And just to be clear, every opinion that you offer in this case is contained within your

CERTIFICATE OF DEPOSITION OFFICER

I, ISLAM MOHAMED ABOUELFADL, the officer before whom the foregoing proceedings were taken, do hereby certify that any witness(es) in the foregoing proceedings, prior to testifying, were duly sworn; that the proceedings were recorded by me and thereafter reduced to typewriting by a qualified transcriptionist; that said digital audio recording of said proceedings are a true and accurate record to the best of my knowledge, skills, and ability; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this was taken; and, further, that I am not a relative or employee of any counsel or attorney employed by the parties hereto, nor financially or otherwise interested in the outcome of this action.

Islam

ISLAM MOHAMED ABOUELFADL
Notary Public in and for the
District of Columbia

[X] Review of the transcript was requested.

CERTIFICATE OF TRANSCRIBER

I, CHERYL MCKINNEY, do hereby certify that this transcript was prepared from the digital audio recording of the foregoing proceeding, that said transcript is a true and accurate record of the proceedings to the best of my knowledge, skills, and ability; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this was taken; and, further, that I am not a relative or employee of any counsel or attorney employed by the parties hereto, nor financially or otherwise interested in the outcome of this action.

CHERYL MCKINNEY