IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O. GENE BICKNELL,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD M. SILANSKAS JR.,<br>LARRY K. WILHITE, and<br>STEPHEN HEDRICK,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 25-cv-00383-SH |

**PLAINTIFF'S RESPONSES TO DEFENDANT LARRY WILHITE'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, the Local Rules of the Northern District of Oklahoma, and other applicable law, Plaintiff O. Gene Bicknell responds to Defendant Larry K. Wilhite's second sets of interrogatories and requests for production of documents, dated October 16, 2025.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

a. Plaintiff objects to the direction to produce documents within 30 days of service of the requests but agrees that the documents should be made available at a mutually agreeable time.

b. Plaintiff's objections are made without in any way waiving or intending to waive: (i) all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the response or subject matter thereof, in any subsequent proceeding in the trial of this or any other action; (ii) the right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding in or in the trial of this or any other action; and (iii) the right to object on any ground at any time to other discovery procedures involving or

EXHIBIT
V

relating to the subject matter of this subpoena. Plaintiff expressly reserves the right to raise any of the above issues at an appropriate time.

c. Plaintiff's objections, and production of information or documents, do not in any way constitute an adoption of Wilhite's purported definitions of words or phrases contained in the requests.

d. Plaintiff objects to the requests as unreasonable, overly broad, and unduly burdensome to the extent it purports to require searching for and/or production of documents and information maintained or stored on backup tapes, archived or inactive data sources, or any sources that are not reasonably accessible or maintained and accessed in the ordinary course of business.

e. Plaintiff objects to the requests and interrogatories to the extent that they call for gathering information that is not maintained in the ordinary course of business and/or not easily retrievable at reasonable expense.

f. Plaintiff objects to the requests to the extent they seek the production of information already in the possession of Wilhite or in the public domain.

g. Plaintiff objects to the requests and interrogatories to the extent they seek action, documents, and/or information in excess of the requirements of the applicable Federal Rules of Civil Procedure, Local Rules of the Northern District of Oklahoma, and/or other applicable law.

h. Plaintiff objects to the requests and interrogatories to the extent they seek documents or information that are covered by the attorney-client privilege, the work-product doctrine, common-interest protection, any privacy law or regulation, or any restriction that protects such material from involuntary disclosure or production. Plaintiff will not produce documents or information covered by one or more such privileges, immunities, or rules. Inadvertent production of any such material shall not constitute a waiver of any privilege, protection, or of any other

grounds for objecting to discovery of such materials, its subject matter, or information contained therein, or of Plaintiff's right to object to the use of such material during this or any later proceeding or otherwise demand return of the material.

i. Plaintiff's responses and objections do not constitute a representation that responsive documents exist, but only that responsive documents will be produced if they do exist, can be located with reasonable diligence, and are not otherwise objected to or protected from disclosure.

j. Plaintiff does not adopt or confirm the accuracy of any purported facts incorporated in any of the definitions, requests, or interrogatories by the act of responsive to the requests or interrogatories or by producing documents.

k. Numerous requests refer to the "Project." That term is not defined by Wilhite, making those requests vague, ambiguous, overly broad, and unduly burdensome to the extent they seek information that is not relevant to any issue in this case or proportional to the needs of the case, and for failing to describe with reasonable particularity the information sought. Plaintiff understands "Project" to mean the American Heartland Project, which was to be a theme park, R.V. park, and resort in Oklahoma, and includes (by whatever name) the American Heartland Theme Park and the Three Ponies R.V. Park and responds with that understanding.

l. Plaintiff objects to the definition of "You," "Your," "Yours," "O. Gene Bicknell," and "Bicknell"—specifically to the inclusion of "any representative, agent, or attorney of the same, and further includes any other Person(s) acting, or whom You believe to have acted, on Your behalf in whatever capacity." Plaintiff responds for himself only, and when Plaintiff agrees to produce documents or provide information, he will produce or provide documents and information in his possession, custody, or control.

m. Plaintiff objects to the definition of "Larry K. Wilhite" and "Wilhite" as including "any employee, representative, agent, or attorney of the same." Plaintiff does not know who the employees, representatives, agents, or attorneys of Larry Wilhite are. Plaintiff interprets these terms to mean Defendant Larry K. Wilhite and responds accordingly.

n. Plaintiff objects to the definition of "Richard M. Silanskas, Jr." and "Silanskas" as including "any employee, representative, or agent acting on his behalf." Plaintiff does not know who the employees, representatives, or agents of Richard Silanskas are. Plaintiff interprets these terms to mean Defendant Richard M. Silanskas, Jr. and responds accordingly.

o. Plaintiff objects to the definition of "Stephen D. Hedrick" and "Hedrick" as including "any employee, representative, agent, or attorney of the same." Plaintiff does not know who the employees, representatives, agents, or attorneys of Stephen Hedrick are. Plaintiff interprets these terms to mean Defendant Stephen D. Hedrick and responds accordingly.

p. Plaintiff objects to the definition of the term "Document(s)" as encompassing "all metadata" and "embedded data" as vague and ambiguous and not proportionate to the needs of the case. Plaintiff will produce, to the extent available, all metadata fields outlined in Instruction viii of Plaintiff's first set of requests for production of documents to Defendant Larry K. Wilhite, dated September 30, 2025. Plaintiff further objects to the definition of the term "Document(s)" as including "any associated communications or transmittal documents," as vague and ambiguous and not proportionate to the needs of the case. Plaintiff will produce document families intact, such that, if any document within a family is responsive to a valid request, the entire family (i.e., the cover email/letter and all attachments) will be produced.

q. Plaintiff objects to the definition of the term "Identify" to the extent it purports to impose obligations beyond those imposed by the Federal Rule of Civil Procedure.

r. When Plaintiff states in his responses that he stands on his objections, it means that Plaintiff is withholding responsive information, to the extent it exists and can be located after a reasonable search, unless that information is response to another request as to which Plaintiff is producing information.

s. These responses and objections are based on Plaintiff's current knowledge. Further investigation may reveal additional facts or information that could lead to additions to, changes in, or variations from these responses and objections. Plaintiff reserves the right to amend, modify, and/or supplement these responses and objections at any time.

**RESPONSES TO SECOND SET OF INTERROGATORIES**

**WILHITE'S INTERROGATORY NO. 4:** Identify any prophetic visions or dreams you have personally experienced in your life, including but not limited to the vision described on the Shrine of the Holy Spirit website.

