IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | Case No. 25-cv-00383-SH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD M. SILANSKAS JR., | ) | |
| LARRY K. WILHITE, and | ) | |
| STEPHEN HEDRICK, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSES TO DEFENDANT LARRY WILHITE'S FIRST SET OF REQUESTS FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 33, 34, and 36, the Local Rules of the Northern District of Oklahoma, and other applicable law, Plaintiff O. Gene Bicknell responds to Defendant Larry K. Wilhite's first sets of requests for admission, interrogatories, and requests for production of documents, dated October 6, 2025.

**OBJECTIONS TO DEFINITIONS AND INTRUCTIONS**

a. Plaintiff objects to the direction to produce documents within 30 days of service of the requests but agrees that the documents should be made available at a mutually agreeable time.

b. Plaintiff's objections are made without in any way waiving or intending to waive: (i) all questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of the response or subject matter thereof, in any subsequent proceeding in the trial of this or any other action; (ii) the right to object on any ground to the use of said responses, or the subject matter thereof, in any subsequent proceeding in or in the trial of this or any other action;

EXHIBIT
W

and (iii) the right to object on any ground at any time to other discovery procedures involving or relating to the subject matter of this subpoena. Plaintiff expressly reserves the right to raise any of the above issues at an appropriate time.

c. Plaintiff's objections, and production of information or documents, do not in any way constitute an adoption of Wilhite's purported definitions of words or phrases contained in the requests.

d. Plaintiff objects to the requests as unreasonable, overly broad, and unduly burdensome to the extent it purports to require searching for and/or production of documents and information maintained or stored on backup tapes, archived or inactive data sources, or any sources that are not reasonably accessible or maintained and accessed in the ordinary course of business.

e. Plaintiff objects to the requests and interrogatories to the extent that they call for gathering information that is not maintained in the ordinary course of business and/or not easily retrievable at reasonable expense.

f. Plaintiff objects to the requests and interrogatories to the extent they seek action, documents, and/or information in excess of the requirements of the applicable Federal Rules of Civil Procedure, Local Rules of the Northern District of Oklahoma, and/or other applicable law.

g. Plaintiff objects to the requests and interrogatories to the extent they seek documents or information that are covered by the attorney-client privilege, the work-product doctrine, common-interest protection, any privacy law or regulation, or any restriction that protects such material from involuntary disclosure or production. Plaintiff will not produce documents or information covered by one or more such privileges, immunities, or rules. Inadvertent production of any such material shall not constitute a waiver of any privilege, protection, or of any other grounds for objecting to discovery of such materials, its subject matter, or information contained

therein, or of Plaintiff's right to object to the use of such material during this or any later proceeding or otherwise demand return of the material.

h. Plaintiff's responses and objections do not constitute a representation that responsive documents exist, but only that responsive documents will be produced if they do exist, can be located with reasonable diligence, and are not otherwise objected to or protected from disclosure.

i. Plaintiff does not adopt or confirm the accuracy of any purported facts incorporated in any of the definitions, requests, or interrogatories by the act of responsive to the requests or interrogatories or by producing documents.

j. When Plaintiff states in his responses that he stands on his objections, it means that Plaintiff is withholding responsive information, to the extent it exists and can be located after a reasonable search, unless that information is responsive to another request as to which Plaintiff is producing information.

k. These responses and objections are based on Plaintiff's current knowledge. Further investigation may reveal additional facts or information that could lead to additions to, changes in, or variations from these responses and objections. Plaintiff reserves the right to amend, modify, and/or supplement these responses and objections at any time.

l. Plaintiff objects to the definition of "You," "Your," "Yours," "O. Gene Bicknell," and "Bicknell"—specifically to the inclusion of "any representative, agent, or attorney of the same, and further includes any other Person(s) acting, or whom You believe to have acted, on Your behalf in whatever capacity." Plaintiff responds for himself only, and when Plaintiff agrees to produce documents or provide information, he will produce or provide documents and information in his possession, custody, or control.

