# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| O. GENE BICKNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 25-cv-00383-SH |
| | ) | |
| RICHARD M. SILANSKAS, JR.,; LARRY K. WILHITE; and STEPHEN D. HEDRICK, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT LARRY WILHITE'S RULE 26 INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Larry Wilhite ("Defendant" or "Wilhite") by and through his counsel, hereby provides the following initial disclosures to Plaintiff Gene Bicknell ("Plaintiff" or "Bicknell"). Discovery has just begun, and these initial disclosures are based upon information reasonably available to Wilhite at the present time. Wilhite's investigation is continuing. Discovery, as well as Wilhite's ongoing investigation and analysis in this case, may yield additional information. Wilhite therefore reserves the right to supplement and correct the information disclosed herein consistent with the applicable Federal Rules of Civil Procedure, and the Local Rules for the Northern District of Oklahoma, and any applicable Court order, and/or to further supplement and correct these disclosures in discovery responses, depositions, and/or expert reports.

By identifying persons or documents in these initial disclosures, Wilhite does not waive any evidentiary objections he has now or may have, or any applicable privileges, including, but not limited to: (a) the right to object to any discovery requests or to the admissibility of any evidence on the grounds of privilege, work product immunity, common interest privilege,

relevance, competency, materiality, hearsay, or any other proper ground; (b) the right to object to the use of any such information, for any purpose, in whole or in part, in any proceeding; or (c) the right to object to any and all grounds to any other discovery request or proceeding involving or relating to the subject matter of these disclosures in any proceeding.

In addition to the disclosures expressly set forth below, Wilhite incorporates by reference the individuals, entities, documents and/or categories of documents identified in Plaintiff's initial disclosures (including any supplementations thereto), and reserves the right to use, rely upon, seek discovery from, or call as witnesses those individuals, entities, documents and/or categories of documents as if they were expressly identified herein.

**A. Disclosure Under Fed. R. Civ. P. 26(a)(1)(A)(i):**

**The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

After a reasonable inquiry, Wilhite identifies the following individuals pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) as likely to have discoverable information that Plaintiff may use to support his claims and/or defenses. Wilhite reserves the right to rely upon the testimony of any of the individuals or entities identified herein at trial or otherwise. Wilhite also reserves the right to rely upon the testimony of any individual who is deposed in this case or is otherwise identified in response to a discovery request. Wilhite further reserves the right to identify additional or different individuals or entities that Wilhite may use to support his defenses, and Wilhite may call additional witnesses identified in documents produced by the parties in this case and/or in response to interrogatories.

In making these disclosures, Wilhite does not waive his right to object to discovery of information from any of these individuals/entities or any other individuals/entities, including by

deposition or otherwise. By indicating the general subject matter of information these individuals or entities may possess, Wilhite does not make any concession, agreement, admission, or waiver of any ultimate determination of relevance or admissibility of any particular information for any purpose. Individuals marked "Contact through Wilhite's Counsel" should not be contacted except through Wilhite's attorneys of record. Wilhite also expressly reserves the right to call any individuals or entities listed herein to testify concerning other subjects or to change the scope of expected or possible testimony of all such witnesses, and to identify additional witnesses, as discovery progresses and as the issues for trial become defined.

Other individuals not specifically known to Wilhite may possess relevant information. Wilhite reserves the right to call all witnesses listed or disclosed in any party's Initial Disclosures, discovery responses, witness lists, or anywhere else in this case.

Finally, Wilhite reserves the right to and may rely on individuals and entities identified by any party in this case, as well as authors and publishers of any relevant documents identified during the course of this litigation.

1. Larry Wilhite, c/o Chris Davis, Crowe & Dunlevy. Wilhite is a Defendant in this case and has information related to this case and the claims against him.

2. Rick Silanskas, 1338 Peace in Valley Rd., Blue Eye, MO 65611, ricksilanskas@gmail.com. Mr. Silanskas is a Defendant in this case and has information related to this case and the claims against him and Wilhite.

