# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) O. GENE BICKNELL,<br><br>Plaintiff<br>v.<br><br>(1) RICHARD M. SILANSKAS JR.,<br>(2) LARRY K. WILHITE, and<br>(3) STEPHEN D. HEDRICK<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 4:25-CV-00383-SH |

**DEFENDANT STEPHEN D. HEDRICK'S**
**RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Stephen D. Hedrick, (herein "Hedrick"), provides the following information:

**A. The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

1. Stephen D. Hedrick
c/o Lysbeth George
Jennifer E. Jackson
LIZ GEORGE AND ASSOCIATES
8101 S. Walker, Suite F
Oklahoma City, OK 73139
Telephone: (405) 689-5502
Facsimile: (405) 689-5502
liz@georgelawok.com
jennifer@georgelawok.com

Mr. Hedrick is a Defendant in this case and has information related to this case and the claims against him.

2. Mark C. Snead
RegionTrack
Wherever he may be located.

Mr. Snead was part of the American Heartland Economic Assessment and is often employed by the State of Oklahoma for Economic Studies

3. Peter Alexander
Wherever he may be located.

Mr. Alexander was part of the American Heartland Feasibility Study and former theme park executive and estimator

4. Cale Heit

Mr. Heit is employed by Forrec Architects, where he worked on the former theme park project. Forrec Architects is among one of the companies to which the Plaintiff owes payment for services rendered. Including the Forrec Architects team and all other potential witnesses included in the spreadsheet attached hereto as Exhibit A.

5. Eric O'Rourke

Mr. O'Rourke is employed by Forrec Architects, where he worked on the former theme park project. Forrec Architects is among one of the companies to which the Plaintiff owes payment for services rendered. Including the Forrec Architects team and all other potential witnesses included in the spreadsheet attached hereto as Exhibit A.

6. Todd Stevens

Mr. Stevens who was previously employed by Cuningham Architects and served as the Project Lead who is among one of the companies to which the Plaintiff owes payment for services rendered.

7. Tony Blatt

Mr. Blatt, Owner of ADG Blatt, worked on the former theme park project. ADG Blatt is among one of the companies to which the Plaintiff owes payment for services rendered. Including the ADG Blatt team and all other potential witnesses included in the spreadsheet attached hereto as Exhibit A.

8. Debbie Lindquist

Ms. Lindquist is the Vice President of Finance for THG Design and worked on the former theme park project. THG Design is among one of the companies to which the Plaintiff owes payment for services rendered. Including the THG design team and all other potential witnesses included in the spreadsheet attached hereto as Exhibit A.

9. Erik Neergaard

Mr. Neergaard is the Vice President for THG Design and worked on the former theme park project. THG Design is among one of the companies to which the Plaintiff owes payment for services rendered. Including the THG design team and

all other potential witnesses included in the spreadsheet attached hereto as Exhibit A.

10. Mike Ostendorf

Mr. Ostendorf is the CEO and Co-Founder of AOA Estimating and Project Management who worked on the former theme park project. AOA Estimating and Project Management is among one of the companies to which the Plaintiff owes payment for services rendered.

11. Tyler Davis
Tyler.Davis@porterllc.com
(530) 345-4450

Mr. Davis is the CEO of the Porter Consulting Group who worked on the former theme park project as part of the Project management team. Porter Consulting Group is among one of the companies to which the Plaintiff owes payment for services rendered.

12. Paul Fiery
paulwfurey@gmail.com
(407) 701-2558

Mr. Fiery worked on the former theme park project as a project estimator. Mr. Fiery is among one of the workers to which the Plaintiff owes payment for services rendered.

13. Crossland Construction

Crossland Construction was the RV Park Construction Company and is among one of the companies to which the Plaintiff owes payment for services rendered. Including all other potential witnesses included in the spreadsheet attached hereto as Exhibit A.

14. Evan Hall
Evan@forwardthinkingdesigns.com
(407) 453-2025

Evan Hall, Chief of Big Ideas at Forward Thinking Design was part of the Systems Design team and is among one of the companies to which the Plaintiff owes payment for services rendered.

15. Brad Meriman
brad@profun.com
(714) 832-1201

Brad Meriman is the President ProFun and was part of the Operational Planning team and is among one of the companies to which the Plaintiff owes payment for services rendered.

16. Pam McKown
pamckown@yahoo.com
(626) 625-7231

Pam McKown, is a Contract Admin who has knowledge of how and where every dollar was spent for the former theme park.

