**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| O. GENE BICKNELL,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD M. SILANSKAS, JR., LARRY K. WILHITE, and STEPHEN D. HEDRICK,<br><br>Defendants. | ) | Case No. 25-cv-00383-SH |

**OPINION AND ORDER**

Before the Court is Plaintiff's motion for an award of expenses following the granting of his motion to compel. The Court finds the expenses requested were reasonably incurred in making the motion and that their award is required by Rule 37.

**Background**

On March 19, 2026, the Court entered an order (Dkt. No. 127) compelling the forensic collection and production of documents held by Defendant Richard M. Silanskas Jr. ("Silanskas") and granting Plaintiff's motion to compel (Dkt. No. 113). In the order, the Court found that Plaintiff had attempted in good faith to obtain discovery from Silanskas without court action and that Silanskas's failure to provide discovery was not substantially justified. (Dkt. No. 127 at 4.[1]) As such, the Court was required to award Plaintiff the reasonable expenses incurred in making the motion, including attorney fees, unless other circumstances would make an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). The Court, therefore, allowed Plaintiff to file a motion for expenses, giving Silanskas an

[1] Page numbers refer to those in the court-provided header.

opportunity to respond as to the reasonableness of the expenses requested and to state whether any circumstances would make an award unjust. (Dkt. No. 127 at 4–5.)

Plaintiff has now filed the motion, seeking expenses of $22,200.46. (Dkt. No. 128 at 8.) In response, Silanskas reasserts that his actions in discovery were substantially justified. (Dkt. No. 133 at 1.) Silanskas also asserts that an award would be unjust because of his health issues, his pro se status, and his financial inability to pay the requested monies. (*Id.*) Silanskas provides a declaration as to various medical tests he has endured but provides no evidence as to his financial condition. (*Id.* at 2.) Nor does Silanskas dispute the reasonableness of the expenses requested.

## Analysis

### I. An Award of Expenses is Appropriate

In a prior order, the Court has set forth the standard for awarding expenses upon the granting of a motion to compel and analyzed Plaintiff's good faith and Silanskas's lack of substantial justification. (Dkt. No. 127 at 4.) The Court will not recount all the issues listed there. Instead, the Court will address Silanskas's new arguments for substantial justification and unjustness.

#### A. Silanskas Has Not Shown Substantial Justification

Having considered these arguments, Silanskas has not shown his discovery responses were substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(ii). Silanskas asserts that his medical circumstances impaired his ability to fully and timely engage in discovery and that he, nevertheless, made good faith efforts to do so. (Dkt. No. 133 at 1.) This is not supported by the record.

### 1. Plaintiff's Months-Long Quest to Obtain Documents from Silanskas

As detailed in court filings, Plaintiff served his original document requests on Silanskas on September 30, 2025. (Dkt. No. 106-2.) Following a motion for extension of time, Silanskas was to respond by November 6, 2025. (Dkt. No. 58.) On November 7, Plaintiff's counsel began attempts to obtain the requested documents. (Dkt. No. 106-3 at 4–5.) These discussions continued for the next few weeks. (*See id.* at 2–4; Dkt. No. 106-5 at 2; Dkt. No. 106-6 at 2; Dkt. No. 106-7 at 3–4.) At various times, Silanskas cited an illness and a family death as reasons he could not meet and confer. (Dkt. No. 106-3 at 3; Dkt. No. 106-6 at 2.)

Then, on November 26, 2025, Silanskas sought a protective order, asking that he not be required to communicate orally with opposing counsel, among other things. (Dkt. No. 75 at 6.) Silanskas claimed previous communications had caused him "significant emotional distress, fear, and a sense of personal danger," but he mentioned no continuing health issues. (Dkt. No. 75 at 5; *see also* Dkt. No. 92.) The Court denied the motion. (Dkt. No. 98.) The Court's order noted Silanskas's obligation to confer with opposing counsel and the importance of oral discovery conferences. (*Id.*)

After the Court's ruling, on January 2, 2026, Plaintiff resumed his attempts to confer with Silanskas regarding Defendant's discovery responses. (*See* Dkt. No. 106-7 at 2–3.) At the last minute, Silanskas cancelled the planned meeting, citing an "unexpected travel schedule conflict." (Dkt. No. 106-8 at 2–3.) Plaintiff rescheduled for January 13. (*Id.* at 2.)

Then, on January 12, 2026, the Court entered an order warning Silanskas about fake citations in his briefing on another issue. (Dkt. No. 102). The next morning,

Silanskas filed a motion for an extension of deadlines (Dkt. No. 103), which he immediately used as a basis to cancel the meet-and-confer scheduled for that afternoon (Dkt. No. 106-9 at 2). That same day, the Court denied Silanskas's extension motion and again reminded Silanskas of his responsibility to confer with opposing counsel. (Dkt. No. 105.)