**PLAINTIFF'S RESPONSE**: Plaintiff objects to the interrogatory as vague, overly broad, unduly burdensome and not proportionate to the needs of the case because it is unbounded by time. Plaintiff also objects to the interrogatory as seeking information beyond the scope of discovery. "Prophetic visions" and "dreams" are not relevant to the parties' claims and defenses. Notwithstanding these objections, Plaintiff answers:

At one point, probably within the last five to ten years, Plaintiff dreamed that God came to him in his sleep and told him to re-read the last book of the Bible.

**WILHITE'S INTERROGATORY NO. 5:** Describe any prophetic visions or dreams you have personally experienced in your life, including but not limited to the vision described on the Shrine of the Holy Spirit website.

**PLAINTIFF'S RESPONSE:** Plaintiff objects to the interrogatory as vague, overly broad, unduly burdensome and not proportionate to the needs of the case because it is unbounded by time. Plaintiff also objects to the interrogatory as seeking information beyond the scope of discovery. "Prophetic visions" and "dreams" are not relevant to the parties' claims and defenses. Notwithstanding these objections, Plaintiff answers:

At one point, probably within the last five to ten years, Plaintiff dreamed that God came to him in his sleep and told him to re-read the last book of the Bible.

**WILHITE'S INTERROGATORY NO. 6:** Identify by date and account all payments made to Wilhite by you or anyone on your behalf, or another person related to the Project that you believe he should not be allowed to retain.

**PLAINTIFF'S RESPONSE:** Plaintiff objects to the interrogatory as vague and worded in a way that does not entirely make sense. Plaintiff understands Wilhite to be seeking the identification by date and account of all payments made to Wilhite by Plaintiff or anyone on his behalf or another person related to the Project that Plaintiff believes Wilhite should not be allowed to retain. With that understanding, Plaintiff answers:

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff specifies that Wilhite must review the ledgers of Big Time Productions, LLC and Mansion Entertainment Group, LLC, which are produced as GB00010201 and GB00010202. Additionally, Wilhite must review GB00005734, GB00005757, GB00005761, GB00005777, GB00005783, GB00005804, GB00005821, GB00005829, GB00005834, GB00005842, GB00005855, GB00005869, GB00005885, GB00005900, GB00005915, GB00005931, GB00005938, GB00005944, GB00005950, GB00005960, GB0000611, GB00005972, GB00005984, GB00005998, GB00006009, GB00006019, GB00006032, GB00006043, GB00006052, GB00006064, GB00006076,

GB00006087, GB00006100, GB00006111, GB00006117, GB00006123, GB00006130, GB00006142, GB00006157, GB00006169, GB00006199, GB00006223, GB00006247, GB00006254, GB00006266, GB00006271, GB00006277, GB00006289, GB00006304, GB00006334, GB00006362, GB00006382, GB00006394, GB00006406, GB00006417, GB00006427, GB00006441, GB00006457, GB00006464, GB00006477, GB00006491, GB00006505, GB00006511, GB00006519, GB00006534, GB00006550, GB00006567, GB00006584, GB00006599, GB00006612, GB00006618, GB00006623, GB00006628, GB00006642, GB00006657, GB00006671, GB00006688, GB00006700, GB00006714, GB00006728, GB00006742, GB00006755, GB00006769, GB00006784, GB00006797, GB00006813, GB00006819, GB00006826, GB00006838, GB00006844, GB00006852, GB00006862, GB00006873, GB00006887, GB00006900, GB00006911, GB00006922, GB00006936, GB00006977, GB00006993, GB00007038, GB00007052, GB00007093, GB00007103, GB00007140, GB00007151, GB00007191, GB00007202, GB00007245, GB00007256, GB00007298, GB00007310, GB00007356, GB00007363, GB00007381, GB00007386, GB00007405, GB00007415, GB00007453, GB00007459, GB00007475, GB00007481, GB00007504, GB00007515, GB00007547, GB00007556, GB00007589, GB00007603, GB00007642, GB00009871, GB00010101, GB00010707, GB00010719, GB00010729, GB00010741, GB00010753, and GB00010765. Wilhite should not be allowed to retain any payment made to him by Plaintiff, Big Time Productions, LLC, or Mansion Entertainment Group, LLC, whether directly or indirectly, in January 2021 or later, or any other payment made to him, associated with the Project during that time frame.

**WILHITE'S INTERROGATORY NO. 7:** Identify all facts supporting your assertion that "it was only because of the "Todays Word" and "Sister Catherine" messages that Plaintiff poured his money into the Project."

**PLAINTIFF'S RESPONSE:** Plaintiff objects to the Interrogatory as overly broad in that it requests "all facts." Discovery is ongoing, and "all facts" are not known at this time. Notwithstanding those objections, Plaintiff answers:

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff refers Wilhite to the Complaint in this action. Plaintiff further refers Wilhite to documents produced as GB00000001 to GB00010206. Plaintiff further states:

The "Todays Word" messages began as early as March 2022, but likely before then. The messages were crafted to appear to be from God, and Plaintiff believed they were from God.

By May 2022, the messages were demanding "absolute obedience" and "absolute cliff diving faith from the highest mount above the sea." A May 2, 2022 "Todays Word" message told Plaintiff to give all his wealth to the Project. It said, among other things, "I have shown you a vision and specific plan few will ever be blessed to experience and yet you seek to protect the storehouse rather than trusting me! I filled your storehouses over the years for this moment. … I am instructing you to empty the storehouses and accelerate this mission without delay. Stop delaying!" The same message commanded Plaintiff to trust Rick Silanskas and Larry Wilhite without question. It said: "Have I not sent you trusted and gifted leaders to complete this work? … Allow those I sent to you to move forward without obstruction or delay. Trust them completely and avoid inserting any distractions or doubtful questions."

Four days after that, on May 6, 2022, Larry Wilhite emailed Plaintiff a development plan for a theme park to be built in Oklahoma—what became the Project. Obeying the command of "God"

to trust Rick Silanskas and Larry Wilhite completely, Plaintiff began acquiring the land on which the American Heartland Theme Park was to be built, at a cost of $7 million. Then, over the course of 2022, Rick Silanskas and Larry Wilhite manipulated Plaintiff into sinking a total of almost $10 million into the Project. This was all because of the commands that Plaintiff believed were coming from God—because that was the point of the "Todays Word" messages. If it were not for those messages, which made Plaintiff believe he was acting at God's command, Plaintiff would not have purchased the land for the Project, and Plaintiff would not have poured money into it.