m. Plaintiff objects to the definition of "Larry K. Wilhite" and "Wilhite" as including "any employee, representative, agent, or attorney of the same." Plaintiff does not know who the employees, representatives, agents, or attorneys of Larry Wilhite are. Plaintiff interprets these terms to mean Defendant Larry K. Wilhite and responds accordingly.

n. Plaintiff objects to the definition of the term "Document(s)" as encompassing "all metadata" and "embedded data" as vague and ambiguous and not proportionate to the needs of the case. Plaintiff will produce, to the extent available, all metadata fields outlined in Instruction viii of Plaintiff's first set of requests for production of documents to Defendant Larry K. Wilhite, dated September 30, 2025. Plaintiff further objects to the definition of the term "Document(s)" as including "any associated communications or transmittal documents," as vague and ambiguous and not proportionate to the needs of the case. Plaintiff will produce document families intact, such that, if any document within a family is responsive to a valid request, the entire family (i.e., the cover email/letter and all attachments) will be produced.

o. Plaintiff objects to the definition of the term "Identify" to the extent it purports to impose obligations beyond those imposed by the Federal Rule of Civil Procedure.

p. Plaintiff objects to Instruction 2 to the extent it purports to impose an obligation on Plaintiff to specify the efforts made to obtain the information provided in an interrogatory response and identify any persons or documents that may have responsive information as imposing obligations beyond those imposed by the Federal Rules of Civil Procedure. Plaintiff will answer consistent with his obligations under those rules and the Local Rules.

q. Plaintiff objects to Instruction 3 as imposing obligations those imposed by the Federal Rules of Civil Procedure and inconsistent with Instruction 6. Plaintiff will supplement his answers and response within a reasonable time upon receipt of information which will augment

or, otherwise, modify his answers given to Defendant Larry K. Wilhite's first sets of requests for admission, interrogatories, and requests for production of documents, dated October 6, 2025.

r. Plaintiff objects to Instructions 7, 11, 12, and 13 as imposing obligations beyond those imposed by the Federal Rules of Civil Procedure. Plaintiff will answer consistent with his obligations under those rules and the Local Rules.

s. Plaintiff objections to Instruction 10 as conflicting with Local Rule LCvR26-5. Plaintiff will provide a privilege log consistent with his obligations under the Federal Rules of Civil Procedure and the Local Rules.

**RESPONSES TO REQUESTS FOR ADMISSION**

**WILHITE'S REQUEST FOR ADMISSION NO. 1:** Admit no attorney-client relationship existed between Gene Bicknell and Michael Nadel or any attorney with the firm now known as McDermott Will & Schulte prior to November 1, 2024:

**PLAINTIFF'S RESPONSE**: Plaintiff objects that the request seeks information that is outside the scope of discovery. Whether or when Plaintiff had an attorney-client relationship with Michael Nadel or any attorney at McDermott Will & Schulte is not relevant to any of Plaintiff's claims or, to our knowledge, any Defendants' defenses. Plaintiff further objects to the request to the extent it seeks a conclusion of law. Plaintiff stands on his objections.

**WILHITE'S REQUEST FOR ADMISSION NO. 2:** Admit Larry Wilhite was not an officer, director, or manager of Mansion Entertainment Group, LLC at any time before June 30, 2023.

**PLAINTIFF'S RESPONSE:** Plaintiff objects that the request seeks information that is outside the scope of discovery. Whether Larry Wilhite was an officer, director, or manager of Mansion Entertainment Group, LLC at any time before June 30, 2023 is not relevant to any of

Plaintiff's claims or, to our knowledge, any Defendants' defenses. Plaintiff further objects to the request to the extent it seeks a conclusion of law.

Notwithstanding Plaintiff's objections, the request is denied.

**WILHITE'S REQUEST FOR ADMISSION NO. 3:** Admit Larry Wilhite was not an officer, director, or manager of Mansion Entertainment Group, LLC at any time after June 30, 2023 to the date of the filing of this lawsuit.