3. Steven Hedrick, c/o Lysbeth George., Liz George & Associates. Mr. Hedrick is a Defendant in this case and has information related to this case and the claims against him and Wilhite.

4. Gene Bicknell, c/o Michael Nadel , McDermott Will & Schulte LLP. Mr. Bicknell is the Plaintiff in this case and has information related to the claims he has asserted against the Defendants.

5. Marty Bicknell, c/o Michael Nadel, McDermott Will & Schulte LLP. Marty Bicknell is Gene Bicknell's son and his role in the entities involved in this case (Mansion Entertainment Group, OGB Holdings, 1248, LLC, and others) is substantial.

6. Michael Nadel, c/o Michael Nadel, McDermott Will & Schulte LLP. Mr. Nadel performed an investigation of Gene Bicknell for Marty Bicknell prior to being retained by Plaintiff. Mr. Nadel may testify about that investigation and the circumstances around it.

7. Christopher Belcher, Barron International Group, LLC, 540 Madison Avenue, 34th Floor, New York, NY 10022, US. Upon information and belief, Mr. Belcher had a meeting with Plaintiff to discuss financing the American Heartland Project. Mr. Belcher may testify regarding what was discussed at that meeting.

8. Gene McComb, 918-323-9858. Mr. McComb purchased all the land for Plaintiff for the Project, and may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

9. Kristy Adams, 417-840-9858. Ms. Adams was the former Vice President of Marketing for Mansion Theater and is now the General Manager. Ms. Adams may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

10. Karl Jones, Attorney at Law, 202 S. Wilson, Vinita, Ok 74301 (918) 256-8794. Mr. Jones represented Gene Bicknell in matters related to raising of funds for the American Heartland Project.

11. Representative of OGB Holdings, c/o Michael Nadel, McDermott Will & Schulte LLP. OGB Holdings is under the custody and control of Plaintiff and/or Marty Bicknell. A representative of OGB may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

12. Representative of Mansion Entertainment Group, c/o Michael Nadel, McDermott Will & Schulte LLP. Mansion Entertainment Group is under the custody and control of Plaintiff and/or Marty Bicknell. A representative of Mansion Entertainment Group may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

13. Representative of 1248, LLC, c/o Michael Nadel, McDermott Will & Schulte LLP. 1248 is under the custody and control of Plaintiff and/or Marty Bicknell. A representative of 1248 may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

14. Representative of 23Lunes Creative Animation Studios, c/o Brandon Boulware, Boulware Law LLC. 23Lunes is an animation company who has sued 1248 Holdings, LLC, Marty Bicknell, Gene Bicknell, Rick Silanskas, and Larry Wilhite, alleging, among other things, that it contracted with 1248 to perform

15. Julia Wilhite, c/o Chris Davis, Crowe & Dunlevy. Julia is Wilhite's wife, and she may testify to information related to this case and the claims against Wilhite

16. Representatives of Forrec Architects. Forrec Architects is one of the companies who performed work on the Project. A representative of Forrec Architects may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

17. Representatives of ADG Blatt. ADG Blatt is one of the companies who performed work on the Project. A representative of ADG Blatt may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

18. Representatives of THG Design. THG Design is one of the companies who performed work on the Project. A representative of THG Design may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

19. Representatives of Porter Consulting Group. Porter Consulting Group is one of the companies who performed work on the Project. A representative of Porter Consulting Group may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

20. Representatives of Crossland Construction. Crossland Construction is one of the companies who performed work on the Project. A representative of Crossland Construction may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

21. Kevin Stitt, Governor of Oklahoma. Governor Stitt met with Plaintiff during the development of the Project. Governor Stitt may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

22. Josh D. Lee, Mayor of Vinita, Oklahoma. Mayor Lee met with Plaintiff during the development of the Project. He may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