17. Kevin Stitt, Governor of Oklahoma

18. Council of the Nine Tribes of Oklahoma

19. Gene McComb
Land Purchaser for Gene Bicknell
(918) 323-2657

21. Kristy Adams
(417) 840-9858

Ms. Adams was the former Vice President of Marketing Mansion Theater and is now the General Manager.

22. Josh D. Lee, Mayor of Vinita, Oklahoma
(918) 520-2167

23. Larry Wilhite

A defendant in this case and CEO of Mansion Entertainment Group (MEG). MEG was the development company for the former theme park, including his team and all other potential witnesses included in the spreadsheet attached hereto as Exhibit A.

24. Richard M. Silanskas, Jr.
1338 Peace in Valley Rd.
Blye Eye, MO 65611
ricksilanskas@gmail.com

A defendant in this case and has information related to this case and the claims against him.

25. Cumming Group

Project management and consulting group for the former theme park, including all other potential witnesses included in the spreadsheet attached hereto as Exhibit A.

26. PCL Construction

PCL was the Construction company for the former theme park, including all other potential witnesses included in the spreadsheet attached hereto as Exhibit A.

27. Cuningham

Cuningham was an architectural and design partner for the former theme park and is among one of the companies to which the Plaintiff owes payment for services rendered. Including all other potential witnesses included in the spreadsheet attached hereto as Exhibit A.

28. Any witness necessary to authenticate or lay the foundation for any exhibit offered at trial.

Identification of any person or entity does not constitute a representation that such person or entity has information that is non-privileged, nor does it constitute a waiver of any privilege or objection that may be made to any testimony of any such person or entity. Defendant may identify additional witnesses, or additional subjects of information possessed by the individuals and entities listed above, through discovery and continued investigation. Defendant specifically reserves the right to call as witnesses at trial individuals or entities that are not identified in this disclosure, and to question individuals and entities identified in this disclosure on subjects of information beyond those listed above.

**B. A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

**All documents identified below are in the possession of undersigned counsel:**

1. America's Heartland Feasibility Study, dated September 25, 2022
2. American Heartland Economic Impact Assessment, dated May 17, 2023

3. Spreadsheet depicting all of the companies and consultants who worked on the project
4. Stephen Hedrick's consulting invoices to Mansion # 1-38 for the years 2022-2025
5. Stephen Hedrick's unpaid invoices
6. Picture of the Pasadena office and assembled team of architects, engineers and designers.
7. Aaron Hedrick's Resume
8. Nathan Hedrick's Resume
9. American Heartland Feasibility Study Revision 2, dated December 19, 2022
10. Larry, Gene McComb & O. Gene Bicknell text messages regarding meeting with 9 Indian tribes
11. Larry Wilhite, O. Gene Bicknell and Kristy texts messages regarding park video and bank conversation
12. Text messages between O. Gene Bicknell and Steve Hedrick regarding money owed to companies working on project
13. Relevant documents Hedrick may use to support his claims and defenses would be in the possession, custody, and control of Plaintiff.

Hedrick may identify additional categories of documents, electronically stored information, and other tangible things through discovery and continued investigation. Hedrick specifically reserves the right to offer exhibits at trial that do not fall within the above-listed categories.

**C. A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on**

**which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

Due to his pending Motion to Dismiss, Hedrick has not filed his Answer yet in this case. In the event this Court does not grant the Motion to Dismiss, Hedrick reserves the right to assert all affirmative defenses as well as counterclaims for the unpaid funds due him for his work performed on the underlying project. Hedrick asserts that he is owed approximately $131,215.45 for unpaid invoices issued on work performed on the underlying project.

**D. For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

There is no insurance policy which would satisfy all or part of a judgment against Hedrick.

Defendant reserves the right to supplement these initial disclosures, as necessary, in accordance with Federal Rule 26.

Dated: October 24, 2025

Respectfully submitted,

Lysbeth George

Lysbeth George, OBA #30562
Jennifer E. Jackson, OBA #19492
**LIZ GEORGE & ASSOCIATES**
8101 S. Walker, Suite F
Oklahoma City, OK 730139
Telephone: (405) 689-5502
Facsimile: (405) 689-5502
liz@georgelawok.com
jennifer@georgelawok.com
**ATTORNEYS FOR DEFENDANT STEPHEN D. HEDRICK**