After two months of trying, Plaintiff finally held a meet-and-confer with Silanskas on January 14, 2026, and Silanskas declined to supplement his production. (Dkt. Nos. 106-10–106-12.) Plaintiff then moved to depose Silanskas regarding his discovery responses and his document preservation, collection, and production. (Dkt. No. 106.) The Court granted the motion (Dkt. No. 110), and Plaintiff conducted the deposition on February 19, 2026 (Dkt. No. 113-1).

Following this deposition, on March 3, 2026, Plaintiff filed the motion to compel that forms the basis of his current request for expenses. (Dkt. No. 113.) Therein, Plaintiff detailed information from Silanskas's deposition that showed his failure to conduct a reasonable inquiry in response to the document requests. (*See, e.g.*, *id.* at 2–9.)

Almost immediately, Silanskas moved to extend his deadline to respond, citing a medical incident on February 24, 2026. (Dkt. No. 117.) The Court denied the motion for lack of detail as to any actual impairments. (Dkt. No. 118.) Silanskas then filed a renewed motion for extension, providing additional details. (Dkt. Nos. 119 & 120.) The Court found no evidence that Silanskas's medical issues were causing any cognitive impairment or taking up a substantial amount of time and again denied the motion. (Dkt. No. 124 at 2–3.) Silanskas then responded to Plaintiff's motion compel. (Dkt. No. 125.) After Plaintiff subsequently replied (Dkt. No. 126), the Court reviewed the parties' briefing and granted the motion.

### 2. Silanskas Still Fails to Show a Substantial Justification for His Failure to Respond to Discovery

Nothing Silanskas adds in his current response brief changes the Court's analysis of substantial justification. Plaintiff spent months trying just to talk to Silanskas about his discovery responses, with Silanskas repeatedly cancelling planned meetings and seeking Court intervention to avoid a resolution. Once Silanskas finally met with Plaintiff, he refused to take action. When Silanskas was deposed, it became clear he had failed to do a reasonable search for responsive documents. Nothing about Silanskas's health issues from late February through April 2026, nor his pro se status, provides any explanation or justification for these failures.

## B. An Award of Expenses Would Not Be Unjust

Silanskas has also failed to show that an award of expenses would be unjust in these circumstances. Under Rule 37, the Court must decline a request for expenses if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). This provision was intended to maintain "necessary flexibility," allowing courts to decline to award expenses in appropriate circumstances, such as when the moving party also acted unjustifiably. *See* Fed. R. Civ. P. 37 advisory comm.'s note, 1970 am, subdiv. (a)(4). There is no basis to find Plaintiff acted unjustifiably here.

Instead, Silanskas again cites his health and pro se status (Dkt. No. 133), and the Court rejects those arguments for the same reasons mentioned above.

Silanskas also states that he "lacks the financial ability to pay the substantial fees requested." (*Id.* at 1.) Generally, in the sanctions context, it is the person asserting an inability to pay that bears the burden of demonstrating that fact. *Cf. White v. Gen. Motors Corp.*, 908 F.2d 675, 685 (10th Cir. 1990) (addressing sanctions under Fed. R. Civ. P. 11).

Silanskas has offered no evidence to support his assertion regarding his inability to pay, and the Court cannot make a finding—based on this record—that an award of expenses would be unjust.

The Court, therefore, finds an award of expenses is required in these circumstances and will turn to the reasonableness of the amount requested.

## II. Reasonable Expenses

As noted above, Silanskas does not dispute the amount of expenses requested. The Court will, nevertheless, review the request for compliance with Rule 37 and reasonableness.

Rule 37 requires an award of the reasonable expenses, including fees, "incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). The undersigned has previously analyzed the various cases interpreting this language and determined that such expenses are not limited solely to those incurred in drafting the motion, filing it, and attending hearings—but they do not include expenses that would have been incurred regardless of the discovery dispute. *See Laca v. United States*, No. 22-CV-00366-SEH-SH, 2024 WL 4203494, at *8–9 (N.D. Okla. Sept. 16, 2024). The Court will view Plaintiff's request through this lens.

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998); *see also Stenson v. Edmonds*, 86 F.4th 870, 879 (10th Cir. 2023) (stating, in Rule 37 context, "[t]he lodestar calculation produces a presumptively reasonable fee" (citation modified)). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly

rate." *Robinson*, 160 F.3d at 1281 (citation modified). The burden of proving the reasonableness of the hours and rate is on the applicant. *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).