Plaintiff continued to pour his money into the Project in 2023. In addition to the fake commands from God, Plaintiff was influenced by bogus information provided by Steve Hedrick, but none of that would have been happening if Plaintiff hadn't been under the influence of the "Todays Word" messages in the first place. Throughout 2023, those messages demanded greater obedience from Plaintiff and the other "triune leaders"—Rick Silanskas and Larry Wilhite, who were behind the messages. At the time, Plaintiff was caught up in a religious fervor induced by the messages. The "Todays Word" messages would pressure him and he would put in more money to the Project. Plaintiff was selling his assets to comply with directives from "God." In 2023, Plaintiff sunk almost $48 million into the Project. None of that would have happened if it weren't for the "Todays Word" messages.

Then, Plaintiff began receiving the "Sister Catherine" emails. These targeted Plaintiff by name. Sister Catherine said she was a nun, and Plaintiff believed her. She portrayed herself as being in communication with God about the Project, and Plaintiff believed her. Her continuing messages induced Plaintiff to pour another $4.8 million into the Project in 2024.

Plaintiff incorporates into his response the allegations in the Verified Complaint in this case.

**WILHITE INTERROGATORY NO. 8:** Identify all email accounts you had access to for the purpose of sending emails during the entire time of the Project, from January 1, 2019 to Present.

**PLAINTIFF'S RESPONSE:** Plaintiff objects to the interrogatory as vague and internally self-contradictory. The "entire time of the Project" did not begin January 1, 2019, and does not continue into the present. Plaintiff will answer for January 1, 2021 to December 31, 2024:

To the best of his knowledge, Plaintiff had access to the following email accounts for purposes of sending email from January 1, 2021 to December 31, 2024:

(1) bicknellgene18@gmail.com,

(2) gene.bicknell@outlook.com,

(3) gene.bicknell@mansionentertainmentgroup.com,

(4) gene@mansionentertainmentgroup.com,

(5) gene.bicknell@marinerwealth.com,

(6) gene.bicknell@mariner-holdings.com, and

(7) gene.bicknell@ogboffice.com.

**WILHITE'S INTERROGATORY NO. 9:** Identify all phone numbers of any phone from which you could send and receive text messages during the entire time of the Project, from January 1, 2019 to Present:

**PLAINTIFF'S RESPONSE:** Plaintiff objects to the interrogatory as vague and internally self-contradictory. The "entire time of the Project" did not begin January 1, 2019, and does not continue into the present. Plaintiff will answer for January 1, 2021 to December 31, 2024:

To the best of Plaintiff's knowledge, the phone numbers from which Plaintiff could send or receive text messages from January 1, 2021 to December 31, 2024 were: (913) 443-0492 and (620) 235-2118.

**WILHITE'S INTERROGATORY NO. 10:** Describe in detail all projects you currently have involving or are connected to Wesley Gene McComb in Oklahoma.

**PLAINTIFF'S RESPONSE:** Plaintiff objects to the interrogatory as seeking information beyond the scope of discovery. Projects that Plaintiff might have involving or connected to Wesley Gene McComb in Oklahoma are not relevant to the claims and defenses. Plaintiff further objects to the term "projects" as vague. Subject to that objection, Plaintiff answers:

To Plaintiff's knowledge, Plaintiff currently has no projects involving or connected to Wesley Gene McComb in Oklahoma.

**WILHITE INTERROGATORY NO. 11:** Identify by name, case number, or arbitration reference number any lawsuits or claims in litigation or arbitration filed against you and related to the Project.

**PLAINTIFF'S RESPONSE:** Plaintiff identifies the following lawsuit or claims in litigation filed against him related to the Project: *23Lunes Creative Animation Studio v. 1248 Holdings, LLC, 1248 Management, LLC, Martin Bicknell, Orvil Gene Bicknell, Richard Silanskas, and Larry Wilhite*, No. 4:25-cv-837 (United States District Court for the Western District of Missouri).

Plaintiff further identifies the following lawsuits or claims in litigation or arbitration filed against businesses he owns, directly or indirectly, related to the Project: *ADG Blatt PC v. Mansion Entertainment Group, LLC*, No. 01-25-0001-9990 (American Arbitration Association); *ADG Blatt PC v. Mansion Entertainment Group, LLC*, No. CJ-2025-983 (Craig County, Oklahoma); *Crossland Construction Company, Inc. v. Mansion Entertainment Group, LLC*, No. 01-25-0000-0690 (American Arbitration Association); *Forrec US, Inc. v. Mansion Entertain Group, LLC and OGB Holdings, LLC*, No. CJ-24-64 (Craig County, Oklahoma); *Forrec US, Inc. v. Mansion Entertainment Group, LLC*, No. 01-24-0007-3916 (American Arbitration Association); *Porter Consulting, LLC v. Mansion Entertainment Group, LLC*, No. 2446-CC00300 (Taney County, Missouri); and *The*

*Hettema Group v. Mansion Entertainment Group, LLC*, No. 01-25-0001-5430 (American Arbitration Association).

**WILHITE INTERROGATORY NO. 12:** Identify all medical providers who you have consulted with or been evaluated by for any mental, emotional, psychological issues, from January 1, 2015 to the present.

**RESPONSE:** Plaintiff objects to the interrogatory. "All medical providers" with whom plaintiff has consulted or been treated by since January 1, 2015 plainly seeks information beyond the scope of reasonable discovery and irrelevant to the parties' claims and defenses. Requesting this private information, not connected to the claims and defenses, is unduly burdensome. Plaintiff also objects to the interrogatory as seeking attorney work product. Plaintiff will not identify medical providers with whom Plaintiff has consulted or been evaluated by in connection with Plaintiff's prosecution of this action. Plaintiff also objects to the term "mental" issues as vague. Plaintiff will identify the medical providers associated with treating him for any mental, emotional, or psychological issues in 2024. Beyond that, Plaintiff is willing to meet and confer regarding the scope of the request. Subject to his objections, Plaintiff answers:

In 2024, Plaintiff had a stroke. Plaintiff was treated by Dr. Mindi S. Garner, Girard Medical Center, 302 North Hospital Drive, Girard, Kansas 66743, (620) 724-8291.

**WILHITE INTERROGATORY NO. 13:** Identify all medical providers who you have consulted or who have provided you any treatment for any physical issue from January 1, 2015 to the present.

**RESPONSE:** Plaintiff objects to the interrogatory. "All medical providers" with whom plaintiff has consulted or been treated by since January 1, 2015 plainly seeks information beyond the scope of reasonable discovery and irrelevant to the parties' claims and defenses. Requesting this private information, not connected to the claims and defenses, is unduly burdensome. Plaintiff also

objects to the interrogatory as seeking attorney work product. Plaintiff will not identify medical providers with whom Plaintiff has consulted or been evaluated by in connection with Plaintiff's prosecution of this action. Plaintiff will identify the medical providers associated with treating him for his stroke in 2024. Beyond that, Plaintiff is willing to meet and confer regarding the scope of the request. Subject to his objections, Plaintiff answers:

In 2024, Plaintiff had a stroke. Plaintiff was treated by Dr. Mindi S. Garner, Girard Medical Center, 302 North Hospital Drive, Girard, Kansas 66743, (620) 724-8291.

**RESPONSES TO SECOND SET OF REQUESTS FOR PRODUCTION**

**WILHITE'S REQUESTS FOR PRODUCTION NO. 5:** All documents that you intend to use at trial in this Action, including for impeachment.

**RESPONSE:** Plaintiff will produce all responsive documents.

**WILHITE'S REQUEST FOR PRODUCTION NO. 6:** All documents listed in or referenced by your Federal Rule of Civil Procedure 26(a)(1)(A) disclosures or any supplement thereto.

**RESPONSE:** Plaintiff will produce all responsive documents.

**WILHITE'S REQUEST FOR PRODUCTION NO. 7**: All documents listed or referenced in the Complaint filed in this Action.

**RESPONSE:** Plaintiff will produce all responsive documents.

**WILHITE'S REQUEST FOR PRODUCTION NO. 8**: All documents relied upon by any expert witness you disclose in this Action.

**RESPONSE:** Plaintiff will produce all responsive documents on May 4, 2026, the date set forth in the Scheduling Order for Rule 26(a)(2) disclosures.

**WILHITE'S REQUEST FOR PRODUCTION NO. 9**: All documents produced to you in response to a subpoena in this Action.

**RESPONSE:** Plaintiff will produce all responsive documents.

**WILHITE'S REQUEST FOR PRODUCTION NO. 10:** All documents concerning the Project provided to you by Larry Wilhite.

**RESPONSE:** Plaintiff will produce all responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 11:** All documents concerning the Project given to you by Steve Hedrick.

**RESPONSE:** Plaintiff will produce all responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 12:** All documents concerning the Project given to you by Rick Silanskas.

**RESPONSE:** Plaintiff will produce all responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 13.** All documents from any time concerning Big Time Production LLC including but not limited to documents regarding the creation of and purpose of Big Time Production LLC, control of Big Time Production LLC, and the ownership of Big Time Production LLC and any of its assets. (For purposes of this request, Big Time Production LLC includes Big Time Production LLC, Missouri Charter # LC1265803.)

**RESPONSE:** Plaintiff objects to this request. The request is expressly unbounded by time or subject matter and is therefore overly broad and disproportionate to the needs of the case. Because the request seeks documents concerning Big Time Production LLC, from any time, without regard to subject matter, it seeks documents that are not relevant to the claims and defenses, and indeed it is unclear that any documents responsive to the request would be relevant to the parties' claims and

defenses. The request is also unduly burdensome because Big Time Production LLC was at all times owned by Wilhite, and he has or should have all the documents he is requesting. Plaintiff stands on his objections. Plaintiff is willing to meet and confer to narrow this request to something reasonable.

**WILHITE'S REQUEST FOR PRODUCTION NO. 14:** All documents concerning Mansion Entertainment Group including but not limited to documents regarding the creation of and purpose of Mansion Entertainment Group, control of Mansion Entertainment Group, and the ownership of Mansion Entertainment Group and any of its assets. (For purposes of this request, Mansion Entertainment Group includes Mansion Entertainment Group, Missouri Charter # X001716192.)

**RESPONSE:** Plaintiff objects to this request. The request is unbounded by time or subject matter and is therefore overly broad and disproportionate to the needs of the case. Mansion Entertainment Group (as opposed to Mansion Entertainment Group, LLC, the subject of RFP 15) was a fictitious name and umbrella term for various entities, most of which had nothing to do with the claims and defenses. Additionally, "all documents" concerning Mansion Entertainment Group is a massive quantity of material, rendering the request overly broad and unduly burdensome. Also, the owner of Mansion Entertain Group, Missouri Charter # X001716192 was Wilhite, and he has or should have the information requested. Plaintiff stands on his objections. Plaintiff is willing to meet and confer to narrow this request to something reasonable.

**WILHITE'S REQUEST FOR PRODUCTION NO. 15:** All documents concerning Mansion Entertainment Group, LLC including but not limited to documents regarding the creation of and purpose of Mansion Entertainment Group LLC, control of Mansion Entertainment Group LLC, and the ownership of Mansion Entertainment Group LLC and any of its assets. (For purposes of this request, Mansion Entertainment Group LLC includes Mansion Entertainment Group LLC, Missouri Charter # LC014461839.).

**RESPONSE:** Plaintiff objects to this request. The request is unbounded by time or subject matter and is therefore overly broad and disproportionate to the needs of the case. "All documents" concerning Mansion Entertainment Group, LLC is a massive quantity of material, rendering the request overly broad and unduly burdensome. Plaintiff stands on his objection. Plaintiff is willing to meet and confer to narrow this request to something reasonable.

**WILHITE'S REQUEST FOR PRODUCTION NO. 16:** All documents reflecting communications between Wilhite and you, whether or not also involving others.

**RESPONSE:** Plaintiff objects to this request as vague, overly broad, unduly burdensome and not proportionate to the needs of the case because it is unbounded by time. Additionally, this request imposes an undue burden because it is overly broad and disproportionate to the needs of the case because it seeks "all" documents reflecting communications between Wilhite and Plaintiff, whether or not also involving others. In Wilhite's motion to dismiss, he writes: "Wilhite served as Bicknell's employee and right-hand man in Branson, Missouri, for over twenty years." No communications between Plaintiff and Wilhite prior to 2019 would be relevant to the claims and defenses. Plaintiff will produce all non-privileged responsive documents located after a reasonable search from January 1, 2019 to July 25, 2025.

**WILHITE'S REQUEST FOR PRODUCTION NO. 17:** All documents reflecting communications between Silanskas and you, whether or not also involving others.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 18:** All documents reflecting communications between Hedrick and you, whether or not also involving others.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 19:** All documents reflecting communications between Wilhite and Silanskas, whether or not involving others.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 20:** All documents reflecting communications between Wilhite and Hedrick, whether or not involving others.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 21:** All documents reflecting communications between Hedrick and Silanskas, whether or not involving others

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 22:** All documents reflecting communications between you and Wesley Gene McComb, whether or not also involving others, from January 1, 2019 to the Present.

**RESPONSE:** Plaintiff objects to the request as overly broad, disproportionate to the needs of the case, and seeking documents not relevant to the parties' claims and defenses because it is unbound by subject matter. Plaintiff and Gene McComb were involved in business ventures unrelated to the Project. Plaintiff stands on his objection. Plaintiff is willing to meet and confer to narrow this request.

**WILHITE'S REQUEST FOR PRODUCTION NO. 23:** All documents reflecting communications between Silanskas and Wesley Gene McComb, whether or not also involving others.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 24:** All documents reflecting communications between Hedrick and Wesley Gene McComb, whether or not also involving others.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 25:** All documents from any time concerning DreamVision and/or DreamVision's activities.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 26:** All documents concerning Silanskas's employment by the Mansion Theatre.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 27:** All documents concerning any joint projects involving you and Silanskas, but distinct from the Project, including but not limited to music or media projects.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 28:** All documents reflecting communications with Ron Logan or anyone purporting to be Ron Logan concerning you, the Project, or any venture associated with the Mansion Theatre or you.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 29:** All documents concerning the electronic messages called "Todays Word" or "Heavenly Word" referenced in the Complaint filed in this Action.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 30:** All documents concerning the email account heavendirectword@gmail.com, including but not limited to documents concerning the creation, use, and/or deletion of such email account.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 31:** All documents concerning any telephone number that sent electronic messages called "Todays Word" or "Heavenly Word."

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 32:** All documents concerning the following telephone numbers identified in your Requests for Production of Documents, including any documents sent to or received from those numbers: (414) 966-1512, (202) 703-4840, (613) 917-

4665, (202) 995-4158, (708) 630-3795, (203) 670-3576, (515) 567-8858, (909) 715-6946, and (725) 587-1286.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 33:** All documents concerning emails to or from any nun, real or fictitious.

**RESPONSE:** Plaintiff objects that the request as vague, overly broad, unduly burdensome, and not proportionate to the needs of the case because it is unbounded by time and subject matter. Communications with real nuns unrelated to the Project are irrelevant to the claims and defenses. Plaintiff will produce all non-privileged responsive documents from January 1, 2024 to July 25, 2025 relating to "Sister Catherine" and any other fictitious religious figure, located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 34:** All documents concerning any email account containing "catherinesister" or "cathetinesister" in the username of the email address, including but not limited to documents concerning the creation, use, and/or deletion of any such email accounts.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 35:** All documents concerning any email account purporting to belong to anyone known as or referred to as "Sister Catherine," including but not limited to documents concerning the creation, use, and/or deletion of any such email accounts.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 36:** All documents concerning a "triune" comprised of Wilhite, Salanskas, and you, whether explicitly or implicitly.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 37:** All documents concerning the email account susanloveshorses789@gmail.com, including but not limited to documents concerning the creation, use, and/or deletion of such email account.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 38:** All documents concerning the email account vectornewsstat@gmail.com, including but not limited to documents concerning the creation, use, and/or deletion of such email account.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 39:** All documents concerning any telephone number that sent electronic messages called "BIZ NEWS NET," "MIDWEST NEWS STAT," "NAT NEWS ENT," or "NAT ENT NEWS," including but not limited to the following telephone numbers: (213) 597-3892, (909) 892- 4379, (223) 245-3043, (475) 501-0132, (802) 307-8576, (708) 630-3795, (203) 670-3576, (425) 331-3768, (202) 733-9073, (617) 621-4029, (361) 487-7851, (202) 995-4472, and (515) 567-8858.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 40:** All documents concerning the email account statmidwestnews@gmail.com, including but not limited to documents concerning the creation, use, and/or deletion of such email account.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 41:** All documents concerning the email account natnewsus@yahoo.com, including but not limited to documents concerning the creation, use, and/or deletion of such email account.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 42:** Documents sufficient to show all email accounts you had access to, including but not limited to email accounts that are not in your own name during the time period of the Project and to the Present.

**RESPONSE:** Plaintiff objects to the request as vague. It is not clear what such documents would be. Further, the request seeks information that is not relevant to the parties' claims and defenses. The request is just Wilhite firing back Plaintiff's own RFP 51. But there is no allegation that Plaintiff was communicating through or using email accounts not in his name, while there are allegations Wilhite and his co-conspirators were doing so. Plaintiff also objects to the timeframe of the request as running "to the Present." Plaintiff also objects that the request is duplicative and therefore unduly burdensome. In response to Interrogatory No. 8, Plaintiff identified email accounts to which Plaintiff had access for purposes of sending email from January 1, 2021 to December 31, 2024. That is sufficient. Plaintiff stands on his objections.

**WILHITE'S REQUEST FOR PRODUCTION NO. 43**: Documents sufficient to show all email accounts created, used, or controlled by you, including but not limited to email accounts that are not in your own name.

**RESPONSE:** Plaintiff objects to the request. The request seeks information that is not relevant to the parties' claims and defenses. The request is just Wilhite firing back Plaintiff's own RFP 51. But there is no allegation that Plaintiff was communicating through or using email accounts not in his name, while there are allegations Wilhite and his co-conspirators were doing so. Further, the request is vague, overly broad, unduly burdensome and not proportionate to the needs of the case because it is unbounded by time or subject matter. Plaintiff also objects that the request is duplicative and therefore unduly burdensome. In response to Interrogatory No. 8, Plaintiff identified email accounts to which Plaintiff had access for purposes of sending email from January 1, 2021 to December 31, 2024. That is sufficient. Plaintiff stands on his objections.

**WILHITE'S REQUEST FOR PRODUCTION NO. 44:** Documents sufficient to show all email accounts created, used or controlled by Silanskas, including but not limited to email accounts that are not in Silanskas' own name.

**RESPONSE:** Plaintiff will produce non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 45:** Documents sufficient to show any servers, virtual private networks, internet protocol address, or other internet and online infrastructure used by Silanskas.

**RESPONSE:** Plaintiff will produce non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 46:** All documents, including drafts, concerning "The Ballad of Rick and Larry," under whatever title.

**RESPONSE:** Plaintiff will produce non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 47:** All documents concerning efforts by you to raise money or procure investments from January 1, 2021 to July 25, 2025.

**RESPONSE:** Plaintiff objects to the request as overly broad and unduly burdensome because it is unbounded by subject matter. Additionally, this request imposes an undue burden because it is overly broad and disproportionate to the needs of the case; it seeks "all" documents concerning efforts by Plaintiff to raise money or procure investments from January 1, 2021 to July 25, 2025. Plaintiff's efforts, if any, to raise money and procure investments on matters unrelated to the Project are not relevant to the parties' claims and defenses. Plaintiff stands on this objection. However, Plaintiff will produce all non-privileged responsive documents located after a reasonable search concerning efforts by him to raise money or procure investments for the Project from January 1, 2021 to July 25, 2025.

**WILHITE'S REQUEST FOR PRODUCTION NO. 48:** All documents, including emails or text messages or court filings, tending to involve your discussions with your family related to the Project, or relating to trying to raise capital investment funds for the Project, from January 1, 2019 to the Present.

**RESPONSE:** Plaintiff will produce non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 49:** All documents concerning your will(s), trust(s), and/or estate planning from January 1, 2021 to July 25, 2025.

**RESPONSE:** Plaintiff objects to the request as intrusive, harassing, overly broad, and unduly burdensome. Plaintiff's will, trusts, and estate planning from January 1, 2021 and July 25, 2025 are not relevant to the parties' claims and defenses. These documents are highly personal and should not be disclosed to Defendants, even subject to the Protective Order. These documents have not been disclosed even to Plaintiff's counsel. Additionally, this request imposes an undue burden because it is overly broad and disproportionate to the needs of the case; it seeks "all" documents concerning Plaintiff's will(s), trust(s), and/or estate planning from January 1, 2021 to July 25, 2025. Plaintiff further objects to this request because it seeks information protected by the attorney-client privilege or work-product doctrine. Plaintiff stands on these objections. However, Paragraph 147 of the Complaint alleges that "Silanskas and Wilhite used the 'Sister Catherine' emails to manipulate Gene into bringing legal claims against his family to access more money and to change his estate planning." Plaintiff will produce all non-privileged responsive documents located after a reasonable search relating to that allegation. Additionally, Paragraph 158 of the Complaint alleges that "the attorney Gene engaged under the influence of 'Sister Catherine' sent a letter announcing that Gene was making substantial changes to his estate plan, had named a new executor of his estate, had named a new successor trustee, and had revoked the power of attorney previously granted to his son." Plaintiff will produce the referenced letter.

**WILHITE'S REQUEST FOR PRODUCTION NO. 50:** All documents concerning your physical and/or mental health from January 1, 2019 to the Present.

**RESPONSE:** Plaintiff objects to the request as overly broad and unduly burdensome. Requesting this private information, not connected to the claims and defenses, is unduly burdensome. Plaintiff also objects to this request as seeking attorney work product and information protected by the doctor-patient privilege and therapist-patient privilege. Additionally, this request imposes an

undue burden because it is overly broad and disproportionate to the needs of the case; it seeks "all" documents concerning Plaintiff's physical and/or mental health from January 1, 2019 to the Present. Plaintiff stands on his objections. Plaintiff is willing to meet and confer regarding the scope of the request.

**WILHITE'S REQUEST FOR PRODUCTION NO. 51:** All documents concerning the purchase of land in Oklahoma by you or entities owned by you.

**RESPONSE:** Plaintiff objects to the request. The request is unduly broad and overly burdensome because it is unbounded by time or subject matter. Additionally, this request imposes an undue burden because it is overly broad and disproportionate to the needs of the case; it seeks "all" documents concerning the purchase of land in Oklahoma by Plaintiff or entities owned by him. Plaintiff owns property in Oklahoma that is unrelated to the Project. Plaintiff stands on his objections. However, Plaintiff will produce all non-privileged responsive documents located after a reasonable search concerning the purchases referenced in the Complaint of land in Oklahoma by Plaintiff or entities owned by him relating to the Project.

**WILHITE'S REQUEST FOR PRODUCTION NO. 52:** All documents concerning transfers of money or payments of money by you to any of the following individuals or entities: (1) Larry Wilhite, (2) Big Time Productions LLC, (3) Backstage Ministries.

**RESPONSE:** Plaintiff objects to the request. The request is not bounded by time or subject matter and therefore seeks documents not relevant to the claims and defenses and is overly broad and unduly burdensome. For example, in Wilhite's motion to dismiss, he writes: "Wilhite served as Bicknell's employee and right-hand man in Branson, Missouri, for over twenty years." Additionally, this request imposes an undue burden because it is overly broad and disproportionate to the needs of the case; it seeks "all" documents concerning transfers of money or payments of

money by Plaintiff to any of the listed individuals or entities. Plaintiff stands on his objections. However, Plaintiff will produce documents sufficient to show all transfers of money or payments of money from January 1, 2021 to July 25, 2025 by Plaintiff to (1) Larry Wilhite, (2) Big Time Productions LLC, and/or (3) Backstage Ministries identified after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 52:** All documents concerning transfers of money or payments of money by you to any of the following individuals or entities: (1) Rick Silanskas, (2) Steve Hedrick, (3) Mansion Entertainment Group LLC, (4) any vendor associated with the Project.

**RESPONSE:** Plaintiff understands part 4 of the request to be referring to payments relating to the Project to any vendor associated with the Project. With that understanding, Plaintiff will produce documents sufficient to show all transfers of money or payments of money by Plaintiff to (1) Rick Silanskas, (2) Steve Hedrick, (3) Mansion Entertainment Group LLC, and/or (4) any vendor associated with the Project identified after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 54:** All documents concerning transfers of money or payments by Big Time Productions LLC related to the Project.

**RESPONSE:** Plaintiff will produce documents sufficient to show all transfers of money or payments by Big Time Production LLC related to the Project identified after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 55:** All documents concerning transfers of money or payments by Mansion Entertainment Group, LLC related to the Project.

**RESPONSE:** Plaintiff will produce documents sufficient to show all transfers of money or payments by Mansion Entertainment Group, LLC related to the Project identified after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 56:** All documents concerning payments received by Wilhite concerning the Project, including compensation, reimbursement, draws, contributions, loans, and disbursements of any kind.

**RESPONSE:** Plaintiff will produce documents sufficient to show all payments received by Wilhite concerning the Project, including compensation, reimbursement, draws, contributions, loans, and disbursements of any kind identified after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 57:** All documents concerning payments received by Silanskas concerning the Project, including compensation, reimbursement, draws, contributions, loans, and disbursements of any kind.

**RESPONSE:** Plaintiff will produce documents sufficient to show all payments received by Silanskas concerning the Project, including compensation, reimbursement, draws, contributions, loans, and disbursements of any kind identified after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 58:** All documents concerning payments received by Hedrick concerning the Project, including compensation, reimbursement, draws, contributions, loans, and disbursements of any kind.

**RESPONSE:** Plaintiff will produce documents sufficient to show all payments received by Hedrick concerning the Project, including compensation, reimbursement, draws, contributions, loans, and disbursements of any kind identified after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 59:** All documents concerning any ownership stake in the Project or any renumeration or other benefit that you expected to provide to any other entity or individual or that was contemplated in connection with the Project.

**RESPONSE:** Plaintiff objects to the request. The request for documents concerning "any renumeration or other benefit that you expected to provide to any other entity or individual or that

was contemplated in connection with the Project" is vague, overly broad and unduly burdensome as it could pertain to any payment relating to the Project. This request is also duplicative of Wilhite's several other requests seeking documents regard payments concerning the Project. Additionally, this request imposes an undue burden because it is overly broad and disproportionate to the needs of the case; it seeks "all" documents concerning "any" ownership stake in the Project or any renumeration or other benefit that Plaintiff expected to provide to any other entity or individual. Plaintiff stands on these objections. Plaintiff will produce all non-privileged responsive documents concerning any ownership stake in the Project or any renumeration or other benefit that Plaintiff expected to provide to any other entity or individual or that was contemplated in connection with the Project located after a reasonable search, however, Plaintiff interprets this request to exclude payments to vendors.

**WILHITE'S REQUEST FOR PRODUCTION NO. 60:** All documents concerning payments received by any third party concerning the Project, including compensation, reimbursement, draws, contributions, loans, and disbursements of any kind.

**RESPONSE:** This request imposes an undue burden because it is overly broad and disproportionate to the needs of the case; it seeks "all" documents concerning payments received by any third party concerning the Project, including compensation, reimbursement, draws, contributions, loans, and disbursements of any kind. However, Plaintiff will produce documents sufficient to show all payments received by any third party concerning the Project, including compensation, reimbursement, draws, contributions, loans, and disbursements of any kind identified after a reasonable search.

**REQUEST FOR PRODUCTION NO. 61:** Produce all emails and text messages between you and Marty Bicknell between January 1, 2021 and July 25, 2025, except to the extent they exclusively concern a client of Mariner Wealth Management.

**RESPONSE:** Plaintiff objects to the request as intrusive, harassing, overly broad, and unduly burdensome. The request is unbound by subject matter. Plaintiff and his son have communicated about matters unrelated to the Project or any matter addressed in the Complaint, and those matters are irrelevant to the parties' claims and defenses. Additionally, this request imposes an undue burden because it is overly broad and disproportionate to the needs of the case; it seeks "all" emails and text messages between Plaintiff and Marty Bicknell between January 1, 2021 and July 25, 2025. Plaintiff stands on his objections. However, Plaintiff will produce all non-privileged emails and text messages between Plaintiff and Marty Bicknell between January 1, 2021 and July 25, 2025 that relate to the Project or an allegation in the Complaint that are located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 62:** Produce all documents regarding any conflict between you and your children between January 1, 2010 and July 25, 2025.

**RESPONSE:** Plaintiff objects to the request as intrusive, harassing, overly broad, and unduly burdensome. The request is unbound by subject matter, and the time period is unreasonably broad. Plaintiff also object to "any conflicts between you and your children" as vague; parents and children have disagreements all the time, and Plaintiff cannot ascertain what rises to the level of "conflict." Additionally, any conflicts between Plaintiff and his children, whatever that might mean, unrelated to the Project are irrelevant to the parties' claims and defenses. This request also imposes an undue burden because it is overly broad and disproportionate to the needs of the case; it seeks "all" documents regarding "any" conflict between Plaintiff and his children between January 1, 2010 and July 25, 2025. Plaintiff stands on his objections. However, Plaintiff will produce all non-privileged communications between Plaintiff and his children located after a reasonable search from January 1, 2021 to July 25, 2025 reflecting disagreement regarding the Project.

**WILHITE'S REQUEST FOR PRODUCTION NO. 63:** Produce all documents regarding any plan you may have had to change your will or the beneficiaries of financial or insurance instruments between January 1, 2010 and July 25, 2025, including any efforts by you to change your Power of Attorney.

**RESPONSE:** Plaintiff objects to the request as intrusive, harassing, overly broad, unduly burdensome, and disproportionate to the needs of the case. The time period of the request is also unreasonably broad. Plaintiff's will, trusts, and estate planning from January 1, 2010 to July 25, 2025 are not relevant to the parties' claims and defenses. Plaintiff further objects to the seeking of communications protected by the attorney-client privilege or marital privilege. Plaintiff objects because the documents sought are highly personal and should not be disclosed to Defendants, even subject to the Protective Order. These documents have not been disclosed even to Plaintiff's counsel. Additionally, this request imposes an undue burden because it is overly broad and disproportionate to the needs of the case; it seeks "all" documents regarding "any" plan Plaintiff may have had to change his will or the beneficiaries of financial or insurance instruments between January 1, 2010 and July 25, 2025. Plaintiff stands on these objections. However, Paragraph 147 of the Complaint alleges that "Silanskas and Wilhite used the 'Sister Catherine' emails to manipulate Gene into bringing legal claims against his family to access more money and to change his estate planning." Plaintiff will produce all non-privileged responsive documents located after a reasonable search relating to that allegation. Additionally, Paragraph 158 of the Complaint alleges that "the attorney Gene engaged under the influence of 'Sister Catherine' sent a letter announcing that Gene was making substantial changes to his estate plan, had named a new executor of his estate, had named a new successor trustee, and had revoked the power of attorney previously granted to his son." Plaintiff will produce the referenced letter.

**WILHITE'S REQUEST FOR PRODUCTION NO. 64:** Produce all medical records regarding any strokes you have suffered since January 1, 2010, including but not limited to any documents describing the potential causes of any stroke you suffered.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search relating to the stroke he suffered in July 2024.

**WILHITE'S REQUEST FOR PRODUCTION NO. 65:** Produce all photographs and videos reflecting your participation in any public or private events concerning the Project.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 66:** Produce all documents regarding the Todays Word messages, including all such messages that you received, all communications you had regarding such messages, and all emails regarding this subject on any email account in your possession, custody, or control.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 67:** Produce all documents regarding the "Sister Catherine" messages, including all such messages that you received, all communications you had regarding such messages, and all emails regarding this subject on any email account in your possession, custody, or control.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 68:** Produce all documents reflecting communications between you and Mr. Wilhite, Mr. Silanskas, or Mr. Hedrick regarding any religious topic.

**RESPONSE:** Plaintiff objects to the request as to communications with Wilhite as overly broad, unduly burdensome, and seeking information not relevant to the claims and defenses because it is unbounded by time. In Wilhite's motion to dismiss, he writes: "Wilhite served as Bicknell's employee and right-hand man in Branson, Missouri, for over twenty years." Additionally, this request imposes an undue burden because it is overly broad and disproportionate to the needs of the case; it seeks "all" documents reflecting communications between Plaintiff and Wilhite, Silanskas, or Hedrick regarding "any" religious topic. Plaintiff stands on his objections. However, Plaintiff will produce all non-privileged responsive documents from January 1, 2021 to July 25, 2025 located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 69:** Produce all documents in the email account lwilhite@themansiontheatre.com (including in "sent" or "deleted" folders) regarding (1) any communications with you, (2) any communications with Silanskas or Hedrick, (3) the Project, or (4) any vendors to the project.

**RESPONSE:** Plaintiff objects to the request as vague, overly broad, unduly burdensome and not proportionate to the needs of the case because it is unbounded by time. Plaintiff also objects to this request as seeking information not relevant to the parties' claims and defenses. In Wilhite's motion to dismiss, he writes: "Wilhite served as Bicknell's employee and right-hand man in Branson, Missouri, for over twenty years." Plaintiff stands on that objection. However, Plaintiff will produce all non-privileged responsive documents from January 1, 2021 to July 25, 2025 located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 70:** Produce all documents in the email account rsilanskas@themansiontheatre.com (including in "sent" or "deleted" folders) regarding (1) any communications with you, (2) any communications with Wilhite or Hedrick, (3) the Project, or (4) any vendors to the Project.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 71:** Produce all documents in the email account shedrick@themansiontheatre.com (including in "sent" or "deleted" folders) regarding (1) any communications with you, (2) any communications with Silanskas or Wilhite, (3) the Project, or (4) any vendors to the Project.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 72:** Produce all documents regarding your use of DocuSign in connection with the Project.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 73:** Produce all documents regarding any permission you gave Wilhite to use DocuSign on your behalf for any purpose at any time.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 74:** Produce all documents regarding any employment or business relationship between you and Wilhite involving the Mansion Theatre or Oakridge Boys Theater (not including the Project).

**RESPONSE:** Plaintiff objects to the request as vague, overly broad, unduly burdensome and not proportionate to the needs of the case because it is unbounded by time. Plaintiff also objects to this request as seeking information not relevant to the parties' claims and defenses. In Wilhite's motion to dismiss, he writes: "Wilhite served as Bicknell's employee and right-hand man in Branson, Missouri, for over twenty years." Plaintiff stands on that objection. However, Plaintiff will produce all non-privileged responsive documents from January 1, 2021 to July 25, 2025 located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 75:** Produce all documents created before 2022 regarding your interest in owning or building a theme park.

**RESPONSE:** Plaintiff objects to the request. The request is unbounded by time and therefore unmanageable and unduly burdensome and disproportionate to the needs of the case. Plaintiff stands on this objection. However, Plaintiff will produce all documents between January 1, 2021 and December 31, 2021 regarding his interest in owning or building a theme park located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 76:** Produce copies of all pleadings, written discovery requests, any written discovery responses and document production, and any deposition transcripts arising out of any litigation or arbitration in which you are a named party related to the Project.

**RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 77:** Please produce a fully executed Medical Authorization as attached to these Requests.

**RESPONSE**: Plaintiff objects to this request. The request attempts to impose obligations upon Plaintiff beyond those imposed by the Federal Rules of Civil Procedure. Plaintiff further objects to the suggestion that Wilhite might be entitled to go around procuring Plaintiff's medical records, unbounded by subject, from January 1, 2010 to the present. Plaintiff stands on his objection. Plaintiff will produce the medical records he has agreed to produce in response to other requests by Wilhite and in accordance with Federal Rule of Civil Procedure 26(a).

**WILHITE REQUEST FOR PRODUCTION NO. 78:** Produce a copy of the QuickBooks program in native format used for Big Time Productions, LLC, for January 1. 2019-June 30, 2023.

**RESPONSE:** Plaintiff objects to the request. Plaintiff is not obligated to provide the "QuickBooks program" and suspects that Wilhite does not want the "QuickBooks program." Plaintiff stands on his objection. However, Plaintiff will produce the QuickBooks data in native format used for Big Time Productions, LLC for January 1, 2019 – June 30, 2023 to the extent it can be located after a reasonable search.

November 17, 2025

/s/ *Rachel M. Peltzer*

Amelia A. Fogleman, OBA No. 16221
Joseph W. Lang, OBA No. 33019
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800

Michael S. Nadel
Sagar K. Ravi
Rachel M. Peltzer
Theresa M. Babendreier
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Plaintiff O. Gene Bicknell

**CERTIFICATE OF SERVICE**

I certify that on November 17, 2025, I caused a copy of the foregoing via email to all counsel of record and pro se parties, including:

Counsel for Defendant Larry K. Wilhite:

J. Christopher Davis, Esq.
Deric McClellan, Esq.
Crowe & Dunlevy, P.C.
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120

Evan G.E. Vincent, Esq.
Crowe & Dunlevy, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102

Counsel for Defendant Stephen D. Hedrick:

Lysbeth George, Esq.
Jennifer Jackson, Esq.
Liz George and Associates
8101 S. Walker, Suite F
Oklahoma City, Oklahoma 73139

Defendant Richard M. Silanskas, Jr.:

Richard M. Silanskas, Jr.
1338 Peace in the Valley Road
Blue Eye, Missouri 65611

/s/ *Rachel M. Peltzer*
Rachel M. Peltzer