**PLAINTIFF'S RESPONSE:** Plaintiff objects that the request seeks information that is outside the scope of discovery. Whether Larry Wilhite was an officer, director, or manager of Mansion Entertainment Group, LLC at any time after June 30, 2023 is not relevant to any of Plaintiff's claims or, to our knowledge, any Defendants' defenses. Plaintiff further objects to the request to the extent it seeks a conclusion of law.

Notwithstanding Plaintiff's objections, the request is denied.

**WILHITE'S REQUEST FOR ADMISSION NO. 4:** Admit Larry Wilhite had no legal responsibility to Mansion Entertainment Group, LLC, after June 30, 2023, outside of those duties described by the Transition Services Agreement between Big Time Productions, LLC and Mansion Entertainment Group, LLC of the same date.

**PLAINTIFF'S RESPONSE:** Plaintiff objects that the request seeks information that is outside the scope of discovery. Whether Larry Wilhite had legal responsibility to Mansion Entertainment Group, LLC, after June 30, 2023, outside of those duties described by the Transition Services Agreement between Big Time Productions, LLC and Mansion Entertainment Group, LLC is not relevant to any of Plaintiff's claims or, to our knowledge, any Defendants' defense. Plaintiff further objects to the request to the extent it seeks a conclusion of law. Plaintiff further objections

that the term "no legal responsibility to Mansion Entertainment Group, LLC" is vague and ambiguous.

Notwithstanding Plaintiff's objections, the request is denied.

**RESPONSES TO INTERROGATORIES**

**WILHITE'S INTERROGATORY NO. 1:** State the date when you signed a contract with the law firm McDermott Will Emery n/k/a as McDermott Will & Schulte to represent you in this litigation.

**PLAINTIFF'S RESPONSE:** Plaintiff objects that the interrogatory seeks information beyond the scope of discovery. The date that Plaintiff signed a contract with his law firm to represent him in this litigation is not relevant to any party's claims or defenses. Plaintiff also objects that the interrogatory seeks information protected by the attorney-client privilege and the work-product doctrine. Plaintiff stands on his objections.

**WILHITE'S INTERROGATORY NO. 2:** Identify the date when you claim an attorney-client relationship began between you and any attorney with the law firm presently representing you in this litigation.

**PLAINTIFF'S RESPONSE:** Plaintiff objects that the interrogatory seeks information beyond the scope of discovery. The date that Plaintiff's attorney client relationship with his law firm in this litigation began is not relevant to any party's claims or defenses. Plaintiff also objects that the interrogatory seeks information protected by the attorney-client privilege and the work-product doctrine. Plaintiff further objects to the request to the extent it seeks a conclusion of law. Plaintiff stands on his objections.

**WILHITE'S INTERROGATORY NO. 3:** Describe what authority was vested in Larry Wilhite to act on behalf of Mansion Entertainment Group, LLC after June 30, 2023. The intent of this request

is to ask for a description of what actions was Larry Wilhite authorized to do on behalf of Mansion Entertainment Group, LLC after said date.

**PLAINTIFF'S RESPONSE:** Plaintiff objects that the interrogatory seeks information beyond the scope of discovery, as the authority vested in Larry Wilhite to act on behalf of Mansion Entertainment Group, LLC is not relevant to any party's claims or defenses. Plaintiff also objects that the interrogatory seeks a legal conclusion – i.e., what authority was vested in Larry Wilhite. Notwithstanding his objections, Plaintiff answers:

Larry Wilhite was President and Chief Executive Officer of Mansion Entertainment Group, LLC. He also functioned as Chief Operating Officer. Larry Wilhite generally had all the responsibilities a CEO would have. Larry Wilhite was responsible for general management of day-to-day operations. Larry Wilhite was responsible for negotiating contracts. Larry Wilhite was responsible for overseeing finances. Larry Wilhite had veto power over the decisions made by Steve Hedrick and Rick Silanskas as to the details of the American Heartland Project. Larry Wilhite was responsible for keeping me, as owner of Mansion Entertainment Group, LLC, informed of major developments. Larry Wilhite also handled media interviews.

**RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS**

**WILHITE'S REQUESTS FOR PRODUCTION NO. 1:** Produce a copy of the written contract you signed with the McDermott Will Emory n/k/a McDermott Will & Schulte law firm to represent you in this litigation. NOTE: You may redact out the financial terms of the contract.

**PLAINTIFF'S RESPONSE:** Plaintiff objects that the request seeks information beyond the scope of discovery, as the written contract between Plaintiff and his law firm to represent him in this litigation is not relevant to any party's claims or defenses. Plaintiff also objects that the request

seeks information protected by the attorney-client privilege and/or the work-product doctrine. Plaintiff stands on his objections.

**WILHITE'S REQUEST FOR PRODUCTION NO. 2:** Produce a copy of any written waivers of conflict of interest you signed with regard to the McDermott Will Emory n/k/a McDermott Will & Schulte law firm to represent you in this litigation.

**PLAINTIFF'S RESPONSE:** Plaintiff objects that the request seeks information beyond the scope of discovery, as any written waivers of conflict of interest Plaintiff signed with regard to his attorneys in this case is not relevant to any party's claims or defenses. Plaintiff also objects that the requests seeks information protected by the attorney-client privilege and/or the work-product doctrine. Plaintiff stands on his objections.

**WILHITE'S REQUEST FOR PRODUCTION NO. 3:** Produce all emails and text messages between you and Michael Nadel and any other member of McDermott Will Emory n/k/a McDermott Will & Schulte from January 1, 2024 to January 1, 2025.

**PLAINTIFF'S RESPONSE:** Plaintiff objects to the request as seeking information outside the scope of discovery as it is not bounded by subject matter. To the extent Plaintiff has exchanged emails or text messages with McDermott Will & Emery on issues not relevant to the claims and defenses, such emails or text messages are outside the scope of discovery. Notwithstanding those objections, Plaintiff will produce all non-privileged responsive documents relating to the American Heartland Project located after a reasonable search.

**WILHITE'S REQUEST FOR PRODUCTION NO. 4:** Produce all emails and text messages between you and Rick Silanskas between January 1, 2024 and January 1, 2025.

**PLAINTIFF'S RESPONSE:** Plaintiff will produce all non-privileged responsive documents located after a reasonable search.

November 5, 2025

/s/ *Rachel M. Peltzer*

Amelia A. Fogleman, OBA No. 16221
Joseph W. Lang, OBA No. 33019
GABLEGOTWALS
110 N. Elgin Avenue, Suite 200
Tulsa, Oklahoma 74120
(918) 595-4800

Michael S. Nadel
Sagar K. Ravi
Rachel M. Peltzer
Theresa M. Babendreier
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

Attorneys for Plaintiff O. Gene Bicknell

## CERTIFICATE OF SERVICE

I certify that on November 5, 2025, I caused a copy of the foregoing via email to all counsel of record and pro se parties, including:

Counsel for Defendant Larry K. Wilhite:

J. Christopher Davis, Esq.
Deric McClellan, Esq.
Crowe & Dunlevy, P.C.
222 N. Detroit Avenue, Suite 600
Tulsa, Oklahoma 74120

Evan G.E. Vincent, Esq.
Crowe & Dunlevy, P.C.
Braniff Building
324 North Robinson Avenue, Suite 100
Oklahoma City, Oklahoma 73102

Counsel for Defendant Stephen D. Hedrick:

Lysbeth George, Esq.
Jennifer Jackson, Esq.
Liz George and Associates
8101 S. Walker, Suite F
Oklahoma City, Oklahoma 73139

Defendant Richard M. Silanskas, Jr.:

Richard M. Silanskas, Jr.
1338 Peace in the Valley Road
Blue Eye, Missouri 65611

/s/ *Rachel M. Peltzer*
Rachel M. Peltzer