23. Representative Danny Sterling. Representative Sterling met with Plaintiff during the development of the Project. He may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

24. Representative Rusty Cornwall. Representative Cornwall met with Plaintiff during the development of the Project. He may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

25. Representatives of Council of the Nine Tribes of Oklahoma. Representatives of the Council of the Nine Tribes met with Plaintiff during the development of the Project. They may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

26. Representatives of Cherokee Nation. Representatives of the Cherokee Nation met with Plaintiff during the development of the Project. They may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

27. Representatives of Osage Nation. Representatives of the Osage Nation met with Plaintiff during the development of the Project. They may testify to the facts and circumstances surrounding the development of the Project as well as the allegations in Plaintiff's Complaint.

28. All persons identified by any other party to this lawsuit and not specifically named by Wilhite here.

**B. Disclosure Under Fed. R. Civ. P. 26(a)(1)(A)(ii):**

**A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

Based upon presently available information, Plaintiff identifies pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii) the following categories of documents, electronically stored information, and tangible things that he may use to support his claims. These documents do not include expert materials that may be developed in support of Plaintiff's claims or defenses. Plaintiff reserves the right to identify and use documents from additional categories if, during the course of discovery and investigation relating to this case, such additional categories become relevant. Plaintiff also reserves the right to use additional categories of documents to rebut or respond to the contentions and allegations that Defendant may make.

1. America's Heartland Feasibility Study, dated September 25, 2022.

2. America's Heartland Economic Impact Assessment, dated May 17, 2023.

3. Asset Purchase Agreement between Mansion Entertainment Group and Big Time Productions.

4. Text messages and emails between Larry Wilhite and Gene Bicknell concerning the Project.

5. Text messages and emails between Rick Silanskas and Gene Bicknell concerning the Project.

6. Text messages and emails between Marty Bicknell and Gene Bicknell concerning the Project.

7. Text messages and emails between Gene Bicknell and any other person regarding the Project.

8. Materials discovered by Michael Nadel or his law firm during its investigation of Gene Bicknell before becoming his attorney.

Copies of the relevant documents and things, to the extent they are within Plaintiff's custody, control, and/or possession, are currently located with Plaintiff's counsel, at Plaintiff's place of business, or in the custody of individuals associated with Plaintiff. Other documents and things may be within the custody, control, or possession of Robertson. Plaintiff reserves the right to supplement this disclosure as additional documents, data compilations, or tangible things become available to Plaintiff.

**C. Disclosure Under Fed. R. Civ. P. 26(a)(1)(A)(iii):**

**A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Wilhite may have a counterclaim for money damages related to credit card charges for Mansion Entertainment Group and the Rose Bowl Parade which were charged to Larry Wilhite personally, and for certain personal items of value left at the Mansion following the acquisition of Big Time Productions, LLC by Mansion Entertainment Group, LLC in June, 2023.

**D. Disclosure Under Fed. R. Civ. P. 26(a)(1)(A)(iv):**

**For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Safeco Insurance Company of America, Claim No. 059897729-01; Insured Larry Wilhite.

Wilhite reserves the right to amend, supplement or modify these initial disclosures as appropriate based upon its future evaluation of facts and evidence presently in his possession, and upon further investigation as discovery progresses and additional facts become available.

*/s/ J. Christopher Davis*
J. Christopher Davis, OBA #16639
Deric J. McClellan, OBA #32827
CROWE & DUNLEVY, P.C.
222 North Detroit Ave., Suite #600
Tulsa, OK 74120
(918) 592-9800
(918) 592-9801 (Facsimile)
chris.davis@crowedunlevy.com
deric.mcclellan@crowedunlevy.com

-and-

Evan G. Vincent, OBA #22325
CROWE & DUNLEVY, P.C.
Braniff Building
324 North Robinson Ave., Suite #100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
evan.vincent@crowedunlevy.com
**ATTORNEYS FOR DEFENDANT**
**LARRY K. WILHITE**