### A. Attorney Fees

Plaintiff seeks $16,280.00 in fees, representing 40.7 hours of attorney time. (Dkt. No. 128 at 8.) Plaintiff asserts this is less than 1/5 of the actual fees incurred, because Plaintiff has (1) removed the fees for timekeepers other than Michael Nadel; (2) reduced Nadel's hourly rate to $400; (3) removed time that arguably would have been incurred despite the discovery dispute; and (4) reduced any "block" billing entries by 50%. (*Id.* at 5–7; *see also* Dkt. No. 128-1 ¶¶ 4–8.)

#### 1. The Hours Billed are Reasonable

The "first step in calculating the lodestar [is] determining the number of hours reasonably spent by counsel for the party seeking fees." *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998). Counsel for the moving party "has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.*

Plaintiff has more than justified the 40.7 hours of attorney time he seeks. As detailed above, Silanskas's intransigence on document production extends back into November 2025, yet Plaintiff seeks fees starting on January 16, 2026. (Dkt. No. 128-1 at 4.) Plaintiff provides detailed, contemporaneous billing records for the period from January 16 to March 19, 2026. (*Id.* at 4–14.) As noted above, any block billed time has already been reduced by 50%. (*Compare, e.g.*, Dkt. No. 128-1 at 4 *with* Dkt. No. 128 at 7 (showing a 50% reduction in the time sought).) And, Plaintiff has not included time spent

by other attorneys and a paralegal who worked on these issues. (Dkt. No. 128-1 ¶ 7.) Moreover, Plaintiff's attempts to obtain the discovery were much more extensive than in the usual discovery dispute. In a normal case, this might involve a meet-and-confer, briefing, and maybe a hearing. Here, Plaintiff had to resort to a special deposition aimed solely at determining where the records might be.

### 2. The Hourly Rate is Reasonable

Having determined that the hours are reasonable, the Court turns to the rate. "To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." *Lippoldt v. Cole*, 468 F.3d 1204, 1224 (10th Cir. 2006) (citation modified). The party requesting attorney fees "must provide evidence of the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation in the relevant community." *Id.* at 1224–25 (citation modified)). "In making these determinations, the court may refer to 'affidavits submitted by the parties and other reliable evidence of local market rates . . . .'" *Busby v. City of Tulsa*, No. 11-CV-447-JED-JFJ, 2018 WL 7286180, at *3 (N.D. Okla. Oct. 23, 2018) (quoting *Case*, 157 F.3d at 1256). "Courts may also consider their own knowledge of market rates." *SFF-TIR, LLC v. Stephenson*, 452 F. Supp. 3d 1058, 1160 (N.D. Okla. 2020) (citing *Lippoldt*, 468 F.3d at 1225); *see also Case*, 157 F.3d at 1257 (noting that this is limited to situations where the court "does not have before it adequate evidence of prevailing market rates").

Here, Plaintiff seeks $400 per hour for his attorney, Michael Nadel. (Dkt. No. 128 at 8.) Nadel has been an attorney for 27 years and has not charged such a low rate in at least 17 years. (Dkt. No. 128-1 ¶¶ 2, 8.) Plaintiff further provides evidence that $725 is an hourly rate in the Tulsa legal market for litigation partners doing the sort of work this case

required and who have 32 years or similar experience. (Dkt. No. 128-2 ¶ 1.) The Court has also previously surveyed attorney fee awards in this district and found $400 to be reasonable in this community for attorneys with substantial experience. *See Laca*, 2024 WL 4203494, at *12 (collecting cases). The rate sought for Nadel's time is reasonable.

The Court finds that $16,280.00 is a reasonable amount of fees incurred in making the motion to compel.

**B. Other Expenses**

Plaintiff also seeks $5,920.46 in costs relating to the trip to Missouri to depose Silanskas regarding the location of his documents. Again, Silanskas does not dispute the amounts sought. (Dkt. No. 133.) Plaintiff notes that he offered to depose Silanskas at another time, when there would have been no additional travel costs, but Silanskas would not agree to a full deposition day. (Dkt. No. 128-1 ¶ 9.) Plaintiff has not included other expenses associated with the deposition, such as local transportation. (*Id.*) Plaintiff has provided documentation to support the expenses claimed. (Dkt. No. 128-1 at 15–24.)

The Court finds the expenses sought are reasonable and were incurred due to Silanskas's failure to provide the requested discovery.

**Conclusion**

The Court finds $16,280.00 in fees and $5,920.46 in additional costs were reasonably incurred in making the motion to compel. The Court will award $22,200.46 in expenses.

IT IS THEREFORE ORDERED that *Plaintiff's Motion for an Award of Expenses Pursuant to the Court's March 19, 2026 Order* (Dkt. No. 128) is GRANTED. Richard M. Silanskas Jr. shall pay $22,200.46 to Plaintiff via Plaintiff's attorney Michael S. Nadel at McDermott Will & Schulte LLP. Payment shall be made by December 9, 2026.

ORDERED this 9th day of November, 2026.

SUSAN E. HUNTSMAN, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT